UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD, )<br>    Plaintiff )<br>)<br>v. )<br>)<br>TIMOTHY CALLAHAN, FRANCIS )<br>M. ROACHE, PAUL MURPHY, )<br>RICHARD WALSH, and )<br>THE CITY OF BOSTON, )<br>    Defendants )<br>_____) | 04-CV-11193-NG |

## ANSWER OF DEFENDANT THE CITY OF BOSTON TO PLAINTIFF'S COMPLAINT

1.   This paragraph is introductory in nature and does not require an answer from The City of Boston (hereinafter the "Defendant").  To the extent that an answer is required, the City of Boston denies the allegations contained therein.

### JURISDICTION

2.   This paragraph sets forth a legal conclusion for which no answer is required.  To the extent that an answer is required, the City of Boston denies the allegations contained therein.

### PARTIES

3.   Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 and calls upon the Plaintiff to prove the same.

4.   Defendant admits the allegations contained in Paragraph 4 as they pertain to Francis M. Roache.

5.   Defendant neither admits nor denies the allegations contained in Paragraph 5 as same are not directed to it.

6.   Defendant neither admits nor denies the allegations contained in Paragraph 6 as same are not directed to it.

7.   Defendant neither admits nor denies the allegations contained in Paragraph 7 as same are not directed to it.

8. Defendant admits the allegations contained in Paragraph 8 as they pertain to the individual defendants except Paul Murphy, who, upon information and belief, is deceased.

## FACTS

9. Defendant admits the allegations contained in the first half of the sentence of Paragraph 9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 9 and calls upon Plaintiff to prove the same.

10. Defendant admits the allegations contained in Paragraph 10.

11. Defendant admits the allegations contained in Paragraph 11.

12. Defendant admits the allegations contained in Paragraph 12.

13. Defendant admits the allegations contained in Paragraph 13.

14. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 14(a) through (k) and calls on Plaintiff to prove the same.

15. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 15 and calls on Plaintiff to prove the same.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

## COUNT I: VIOLATION OF 42 U.S.C. §1983 BY DEFENDANTS ROACHE, CALLAHAN, MURPHY AND WALSH

19. Defendant hereby repeats, re-alleges and incorporates herein its answers to Paragraphs 1-18.

20. Defendant neither admits nor denies the allegations contained in Paragraph 20 as same are not directed to it.

### COUNT II: VIOLATION OF 42 U.S.C. 1983-CONSIPRACY BY DEFENDANTS CALLAHAN, MURPHY AND WALSH

21. Defendant hereby repeats, re-alleges and incorporates herein its answers to Paragraphs 1-20 of Plaintiff's complaint.

22. Defendant neither admits nor denies the allegations contained in Paragraph 22 as same are not directed to it.

23. Defendant neither admits nor denies the allegations contained in Paragraph 22 as same are not directed to it.

### COUNT III: VIOLATION OF 42 U.S.C. 1983 BY DEFEENDANT CITY OF BOSTON

24. Defendant hereby repeats, re-alleges and incorporates herein its answers to Paragraphs 1-23.

25. Defendant denies the allegation contained in Paragraph 25.

26. Defendant denies the allegation contained in Paragraph 26.

27. Defendant denies the allegation contained in Paragraph 27.

28. Defendant admits the allegation contained in Paragraph 28.

29. Paragraph 29 states a conclusion and to the extent that it contains any factual allegation the Defendant denies same.

30. Defendant neither admits nor denies the content of Paragraph 30 as the paragraph is too vague to which to respond.

31. Defendant states that the report of the St. Clair Commission speaks for itself.

32. Defendant denies the allegations contained in Paragraph 32.

32a. Defendant admits that Boston police officers Stratton and Mitchell were not disciplined for any allegations arising out of the Christopher Harding conviction and that O'Neil was terminated on January 20, 2000. Defendant denies that the Boston Police Department suppressed crucial exculpatory evidence and that it falsely stated that Officer Mitchell was out of town during the trial and could not testify. Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 32a. Defendant further states that the testimony of the officers and their reports of the incident speak for themselves.

32b.    Defendant admits that Gary Willoughby sued the Defendant and a police officer, that the Defendant paid for the officer's defense and settled the case. Defendant admits that the police officer was not disciplined for any allegations arising out of the arrest of Gary Willoughby. Defendant denies "compensating Mr. Willoughby for the wrongs committed against him," and is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 32b.

32c.    Defendant admits that Marvin Mitchell's conviction for rape was vacated as a result of DNA testing and that Officers DeMarco and Holland were not disciplined for any allegations surrounding the arrest and prosecution of Marvin Mitchell. The Defendant further states that the testimony of the officers and victim speaks for itself and that it is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 32c.

32d.    Defendant admits that Sergeant James Curran investigated a decision by Judge Elizabeth A. Porado (sic) concerning testimony of Trent Holland; and that Holland was not disciplined in connection with this investigation. Defendant denies that Holland was promoted to detective. Defendant states the decision of Judge Porado (sic) speaks for itself and that the Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 32d.

32e.    Defendant admits that Charles and Carol Stuart were shot in the Mission Hill neighborhood of Boston on or about October 23, 1989, and that William Bennett was a suspect. Defendant denies the remaining allegations contained in paragraph 32e.

32f.    Defendant states that the decision of the Honorable Isaac Borenstein, Justice of the Superior Court in the case of *Commonwealth v. Tarahn Harris*, speaks for itself, admits that the Bureau of Internal Investigations of the Boston Police Department found the complaint against Officer Spellman to be "not sustained" and that the Police Commissioner accepted the finding and is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 32f.

32g.    Defendant City of Boston denies sentences one through four of Paragraph 32g. Defendant admits that William Mahoney was not charged with perjury, but admits Defendant Mahoney was disciplined for neglect by the Boston Police Department in 2002, which has been appealed to the Massachusetts Civil Service Commission.

33.    Defendant denies the allegations contained in paragraph 33.

## **COUNT IV: VIOLATION OF M.G.L. c. 12§11I**

34.    Defendant hereby repeats, re-alleges and incorporates herein its answers to Paragraphs 1-33 of Plaintiff's complaint, including sub-parts.

35.     Defendant neither admits nor denies the allegations contained in Paragraph 35 as same are not directed to it.

**WHEREFORE**, Defendant denies that the Plaintiff is entitled to any relief.

### **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendant states that if the Plaintiff is entitled to recovery from Defendant, his recovery is limited pursuant to G.L c. 258.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendant states that it is justified in its acts or conduct and that therefore the Plaintiff cannot recover.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendant states that its acts and conduct were performed according to, and protected by, the law.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendant states that the Plaintiff, by his conduct and actions and/or by the conduct and actions of his agents and servants, have waived any and all rights he may have had against the Defendant.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense Defendant states that no act or omission by them was a proximate cause of damages, if any, allegedly sustained by the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. §1983, because it fails to show any factual connection between any alleged, unconstitutional custom, policy or practice of the Defendant and the violation of the Plaintiff's constitutional rights.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff has not been deprived of any rights secured by either the constitution or the laws of the United States or Commonwealth of Massachusetts.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendant is not liable for any intentional conduct by an employee pursuant to G.L. c. 258, § 10(c).

### NINTH AFFIRMATIVE DEFENSE

At all times hereto, Defendant acted in accordance with all relevant laws of the United States or Commonwealth of Massachusetts.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that the Plaintiff has failed to commence this action within the applicable statute of limitations and thus his claims are barred.

### ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that the Plaintiff is collaterally estopped from bringing this action.

### **DEMAND FOR A JURY TRIAL**

Defendant hereby demands a trial by jury on all issues so triable.

    Respectfully submitted,
    City of Boston,
    By its attorneys,


      //s// John P. Roache
    John P. Roache BBO#421680
    Patrick J. Donnelly BBO#651113
    Hogan, Roache & Malone
    66 Long Wharf
    Boston, Massachusetts 02110
    (617) 367-0330

Dated: January 13, 2005