FILED
CLERKS OFFICE

UNITED STATES DISTRICT COURT 2005 FEB 29  P 1:13

DISTRICT OF MASSACHUSETTS   MAR 1

U.S. DISTRICT COURT
DISTRICT OF MASS

CIVIL ACTION NO: 04-11193 NG

SHAWN DRUMGOLD
              Plaintiff

Vs:

TIMOTHY CALLAHAN, MICKY ROACH,
PAUL MURPHY, RICHARD WALSH,
AND THE CITY OF BOSTON
              Defendants

ANSWER SUBMITTED ON BEHALF OF THE
NAMED DEFENDANT, PAUL MURPHY (DECEASED)

      Now comes Patricia A. Murphy, as she is the duly appointed Executrix of the named Defendant, Paul Murphy, now deceased, who submit the follwing matters in response to the numbered allegations of the Complaint as an Answer:

      1. Defendant denies each and every allegation as pertains to the Defendant, Paul Murphy, and demands prooof of same at Trial.

      2. Defendant admits the jurisdiction of this Court

      3. Defendant does not have knowledge or information sufficient to form a belief as to the matters alleged and on that basis denies the same.

      4. Defendant does not have knowledge or information sufficient to form a belief as to the matters alleged and on that basis denies the same.

      5. Defendant does not have knowledge or information sufficient to form a belief as to the matters alleged and on that basis denies the same.

      6. Defendant admits that the named Defendant, Paul Murphy, now deceased, was at the times relevant to the matters alleged pertaining to the Defendant, Paul Murphy a police officer

employed by the City of Boston; and further responding represents that the named Defendant, Paul Murphy, deceased on          2001 and that the served party, Patricia A. Murphy, as the surviving spouse of the named Defendant, Paul Murphy, was duly appointed as Executrix of the Estate of Paul Murphy, on April 10, 2001.

7. Defendant does not have knowledge or information sufficient to form a belief as to the matters alleged and on that basis denies the same.

8. Defendant admits that the City of Boston was the employer of the named Defendant, Paul Murphy up to the date of death of Paul Murphy on Jan. 4, 2001.

9-14 ( a-k) Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the matters alleged and on that basis denies the same.

15. Defendant specifically denies each and every allegation as pertains to the acts or conduct of the Defendant, Paul Murphy and demands proof of same at Trial.

16. No response required of Defendant, Paul Murphy.
17. No response required of Defendant, Paul Murphy.
18. Defendant specifically denies each and every allegation as pertains to the actions of the Defendant, Paul Murphy, and demands proof of same at Trial.

Count I

19. Defendant realleges the responses to paragraphs 1-18 hereinabove and incorporates the same herein as if set forth in full.

20. Defendant specifically denies each and every allegation made, as a matter of fact and statement made as a conclusion of law, and demands proof of same at Trial.

Count II

21. Defendant realleges the responses to paragraphs 1-20 hereinabove and incorporates the same herein as if set forth in full.

22. Defendant specifically denies each and every allegation made, as a matter of fact and statement made as a conclusion of law, and demands proof of same at Trial.

23. Defendant specifically denies each and every allegation as pertains to the Defendant, Paul Murphy and demands proof of same at Trial.

Count III

24. Defendant realleges the responses to paragraphs 1-23 hereinabove and incorporates the same herein as if set forth in full.

25. No response required of the Defendant, Paul Murphy..
26. No response required of the Defendant, Paul Murphy.
27. No response required of the Defendant, Paul Murphy.
28, No response required of the Defendant, Paul Murphy.
29. No response required of the Defendant, Paul Murphy.
30. No response required of the Defendant, Paul Murphy.
31. No response required of the Defendant, Paul Murphy.

32.( a-g ) No responses required of the Defendant, Paul Murphy.
33. No response required of the Defendant, Paul Murphy.

Count IV

34. Defendant realleges the responses to paragraphs 1-33 hereinabove and incorporates the same gerein as if set forth in full.

35. Defendant specifically denies each and every allegation made, as a matter of fact and statement made a a conclusion of law, and demands proof of same at Trial.

Wherefore, it is submitted and prayed for on behalf of the named Defendant, Paul Murphy that this Honorable Court:

## AFFIRMATIVE DEFENSES

1. Defendant alleges as an affirmative defense that the allegations made as to the named Defendant, Paul Murphy, fail to state a cause of action under 42 USC 1983 entitling the Plaintiff to relief and/or damages.

2. Defendant alleges as an affirmative defense that the allegations made as to the named Defendant, Paul Murphy, fail to state a cause of action under M.G.L. c. 12, Section 11 I entitling the Plaintiff to relief and/or damages.

3. Defendant alleges as an affirmative defense that the Plaintiff is barred from recovery based on any cause of action brought under 42 USC 1983 because said action has not been brought within the time specified by M.G.L.A. c. 260, the applicable Statute of Limitations.

4. Defendant alleges as an affirmative defense that the Plaintiff is barred from recovery based on any cause of action brought under M.G.L. c. 12, Section11 I because said action has not been brought within the time specified by M.G.L.A. c.260, the applicable Statute of Limitations.

5. Defendant alleges as an affirmative defense that the Plaintiff is barred from recovery for any cause of action brought under both 42 USC 1983 and M.G.L. c. 12, Sec 11 I because said causes of action have not been brought within the time specified by M.G.L. c. 197,

6. Defendant alleges as an affirmative defense that the Plaintiff had knowledge of all of facts set forth in the Complaint for several years prior to the commencement of this action, and that during the interval, the named Defendant, Paul Murphy, died on January 4, 2001, such that there exists material prejudice as to any defenses to be raised on behalf of the named, Defensent, Paul Murphy; wherefore Plaintiff should be barred by the doctrine of laches from obtaining relief in this action.

1. Enter Judgment in favor of the named Defendant, Paul Murphy, dismissing all Counts and causes of action alleged in the Complaint.

2. Enter Judgment in favor of the named Defendant Paul Murphy awarding the Defendant ( by his duly appointed Executrix ) the Costs incurred in defense of this action.

3. Enter Judgment in favor of the named Defendant Paul Murphy, awarding the Defendant the reasonable attorneys fees incurred , pursuant to F.R.C.P Rule 11 (b)(c).

Respectfully Submitted,

For the Defendant, Paul Murphy
by his Executrix, Patricia A.
Murphy,

Donald R. Faymen
BBO #    160600
640   Main Street
Malden, MA.  02148
781-324-7752 (Tele)
781-322-4712 (Fax)

Dated: Feb. 25, 2005