UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD,  )<br>    PLAINTIFF           )<br>                                    )<br>VS.                              )<br>                                    )<br>TIMOTHY CALLAHAN, FRANCIS M.  )<br>ROACHE, PAUL MURPHY, RICHARD )<br>WALSH, AND THE CITY OF BOSTON,  )<br>    DEFENDANTS       )<br>                                    ) | C.A. NO. 04-11193NG |

## DEFENDANT, RICHARD WALSH'S ANSWER AND SPECIAL DEFENSES TO PLAINTIFF'S COMPLAINT

The Defendant, Richard Walsh, files this answer to Plaintiff's Complaint, expressly reserving all rights to seek additional relief or raise additional defenses to the allegations contained in Plaintiff's Complaint by appropriate motion.

1. This paragraph is introductory in nature and does not require an answer from the defendant Richard Walsh. To the extent that an answer is required, the defendant Richard Walsh denies the allegations contained therein.

### JURISDICTION

2. The defendant Richard Walsh does not respond to the allegations contained in paragraph 2 as it asserts legal conclusions to which no response is required. To the extent that an answer is required, the defendant Richard Walsh denies the allegations contained therein.

## PARTIES

3. The defendant, Richard Walsh, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Plaintiff's complaint.

4. The allegations contained in paragraph 4 of Plaintiff's Complaint are directed at another defendant, to which no response is required.

5. The allegations contained in paragraph 5 of the Plaintiff's Complaint are directed at another defendant, to which no response is required

6. The allegations contained in paragraph 6 of the Plaintiff's Complaint are directed at another defendant, to which no response is required.

7. The defendant, Richard Walsh, admits the allegations contained in Paragraph 7 of the Plaintiff's Complaint as they pertain to Richard Walsh.

8. The defendant, Richard Walsh, admits the allegations contained in Paragraph 8 of Plaintiffs' Complaint as they pertain to the individual defendants except Paul Murphy, who, upon information and belief, is deceased.

## FACTS

9. The defendant, Richard Walsh, admits that 12 year old, Tiffany Moore, was murdered on August 19, 1998 but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Plaintiffs' Complaint.

10. The defendant, Richard Walsh, admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. The defendant, Richard Walsh, admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. The defendant, Richard Walsh, admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. The defendant, Richard Walsh, admits the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14(a-k). The defendant, Richard Walsh, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 14(a) through (k) of the Plaintiffs' Complaint and calls on plaintiff to prove same. To the extent the allegations attempt to impose liability on defendant Walsh, the substance of the allegations are denied.

15. The defendant, Richard Walsh, denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. The defendant, Richard Walsh, denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. The allegations contained in the Plaintiff's' Complaint are directed at another defendant, to which no response is required. To the extent, the Plaintiff attempts to impose liability on the defendant, Richard Walsh, the allegations are denied.

18. The defendant, Richard Walsh, denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

### COUNT I:
### VIOLATION OF 42 U.S.C. S.1983 BY DEFENDANTS, ROACH, CALLAHAN, MURPHY AND WALSH

19. The defendant Richard Walsh hereby incorporates by reference his Answers to Paragraphs 1 through 18 of the Plaintiff's Complaint as if expressly rewritten herein

20. The defendant, Richard Walsh, denies the allegations contained in Paragraph 20 of Plaintiff's Complaint

## COUNT II:
## VIOLATION OF 42 U.S.C. S. 1983 CONSPIRACY BY DEFENDANTS CALLAHAN, MURPHY AND WALSH

21. The defendant Richard Walsh hereby incorporates by reference his Answers to Paragraphs 1 through 20 of the Plaintiff's Complaint as if expressly rewritten herein.

22. The defendant, Richard Walsh, denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. The defendant, Richard Walsh, denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## COUNT III:
## VIOLATION OF 42 U.S.C. S. 1983 BY DEFENDANT, CITY OF BOSTON

24. The defendant Richard Walsh hereby incorporates by reference his Answers to Paragraphs 1 through 23 of the Plaintiff's Complaint as if expressly rewritten herein.

25. The allegations contained in paragraph 25 of the Plaintiff's Complaint are directed at another defendant, to which no response is required. To the extent, the Plaintiff attempts to impose liability on the defendant, Richard Walsh, the allegations are denied.

26. The allegations contained in paragraph 26 of the Plaintiff's Complaint are directed at another defendant, to which no response is required. To the extent, the Plaintiff attempts to impose liability on the defendant, Richard Walsh, the allegations are denied.

27. The allegations contained in paragraph 27 of the Plaintiff's Complaint are directed at another defendant, to which no response is required.

28. The allegations contained in paragraph 28 of the Plaintiff's Complaint are directed at another defendant, to which no response is required.

29.  The allegations contained in paragraph 29 of the Plaintiff's Complaint are directed at another defendant, to which no response is required.

30.  The allegations contained in paragraph 30 of the Plaintiff's Complaint are directed at another defendant, to which no response is required.

31.  The allegations contained in paragraph 31 of the Plaintiff's Complaint are directed at another defendant, to which no response is required

32.  The allegations contained in paragraph 32(a) – (g) of the Plaintiff's Complaint are directed at another defendant, to which no response is required.

33.  The allegations contained in paragraph 33 of the Plaintiff's Complaint are directed at another defendant, to which no response is required.

## COUNT IV:
## VIOLATION OF M.G.L. C.12 S.11I

34.  The defendant Richard Walsh hereby incorporates by reference his Answers to Paragraphs 1 through 33 of the Plaintiff's Complaint as if expressly re-written herein.

35.  The defendant, Richard Walsh, denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

WHEREFORE, Defendant denies that the Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's claims fail to state claims upon which relief can be granted and therefore should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred under the statute of limitations and/or the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

This action is barred in whole or in part by the doctrine of res judicata and\or collateral estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff failed to make a proper presentment pursuant to M.G.L. 258 §4.

### FIFTH AFFIRMATIVE DEFENSE

The liability of the Defendants is either limited by or exempted by Massachusetts General Laws Ch. 258.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in that the conduct of the Defendants was privileged.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in that the defendant Richard Walsh is protected by qualified immunity.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in that the defendant Richard Walsh acted reasonably and in good faith in the proper and lawful exercise of his discretion.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because the violations and injuries which he alleges were caused by the plaintiff's own culpable or negligent conduct or the conduct of others and was not the proximate result of any act of the defendant.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in that the defendant acted with probable cause to believe that the Plaintiff had engaged in criminal conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged injuries or damages were caused by a person or entity over whom the defendant had no responsibility or control.

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged injury or damages were neither caused nor proximately caused by the defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in that the acts to which the Plaintiff's Complaint refer do not rise to the level of deprivation of constitutional rights under the circumstances of the case.

### FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff has not been deprived of any rights secured by either the Constitution or the laws of the United States or the Commonwealth of Massachusetts.

### FIFTEENTH AFFIRMATIVE DEFENSE

The defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United Stated or Commonwealth of Massachusetts or any political subdivision thereof.

**WHEREFORE**, the Defendants request that this court enter judgment in favor of the Defendants and against the Plaintiff on each and every count of the Plaintiff's Complaint, and that the Defendants shall recover their costs and attorneys' fees.

### JURY CLAIM

The Defendant Richard Walsh respectfully claim a trial by jury of all claims raised in the Plaintiff's Complaint and each defense thereto.

RICHARD WALSH,
By His Attorney,

_Hugh R. Curran_
Hugh R. Curran (BBO #402057)
BONNER KIERNAN TREBACH & CROCIATA
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

DATED: April 18, 2005

7

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document has been mailed, this 18th day of April, 2005 to all counsel of record.

Stephen B. Hrones, Esq.
Hrones & Garrity
Lewis Wharf – Bay 232
Boston, MA 02110-3927

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place, Suite 3703
Boston, MA 02114

Susan Weise, Esq.
Chief of Litigation
Assistant Corporate Counsel
City Rights Div/Law Department
City Hall, Room 615
Boston, MA 02201

John P. Roache, Esq.
Hogan, Roache, & Malone
66 Long Wharf
Boston, MA 02110

MaryJo Harris, Esq.
Morgan, Brown & Joy
200 State Street, 11th Floor
Boston, MA 02109

_/s/ Hugh R. Curran_
Hugh R. Curran