UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11193-NG

SHAWN DRUMGOLD,        )
    Plaintiff         )
                       )
v.                     )
                       )
TIMOTHY CALLAHAN, et. al.,  )
    Defendants        )
                       )

## DEFENDANT RICHARD WALSH'S PROPOSED DISCOVERY SCHEDULE

The defendant Richard Walsh ("Walsh") in the above-entitled civil action through his counsel pursuant to United States District Court Local Rule 16 hereby submits the attached proposed discovery schedule for the Court's review.

### A.   INTRODUCTION:

As this Honorable Court is aware, this matter involves allegations surrounding the criminal trial entitled the Commonwealth v. Shawn Drumgold which occurred fifteen years ago in September 1989. This matter involves in excess of 125 witnesses: thirteen (13) pre-trial witnesses, fifty-seven (57) criminal trial witnesses, twenty-three (23) motion for new-trial witnesses and thirty-nine additional witnesses who were either interviewed in the underlying criminal matter, participated in the prosecution and\or defense of the underlying criminal matter or have substantive and relevant information regarding the prosecution, defense or subsequent motion for new trial proceedings. Of note, this does not include any potential witnesses which the plaintiff may claim has information regarding the alleged damages in this matter. In addition, the defendant Walsh has the onerous task of tracking down numerous witnesses who have long retired,

moved out of state, been incarcerated, or are in federal protection or custody. The practical difficulties faced by all parties in the coordinating of discovery and depositions will unfortunately delay discovery efforts. Furthermore, various major issues must be resolved before imparting on any discovery in this matter. As a result, defendant Walsh requests eighteen (18) months for discovery.

**B.    BIFURCATION:**

The defendant Walsh intends to file a Motion to Bifurcate Discovery and Trial regarding individual liability and municipal liability. The plaintiff has alleged in his complaint municipal liability and in support thereof has cited the St. Clair Commission Report, Charles Stuart investigation, and six other high profile cases involving the Boston Police Department. Of significance, defendant Walsh was not involved in any of these matters. The use of any evidence related to these high profile matters will have such a tremendous prejudicial impact that defendant Walsh will be unable to receive a fair trial.

The defendant Walsh proposes that Motions to Bifurcate be filed by the defendants on or about July 22, 2005 with plaintiff's opposition due on or about August 12, 2005.

**C.    DISCOVERY ISSUES:**

**1.** The plaintiff has proposed limitation of discovery to 30 depositions for plaintiff and thirty (30) depositions jointly for all defendants. The defendant Walsh has identified at least forty (40) fact witnesses with substantive information relevant to the individual defendants' alleged liability. This does not include any tangential witnesses nor witnesses to any damages allegations. Therefore, the defendant Walsh submits that the individual

defendants, who do not have any commonality of interests, have a minimum of forty depositions.

**II.** Defendant Walsh anticipates discovery issues with the Suffolk County District Attorney's office, Massachusetts Attorney General's office and the Boston Globe (Dick Lehr) regarding case files, investigative reports and notes, and tapes of interviews.

**III.** Defendant Walsh also anticipates discovery issues regarding the depositions of potential fact witnesses who were attorneys representing various parties in the underlying criminal trial and motion for new trial including, but not limited to, Steven Rappaport, Robert George and Rosemary Scapicchio.

**D.    PROPOSED DISCOVERY SCHEDULE:**

If the Court grants the defendant Walsh's request for Bifurcation, defendant Walsh proposes the following discovery schedule:

1. All initial disclosures pursuant to Fed.R.Civ.P. 26(A) to be made on or about September 30, 2005;

2. All motions to dismiss to be filed on or about November 15, 2005;

3. All expert disclosures pursuant to Fed.R.Civ.P. 26(A)2 made on or about September 1, 2006;

4. Discovery completed (all depositions, interrogatories and document requests) on or about December 31, 2006;

5. All motions pursuant to Fed.R.Civ.P. 56 requesting summary judgment to be filed on or about February 15, 2007; and

6. Final Pretrial Conference on or about March 15, 2007;

If the Court declines to grant Bifurcation, the defendant Walsh proposes the following alternative discovery schedule:

1. Initial disclosures to be made on or about September 30, 2005.

2. Motions to dismiss to be filed on or about January 6, 2006.

3. Expert disclosures to be made on or about September 1, 2006.

4. Discovery completed on or about March 31, 2007.

5. Motions for summary judgment made on or about May 31, 2007.

6. Final Pretrial Conference on or about July 1, 2007.

> Respectfully submitted,
> By Defendant Richard Walsh
> Through his attorney,
>
> /s/ Hugh R. Curran
> Hugh R. Curran (BBO# 552623)
> Bonner, Kiernan, Trebach & Crociata, LLP
> One Liberty Square
> Boston, Massachusetts 02109
> Tel.: (617) 426-3900

Date: July 1, 2005