UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.  04-CV-11193-NG

| | |
|---|---|
| SHAWN DRUMGOLD, | ) |
|       Plaintiff | ) |
| vs. | ) |
| CITY OF BOSTON, ET AL., | ) |
|       Defendants | ) |

DEFENDANT TIMOTHY CALLAHAN'S ANSWER
TO THE PLAINTIFF'S COMPLAINT
AND DEMAND FOR JURY TRIAL

1.  This paragraph is introductory in nature, and does not require an answer.  To the extent that this paragraph contains allegations requiring an answer, Callahan denies the allegations contained therein.

JURISDICTION

2.  This paragraph contains averments of law to which no responsive pleading is required.  To the extent this paragraph contains allegations requiring an answer, Callahan denies the allegations contained therein.

PARTIES

3.  Callahan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3.

4.  The allegations contained in paragraph 4 pertain to another defendant, to which no response is required.

5.  Callahan admits the allegations contained in paragraph 5 as they pertain to him.

6.     The allegations contained in paragraph 6 pertain to another defendant, to which no response is required.

7.     The allegations contained in paragraph 7 pertain to another defendant, to which no response is required.

8.     The allegations contained in paragraph 8 pertain to another defendant, to which no response is required.

## FACTS

9.     Callahan admits that Darlene Tiffany Moore was murdered on August 19, 1988 in the City of Boston. Callahan is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 9.

10.    Admitted.

11.    Admitted.

12.    Admitted.

13.    Admitted.

14(a-k).    Callahan is without sufficient knowledge or information to form a belief as to the allegations in paragraph 14. To the extent the allegations purport to state a claim against Callahan, those allegations are denied.

15.    Denied.

16.    The allegations contained in paragraph 16 do not purport to state a claim against Callahan. To the extent those allegations do purport to state a claim against Callahan, those allegations are denied.

17.    The allegations contained in paragraph 17 do not purport to state a claim against Callahan. To the extent those allegations do purport to state a claim against Callahan, those allegations are denied.

18.    Denied.

2

## COUNT I
### VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANTS ROACH, CALLAHAN, MURPHY, AND WALSH

19.     Callahan hereby incorporates by reference his Answers to paragraphs 1 through 18 of the plaintiff's complaint.

20.     Denied.

## COUNT II
### VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANTS ROACH, CALLAHAN, MURPHY AND WALSH

21.     Callahan hereby incorporates by reference his Answers to paragraphs 1 through 21 of the plaintiff's complaint.

22.     Denied.

## COUNT III
### VIOLATION OF 42 U.S.C. § BY DEFENDANT CITY OF BOSTON

23.     Callahan hereby incorporates by reference his answers to paragraphs 1 through 23 of the plaintiff's complaint.

24.     The allegations contained in paragraph 24 do not purport to state a claim against Callahan and no responsive pleading is required.

25.     The allegations contained in paragraph 25 do not purport to state a claim against Callahan and no responsive pleading is required.

26.     The allegations contained in paragraph 26 do not purport to state a claim against Callahan and no responsive pleading is required.

27.     The allegations contained in paragraph 27 do not purport to state a claim against Callahan and no responsive pleading is required.

28.     The allegations contained in paragraph 28 do not purport to state a claim against Callahan and no responsive pleading is required.

29. The allegations contained in paragraph 29 do not purport to state a claim against Callahan and no responsive pleading is required.

30. The allegations contained in paragraph 30 do not purport to state a claim against Callahan and no responsive pleading is required.

31. The allegations contained in paragraph 31 do not purport to state a claim against Callahan and no responsive pleading is required.

32. The allegations contained in paragraph 32 do not purport to state a claim against Callahan and no responsive pleading is required.

33. The allegations contained in paragraph 33 do not purport to state a claim against Callahan and no responsive pleading is required.

COUNT IV

VIOLATION OF M.G.L. c. 12 § 11I

34. Callahan hereby incorporates by reference his answers to paragraphs 1 through 33 of the plaintiff's complaint.

35. Denied.

AFFIRMATIVE DEFENSES

FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

Plaintiff's injuries, if any, were proximately caused by his own intentional conduct and/or by the conduct of others, and not by the conduct of Callahan.

THIRD DEFENSE

Callahan at all times acted in good faith upon reasonable belief and that these actions were required and in compliance with all relevant laws and circumstances.

### FOURTH DEFENSE

Plaintiff's injuries or damage alleged were caused in whole or in part by his own acts, omissions, or negligence.

### FIFTH DEFENSE

Callahan's acts or conduct was justified, and therefore the plaintiff cannot recover.

### SIXTH DEFENSE

Callahan's acts and conduct were performed according to, and protected by, law and/or legal process, and therefore, the plaintiff cannot recover.

### SEVENTH DEFENSE

Callahan is immune from suit as he was engaging in discretionary functions.

### EIGHTH DEFENSE

Callahan is entitled to and protected by the doctrine of qualified immunity.

### NINTH DEFENSE

Callahan's conduct and acts were privileged, and therefore the plaintiff cannot recover.

### TENTH DEFENSE

None of Callahan's acts or omissions were a proximate cause of damages, if any, allegedly sustained by the plaintiff.

### ELEVENTH DEFENSE

At all material times, Callahan acted reasonably, within the scope of his official discretion with an objectively reasonable belief that his actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the which bear on a question of state or federal law.

### TWELFTH DEFENSE

5

Plaintiff's claims are barred by the doctrine of laches and /or the statute of limitations.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata and/or collateral estoppel.

### FOURTEENTH DEFENSE

At all material times, Callahan had probable cause to believe that the plaintiff had engaged in illegal conduct.

### FIFTEENTH DEFENSE

Plaintiff's injuries were caused by a person or persons over whom Callahan had no responsibility or control.

### SIXTEENTH DEFENSE

Callahan is immune from suit and/or damages by the Massachusetts Tort Claims Act, M.G.L. c. 258 §§ 1 *et seq.*

### Jury Claim

Callahan hereby demands a trial by jury as to all counts and causes of action.

> Respectfully submitted,
> Defendant Timothy Callahan
> By his attorney,
>
>
> __/s/ Mary Jo Harris_____
> Mary Jo Harris, BBO # 561484
> Morgan, Brown & Joy, LLP
> 200 State Street
> Boston, MA 02109-2605
> (617) 523-6666

Dated:  July 28, 2005