# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD, | ) | C.A. NO. 04-11193NG |
|     Plaintiff | ) | |
| | ) | |
| v | ) | |
| | ) | |
| TIMOTHY CALLAHAN, ET AL. | ) | |
|     Defendant(s) | ) | |
| | ) | |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANTS' MOTIONS TO BIFURCATE TRIAL OR DISCOVERY

### INTRODUCTION

Defendants, Timothy Callahan, Richard Walsh, Francis M. Roache and the City of Boston have all moved to bifurcate the trial in this matter into two trials: one, on the claims against individual Defendants; second, on the claims against the City of Boston. In addition, the Defendants, Francis M. Roache and the City of Boston have moved the Court to bifurcate discovery, allowing only discovery on the claims against individual Defendants until either the end of the first trial or some other indeterminate point. The Defendants' Motions should be denied.

## I.    BIFURCATION OF DISCOVERY WOULD LEAD TO SUBSTANTIAL AND UNNECESSARY DELAY.

The murder of Tiffany Moore, occurred on August 19, 1988. The Defendant was convicted of that murder on October 19, 1989. On November 6, 2003, fourteen years later, the

Suffolk County District Attorney's Office entered a nolle prosequi of the murder indictment and Mr. Drumgold was released.

The discovery in this case deals primarily with matters which happened at least seventeen years ago and, in many cases, up to twenty years ago. The difficulties of locating witnesses, or witnesses dying or of memories fading as witnesses reach advance age is obvious. The City of Boston's suggestion that all discovery as to the claims against the City be stayed for another two to three years while the claims against individual Defendants go forward will inevitably result in a loss of important and relevant evidence because of the further passage of time.

The City's suggestion that discovery be bifurcated also presumes that there is a "bright line" between discovery dealing with the claims against the individual Defendants and the discovery against the City. In fact, the Plaintiff's have a right to discovery concerning the individual Defendants knowledge of the City's willingness to tolerate unconstitutional behavior, particularly, in light of the Plaintiff's claims that they were acting in "good faith" or they are entitled to qualified immunity (i.e., Answer of Defendant, Richard Walsh, Affirmative Defenses, 8-9; Answer of Defendant, Timothy Callahan, Affirmative Defenses 3 and 11). The questions of overlap of evidence must be dealt with in deciding whether to bifurcate the trial but bifurcation of a trial does not require bifurcation of discovery. <u>Drennan v. Maryland Cas. Co.</u>, 366 F. Supp. 2d 1002 (D. Nev., 2005).

The Defendants' arguments in connection with bifurcating discovery are at odds with their arguments attempting to minimize the inconvenience caused by bifurcating the trial. Both

groups of Defendants, in arguing in favor of bifurcating the trial, attempt to convince the court that a second trial can follow immediately upon the first. For example, Callahan and Walsh in their Motion to Bifurcate Trial indicated at Page 9 of their Memorandum that there is no prejudice to Drumgold from bifurcating the trial because if he is successful against any of the individual Defendants, "he can immediately proceed with his case against the City". Similarly, Roache and the City of Boston offer, as a helpful suggestion to the Court in avoiding disruption from bifurcation, "The court could try two cases back to back to the same jury, there by obviating the need to repeat evidence". (Defendants, Roache and the City of Boston's Memorandum in Support of Motion to Bifurcate Discovery in Trial, Page 11, ft note 8) It is not possible to have a trial on the City's liability following immediately upon the trial on the individuals' liability if no discovery has been allowed on the claims against the City until there is a resolution of the claim against the individual.

The City's argument that the burden of discovery on the claims against the City will be overwhelming is not persuasive. Beyond general and generic claims that discovery on the claims against the City would be burdensome, the City makes no particular showing concerning the burden of discovery.

The City's reliance on the opinion of District Judge Stearns, sitting by designation for the First Circuit Court of Appeals, in Wilson v. Town of Mendon, 294 F.3d 1, 7, Fn. 15, (1st Cir., 2002) is misplaced for two reasons. The District Court bifurcated discovery in that case because it expected that once liability against an individual defendant was established, it would be an "unlikely event that the municipality chooses not to satisfy an adverse phase one judgment".

(*i.d.,* at Page 7) Therefore, the likelihood of a phase face two trial in that case was low.

Here, the City has already announced it will not indemnify a substantial verdict against the individual Defendants. The Plaintiff was wrongfully convicted based upon coerced testimony and wrongfully incarcerated for over thirteen years. There is a substantial likelihood of an extremely high verdict against both individual Defendants and the City. A substantial verdict against the individuals would not be satisfied by the City. The City has indicated that pursuant to M.G.L. c.258, §9 the most it will indemnify the individual defendants is $1,000,000 per individual (Defendant's Memorandum, Page 11, ft. note 7). Given the City's position, any verdict in excess of that amount per defendant would not be satisfied by the City unless and until there was a verdict establishing municipal liability and thus a second trial will be necessary.

Secondly, given the history of the case, the Suffolk County District Attorney's decision to nol pross the case and the substantial evidence already produced at the State hearing on the Motion for New Trial, the likelihood of a first phrase trial verdict against the individuals is very high. The post-hearing Memorandum filed by the Suffolk County District Attorney's Office after hearing on the Motion for New Trial conceded that there have been a failure to disclose significant exculpatory evidence concerning material witnesses receipt of benefits including assistance with pending cases. The Commonwealth's attorney conceded that this information was at least known to the individual Defendant and they failed to correct the untruthful testimony at trial.

In this case, the Defendants claim that they intend to re-litigate the matters heard by

Judge Rouse on the Motion for New Trial, as they are entitled to. The Court, however, is entitled when exercising its discretion concerning bifurcation of discovery to make a preliminary determination as to the Plaintiff's likelihood of success. Because it is highly likely that a second stage trial will be necessary the Court should not bifurcate discovery.

II.    **THE COURT SHOULD NOT RULE ON BIFURCATION PRIOR TO DISCOVERY BEING CONDUCTED.**

The Defendants argue that bifurcation is necessary because evidence in the municipal liability trial will not be admissible in the individual liability trial, that unduly prejudicial evidence will be used against the individual Defendants and that jury instructions will not be able to prevent unfair prejudice.

The Defendant's arguments are entirely hypothetical. No discovery has been conducted. Neither party can make explicit and particularized arguments concerning what evidence would be offered by the Plaintiff, whether that evidence would be admissible against either individual or municipal Defendants, what jury instructions are available or what method of presentation this Court can implement in order to prevent unfair prejudice. All of those questions must be decided before the Court can determine whether bifurcation is necessary or whether any problem can be solved with the normal remedies for dealing with evidence in multiple defendant cases.

The burden is on the moving party to demonstrate that bifurcation is necessary

pursuant to Fed.R.Civ.P. 42B. McCrae v. Pittsburgh Corning Corp., 97 F.R.D. 490 (E.D. Pa.,

1983); Fuji Machine Manufacturing Co., Ltd. v. Hover-Davis Inc., 982 F. Supp. 923 (W.D.

N.Y., 1997). The base assumption is that all claims in the case against all Defendants will be

tried in one trial.  Bifurcation is only appropriate if the party demonstrates that bifurcation will

further convenience or avoid prejudice or will be conductive to expedition and economy.

(Fed.R.Civ.P. 42(B))


     Bifurcation analysis requires the Court to balance the presumption in favor of a single

trial against the various particular concerns in a case in favor of bifurcation. At this point, it is

simply not possible for this Court to make an informed decision on that balance. The posture of

this case is similar to that in Medina v. City of Chicago, 100 F.Supp.2d 893 (N.D. Ill., 2000).

That Court denied a bifurcation motion filed by the defendant and explained:

> The Court believes that it is far too early to determine that the trial
> should be bifurcated. Though the Court is cognizant of the possibility of
> prejudice to the individual officers if the claims are tried together, our
> system generally trusts jurors to understand and follow limiting
> instructions regarding consideration of evidence against some defendants
> and not others -- even in criminal cases, where a person's liberty is at
> stake. But more importantly, at this point neither the parties nor the Court
> has the least idea what evidence actually would be offered at trial on the
> Monell claim or just how prejudicial that evidence might actually be to the
> officers. On the question of whether a joint trial will unduly and unfairly
> prolong the trial for the officers, again without knowing what evidence
> will be offered, the Court cannot at this early stage have any idea at all
> how much longer a combined trial would be than a bifurcated trial. The
> Court finds it hard to imagine how a finding of likely unfair prejudice can
> be made in this or any case without some indication of what the actual
> prejudice is likely to be -- a showing that defendants have not made, and
> quite frankly cannot make, at this point in the litigation.

     See also Maldonado Cordero v. AT&T, 190 F.R.D. 26 (D.P.R., 1999)

(Bifurcation denied with leave to renew after discovery).

This Court should allow discovery to go forward and should revisit bifurcation when the parties can intelligently discuss exactly what evidence will be offered against which parties.

III.    **BIFURCATION OF THE TRIAL IS UNNECESSARY AND WOULD NOT BE AN EFFICIENT USE OF THE COURT'S RESOURCES**

The Plaintiff urges this Court to delay any decision on bifurcation until discovery is completed. Without waiving that argument, Plaintiff argues that there is no basis for bifurcation on the record before the Court at this point.

    A.    **This Is Not A Case In Which Resolution Of Individual Liability Will Necessarily Resolve Municipal Liability.**

The Defendants argue, based on the City of Los Angeles v. Heller, 475 U.S. 796; 106 S. Ct. 1571 (1986), that the City may be held liable only if individual officers are found to have violated the Plaintiff's rights. The First Circuit in Evans v. Avery, 100 F.3d.1033 (1st Cir., 1996) applied Heller to a high-speed chase situation and, in that context, held that individual liability was a necessary predicate of municipal liability.

The Heller rule does not apply, however, when the policies of the City directly cause the constitutional harm suffered by the Plaintiff. The Court in Board of the County Commissioners v. Brown, 520 U.S. 397,  406-407, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) explained that

there are two grounds on which a municipality may be liable, either its practices and customs

lead or allow an employee to violate the civil rights of a plaintiff or the municipality itself is the

moving force behind a violation of a plaintiff's civil rights. When the liability of the municipality

is based on an individual defendant's actions, then the City is not liable if the individual

defendant is not liable. When, however, the liability of the City is a result of actions by the

municipality itself, then the municipality may be liable, even if the individual defendants are not.


The First Circuit acknowledged this distinction in Young v. the City of Providence, 404

F.3d. 4 (1st Cir., 2005). The Court held that, under the facts of that case, if the individual

defendants had not violated the plaintiff's civil rights, the City could not be liable under 1983 for

failure to properly train the individuals. The Court went on to explain:

> The sorts of Monell claims being alleged here -- based on deficient
> training and hiring that helped cause the constitutional violation suffered by
> Cornel -- should not be confused with the kind of claim that occurs where a
> municipal policy itself violates federal rights or directs or authorizes the
> violation of those rights. See County Comm'rs of Bryan County v. Brown,
> 520 U.S. 397, 406-07, 137 L. Ed. 2d 626, 117 S. Ct. 1382 (1997). The
> standards in the latter sort of cases are quite different.
>
> (i.d. at p.24, fn. 18)

See also Gibson v. County of Washoe, Nevada, 290 F.3d. 1175, pages 10-12 (9th Cir.,

2002); Speer v. City of Wynne, Arkansas, 276 F.3d. 980, 985 (8th Cir., 2002) ("Our court has

previously rejected the argument that Heller establishes a rule that there must be a finding that

a municipal employee is liable in his individual capacity as a predicate to municipal liability.")


In this case, the Plaintiff's allegations of Plaintiff go beyond mere failure to

adequately train. The Plaintiff alleges in Count 3 of the Complaint that the City adopted a

policy of "implicitly tolerated unlawful police practices including perjury and the withholding

of exculpatory evidence" (Complaint, Paragraph 26) The Complaint also sets out substantial

history of the City not merely failing to properly train police offices, but, in fact, covering up

and tolerating outrageous abuses of the Boston police against individual defendants.

(Complaint, Paragraph 32 a through g) Allegations against the City of Boston in this case go

beyond mere inadequate training to active encouragement of unconstitutional behavior.

**B.     Much Of The Evidence Against The City Will Also Be Admissible Against The Individuals.**

The individual Defendants are expected to argue that they were acting in a good faith

attempted to comply with what they believe to be the appropriate rules and that they are

entitled to qualified immunity.

The Plaintiff will rebut the individual Defendants' claims that they were acting in

good faith or in accordance with official policy, by introducing evidence showing the

individual Defendants' knowledge of prior acts of misconduct or findings of misconduct

against other officers in the City of Boston Police Department. For example, the individual

Defendants may argue that their conduct in 1988 and 1989 was proper, because they did not

clearly understand they had violated clear rules. The Plaintiff is entitled to explore the

Defendant's knowledge of the official reports of Boston Police misconduct. The individual

Defendants, Plaintiff will argue, were clearly put on notice that their conduct was improper and

yet they failed to take any steps to correct a unconstitutional murder conviction.

The individual Defendants have argued that evidence concerning other misconduct could never be admissible against the individuals. It is not the case under Rule 404(b) of the Federal Rules of Evidence that evidence of other misconduct is automatically excluded. Rather the purpose of Rule 404(b) is to ensure that relevant evidence of prior conduct is admitted with appropriate limitations and control. <u>Huddleston v. United States</u>, 485 U.S. 681, 688-89, 108 S.Ct. 1496, 1499-1501, 99 L.Ed.2d. 771 (1988).

Evidence of other acts, at least to the extent they are known to the Defendants or the Defendants were involved in those acts, may be admissible to show plan, intent, motive or lack of mistake or good faith. <u>Gutierrez-Rodriguez v. Cartagena</u>, 882 F.2d 553, 572 (1st Cir., 1989), <u>Senra v. Cunningham</u>, 9 F.3d 168, 171-172 (1st Cir., 1993).

The Plaintiff is entitled to discovery concerning the individual Defendant's knowledge of the practices and policies of the Boston Police Department concerning the withholding of exculpatory evidence and the use or coerced and perjured testimony and is entitled, when appropriate, to introduce that evidence at trial against the individual Defendants.

The evidence of the City misconduct may also be admissible on the issue of punitive damages against the individual Defendants. The Plaintiff is entitled to show that the Defendants should be liable for punitive damages because they acted recklessly or with callous indifference to the Plaintiff's constitutional rights. <u>Smith v. Wade</u>, 461 U.S. 30-31, 103 S.Ct. 1625, 1627, 75 L. Ed. 2d 632 (1983). The jury is entitled to weigh evidence concerning the necessity for punitive damages to deter similar conduct and the pervasiveness of the conduct to

be deterred. <u>Hernandez-Tirado v. Artau</u>, 874 F.2d. 866 (1st Cir., 1989) (Punitive damages not appropriate when conduct is not clearly violative of accepted practices.)

There will be substantial overlap of evidence in the cases against the individuals and the City. Bifurcation will result in a substantial waste of Court time in hearing the same evidence twice.

**C.    The Defendants Will Not Be Unfairly Prejudiced In A Joint Trial.**

As discussed above, much of the evidence against the City would be admissible against the individual Defendants in a joint trial. In any case, the Court has the ability to control the presentation of evidence. The Court can make it clear to the jury which portions of the evidence applies solely to the individual defendants and which portion applies to the City. The presumption is that the jury will follow the instruction of the Court, concerning the Defendants against the evidence offer. <u>U.S. v. Bailey</u>, 405 F.3d. 102 (1st Cir., 2005); <u>McInerney v. Berman</u>, 621 F.2d.20 (1st Cir., 1980)

The City of Boston argues in its Motion to Bifurcate that it will be prejudiced by a joint trial with the individuals Defendants. The argument is difficult to follow. All the evidence against the individual Defendants would be admissible evidence against the City. No jury can decide whether the City is responsible for the acts of the officers without hearing the evidence concerning what was done to the Plaintiff. The Plaintiff is required to establish that there is an "affirmative link" between the City policy and constitutional violation, <u>City of Oklahoma City</u>

v. Tuttle, 471 U.S. 808, 823, 105 S. Ct. 2427; 85 L. Ed. 2d 791 (1985). The Plaintiff, therefore, must introduce all of the evidence concerning that violation in a case against the City. It is difficult to understand how the City could be prejudiced by joint trial with individual Defendants where it faces no evidence that it would not face in a trial only of the City.

###    D.    The Plaintiff Will Be Unfairly Prejudiced By Bifurcation.

The Plaintiff would suffer substantial prejudice as a result of bifurcation. Bifurcation will require the Plaintiff to try the same case twice. The Defendants have noted that this can be expected to be a lengthy trial. Plaintiff learned during presentation of evidence at the Motion for New Trial that there are substantial difficulties in locating and producing witnesses in this case. The experience in the State Court was that substantial work with investigators, sheriffs, and the Court was necessary in order to produce all of the relevant evidence. Defendants proposed the Plaintiff should shoulder this burden twice in two separate trials.

Defendants also seek to put the Plaintiff to additional expense and disruption of producing all applicable expert witnesses twice, causing a substantial expense to the Defendant. Finally, the Defendant's proposal would substantially delay the resolution of this constitutional violation which occurred in 1989, now seventeen years ago. The Plaintiff, Court and public have a substantial interest in the prompt resolution of this case. Bifurcation would unfairly delay that resolution.

## <u>CONCLUSION</u>

This Court should deny Defendant's Motion to Bifurcate Trial or Discovery.

Respectfully submitted,                          Respectfully submitted,
Attorney for Plaintiff,                          Attorney for Plaintiff,
Shawn Drumgold                                   Shawn Drumgold


<u>/s/ Rosemary Curran Scapicchio</u>           <u>/s/ Michael W. Reilly</u>

Rosemary Curran Scapicchio, Esq.                 Michael W. Reilly, Esq.
Four Longfellow Place                            Tommasino & Tommasino
Suite 3703                                       2 Center Plaza
Boston, MA   02114                               Boston, MA   02108
(617) 263-7400                                   (617) 723-1720
BBO# 558312                                      BBO# 415900