UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD, )<br>    PLAINTIFF )<br>)<br>VS. )<br>)<br>TIMOTHY CALLAHAN, FRANCIS M. )<br>ROACHE, **PAUL MURPHY**, RICHARD )<br>WALSH, AND THE CITY OF BOSTON, )<br>    DEFENDANTS )<br>) | C.A. NO. 04-11193NG |

### DEFEND PAUL MURPHY'S MOTION TO AMEND ANSWER

Now comes the undersigned counsel on behalf of Defendant Paul Murphy and moves this Court to allow him to file the attached amended answer. The above action was brought by the Plaintiff against Defendant Murphy and others under the provisions of 42 USC §1983 and M.G.L. c. 12,§11i. Plaintiff has complained against Defendant Paul Murphy specifically in Counts One and Two Two pursuant to §1983 and in Count Four pursuant to G.L. c. 12, §11i.

As reason therefore, the undersigned states the following:

1) He recently filed his appearance on behalf of Defendant Paul Murphy;

2) Predecessor counsel, Attorney Donald Faymen has since filed his Notice of Withdrawal of Appearance;

3) On or about March 1, 2005, Attorney Faymen filed the Answer Submitted on Behalf of the Named Defendant, Paul Murphy (Deceased), ECF Docket Entry No. 23.

4) Upon review of certain discovery transcripts related to the case, and upon the deposition examination of witness Lola Alexander, deposed April 7, 2006, which I attended, it is apparent that the answer filed on behalf of Defendant Murphy should be amended to reflect additional affirmative defenses.

In the testimony that I have reviewed and observed, to the extent any of the witnesses has identified Defendant Paul Murphy, the witnesses have identified Defendant Murphy in

        his official capacity as a Boston Police Detective investigating the death of Darlene Tiffany Moore.

5)     Specifically, as to the discharge of his duties, Defendant Murphy is entitled to raise defenses that his actions were reasonable and in good faith and part of the proper discharge of his official duties; that there was probable cause for Defendant's actions; that the Defendant is protected by the doctrine of qualified immunity, and; that Defendant Murphy's actions were otherwise privileged.

6)     Defendant Murphy is entitled to assert that Plaintiff's own culpable conduct or the conduct of others was the proximate cause of Plaintiff's damages and not the Defendant.

7)     Defendant Murphy is entitled to raise as an affirmative defense that he was not responsible for causing plaintiff's injuries.

8)     Defendant is entitled to assert affirmative defenses that Plaintiff's Complaint is deficient in demonstrating the required level to sustain a claim of deprivation of constitutional rights and that the Plaintiff has not been deprived of any rights, privileges or immunities under the United States Constitution or the Massachusetts Constitution or any subdivision thereof.

9)     Further, Defendant Murphy is entitled to assert affirmative defenses pursuant to G.L. c. 258, §4 based on failure to comply with the proper presentment requirements and on grounds that the Defendant is otherwise limited or exempted from liability.

    The above defenses were not initially raised in the Defendant's Answer.  The affirmative defenses are essential to the defense of this action.

    Allowing the defendant to amend the complaint at this time will not prejudice the Plaintiff or any other party as it is anticipated that trial will not likely occur before 2007 and the parties are actively deposing the relevant lay witnesses at present with the majority of lay witnesses still to be deposed.  The defendant does not seek to amend his answer for the purposes of causing delay or prejudice to the Plaintiff or any other party.  In the circumstances of the present case, the delay is not undue.

    With regard to such amendments, the First Circuit has said,

> We are mindful, however, of Rule 15(a)'s admonition that "leave shall be freely given when justice so requires."
> Thus, unless there appears to be an adequate reason for the

> denial (e.g., undue delay, bad faith, dilatory motive on the part of the movant, futility of the amendment), we will not affirm the denial. See *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

*Grant v. News Group Boston, Inc.,* 55 F.3d 1, 5 (1995).

And,

> Accordingly, courts will excuse untimeliness only when doing so is consistent with the notice purpose of the rules. Amendment may be permitted, for example, where the opposing party already had notice of the defense through some means other than the pleadings, or would not have benefitted from advance notice in any event-in other words, where the delay was harmless.

*In Re: Cumberland Farms, Inc.*, 284 F. 3d216, 226 (1995)

Because there is a legitimate good faith basis for requesting the proposed amendment, Defendant Murphy requests that he be allowed to file his proposed Amended Answer.

## CONCLUSION

For the foregoing reasons, Defendant Paul Murphy prays that he be allowed to amend his complaint.

PATRICIA MURPHY, AS
EXECUTRIX OF THE ESTATE
OF PAUL MURPHY
BY HER ATTORNEY,


/S/ William M. White, Jr.
William M. White, Jr.
BBO#: 546283
Davis, Robinson & White, LLP
One Faneuil Hall Marketplace, 3rd Floor
Boston, MA  02109
(617) 723-7339