UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD,       )<br>    PLAINTIFF           )<br>                              )<br>VS.                           )<br>                              )<br>TIMOTHY CALLAHAN, FRANCIS M.  )<br>ROACHE, **PAUL MURPHY**, RICHARD )<br>WALSH, AND THE CITY OF BOSTON, )<br>    DEFENDANTS          )<br>                              ) | C.A. NO. 04-11193NG |

DEFENDANT PAUL MURPHY'S
MOTION TO LATE FILE
MANDATORY DISCLOSURES
PURSUANT TO FED.RCIV.P. 26(a) AND LOCAL RULE 26.2

Now comes the Defendant Paul Murphy in the above-captioned action and moves to be allowed to late file his Mandatory Disclosures Pursuant to Fed.R.Civ.P. 26(a) and Local Rule 26.2.

As reason therefore, the undersigned states the following:

1) On April 7, 2006, counsel filed his appearance;

2) Predecessor has since filed his Notice of Withdrawal of Appearance;

3) When the undersigned reviewed the electronic docket and conferred with predecessor counsel, it became apparent that the mandatory disclosures had not been filed.

4) Detecting no strategic advantage in not filing the mandatory disclosures, I see no reason for not filing the mandatory disclosures at this time;

5) In fact, the failure to comply with the mandatory disclosure provisions of the Federal Rules and Local Rules could prejudice the Defendant in the event that discovery revealed witnesses or evidence that should have been disclosed earlier. See *Wilson v. Bradlees of*

*New England, Inc.*, 250 F.3d 10, 19 (2001)("[a] party that without substantial justification fails to disclose information required by Rule 26(a) or Rule 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial ··· any ··· information not so disclosed.")

6) In reviewing the mandatory disclosure materials now available to Defendant Murphy it is clear that the substance of his mandatory disclosures will mirror the mandatory disclosures of the other defendants and will not add to the total number of witnesses now known to the parties.

7) The purpose of seeking to file the proposed mandatory disclosures at this time has not been to cause prejudice to the Plaintiff or any other party to this action.

8) The purpose in seeking to file the proposed mandatory disclosures at this time has not been to delay this action or cause delay in this action in any regard.

9) Permitting the disclosures at this time would aid counsel in avoiding what might be deemed excusable neglect.

PATRICIA MURPHY AS
EXECUTRIX OF THE ESTATE OF
PAUL MURPHY
By her Attorney,

/s/ William M. White, Jr.
William M. White, Jr.
BBO#: 546283
Davis, Robinson & White, LLP
One Faneuil Hall Marketplace, 3rd Floor
Boston, MA  02109
(617) 723-7339