# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD,  )  <br>     Plaintiff  ) <br> ) <br> v  ) <br> ) <br> TIMOTHY CALLAHAN, ET AL.  ) <br>     Defendant(s)  ) <br> ) | C.A. NO. 04-11193NG |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
"ASSENTED TO" MOTION TO EXTEND SCHEDULING ORDER**

NOW COMES the Plaintiff and makes the following clarifications to the Motion filed by the Defendants on June 23, 2006.

1. The Motion was not assented to. Defense counsel did not show the Motion to the Plaintiff's counsel prior to filing it. Plaintiff's counsel did not agree to the form of the Motion. In fact, Plaintiff's counsel explicitly informed the Defendants' counsel on Wednesday, June 21, 2006 that he should file a Defendants' Motion, that he was authorized to indicate that Plaintiff agreed to continue the discovery deadlines to September 30, 2006, but Plaintiff did not agree to the extension for summary judgments as requested by the Plaintiff and that the Plaintiff would file his own motion explaining the reasons for request made by the Plaintiff.

2. Plaintiff does not agree that the extension of discovery is necessary because Defendants have been unable to complete discovery despite their best efforts. On November 6, 2005, this court entered a Scheduling Order which ordered depositions to be completed by August 1, 2006. On January 4, 2006, the Defendants marked the single deposition of Tracie Peaks. On January 30, 2006, two and a half months after beginning of the discovery, Plaintiff marked the deposition of six witnesses. On March 3, 2006,

      approximately four months after beginning of the discovery, Defendants sent notices to five media outlets requesting copies of their media coverage. On May 3, 2006, five additional depositions were scheduled, as well as some additional keeper of the records depositions. On June 6, 2006, several previously scheduled depositions were re-scheduled and approximately five new depositions were scheduled. Despite the claims that the Defendants needed to depose twenty, thirty or fifty witnesses they marked the depositions of approximately fifteen witnesses during the six month deposition period.

3. The primary reason the Defendants have not been able to complete their discovery in time is because they have intentionally and unnecessarily prolonged every deposition. Depositions have been taken primarily of percipient witnesses to the shooting in 1988. These are witnesses who had five or ten minutes of observation at the place and the time of the shooting and were involved with Plaintiff's counsel in connection with the Motion for New Trial. A three or four hour deposition would be typical for this type of witness. Every witness deposed by the Defendants has required two days of deposition. The Defendants adopted the strategy of having one counsel do an initial thorough examination, then have other Defendants' counsel repeat all of the questions asked by the previous counsel. As a result, every witness requires several days of deposition. The Defendants could have doubled the days available for deposition simply by thoroughly and efficiently examining witnesses rather than intentionally delaying and stalling depositions. When every deposition is a two day deposition, there are half as many days available to schedule depositions.

4. The Plaintiff has requested an extension for discovery because of the Defendants' failure to promptly provide documents. The Defendants filed Documents Request and Interrogatories. Plaintiff requested one extension and then provided Answers on February 16, 2006. On the same day, Plaintiff filed a Documents Request to the City of Boston. Answers were due on March 16, 2006. Plaintiff's counsel agreed to a 30-day extension. Answers were due on April 16, 2006. On May 5, 2006, having not received documents,

       Plaintiff's counsel called and was told that the Defendant was still obtaining documents from the City of Boston, but they would be available in "about a week". On June 7, 2006, after several promises to produce documents, Defendants forwarded a Proposed Protective Order which would have made all documents produced by the Defendants subject to a Protective Order. This request was first made approximately three months after the documents were due. Plaintiff's counsel met with Defense counsel on June 15, 2006 and reviewed documents. At that point, Defense counsel agreed to produce documents to which no protective order was necessary and agreed to designate certain categories of documents to which he was seeking a Protective Order and to forward a draft Protective Order.

5. As of June 26, 2006, one half of the documents to which no Protective Order is sought, has been forwarded. Remaining documents, despite written request, have not been produced. No draft Protective Order has been provided by Defense counsel.

6. As a result of the delay in producing the City of Boston documents, the Plaintiff has been delayed in taking depositions, and therefore, are requesting the discovery deadline be continued until September 30, 2006.

7. The Plaintiff is concerned that this case be kept on schedule with the hope of trying the case in early 2007. As a result, the Plaintiff requests a November 15, 2006 date for the filing of Summary Judgments. Plaintiff would suggest the following proposed tracking order:

       Discovery completed on or before September 30, 2006;
       Plaintiff's expert disclosures submitted on or before September 1, 2006;
       Defendants' expert disclosures submitted on or before September 30, 2006;
       Expert depositions completed on or before October 15, 2006;
       Summary judgment motions filed on or before November 15, 2006.

Plaintiff also requests that the court enter an order that Defendants or Plaintiffs have five hours, i.e. 10 a.m. to 1 p.m. and 2 p.m. to 4 p.m. to do direct examination at a deposition other than depositions of parties or by agreement of counsel or by order of the court.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| Attorney for Plaintiff, | Attorney for Plaintiff, |
| Shawn Drumgold | Shawn Drumgold |
| | |
| /s/ Rosemary Curran Scapicchio | /s/ Michael W. Reilly |
| | |
| Rosemary Curran Scapicchio, Esq. | Michael W. Reilly, Esq. |
| Four Longfellow Place | Tommasino & Tommasino |
| Suite 3703 | 2 Center Plaza |
| Boston, MA  02114 | Boston, MA  02108 |
| (617) 263-7400 | (617) 723-1720 |
| BBO# 558312 | BBO# 415900 |