UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.  04-CV-11193-NG

_____
SHAWN DRUMGOLD,                    )
                                   )
        Plaintiff                  )
                                   )
vs.                                )
                                   )
CITY OF BOSTON, ET AL.,            )
                                   )
        Defendants                 )
_____)

AFFIDAVIT OF COUNSEL

I, Mary Jo Harris, counsel for the defendant Timothy Callahan hereby depose and

state as follows:

1.    I am an attorney admitted to practice in the Commonwealth of Massachusetts and
      the United States District Court for the District of Massachusetts.

2.    In the course of discovery in this case, a documentary film about the plaintiff's
      criminal case and motions for new trial was produced (titled "The System is
      Broken").  I have reviewed this film.

3.    In this film, plaintiff is on camera, commenting that Boston Globe reporter Dick
      Lehr was able to uncover evidence that plaintiff and his counsel had been unable
      to obtain.

4.    In this film, plaintiff's counsel Rosemary Scappichio states on camera that she
      asked the media to become involved because she was unable to uncover evidence
      sufficient to obtain a new trial, but hoped that if she got the media involved, they
      would be more successful.

5.    Attorney Scappichio comments that once Lehr became involved, witnesses who
      had previously refused to cooperate with the plaintiff "opened up."

6.    Mr. Lehr also appears in the film, commenting that the late 1980s (when the
      murder of Tiffany Moore occurred) was a "Dirty Harry" period for the Boston
      Police.  The witnesses who recanted their trial testimony in interviews with him,
      he stated, were "scared" of the police.

7.    I spoke with Jonathan Albano, counsel for the Boston Globe, about the
      defendants' intentions to depose Mr. Lehr.  Since Mr. Albano has not been
      involved in this case and does not have access to the depositions that have been

undertaken to date (or the other information relied upon in the motion to compel), he and I agreed that I would move to compel and outline the reasons Mr. Lehr's deposition was sought, and that he would thereafter likely oppose the motion (in lieu of defendants' insisting upon his filing a motion for protective order).

Signed under the pains and penalties of perjury this 20th day of November, 2006.

_____/s/ Mary Jo Harris_____