**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**SHAWN DRUMGOLD,**
**Plaintiff,**

**v.**

**TIMOTHY CALLAHAN, FRANCIS M. ROACHE, PAUL MURPHY, RICHARD WALSH, AND THE CITY OF BOSTON,**
**Defendants.**

**C.A. NO. 04-11193NG**

**NOTICE OF TAKING CONTINUED DEPOSITION**

To:

John P. Roache, Esq.
Patrick J. Donnelly, Esq.
Hogan, Roache & Malone
66 Long Wharf
Boston, MA 02110
William White, Esq.
Davis, Robinson & White, LLP
One Faneuil Hall Marketplace
South Market Building
Boston, MA 02109

Michael W. Reilly, Esq.
Tommassino & Tommassino
Two Center Plaza
Boston, MA 02108-1904

MaryJo Harris, Esq.
Morgan, Brown & Joy
200 State Street, 11th Floor
Boston, MA 02109

Susan Weise, Esq.
Assistant Corporate Counsel
City Rights Div/Law Department
City Hall, Room 615
Boston, MA 02201

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place, Suite 3703
Boston, MA 02114

Please take notice that at **10:00 A.M. on Tuesday, August 29, 2006,** at the law offices of **Bonner Kiernan Trebach & Crociata, LLP, One Liberty Square, 6th Floor, Boston, Massachusetts,** the defendant, Richard Walsh, through his attorney, will take the deposition upon oral examination of **Olisa Graham,** pursuant to the applicable provisions of the Federal



Rules of Civil Procedure, before a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths.

**The deponent is further required to bring the documents listed in the attached Schedule "A."**

The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

**RICHARD WALSH,**
By His Attorneys,

Dated: August 14, 2006

Hugh R. Curran, Esq (BBO #402057)
Bonner Kiernan Trebach & Crociata, LLP
One Liberty Square – 6th Floor
Boston, MA 02109
(617) 426-3900

**CERTIFICATE OF SERVICE**

I, Hugh R. Curran, hereby certify that a true copy of the within *Notice of Taking Deposition* was served upon all counsel of record for each other party via first-class mail, on August 14, 2006.

Hugh R. Curran

## SCHEDULE "A"

## INSTRUCTIONS

The term "document(s)" in the requests below shall include every writing of any nature, in the possession and/or control of the deponent, including every manner of letter, memorandum, note, log book, notebook, contract, agreement, lease, study, report, record, notice, minutes of meetings, program, opinion, work pad, diary, legal opinion, message, telegram, advertisement, brochure, computer print-out, computer data bank or base, computer program, invoice, billing, list, correspondence, appraisal, or other item whether written in manuscript, typewritten, printed, electronic, magnetic, or other form of recordation of any kind, and including all copies thereof bearing any writing, figures, or notation not appearing in the original.

## DOCUMENTS REQUESTED

1. Any and all correspondence between Olisa Graham and Shawn Drumgold and/or representatives of Shawn Drumgold.

2. Any and all correspondence between Olisa Graham and any witness in the original and/or current case.

3. Any and all correspondence between Olisa Graham and any media outlet regarding Shawn Drumgold.

One Liberty Square
Boston, MA 02109
Telephone: (617) 426-3900
Facsimile: (617) 426-0380
bktc@bktc.net
www.bktc.net

BONNER KIERNAN TREBACH & CROCIATA, LLP

Connecticut
Maryland
Massachusetts
New Jersey
New York
Pennsylvania
Rhode Island
Virginia
Washington, DC

August 14, 2006

Olisa Graham
4412 Washington Street #2
Roslindale, MA 02131

***Re:*** ***Shawn Drumgold v. City of Boston, et al.***
***Our File: 0737/0001***

Dear Ms. Graham:

Enclosed please find a *Deposition Subpoena*, which requires you to come to the law office of Bonner Kiernan Trebach & Crociata, LLP, One Liberty Square, 6th Floor, Boston, Massachusetts, for the purpose of testifying to your knowledge in the above-referenced matter. Your deposition is scheduled for **Tuesday, August 29, 2006 at 10:00 A.M.**

Please contact me at (800) 840-5087 upon receipt of this correspondence. Thank you for your cooperation in this matter.

Sincerely,

Jose Gurgel
Paralegal to Hugh R. Curran

Enclosures

AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SHAWN DRUMGOLD

V.

TIMOTHY CALLAHAN, FRANCIS M. ROACHE, PAUL MURPHY, RICHARD WALSH AND THE CITY OF BOSTON

SUBPOENA IN A CIVIL CASE

Case Number:[1] 04-11193NG

TO: OLISA GRAHAM
4412 Washington Street, #2
Roslindale, MA 02131

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| BONNER, KIERNAN, TREBACH & CROCIATA, LLP ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 | 8-29-06 10:00 A.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Hugh R. Curran HUGH R. CURRAN/ATTORNEY FOR DEFENDANT RICHARD WALSH | 8.14.06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
HUGH R. CURRAN, ESQ./BONNER, KIERNAN, TREBACH & CROCIATA, LLP
ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 (617) 426-3900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | *08/21/06* | *OLISA GRAHAM 4412 WASHINGTON STREET #2 ROSLINDALE, MA* |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| *SHAY-LA JAMES (COUSIN)* | *In-Hand* |
| **SERVED BY (PRINT NAME)** | **TITLE** |
| *John Roberto* | *Process Server & Disinterested Person* |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on *08/21/06*
DATE

SIGNATURE OF SERVER
*John Roberto*
*Process Server & Disinterested Person*

ADDRESS OF SERVER
*92 State Street, 7th Floor*
*Boston, Massachusetts 02109*

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SCHEDULE "A"**

INSTRUCTIONS

The term "document(s)" in the requests below shall includc cvery writing of any nature, in the possession and/or control of the deponent, including every manner of letter, memorandum, note, log book, notebook, contract, agreement, lease, study, report, record, notice, minutes of meetings, program, opinion, work pad, diary, legal opinion, message, telegram, advertisement, brochure, computer print-out, computcr data bank or basc, computer program, invoice, billing, list, correspondence, appraisal, or other item whether written in manuscript, typewritten, printed, electronic, magnetic, or other form of recordation of any kind, and including all copies thereof bearing any writing, figures, or notation not appearing in the original.

DOCUMENTS REQUESTED

1. Any and all correspondence between Olisa Graham and Shawn Drumgold and/or representatives of Shawn Drumgold.
2. Any and all correspondence betwccn Olisa Graham and any witness in the original and/or current case.
3. Any and all correspondence betwccn Olisa Graham and any mcdia outlet regarding Shawn Drumgold.

One Liberty Square
Boston, MA 02109
Telephone: (617) 426-3900
Facsimile: (617) 426-0380
bktc@bktc.net
www.bktc.net

BONNER
KIERNAN
TREBACH &
CROCIATA, LLP

Connecticut
Maryland
Massachusetts
New Jersey
New York
Pennsylvania
Rhode Island
Virginia
Washington, DC

June 6, 2006

Vantrell McPherson
105 Taffrail Road #1
Quincy, MA 02169

*Re:* *Shawn Drumgold v. City of Boston, et al.*
*Our File: 0737/0001*

Dear Ms. McPherson:

Enclosed please find a Deposition Subpoena, which requires you to come to the law office of Bonner Kiernan Trebach & Crociata, LLP, One Liberty Square, Boston, Massachusetts, for the purpose of further testifying to your knowledge in the above-referenced matter. Your continued deposition is scheduled for **Thursday, June 29, 2006 at 2:00 p.m.**

Thank you for your cooperation in this matter.

Very truly yours,

Kate Rubchinuk
Paralegal to Hugh R. Curran

Enclosures



AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SHAWN DRUMGOLD

V.

TIMOTHY CALLAHAN, FRANCIS M. ROACHE, PAUL MURPHY, RICHARD WALSH AND THE CITY OF BOSTON

SUBPOENA IN A CIVIL CASE

Case Number:[1] 04-11193NG

TO: VANTRELL MCPHERSON
105 TAFFRAIL ROAD #1
QUINCY, MA 02169

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| BONNER, KIERNAN, TREBACH & CROCIATA, LLP ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 | JUNE 8, 2006 3:00 P.M. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Hugh R. Curran HUGH R. CURRAN/ATTORNEY FOR DEFENDANT RICHARD WALSH | 5/3/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
HUGH R. CURRAN, ESQ./BONNER, KIERNAN, TREBACH & CROCIATA, LLP
ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 (617) 426-3900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**SCHEDULE "A"**

INSTRUCTIONS

The term "document(s)" in the requests below shall include every writing of any nature, including every manner of letter, memorandum, note, log book, notebook, contract, agreement, lease, study, report, record, notice, minutes of meetings, program, opinion, work pad, diary, legal opinion, message, telegram, advertisement, brochure, computer print-out, computer data bank or base, computer program, invoice, billing, list, correspondence, appraisal, or other item whether written in manuscript, typewritten, printed, electronic, magnetic, or other form of recordation of any kind, and including all copies thereof bearing any writing, figures, or notation not appearing in the original.

DOCUMENTS REQUESTED

1. Any and all correspondence between Vantrell McPherson and Shawn Drumgold and/or representatives of Shawn Drumgold.
2. Any and all correspondence between Vantrell McPherson and any witness in the original and/or current case.
3. Any and all correspondence between Vantrell McPherson and any media outlet regarding Shawn Drumgold.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD, PLAINTIFF, v. TIMOTHY CALLAHAN, FRANCIS M. ROACHE, PAUL MURPHY, RICHARD WALSH, AND THE CITY OF BOSTON, DEFENDANTS. | ) | C.A. NO. 04-11193NG |

**RE-NOTICE OF TAKING CONTINUED DEPOSITION**

TO: John P. Roache, Esq.
Hogan, Roache & Malone
66 Long Wharf
Boston, MA 02110

MaryJo Harris, Esq.
Morgan, Brown & Joy
200 State Street, 11th Floor
Boston, MA 02109

Michael W. Reilly, Esq.
Tommassino & Tommassino
Two Center Plaza
Boston, MA 02108-1904

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place, Suite 3703
Boston, MA 02114

William White, Esq.
Davis, Robinson & White, LLP
One Faneuil Hall Marketplace
South Market Building
Boston, MA 02109

Please take notice that at **2:00 P.M. on Thursday, June 29, 2006**, at the law offices of **Bonner Kiernan Trebach & Crociata, LLP, One Liberty Square, Boston, Massachusetts**, the defendant, Richard Walsh, through his attorney, will take the deposition upon oral examination of **Vantrell McPherson**, pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths.

DEPOSITION EXHIBIT
43
6/29/06 MES

**The deponent is further required to bring the documents listed in the attached Schedule "A."**

The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

**RICHARD WALSH,**
By His Attorney,

Hugh R. Curran (BBO #552623)
BONNER KIERNAN TREBACH & CROCIATA, LLP
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

DATED: June 6, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the within document was served upon the attorney of record for each other party by mail, on June 6, 2006.

Hugh R. Curran

## SCHEDULE "A"

## INSTRUCTIONS

The term "document(s)" in the requests below shall include every writing of any nature, including every manner of letter, memorandum, note, log book, notebook, contract, agreement, lease, study, report, record, notice, minutes of meetings, program, opinion, work pad, diary, legal opinion, message, telegram, advertisement, brochure, computer print-out, computer data bank or base, computer program, invoice, billing, list, correspondence, appraisal, or other item whether written in manuscript, typewritten, printed, electronic, magnetic, or other form of recordation of any kind, and including all copies thereof bearing any writing, figures, or notation not appearing in the original.

## DOCUMENTS REQUESTED

1. Any and all correspondence between Vantrell McPherson and Shawn Drumgold and/or representatives of Shawn Drumgold.
2. Any and all correspondence between Vantrell McPherson and any witness in the original and/or current case.
3. Any and all correspondence between Vantrell McPherson and any media outlet regarding Shawn Drumgold.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SHAWN DRUMGOLD

V.

TIMOTHY CALLAHAN, FRANCIS M. ROACHE, PAUL MURPHY, RICHARD WALSH AND THE CITY OF BOSTON

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-11193NG

TO: MICHELLE PAYNE SHORT
38 LITCHFIELD TERRACE
BROCKTON, MA

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| BONNER, KIERNAN, TREBACH & CROCIATA, LLP ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 | 09/11/2006 at 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Hugh R. Curran HUGH R. CURRAN/ATTORNEY FOR DEFENDANT RICHARD WALSH | 08/28/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
HUGH R. CURRAN, ESQ./BONNER, KIERNAN, TREBACH & CROCIATA, LLP
ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 (617) 426-3900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 09/05/06 | MICHELLE PAYNE SHORT<br>38 LITCHFIELD TERRACE<br>BROCKTON, MA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | Last Usual |
| SERVED BY (PRINT NAME) | TITLE |
| Thomas C. Hyslop | Process Server & Disinterested Person |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 09/05/06
DATE

SIGNATURE OF SERVER
Thomas C. Hyslop
Process Server & Disinterested Person

*MADE NUMEROUS ATTEMPTS TO SERVE IN-HAND BEFORE LEAVING LAST & USUAL ON 9/5/06. ALSO MAILED, VIA 1ST CLASS, COPY OF SUBPOENA TO MS. GRAHAM.*

ADDRESS OF SERVER
92 State Street, 7th Floor
Boston, Massachusetts 02109

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SCHEDULE "A"

## INSTRUCTIONS

The term "document(s)" in the requests below shall include every writing of any nature, in the possession and/or control of the deponent, including every manner of letter, memorandum, note, log book, notebook, contract, agreement, lease, study, report, record, notice, minutes of meetings, program, opinion, work pad, diary, legal opinion, message, telegram, advertisement, brochure, computer print-out, computer data bank or base, computer program, invoice, billing, list, correspondence, appraisal, or other item whether written in manuscript, typewritten, printed, electronic, magnetic, or other form of recordation of any kind, and including all copies thereof bearing any writing, figures, or notation not appearing in the original.

## DOCUMENTS REQUESTED

1. Any and all correspondence between Michelle Payne Short and Shawn Drumgold and/or representatives of Shawn Drumgold.

2. Any and all correspondence between Michelle Payne Short and any witness in the original and/or current case.

3. Any and all correspondence between Michelle Payne Short and any media outlet regarding Shawn Drumgold.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**SHAWN DRUMGOLD,**
**Plaintiff,**

**v.**

**TIMOTHY CALLAHAN, FRANCIS M. ROACHE, PAUL MURPHY, RICHARD WALSH, AND THE CITY OF BOSTON,**
**Defendants.**

**C.A. NO. 04-11193NG**

**NOTICE OF TAKING DEPOSITION**

To:

John P. Roache, Esq.
Patrick J. Donnelly, Esq.
Hogan, Roache & Malone
66 Long Wharf
Boston, MA 02110

MaryJo Harris, Esq.
Morgan, Brown & Joy
200 State Street, 11th Floor
Boston, MA 02109

William White, Esq.
Davis, Robinson & White, LLP
One Faneuil Hall Marketplace
South Market Building
Boston, MA 02109

Susan Weise, Esq.
Assistant Corporate Counsel
City Rights Div/Law Department
City Hall, Room 615
Boston, MA 02201

Michael W. Reilly, Esq.
Tommassino & Tommassino
Two Center Plaza
Boston, MA 02108-1904

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place, Suite 3703
Boston, MA 02114

Please take notice that at **10:00 A.M. on Monday, September 11, 2006,** at the law offices of **Bonner Kiernan Trebach & Crociata, LLP, One Liberty Square, 6th Floor, Boston, Massachusetts,** the defendant, Richard Walsh, through his attorney, will take the deposition upon oral examination of **Michelle Payne, a.k.a. Michelle Payne Short,** pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public in

and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths.

**The deponent is further required to bring the documents listed in the attached Schedule "A."**

The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

**RICHARD WALSH,**
By His Attorneys,

Dated: August 28, 2006

Hugh R. Curran, Esq (BBO #402057)
Bonner Kiernan Trebach & Crociata, LLP
One Liberty Square – 6th Floor
Boston, MA 02109
(617) 426-3900

**CERTIFICATE OF SERVICE**

I, Hugh R. Curran, hereby certify that a true copy of the within *Notice of Taking Deposition* was served upon all counsel of record for each other party via first-class mail, on August 28, 2006.

Hugh R. Curran

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SHAWN DRUMGOLD

V.

TIMOTHY CALLAHAN, FRANCIS M. ROACHE, PAUL MURPHY, RICHARD WALSH AND THE CITY OF BOSTON

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-11193NG

TO: EDRINA GRAHAM
110 EDGEMERE ROAD, UNIT 10
WEST ROXBURY, MA

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| BONNER, KIERNAN, TREBACH & CROCIATA, LLP<br>ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 | 09/11/2006 at 1:00 PM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Hugh R. Curran<br>HUGH R. CURRAN/ATTORNEY FOR DEFENDANT RICHARD WALSH | 08/28/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
HUGH R. CURRAN, ESQ./BONNER, KIERNAN, TREBACH & CROCIATA, LLP
ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 (617) 426-3900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | *09/05/06* | *EDRINA GRAHAM*<br>*110 EDGEMERE ROAD, UNIT 10*<br>*WEST ROXBURY, MA* |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | *Last Usual* |
| **SERVED BY (PRINT NAME)** | **TITLE** |
| *John Roberto* | *Process Server & Disinterested Person* |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on *09/05/06*
DATE

[signature]
SIGNATURE OF SERVER
*John Roberto*
*Process Server & Disinterested Person*

*ALSO MAILED, VIA 1ST CLASS, COPY OF SUBPOENA TO MS. GRAHAM.*

ADDRESS OF SERVER
*92 State Street, 7th Floor*
*Boston, Massachusetts 02109*

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SCHEDULE "A"**

INSTRUCTIONS

The term "document(s)" in the requests below shall include every writing of any nature, in the possession and/or control of the deponent, including every manner of letter, memorandum, note, log book, notebook, contract, agreement, lease, study, report, record, notice, minutes of meetings, program, opinion, work pad, diary, legal opinion, message, telegram, advertisement, brochure, computer print-out, computer data bank or base, computer program, invoice, billing, list, correspondence, appraisal, or other item whether written in manuscript, typewritten, printed, electronic, magnetic, or other form of recordation of any kind, and including all copies thereof bearing any writing, figures, or notation not appearing in the original.

DOCUMENTS REQUESTED

1. Any and all correspondence between Adrina Graham (Payne) and Shawn Drumgold and/or representatives of Shawn Drumgold.

2. Any and all correspondence between Adrina Graham (Payne) and any witness in the original and/or current case.

3. Any and all correspondence between Adrina Graham (Payne) and any media outlet regarding Shawn Drumgold.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **SHAWN DRUMGOLD,**<br>**Plaintiff,**<br><br>**v.**<br><br>**TIMOTHY CALLAHAN, FRANCIS M. ROACHE, PAUL MURPHY, RICHARD WALSH, AND THE CITY OF BOSTON,**<br>**Defendants.** | **C.A. NO. 04-11193NG** |

**NOTICE OF TAKING DEPOSITION**

To:

John P. Roache, Esq.
Patrick J. Donnelly, Esq.
Hogan, Roache & Malone
66 Long Wharf
Boston, MA 02110

MaryJo Harris, Esq.
Morgan, Brown & Joy
200 State Street, 11th Floor
Boston, MA 02109

William White, Esq.
Davis, Robinson & White, LLP
One Faneuil Hall Marketplace
South Market Building
Boston, MA 02109

Susan Weise, Esq.
Assistant Corporate Counsel
City Rights Div/Law Department
City Hall, Room 615
Boston, MA 02201

Michael W. Reilly, Esq.
Tommassino & Tommassino
Two Center Plaza
Boston, MA 02108-1904

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place, Suite 3703
Boston, MA 02114

Please take notice that at **1:00 P.M. on Wednesday, September 11, 2006,** at the law offices of **Bonner Kiernan Trebach & Crociata, LLP, One Liberty Square, 6th Floor, Boston, Massachusetts**, the defendant, Richard Walsh, through his attorney, will take the deposition upon oral examination of **Adrina Graham, a.k.a. Adrina Payne,** pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public in and

for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths.

**The deponent is further required to bring the documents listed in the attached Schedule "A."**

The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

**RICHARD WALSH,**
By His Attorneys,

Dated: August 28, 2006

Hugh R. Curran

Hugh R. Curran, Esq (BBO #402057)
Bonner Kiernan Trebach & Crociata, LLP
One Liberty Square – 6th Floor
Boston, MA 02109
(617) 426-3900

**CERTIFICATE OF SERVICE**

I, Hugh R. Curran, hereby certify that a true copy of the within *Notice of Taking Deposition* was served upon all counsel of record for each other party via first-class mail, on August 28, 2006.

Hugh R. Curran

Hugh R. Curran

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SHAWN DRUMGOLD

V.

TIMOTHY CALLAHAN, FRANCIS M. ROACHE, PAUL MURPHY, RICHARD WALSH AND THE CITY OF BOSTON

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-11193NG

TO: TYNETTA GRAY
52 Blue Hill Avenue, Apt. 2
Roxbury, MA 02119

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| BONNER, KIERNAN, TREBACH & CROCIATA, LLP ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 | 9-20-06 10:00 A.M. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Hugh R. Curran HUGH R. CURRAN/ATTORNEY FOR DEFENDANT RICHARD WALSH | 8.14.06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
HUGH R. CURRAN, ESQ./BONNER, KIERNAN, TREBACH & CROCIATA, LLP
ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 (617) 426-3900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

DEPOSITION EXHIBIT 131 9/20/06 MCG
PENGAD-Bayonne, N. J.

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| SERVED | DATE<br>08/25/06 | PLACE<br>*TYNETTA GRAY*<br>*52 BLUE HILL AVENUE, APT. 2*<br>*ROXBURY, MA* |
|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| *JEFFREY GREEN (ROOMMATE)* | *In-Hand* |
| SERVED BY (PRINT NAME) | TITLE |
| *John Roberto* | *Process Server & Disinterested Person* |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on *08/25/06*
DATE

SIGNATURE OF SERVER
*John Roberto*
*Process Server & Disinterested Person*

ADDRESS OF SERVER
*92 State Street, 7th Floor*
*Boston, Massachusetts 02109*

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE "A"

### INSTRUCTIONS

The term "document(s)" in the requests below shall include every writing of any nature, in the possession and/or control of the deponent, including every manner of letter, memorandum, note, log book, notebook, contract, agreement, lease, study, report, record, notice, minutes of meetings, program, opinion, work pad, diary, legal opinion, message, telegram, advertisement, brochure, computer print-out, computer data bank or base, computer program, invoice, billing, list, correspondence, appraisal, or other item whether written in manuscript, typewritten, printed, electronic, magnetic, or other form of recordation of any kind, and including all copies thereof bearing any writing, figures, or notation not appearing in the original.

### DOCUMENTS REQUESTED

1. Any and all correspondence between Tynetta Gray and Shawn Drumgold and/or representatives of Shawn Drumgold.
2. Any and all correspondence between Tynetta Gray and any witness in the original and/or current case.
3. Any and all correspondence between Tynetta Gray and any media outlet regarding Shawn Drumgold.

# MEMORANDUM

**FROM:** J.GURGEL
**TO:** HRC, FILE
**DATE:** SEPTEMBER 19 and 20, 2006

**CASE:** DRUMGOLD vs. CALLAHAN, ET AL
0737/0001

**RE:** TELEPHONE CONFERENCE WITH MS. TYNETTA GRAY REGARDING DEPOSITION

---

On September 19, 2006 I telephoned Ms. Tynetta Gray, at (617) 989 0508, in an attempt to make contact with her and confirm her appearance at her deposition, scheduled for September 20, 2006, pursuant to a subpoena served on August 25, 2006. I called Ms. Gray twice on September 19, 2006, and left two voice messages identifying myself and requesting that she call me back confirming her appearance at her deposition.

On September 20, 2006, around 9:50 AM, I telephoned Ms. Tynetta Gray again in an attempt to make contact with her and confirm her appearance at her deposition. This time Ms. Gray answered the phone and I identified myself as a paralegal working for Attorney Hugh R. Curran, and told her I wanted to confirm she would be coming in for her deposition, scheduled for today, September 20, 2006, at our office. Ms. Gray then interrupted me and asked "how the hell did you get my phone number?" I answered that I obtained her number "from information" and she hung up on me.

I called Ms. Gray one more time, immediately after she hung up on me, and identified myself again when she answered the phone. Ms. Gray then proceeded to scream "who the fuck are you calling me at my home? I don't give a fuck about Drumgold or what happened 30 years ago!" At this time I reminded Ms. Gray that she was under a subpoena and that she was required to appear at the deposition. She replied "What the fuck are you talking about? I don't have no subpoena! You can call the fucking police, the fucking feds if you want, but I am not going to no deposition!" At this time, Ms. Gray hung up the phone again.

[signature]

September 20, 2006

Jose Gurgel
Paralegal to Hugh R. Curran, Esq.
Bonner Kiernan Trebach & Crociata, LLP
One Liberty Square, 6th Floor
Boston, MA 02109



AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SHAWN DRUMGOLD

V.

TIMOTHY CALLAHAN, FRANCIS M. ROACHE, PAUL MURPHY, RICHARD WALSH AND THE CITY OF BOSTON

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-11193NG

TO: KATHY JAMISON
44 REGENT STREET, Apt 7
Roxbury, MA

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| [illegible] | DATE AND TIME [illegible] |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| BONNER, KIERNAN, TREBACH & CROCIATA, LLP ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 | Nov. 3, 2006 @ 10 A.M. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Hugh R. Curran HUGH R. CURRAN/ATTORNEY FOR DEFENDANT RICHARD WALSH | 9-22-06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
HUGH R. CURRAN, ESQ./BONNER, KIERNAN, TREBACH & CROCIATA, LLP
ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 (617) 426-3900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

PENGAD-Bayonne, N.J. DEPOSITION EXHIBIT 143 11/3/06 MEG

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | Oct. 18, 2006 | 94 Regent St #7; Roxbury, MA |

Kathy Bmisson @ 9:00 AM

SERVED ON (PRINT NAME): Kathy Bmisson

MANNER OF SERVICE: Personal (In Hand)

SERVED BY (PRINT NAME): John E. Gamel

TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on Oct. 18, 2006
DATE

John E. Gamel
SIGNATURE OF SERVER

1501 Beacon St.
ADDRESS OF SERVER
Brookline, MA 02446

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the nondemanding party to contest the claim.

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SHAWN DRUMGOLD

V.

TIMOTHY CALLAHAN, FRANCIS M. ROACHE, PAUL MURPHY, RICHARD WALSH AND THE CITY OF BOSTON

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-11193NG

TO: KATHY JAMISON
44 REGENT STREET APT 7
ROXBURY, MA 02119

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| BONNER, KIERNAN, TREBACH & CROCIATA, LLP ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 | JUNE 29, 2006 10:00 A.M. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED SCHEDULE "A"

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Hugh Curran HUGH R. CURRAN/ATTORNEY FOR DEFENDANT RICHARD WALSH | 6/6/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
HUGH R. CURRAN, ESQ./BONNER, KIERNAN, TREBACH & CROCIATA, LLP
ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 (617) 426-3900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



**SCHEDULE "A"**

INSTRUCTIONS

The term "document(s)" in the requests below shall include every writing of any nature, including every manner of letter, memorandum, note, log book, notebook, contract, agreement, lease, study, report, record, notice, minutes of meetings, program, opinion, work pad, diary, legal opinion, message, telegram, advertisement, brochure, computer print-out, computer data bank or base, computer program, invoice, billing, list, correspondence, appraisal, or other item whether written in manuscript, typewritten, printed, electronic, magnetic, or other form of recordation of any kind, and including all copies thereof bearing any writing, figures, or notation not appearing in the original.

DOCUMENTS REQUESTED

1. Any and all correspondence between Kathy Jamison and Shawn Drumgold and/or representatives of Shawn Drumgold.

2. Any and all correspondence between Kathy Jamison and any witness in the original and/or current case.

3. Any and all correspondence between Kathy Jamison and any media outlet regarding Shawn Drumgold.

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | *06/19/06* | *KATHY JAMISON*<br>*44 REGENT STREET, APT. 7*<br>*ROXBURY, MA* |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| *CHRISTOPHER JAMISON (SON)* | *In-Hand* |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| *John Roberto* | *Process Server & Disinterested Person* |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on *06/19/06*
DATE

SIGNATURE OF SERVER
*John Roberto*
*Process Server & Disinterested Person*

ADDRESS OF SERVER
*92 State Street, 7th Floor*
*Boston, Massachusetts 02109*

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SHAWN DRUMGOLD

V.

TIMOTHY CALLAHAN, FRANCIS M. ROACHE, PAUL MURPHY, RICHARD WALSH AND THE CITY OF BOSTON

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-11193NG

TO: KATHY JAMISON
44 REGENT STREET APT 7
ROXBURY, MA 02119

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| BONNER, KIERNAN, TREBACH & CROCIATA, LLP ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 | JUNE 29, 2006 10:00 A.M. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED SCHEDULE "A"

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Hugh Curran HUGH R. CURRAN/ATTORNEY FOR DEFENDANT RICHARD WALSH | 6/6/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
HUGH R. CURRAN, ESQ./BONNER, KIERNAN, TREBACH & CROCIATA, LLP
ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 (617) 426-3900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

PENGAD-Bayonne, N. J.
DEPOSITION EXHIBIT
142
11/3/06 MEG

**SCHEDULE "A"**

INSTRUCTIONS

The term "document(s)" in the requests below shall include every writing of any nature, including every manner of letter, memorandum, note, log book, notebook, contract, agreement, lease, study, report, record, notice, minutes of meetings, program, opinion, work pad, diary, legal opinion, message, telegram, advertisement, brochure, computer print-out, computer data bank or base, computer program, invoice, billing, list, correspondence, appraisal, or other item whether written in manuscript, typewritten, printed, electronic, magnetic, or other form of recordation of any kind, and including all copies thereof bearing any writing, figures, or notation not appearing in the original.

DOCUMENTS REQUESTED

1. Any and all correspondence between Kathy Jamison and Shawn Drumgold and/or representatives of Shawn Drumgold.

2. Any and all correspondence between Kathy Jamison and any witness in the original and/or current case.

3. Any and all correspondence between Kathy Jamison and any media outlet regarding Shawn Drumgold.

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | *06/19/06* | *KATHY JAMISON*<br>*44 REGENT STREET, APT. 7*<br>*ROXBURY, MA* |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| *CHRISTOPHER JAMISON (SON)* | *In-Hand* |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| *John Roberto* | *Process Server & Disinterested Person* |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on *06/19/06*
DATE

SIGNATURE OF SERVER
*John Roberto*
*Process Server & Disinterested Person*

ADDRESS OF SERVER
*92 State Street, 7th Floor*
*Boston, Massachusetts 02109*

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SHAWN DRUMGOLD

V.

TIMOTHY CALLAHAN, FRANCIS M. ROACHE, PAUL MURPHY, RICHARD WALSH AND THE CITY OF BOSTON

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-11193NG

TO: KA
KATHY JAMISON
44 REGENT STREET APT 7
ROXBURY, MA 02119

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| BONNER, KIERNAN, TREBACH & CROCIATA, LLP<br>ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 | JUNE 8, 2006<br>10:00 A.M. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED SCHEDULE "A"

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Hugh R. Curran<br>HUGH R. CURRAN/ATTORNEY FOR DEFENDANT RICHARD WALSH | 5/3/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
HUGH R. CURRAN, ESQ./BONNER, KIERNAN, TREBACH & CROCIATA, LLP
ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 (617) 426-3900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHAWN DRUMGOLD,
PLAINTIFF,

v.

TIMOTHY CALLAHAN, FRANCIS M. ROACHE, PAUL MURPHY, RICHARD WALSH, AND THE CITY OF BOSTON,
DEFENDANTS.

C.A. NO. 04-11193NG

## NOTICE OF TAKING DEPOSITION

TO: John P. Roache, Esq.
Hogan, Roache & Malone
66 Long Wharf
Boston, MA 02110

Michael W. Reilly, Esq.
Tommassino & Tommassino
Two Center Plaza
Boston, MA 02108-1904

William White, Esq.
Davis, Robinson & White, LLP
One Faneuil Hall Marketplace
South Market Building
Boston, MA 02109

MaryJo Harris, Esq.
Morgan, Brown & Joy
200 State Street, 11th Floor
Boston, MA 02109

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place, Suite 3703
Boston, MA 02114

Please take notice that at **10:00 A.M. on Thursday, June 8, 2006**, at the law offices of **Bonner Kiernan Trebach & Crociata, LLP, One Liberty Square, Boston, Massachusetts**, the defendant, Richard Walsh, through his attorney, will take the deposition upon oral examination of **Kathy Jamison**, pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths.

**The deponent is further required to bring the documents listed in the attached Schedule "A."**

The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

**RICHARD WALSH,**
By His Attorney,

Hugh R. Curran (BBO #402057)
BONNER KIERNAN TREBACH & CROCIATA, LLP
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

DATED: May 3 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the within document was served upon the attorney of record for each other party by mail, on May 3, 2006.

Hugh R. Curran

## SCHEDULE "A"

### INSTRUCTIONS

The term "document(s)" in the requests below shall include every writing of any nature, including every manner of letter, memorandum, note, log book, notebook, contract, agreement, lease, study, report, record, notice, minutes of meetings, program, opinion, work pad, diary, legal opinion, message, telegram, advertisement, brochure, computer print-out, computer data bank or base, computer program, invoice, billing, list, correspondence, appraisal, or other item whether written in manuscript, typewritten, printed, electronic, magnetic, or other form of recordation of any kind, and including all copies thereof bearing any writing, figures, or notation not appearing in the original.

### DOCUMENTS REQUESTED

1. Any and all correspondence between Kathy Jamison and Shawn Drumgold and/or representatives of Shawn Drumgold.
2. Any and all correspondence between Kathy Jamison and any witness in the original and/or current case.
3. Any and all correspondence between Kathy Jamison and any media outlet regarding Shawn Drumgold.

05/05/2006

## RETURN OF SERVICE

I this day summoned the within named **KATHY JAMISON** to appear as within directed by leaving at , to wit; No. **44 REGENT STREET, APT 7** in the **SUFFOLK** District of said **ROXBURY** an attested copy of the subpoena together with the **$0.00** fees for attendance and travel.

| | |
|---|---|
| Service and Travel | **$0.00** |
| Pd Witness | **$0.00** |
| Total | **$0.00** |

NOTES/COMMENTS:
NOT SERVED PER ATTORNEY REQUEST.

John Roberto
Process Server & Disinterested Person

DB29403-JR 0000208727

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SHAWN DRUMGOLD

V.

TIMOTHY CALLAHAN, FRANCIS M. ROACHE, PAUL MURPHY, RICHARD WALSH AND THE CITY OF BOSTON

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-11193NG

TO: KATHY JAMISON
44 Regent Street, Apt. 7
Roxbury, MA 02119

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| BONNER, KIERNAN, TREBACH & CROCIATA, LLP<br>ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 | 9-15-06 10:00 A.M. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Hugh R. Curran<br>HUGH R. CURRAN/ATTORNEY FOR DEFENDANT RICHARD WALSH | 08-14-06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
HUGH R. CURRAN, ESQ./BONNER, KIERNAN, TREBACH & CROCIATA, LLP
ONE LIBERTY SQUARE 6TH FLOOR, BOSTON MA 02109 (617) 426-3900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



**SCHEDULE "A"**

INSTRUCTIONS

The term "document(s)" in the requests below shall include every writing of any nature, in the possession and/or control of the deponent, including every manner of letter, memorandum, note, log book, notebook, contract, agreement, lease, study, report, record, notice, minutes of meetings, program, opinion, work pad, diary, legal opinion, message, telegram, advertisement, brochure, computer print-out, computer data bank or base, computer program, invoice, billing, list, correspondence, appraisal, or other item whether written in manuscript, typewritten, printed, electronic, magnetic, or other form of recordation of any kind, and including all copies thereof bearing any writing, figures, or notation not appearing in the original.

DOCUMENTS REQUESTED

1. Any and all correspondence between Kathy Jamison and Shawn Drumgold and/or representatives of Shawn Drumgold.

2. Any and all correspondence between Kathy Jamison and any witness in the original and/or current case.

3. Any and all correspondence between Kathy Jamison and any media outlet regarding Shawn Drumgold.

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | *09/01/06* | *KATHY JAMISON*<br>*44 REGENT STREET, APT. 7*<br>*ROXBURY, MA* |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| *CHRIS JAMISON (SON)* | *In-Hand* |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| *John Roberto* | *Process Server & Disinterested Person* |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on *09/01/06*
DATE

SIGNATURE OF SERVER
*John Roberto*
*Process Server & Disinterested Person*

ADDRESS OF SERVER
*92 State Street, 7th Floor*
*Boston, Massachusetts 02109*

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.