UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD, )<br>    Plaintiff )<br>)<br>v )<br>)<br>TIMOTHY CALLAHAN, ET AL. )<br>    Defendant(s) )<br>) | | C.A. NO. 04-11193NG |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**JOHN DALY'S MOTION FOR PROTECTIVE ORDER**

I.    FACTUAL BACKGROUND

Plaintiff has alleged that the City of Boston's management of the Boston Police homicide division in the late 1980s deprived him of his civil rights. John Daly was the head of the homicide division from April of 1985 until August of 1989. He was in charge at the time of the Tiffany Moore murder, which is at issue in this case.

Mr. Daly was deposed on November 15, 2006. At his deposition he testified that

> For 30 years I kept notes. I kept---and I kept a manuscript of my days as
> Policeman and what occurred in the last---I would sometimes go two or three days
> without making entries, sometimes more then that. But I generally kept
> Up-to-date on my life as a policeman through this journal.  (p 30)

He testified that he recorded notes concerning conversations with Defendants Walsh and

Murphy about the Tiffany Moore murder "probably within a week" of the conversations (p 35)

Mr. Daly also testified that he reviewed his diary notes in preparation for his deposition. (p23) Mr. Daly had some portion of the notes with him at the deposition. (Pgs 21-21)

Counsel for Mr. Daly refused to produce the notes at his deposition because, in part, he had not had the chance to review them or to purge what he considered privileged. (p 37). Plaintiff's counsel issued a new Subpoena Duces Tecum for all of the notes relating to Homicide investigations. Counsel for the city requested an extension of time to review the records. Mr. Daly then retained separate counsel who has filed this motion.

    II.    THE REQUESTED DOCUMENTS ARE RELEVANT

Mr. Daly knows more about the management of the BPD homicide at the time of the Tiffany Moore murder then anyone. He has testified under oath that he made contemporaneous or near contemporaneous notes of what he did as head of homicide. It is hard to imagine evidence more relevant to the issue of whether the City allowed or encouraged systematic violations of civil rights by the homicide squad.

Mr. Daly argues that the notes are recopied or even a novelisation. First, that was not his testimony under oath and the assertions otherwise in his Motion are not supported by affidavit.

Secondly, the method used to prepare the notes may go to their weight or even admissibility but they are not a basis for failing to produce them. The notes are relevant and the notes are "reasonably calculated to lead to the discovery of admissible evidence". Fed R. Civ Pro 26(b) 1

### III.     THE REQUESTED DOCUMENT ARE NOT PRIVILIGED

Mr. Daly cites a series of cases having to do with whether documents that are considered personal must be produced. The cases have not application to this motion since they all deal with witnesses who are seeking to resist production by claiming a Fifth Amendment privilege. The courts have held that when a Government employee claims a Fifth amendment privilege for private papers the court must determine if the papers are private or Governmental. e.g. <u>In re Sealed Case (Government Documents)</u> 950 F2d 736 (C.A.D.C, 1991)

Mr. Daly has not asserted a claim of privilege. The cases cited by Mr. Daly provide protection for private records only after there has been a claim of privilege. Mr. Daly has no reason to claim the privilege in this case and therefore has no right to claim the protections, which flow only from a claim of privilege.

### IV.     PRODUCTION OF THE DOCUMENTS IS NOT BURDENSOME OR UNREASONABLE

Mr. Daly has not articulated any specific basis for claiming that production of the requested documents would be unduly burdensome to him pursuant to Fed R. Civ. Proc 26 (b) 2. The general rule is that the deposition rules are to be accorded a broad and liberal treatment. <u>SEC v Sargent</u> 229 F3d 68,80 (1st Cir, 2000)

The documents sought are easy to copy and produce. Mr. Daly has not articulated any particular showing that production would be embarrassing. Mr. Daly has not made any request for any protective order, any nondisclosure agreement or any redactions. There has been a complete failure to establish, by way of testimony or affidavit, any reason why Mr. Daly should not be subject to the same requirement to produce relevant evidence as any other witness.

Respectfully submitted,

By His Attorneys,

/s/ Michael W. Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA   02108
617 723 1720
BBO 415900


/s/ Rosemary Curran Scapicchio

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Boston MA 02114
617 723 2900
BBO 558312