UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD,<br>    Plaintiff<br><br>v<br><br>TIMOTHY CALLAHAN, ET AL.<br>    Defendant(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. NO. 04-11193NG |

**PLAINTIFF, SHAWN DRUMGOLD'S EMERGENCY MOTION TO COMPEL PRODUCTION OF NOTES FROM FORMER LIEUTENANT JOHN DALEY**

Now comes Plaintiff and moves this court to order former Boston Police Lieutenant John Daley to produce all notes diaries or writings which relate or refer to the period when Mr. Daley was the Head of the Homicide Division of the Boston Police Department.

In support thereof, Plaintiff says the following:

1. This court has ordered that discovery in this case be finished by February 14, 2007.

2. The continued deposition of Defendants Callahan and Walsh and witnesses David Meier, and John Daley as well as the depositions of Francis Roache, Ralph Martin and Lt. McNeely are all on hold pending full production of the Daley records which are expected to be relevant to all of these depositions.

3. On January 22, 2007, this court ruled on John Daley's Motion for Protective Order. The court ordered that Daley produce "the portions of his diary pertaining to his tenure as Commander of the Homicide Unit and the Tiffany Moore homicide". The

      Court also ordered the parties to enter into a Protective Order prohibiting the parties from disclosing information about other cases contained in the Daley diary.

4.   Mr. Daley produced nine pages of documents at his deposition on January 23, 2007. They were marked as Exhibits 169 at the deposition. (Attached hereto as Exhibit 2.)

5.   It is apparently Mr. Daley's position that he was required only to produce documents that deal <u>both</u> with his tenure as Commander of Homicide Unit and the Tiffany Moore Homicide rather than entries which deal with <u>either</u> his tenure as Commander of Homicide or the Tiffany Moore homicide. It is clear from review of the produced records, that Daley did not produce documents dealing with his tenure as Commander of Homicide Unit if, in his opinion, they did not also deal with the Tiffany Moore homicide. For example,

- Exhibit 169, Page 250, Mr. Daley produced what appears to be the first sentence of the paragraph dealing with a suspect in an August 8, 1988 murder. The remaining paragraph has been redacted. It is obvious that paragraph dealt with events which occurred during Daley's tenure as Commander of Homicide Unit.

- Exhibit 169, Page 251, the top of the page deals with discussions of Defendants Walsh and Murphy concluding that "they were offered as a sacrifice to the black community and transferred from Homicide" and contains Mr. Daley's observation that "these detectives did a good job. But, nevertheless, they took the hit." The matter immediately following has been redacted. It obviously dealt with Commander Daley's tenure as Homicide Commander.

- Exhibit 169, Page 8, contains a summary mention of two other murders occurring apparently at the time of Tiffany Moore murder. The discussion with those murders has been redacted.

- Exhibit 169, Page 252, Daley discuses his transfer from the Homicide Division. The discussion immediately after that is redacted. It appears that the discussion would have to do with the management of the Boston Homicide Unit.

- Pages 307 is a page dated August 24, 1988 during Daley's tenure at Homicide. The first third of the sheet discusses the homicide of Tiffany Moore. The bottom redacted third would almost certainly discuss the period when Daley was Commander of Homicide.

- Page 308 is dated September 10, 1988. The produced document deals with the arrest of Shawn Drumgold. It is clear that the remaining portion of the document will deal with the period when Daley was Head of Homicide.

- Page 336, again, deals with Daley's removal as Head of Homicide. It cuts off the discussion in mid sentence.

- It is likely that there may be entire pages which Daley redacted.

This court should order Daley to produce all notes, diaries or writings which deal with the time period when he was Commander of the Homicide Unit.

Respectfully submitted,
Attorney for Plaintiff,
Shawn Drumgold

/s/ Michael W. Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
2 Center Plaza
Boston, MA   02108
(617) 723-1720
BBO# 415900

/s/ Rosemary Curran Scapicchio

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Suite 3703
Boston, MA   02114
(617) 263-7400
BBO# 558312

Respectfully submitted,
Attorney for Plaintiff,
Shawn Drumgold