UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11193-NG

SHAWN DRUMGOLD,
    Plaintiff

v.

TIMOTHY CALLAHAN, FRANCIS M. ROACHE, PAUL MURPHY, RICHARD WALSH, and THE CITY OF BOSTON,
    Defendants

## PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties to this action, by and through their respective counsel, enter into the following Protective Order:

1. On January 22, 2007 this Court, in ruling on a motion for protective order brought by retired Boston Police Department Lt. Det. John Daley ("Mr. Daley") requesting that he be precluded from producing his personal diary, ordered that portions of Mr. Daley's diary be produced. The portions of Mr. Daley's diary being produced which refer to cases or personal information other than the Tiffany Moore murder and/or the prosecution of Shawn Drumgold or the supervisory practices of the Boston Police Department will be marked as "Confidential" and both the documents as well as the information contained in the documents will be considered "Confidential Information".

Any party may challenge the designation of Mr. Daley's diary and its contents as confidential upon motion to the Court. Until the Court rules on such motion, the party challenging the designation shall treat the documents and information as confidential as provided in this Protective Order.

1/23/2007

2. As to the Confidential Information produced or revealed pursuant to Paragraph 1, the parties and their attorneys shall use such Confidential Information only for purposes of this litigation and any administrative proceeding dealing with the same incident or occurrence, and for no other purposes, and shall not disclose such Confidential Information except to the following described groups of persons:

(i) The Court under seal pursuant to the Court's granting of a Motion for Impoundment;[1]

(ii) Attorneys of record for the parties, including their investigators, consultants, independent contractors, and employees directly assisting said attorneys of record;

(iii) Experts for the parties, provided the attorney of record first informs each expert that such Confidential Information to be disclosed is confidential and subject to this Protective Order, is to be held in confidence and is to be used solely for the purpose of preparing for and presenting evidence in this litigation or administrative proceeding, and further that these restrictions are imposed by a court order.

3. Each of the persons referred to in Paragraph 2(ii) to whom such Confidential Information is to be disclosed shall, prior to the disclosure, be informed of this Protective Order, and his or her obligation pursuant to this Order, and he or she shall agree to be bound by the terms of this Order

---

[1] The motion for impoundment will, with respect to the matter sought to be impounded, (i) set forth a description, in general terms, of the confidential materials for which impoundment is sought and a short statement setting forth the reasons justifying impoundment, and (ii) will be accompanied by (a) a redacted version of the document or item containing the confidential materials to be placed in the court's public files, and (b) an unredacted version of the document or item containing the confidential materials, marked or highlighted to indicate clearly the portions for which impoundment is sought.

4. Each of the experts referred to in Paragraph 2(iii) to whom such Confidential Information is to be disclosed shall, prior to the disclosure, be informed of this Protective Order, and his or her obligation pursuant to this Order, and he or she shall agree, in writing, to be bound by the terms of this Order. Said writing shall be held in the possession of the expert and/or counsel.

5. The attorneys for the parties, their investigators, consultants, independent contractors and their employees and experts may make copies of the Confidential Information as needed in the litigation of this case or administrative proceeding.

6. The Confidential Information may be exhibited to a deposition witness during a deposition and the witness may be questioned with respect to such Confidential Information during an oral deposition; provided, however, that to the extent the transcript of any deposition or the exhibits thereto incorporate the Confidential Information, such transcript and any such exhibit shall be subject to the terms of this Protective Order in the same manner as the Confidential Information.

7. Subject only to the applicable rules of evidence, the Confidential Information covered by this Protective Order shall be freely available for use at trial or in any related administrative proceeding by any party. Should a party wish to use the Confidential Information in motion practice that party must move the Court for permission to file said Confidential Information under seal.[2]

8. By signing this Protective Order the parties and their counsel specifically agree that any claim of privilege, confidentiality or admissibility into evidence is not waived or otherwise compromised.

---

[2] Per the procedure defined in footnote 1.

9. Upon final termination of the above-entitled action whether by verdict, settlement, dismissal or other disposition, the provisions hereof relating to the Confidential Information shall continue to be binding upon all attorneys of record, their employees, deposition witnesses, experts and others, unless the document becomes part of the public record at trial. After completion of this matter, attorneys for the parties will gather any Confidential Information in the possession of the persons referred to in Paragraph 2. Upon final termination of the above-entitled action, the original Confidential Information, copies of the Confidential Information, and any portions of deposition transcripts and deposition exhibits containing the Confidential Information shall be returned to counsel for Mr. Daley, the producing party, within sixty (60) days from final termination of this action.

10. This Order may be modified by further order of this Court upon application to the Court with notice.

11. Parties subject to this Protective Order shall not disclose the Confidential Information to anyone except parties, their attorneys' employees, witnesses, experts, investigators, consultants and independent contractors.

_____
Honorable Nancy Gertner
United States District Court
District of Massachusetts

Respectfully submitted,
**John Daley**
By his attorney,

_____
Eve A. Piemonte Stacey
ROACH & CARPENTER, P.C.
24 School Street
Boston, Massachusetts 02108
Tel.: (617) 720-1800
BBO# 628883

**Plaintiff Shawn Drumgold**
Through his attorney,

_____
Michael W. Reilly, Esquire
Tommasino & Tommasino
2 Center Plaza
Boston, Massachusetts 02108
Tel.: (617) 723-1720
BBO# 415900

Rosemary Scapicchio
Law Offices of Rosemary Scapicchio
Four Longfellow
Boston, MA 02116
BBO# 558312
(617) 263-7400

Assented to by:
By **Defendants City of Boston and Francis M. Roache**
Through their attorneys,

_____
John P. Roache (BBO# 421680)
Patrick J. Donnelly (BBO# 651113)
Hogan, Roache & Malone
66 Long Wharf
Boston, Massachusetts 02110
Tel.: (617) 367-0330

Assented to by:
**Defendant Richard Walsh**
Through his attorney,

_____
Hugh R. Curran, Esquire
Bonner, Kiernan, Trebach & Crociata
1 Liberty Square, 6th Floor
Boston, Massachusetts 02109
Tel.: (617) 426-3900
BBO# 402057

Assented to by:
**Defendant Timothy Callahan**
Through his attorney,

_____
Mary Jo Harris, Esquire
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, Massachusetts 02109
Tel.: (617) 523-6666
BBO# 561484

Assented to by:
**Estate of Paul J. Murphy**
Through its attorney,

_____
William M. White, Jr., Esquire
Davis, Robinson & White, LLP
One Faneuil Hall Marketplace, 3rd Floor
Boston, Massachusetts 02109
Tel: (617) 723-7339
BBO# 546283