UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD, | ) | C.A. NO. 04-11193NG |
|     Plaintiff | ) | |
| | ) | |
| v | ) | |
| | ) | |
| TIMOTHY CALLAHAN, ET AL. | ) | |
|     Defendant(s) | ) | |
| | ) | |

**MOTION TO REAFFIRM PROTECTIVE ORDER[1]**

Now comes the Plaintiff and moves this court to reaffirm its Order of January 22, 2007. In support thereof, the Plaintiff says the following:

1. On January 22, 2007, this court issued its Order on The Motion for Protective Order filed by John Daley. As a part of that Order, the court ruled as follows:

   > The parties are ORDERED to draft appropriate protective order, prohibiting the parties from disclosing information about other cases contained in the Daley diary.

2. Pursuant to the court's Order, counsel entered into a Protective Order (attached hereto as Exhibit 1). Counsel for Mr. Daley and the Plaintiff agreed to include within the scope of the Protective Order personal information of Mr. Daley. Counsel agreed that there was no legitimate necessity for disclosing personal and family information of Mr. Daley as it may appear in the notes.

---

1. Plaintiff does not designate this a motion to clarify Protective Order since the court's order was completely clear. The Defendants have no reasonable grounds for misunderstanding the court's order or the Protective Order entered into by the parties.

3. At the beginning of Mr. Daley's deposition, counsel for Timothy Callahan, Hugh Curran, Esq., made the following statement on the record

> For the record, counsel for Mr. Daley has shared a proposed Protective Order pursuant to Judge Gertner's order regarding Mr. Daley's documents. In reading the Protective Order, I have an interpretation that the documents to be produced today would not be subject to a Protective Order. And we've discussed it collectively, that's counsel for all parties in the litigation, and we agreed that all documents produced by Mr. Daley that were the subject of his personal diary or log that they all are considered and will be deemed considered confidential information at this point in time subject to anyone's objection at which point in time we will seek clarification from Judge Gertner relative to the proper parameters of the Protective Order. (See attached Exhibit 2, Deposition of John Daley, Page 45)

4. Counsel for Mr. Drumgold made the determination that it was more important to go forward with the deposition in order to receive access to the documents rather than to delay the deposition and seek further court order. Accordingly, counsel for Mr. Drumgold indicated

> On behalf of Mr. Drumgold, for the purposes of today, we'll agree that everything is confidential leaving open the possibility of addressing the issue of what is protected and what is not protected with the Judge (See attached Exhibit 2, Deposition of John Daley, Page 45-46)

5. Mr. Curran then concluded

> Right. There'll be no dissemination of any materials in any form subject to the verification of the ruling issued by Judge Gertner. (See attached Exhibit 2, Deposition of John Daley, Pages 45-46)

6. Mr. Curran's position is incorrect. This court's order clearly and explicitly provided that the only section of the diary which would be subject to Protective Order is "information

about other cases contained in the Daley diary." The Protective Order entered into between Mr. Daley's counsel and the Plaintiff's counsel provides, in addition, for protection for certain personal information.

7. Mr. Curran's claimed interpretation of the Order, that "all documents produced by Mr. Daley that were the subject of his personal diary or log, that they are all considered and will deem considered confidential information at this point." (Exhibit 2, Page 45) is not a reasonable reading of either this court's order or the Protective Order.

8. This court appropriately limited its order concerning a Protective Order to specific areas where there was a legitimate necessity for preserving the confidentiality of the diaries. As a general rule, this court disfavors entering motions to impound or imposing confidentiality on records. (Local Rule 7.2) In this case, counsel for Mr. Daley did not request the type of blanket confidentiality urged by Mr. Curran. Mr. Daley agreed to produce the records without that type of blanket protection.

WHEREFORE this court should rule that the only portions of Mr. Daley's diaries which are subject to the Protective Order are those dealing solely with Mr. Daley's personal issues and those areas dealing with identifying characteristics of other criminal cases.

Respectfully submitted,
By His Attorneys,

/s/ Michael Reilly
Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA  02108
617 723 1720
BBO 415900

/s/ Rosemary Curran Scapicchio
Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Boston MA 02114
617 723 2900
BBO 55831