# EXHIBIT 2

```
                                        42

                        Volume:    II

                        Pages:     42 - 119

                        Exhibits:  See Index
```

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11193NG

---------------------------------x
SHAWN DRUMGOLD,
                PLAINTIFF

VS.

TIMOTHY CALLAHAN, ET AL,
                DEFENDANTS
---------------------------------x

CONTINUED DEPOSITION of JOHN DALEY, a witness called on behalf of the Plaintiff, pursuant to the provisions of the Federal Rules of Civil Procedure, before Nancy M. Walsh, Certified Shorthand Reporter (#118593)/ Registered Professional Reporter and Notary Public in and for the Commonwealth of Massachusetts, at the law office of Tommasino & Tommasino, Two Center Plaza, Boston, Massachusetts  02108, on Tuesday, January 23, 2007, commencing at 3:08 p.m.

**NANCY M. WALSH
COURT REPORTING SERVICES
131 CRANE STREET
DEDHAM, MASSACHUSETTS  02026
TELEPHONE (781) 326-5062
FAX (781) 326-5072**

P R O C E E D I N G S

     MR. CURRAN: For the record, counsel for Mr. Daley has shared a proposed Protective Order pursuant to Judge Gertner's order regarding Mr. Daley's documents. In reading the Protective Order, I have an interpretation that the documents to be produced today would not be subject to a Protective Order. And we've discussed it collectively, that's counsel for all parties in the litigation, and we agreed that all documents produced by Mr. Daley that were the subject of his personal diary or log that they all are considered and will be deemed considered confidential information at this point in time subject to anyone's objection at which point in time we will seek clarification from Judge Gertner relative to the proper parameters of the Protective Order.

     Is everyone in agreement on behalf of their respective clients?

     MR. ROACHE: Yes.

     MS. STACEY: Agreed.

     MS. HARRIS: Yes.

     MR. WHITE: Yes.

     MS. SCAPICCHIO: On behalf of Mr. Drumgold, for the purposes of today, we'll agree that everything is

1  confidential leaving open the possibility of addressing
2  the issue of what is protected and what is not protected
3  with Judge Gertner at a later date.
4      MR. CURRAN: Right. There'll be no
5  dissemination of any materials in any form subject to the
6  verification of the ruling issued by Judge Gertner.
7      MS. STACEY: While we're on the record,
8  Attorney Reilly and I had a conversation by telephone,
9  and I suppose by e-mail, where we agreed that there are
10 different interpretations as to the meaning of the
11 Protective Order. For the documents that I have with me
12 here today, it's my reading of Judge Gertner's order that
13 I was to bring documents that were drafted during
14 Lieutenant Daley's time as commander of the Homicide Unit
15 that related to the Tiffany Moore murder and
16 investigation and any other supervisory practices of the
17 Boston Police Department. And that's what I have here
18 today, and I believe it's nine pages.
19     However, on these nine pages, you'll see a
20 notation "to be produced in camera." And those are
21 personal information about Lieutenant Daley or personal
22 notes that aren't covered by either the topic of either
23 supervisory issues related to the BPD or the Tiffany
24 Moore murder. And those will be produced in camera, and