UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD,<br>    Plaintiff | )<br>)<br>) | C.A. NO. 04-11193NG |
| v | )<br>) | |
| TIMOTHY CALLAHAN, ET AL.<br>    Defendant(s) | )<br>)<br>) | |

**EMERGENCY MOTION TO STRIKE**
**DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER**

    The Defendants have initiated an attack on Plaintiff's counsel under the guise of a "Motion for Protective Order". The attack is based upon uncross-examined testimony of a witness who is so unreliable that the District Attorney's Office in the original murder prosecution made a decision not to call her as a trial witness. The witness's testimony is rife with inconsistencies. The witness has been completely unable to tell a consistent story at any time. The witness's deposition was suspended prior to Plaintiff's counsel having any substantial opportunity to cross examine her. The second day of the deposition has not yet been scheduled.

    At least three attorneys and two support staff in two different law firms are prepared to aver that Madelyn Hamilton's testimony as to communication with attorneys in Boston about counsel is false.

    The Motion should be stricken because the Defendants, in their cowardly attack on

Plaintiff's counsel, deliberately failed to comply with Local Rule 37.1 which requires "Before filing any discovery motion including any Motion for Sanctions to <u>or</u> <u>for</u> a <u>protective order,</u> counsel for each of the party shall confer in good faith to narrow the areas of disagreement to the greatest possible extent". Defense counsel, of course, did not have the courage or honesty to conference this outrageous Motion with Plaintiff's counsel prior to filing it.

It should be noted that Defense counsel, John Roache participated in a discovery motion on Plaintiff's potential Motion to Compel on Friday, April 6, 2007 with Plaintiff's counsel, Michael Reilly. Thus it is clear, first, that Mr. Roache had personal knowledge of the procedure for Rule 37.1 discovery disputes. Second, it is significant to note that during that 37.1 conference, on Defendants' failure to produce certain documents, Mr. Roache did not even mention that he and his co-counsel were planning on filing a Motion for Protective Order in two days.

It is apparent that Defense counsel have decided that because they cannot prevail in this case based on the facts or the law, they will attempt to win it by attacking counsel. Plaintiff will answer, in full, the baseless allegations made against Plaintiff's counsel when the Motion is properly filed. At this point, this court should dismiss the Motion as a result of Defendants' failure to comply with Local Rule 37.1.

It is apparent that counsel's decision to file this Motion without complying with Local

Rule 37.1 was part of a strategy to allow them to file these outrageous and untrue personal attacks on counsel without any possibilities of counsel moving this court to seal allegations made by an uncross-examined witness. This Motion was not filed because the Defendants had any sincere necessity for the relief allegedly sought in the Motion. It was filed for the purposes of character assanation on Plaintiff's counsel.

WHEREFORE Plaintiff moves this court to strike Defendants' Motion for Protective Order on the grounds of failure to comply with Local Rule 37.1.

Respectfully submitted,

Plaintiff, By His Attorneys,

 /s/ Michael Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA   02108
617 723 1720
BBO 415900


/s/ Rosemary Curran Scapicchio

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Boston MA 02114
617 263 7400
BBO 558312