UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11193-NG

SHAWN DRUMGOLD,
    Plaintiff

v.

TIMOTHY CALLAHAN, FRANCIS M. ROACHE, PAUL MURPHY, RICHARD WALSH, and THE CITY OF BOSTON,
    Defendants

**THIRD PARTY WITNESS JOHN DALEY'S NOTICE OF PRODUCTION AND SUPPLEMENTAL PRODUCTION OF DOCUMENTS FOR IN CAMERA REVIEW**

Now comes retired Boston Police Lt. Det. John Daley ("Daley"), a third party witness in the above-referenced action, and hereby files this *Notice of Production and Supplemental Production of Documents for In Camera Review* in response to this Honorable Court's *Memorandum and Order Re: General Discovery* ("Order"), dated May 1, 2007.

Pursuant to the Order, after review of the exhibits attached to *John Daley's Notice of Filing of Documents for in Camera Review ("First Notice of Filing")*, the Court concluded the following redacted documents should be disclosed. Daley, through

counsel, either produces for *in camera* review the following documents, or certifies that the documents identified for disclosure by this Court have been produced to Plaintiff as follows:

1) **Exhibit B, p. 268:**

Counsel for Daley hereby certifies that an unredacted copy of Ex. B, p. 268 has been produced to Plaintiff.  See Exhibit 1.

2) **Exhibit B, pp. 307-308:**

Daley's notes describing the Tiffany Moore investigation, identified in the Order as pages 307-308 of Ex. B to Daley's *First Notice of Filing*, were previously produced to Plaintiff. Counsel for Daley certifies that copies of pages 307-308 were not included with and identified in the exhibits as documents previously produced to Plaintiff due to a clerical copying error.

Copies of pages 307-308 were produced in hand to counsel for Plaintiff, pursuant to the Protective Order between the parties, before the start of the second day of Daley's deposition on January 23, 2007. Daley also produced duplicate copies of pages 307-308, pursuant to the Protective Order, on February 2, 2007 along with a more expansive production of copies of Daley's diary. Copies of pages 307-308 were part of the Daley notes marked as Deposition Exhibit 206 and/or Exhibit 207 at Daley's deposition on February 21, 2007.

As further evidence of Daley's previous production of pages 307-308, Plaintiff made specific reference, by page number and content, to pages 307-308 in Plaintiff's *Motion to Compel Production of Notes from Former Lieutenant John Daley*, filed on January 29, 2007.  See Document # 69, at ¶ 5.

Finally, the information contained in pages 307-308 also appears, in duplicate, in Daley's *First Notice of Filing* at Ex. D, pp. 250-251 of the documents produced to Plaintiffs, and was also produced in unredacted form for *in camera* review by this Court as Ex. C to Daley's *First Notice of Filing*.

Therefore, Daley certifies, through counsel that Ex. B, pages 307-308 have already been produced to counsel, in a form consistent with this Court's Order, but that copies of these documents were inadvertently omitted, through clerical copying error, in the documents produced to this Court.

3) **Copies of Pages 226, 228, 235, 236 for In Camera Review:**

Pursuant to this Court's Order, Daley produces duplicate, unredacted copies for *in camera* review of pages 226, 228, 235 and 236.  See Exhibit 2 and Exhibit 3. Some of these documents have been previously produced to Plaintiff in an unredacted form.

An unredacted copy of Page 226 is reproduced to this Court.  See Exhibit 3. Daley represents that a copy of page 226 was previously produced to Plaintiff, without redaction.  Therefore, Daley respectfully suggests that *in camera* review is

3

not required for page 226 as it has already been produced in an unredacted form to Plaintiff.  See *First Notice of Filing*, Ex. D, p. 226.

There are two documents numbered Page 228.  See Exhibits 2 and 3.  Unredacted copies of both pages numbered 228 are reproduced to this Court.  Id.  Page 228 of Exhibit 2 was redacted to exclude diary entries before Daley's appointment as commander of the Homicide Unit.  See *First Notice of Filing*, Ex. B, at p. 228.  Page 228 of Exhibit 3 is reproduced for this Court.  Daley represents that this document has been previously produced to the Plaintiff without redaction.  See *First Notice of Filing*, Ex. D, at p. 228.

There are two documents numbered Page 235.  See Exhibits 2 and 3.  Unredacted copies of both pages numbered 235 are reproduced to this Court.  Id.  Both documents numbered page 235 were previously produced to the Plaintiff without redaction.  Therefore, Daley respectfully suggests that *in camera* review is not required for page 235 as it has already been produced in an unredacted form to Plaintiff.  See *First Notice of Filing*, Ex. B and D, at p. 235.

There are two documents numbered Page 236.  See Exhibits 2 and 3.  Unredacted copies of both pages numbered 236 are reproduced to this Court.  Id.  Exhibit 2, page 236 is reproduced to this Court, but Daley represents that this document has been previously produced to the Plaintiff without redaction and that

*in camera* review is therefore not required.  See *First Notice of Filing*, Ex. B, at p. 236. Exhibit 3, page 236 is reproduced to this Court for *in camera* review.

## CONCLUSION

Wherefore, third party witness John Daley, through counsel, (1) produces all documents to this Court in compliance with the Court's Order of May 1, 2007; (2) supplements production of documents to the Plaintiff by producing an unredacted copy of Exhibit B, page 268; (3) produces for *in camera* review all remaining documents or certifies that the documents were previously produced in an unredacted form to the Plaintiff.

                                    Respectfully submitted,
                                    **JOHN DALEY**
                                    By his attorney,

                                    /s/ Eve A. Piemonte Stacey
                                    Eve A. Piemonte Stacey – BBO# 628883
                                    ROACH & CARPENTER, P.C.
                                    24 School Street
                                    Boston, Massachusetts 02108
Dated:  May 2, 2007                (617) 720-1800

### CERTIFICATE OF SERVICE

I, Eve Piemonte Stacey, hereby certify that this document was filed through the ECF system on May 2, 2007, and that a true paper copy of this document will be sent to those indicated as non registered participants on the Notice of Electronic Filing on May 3, 2007 by first class mail.

                                                        /s/ Eve A. Piemonte Stacey