UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11193-NG

SHAWN DRUMGOLD,
    Plaintiff

v.

TIMOTHY CALLAHAN, FRANCIS M. ROACHE,
PAUL MURPHY, RICHARD WALSH, and THE
CITY OF BOSTON,
    Defendants

### THIRD PARTY WITNESS JOHN DALEY'S FURTHER BRIEFING ON MOTION TO SEAL PLEADINGS

Now comes retired Boston Police Lt. Det. John Daley ("Daley"), a third party witness in the above-referenced action, and hereby files this further briefing in support of Daley's request to seal pleadings (Document 85). This supplemental briefing is filed pursuant to this Court's Memorandum and Order Re: General Discovery (May 1, 2007) (Document 92).

**A.  All Of The Documents Attached To Plaintiff's Motion For In Camera Review And Production Of Notes Of John Daley Are From Daley's Personal Diary And Should Be Sealed.**

1.  <u>Plaintiff Agreed to Seal the Daley Diary Records Attached To His Motion.</u>

On March 6, 2007, Plaintiff's counsel informed this Court that Plaintiff's Motion to Produce Notes of John Daley and to Conduct In Camera Review ("Motion") (Document 83) included copies of Daley's diary, and notified the Court that the Motion should therefore be sealed, in accordance with the discussion of the Protective Order in

this case. At the time of Daley's document production, all counsel agreed that the diary would be considered Confidential for purposes of Daley's deposition. Counsel for Defendants and Daley maintained that Daley's diary should remain confidential.

While information in the Daley diary that relates to the Tiffany Moore murder, Shawn Drumgold, or the supervisory practices of the Boston Police Department ("BPD") is not confidential pursuant to this Court's order, from which the terms of the Protective Order (Document 80) were drafted, the Daley diary should be sealed because Daley's interpretations and personal opinions regarding the Tiffany Moore murder, Shawn Drumgold and practices of the BPD are interwoven throughout these otherwise non-protected statements. Daley's notes contain personal opinions about other members of the BPD, personal opinions about practices of the BPD, contain hearsay "stories" that Daley found interesting, and disclose other officers' alleged personal issues.

There is no compelling interest in public disclosure of Daley's personal opinions, and speculation about personnel changes, personal and private situations of other officers, or unsubstantiated rumors and gossip. To the contrary, disclosure of Daley's diary will cause him undue embarrassment and annoyance. Fed.R.Civ.P. 26(b)(2). There is no legitimate reason for public disclosure of the personal opinions and thoughts that Daley had, or the disclosure of rumors he may have heard.

**B.    Daley's Diary Is Considered Private By Statute And Therefore Should Be Exempt From Disclosure.**

Pursuant to Mass.Gen.L. c. 4, § 7 clause 26(c) and (e), Daley's diary is private, exempt from the Commonwealth's public records classification, and should therefore be under seal.

Clause 26(c) exempts from public record "personnel and medical files or information; also any other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy." Daley's diary, even when referencing the Tiffany Moore murder investigation and personnel, falls within this public records exemption. Daley's thoughts, opinions, and conclusions about personnel issues and reasons for specifically named individuals' promotions constitute an unwarranted invasion of Daley's personal privacy. Mass.Gen.L. ch. 4, § 7 clause 26(c).

Clause 26(e) specifically exempts from status as a public record "notebooks and other materials prepared by an employee of the commonwealth which are personal to him and not maintained as part of the files of the governmental unit." Mass.Gen.L. ch. 4, § 7 26(e). There is no dispute that Daley was a public employee in a government unit as commander of the BPD's Homicide Unit. There is no dispute that Daley's diary is personal to him. There is no dispute that Daley's diary was not maintained as part of the files of the BPD's Homicide Unit. Therefore, Daley's diary should be considered Confidential and subject to the Protective Order, as well as exempt from the public view by sealing.

**C.   CONCLUSION**

Public disclosure of Daley's diary will do no more than serve to cause him undue embarrassment and anxiety. There is no public good or legitimate public interest that will be served by disclosure of Daley's personal thoughts and conclusions and recitation of unsubstantiated rumors of specifically-named individuals. In his diary, Daley reported his most personal of thoughts and beliefs. The Commonwealth's statute recognizes the

inherently personal nature of documents such as Daley's diary, and exempts the diary from public disclosure.

Daley therefore respectfully requests this Honorable Court recognize the statutorily personal and private nature of Daley's diary, and the anxiety, embarrassment, and lack of legitimate public good that Daley will suffer from disclosure of his diary. Daley respectfully requests this Honorable Court seal his diary documents in their totality.

### Rule 7.l Certification

Counsel for Daley did not attempt to confer with counsel for the parties on this matter as this Supplemental Brief is filed pursuant to this Court's Order of May 1, 2007 (Document 91; Document 92).

|  |  |
|---|---|
|  | Respectfully submitted,<br>**JOHN DALEY**<br>By his attorney, |
|  | /s/ Eve A. Piemonte Stacey<br>Eve A. Piemonte Stacey – BBO# 628883<br>ROACH & CARPENTER, P.C.<br>24 School Street<br>Boston, Massachusetts 02108 |
| Dated: May 10, 2007 | (617) 720-1800 |

### CERTIFICATE OF SERVICE

I, Eve Piemonte Stacey, hereby certify that this document was filed through the ECF system on May 10, 2007, and that a true paper copy of this document will be sent to those indicated as non registered participants on the Notice of Electronic Filing on March 11, 2007 by first class mail.

/s/ Eve A. Piemonte Stacey