AFFIDAVIT OF COUNSEL

1.      I, Mary Jo Harris, am an attorney admitted to practice in the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts. I am counsel for defendant Timothy Callahan in the civil action *Shawn Drumgold v. Timothy Callahan et al.*, USDC 04-11193-NG. The following averments are true, to my best knowledge and belief.

2.      On May 2, 2007, the Court allowed Defendants' motion to compel attendance of witnesses at deposition, in part, by agreeing to order the appearance of witnesses Michelle Payne Short, Kathy Jameson, Olisa Graham, Obie Graham, Vantrell McPherson, and Tynetta Grey. The Court also granted permission for the deposition of a prisoner in federal custody, Terrance Taylor. Mr. Taylor is incarcerated at the U.S. Penitentiary in Hazelton, West Virginia.

3.      Other remaining, outstanding depositions are the completion of the following: Shawn Drumgold, Timothy Callahan, David Meier, Madalyne Hamilton, and the taking of Edward McNelly's deposition.

4.      Upon receipt of the Court's order, counsel began the effort of scheduling these depositions for the month of May. Depositions were held or are/were scheduled to be held on the following dates:

| Date | Witness |
|---|---|
| May 11 | Gerard Malone |
| May 14 | Michelle Payne |
| May 16 | Kathy Jameson (no show) |
| May 17 | Michelle Payne, Edrina Payne |
| May 18 | Shawn Drumgold |
| May 21 | Kathy Jameson (no show) |
| May 22 | Vantrell McPherson |
| May 23 | Olisa Graham (rescheduled at witness's request) |
| May 24 | Terrence Taylor (canceled due to witness's request for counsel) |
| May 30 | Madalyne Hamilton |
| May 31 | Timothy Callahan |
| June 1 | Olisa Graham, Edrina Graham |

5.      Defense counsel have attempted to locate two witnesses, Eric Johnson and Antonio Anthony, without success. Johnson testified at the original murder trial and the motion for new trial, but his current whereabouts are unknown to all counsel. Anthony testified at the motion for new trial, but his current whereabouts are also unknown. Upon information and belief, Obie Graham has been released on bail from the Middlesex County Superior Court and has defaulted. His deposition has not been scheduled as his whereabouts are presently unknown. Although defense counsel are making efforts to locate these three witnesses, it will be impossible to depose them before the end of May 2007.

6. Also on information and belief, Terrence Taylor's guidance counselor or social worker at Hazelton began the process of accommodating a deposition at the penitentiary; but on May 16, 2007 notified counsel that Taylor was refusing to accept the subpoena and was requesting counsel to represent him. This development delayed the planned deposition of May 24, and it is impossible to reschedule it before the end of May 2007.

7. I am unaware of the plaintiff counsels' schedules for the month of June/July. My fellow defense counsel are unavailable on various dates in June/July due to trial schedules, litigation commitments in other cases and vacation schedules.

8. Based on the scheduling difficulties experienced to date in this case, I respectfully suggest that an extension of ninety (90) days is necessary to complete fact discovery. I note that immediately upon receipt of the Court's order of May 2, 2007, scheduling the depositions of the witnesses subject to the Court's order was undertaken, and all counsel have made best efforts to rearrange other commitments to facilitate scheduling.

9. The witnesses scheduled for May have requested accommodations, which counsel have met in order to avoid seeking the arrest of these witnesses. Three depositions remain to be conducted (Olisa and Edrina Graham, who have been in contact with counsel regarding scheduling, and Kathy Jameson, who initially did respond but has since become uncooperative). I anticipate that further accommodations may be sought, and suggest that it would be reasonable to adjust the discovery schedule to allow for time to do so. Other witnesses may remain resistant to the order to appear, and if so, I will need to request the Court's permission to enforce the subpoenas through the U.S. Marshal's Office. In any event, it is reasonable to anticipate that some further delay may be experienced in completing these depositions.

10. The parties are currently engaged in efforts to schedule the depositions of David Meier and Edward McNelly. Meier is the head of homicide for the District Attorneys' Office, and has an active trial practice. McNelly is also a practicing attorney. Counsel in this case have no more open dates convenient to all; therefore, it was impossible to schedule these depositions in May 2007.

Signed under the pains and penalties of perjury this 29th date of May, 2007.

/s/ Mary Jo Harris
Mary Jo Harris