UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD, )<br>    Plaintiff )<br> )<br>v )<br> )<br>TIMOTHY CALLAHAN, ET AL. )<br>    Defendant(s) )<br> ) | | C.A. NO. 04-11193NG |

**MOTION FOR SANCTIONS FOR FAILURE TO PROPERLY
COMPLY WITH DISCOVERY OBLIGATIONS**

Now comes the Plaintiff in the above entitled matter and moves this court to impose the sanctions requested by this Motion against the Defendant, the City of Boston and the Defendants in general. In support thereof, the Plaintiff says the following:

### I.   PROCEDURAL BACKGROUND

1.   On February 16, 2006 Plaintiff filed Plaintiff, Shawn Drumgold's First Request for Production of Documents to the Defendant, the City of Boston, attached hereto as Exhibit 1. Paragraphs 10 and 11 of that Request were as follows:

> 10. Any and all documents which are in your possession concerning training, rules, regulations, procedures, and policies of the Boston Police Department from January 1, 1989 to November 6, 2003. This includes, but is not limited to:
> A). any and all training procedures, manuals, videos or handbooks;
> B). any and all rules, regulations, policies or behavior codes; and
> C). names, addresses and incorporation information of any and all third party vendors contracted with for the purposes of officer training by the Boston Police Department.
>
> 11. For the period from January 1, 1989 to November 6, 2003 all police guidelines, directives, policy statements, procedures, and training materials, in any form and of any type, concerning police policy, custom or practice regarding:

        A). training of officers generally.
        B). Specific discipline and/or training for the violation of constitutional rights.
        C). Any procedure, training or policy for Homicide investigators.

2. On June 8, 2006 the City of Boston responded to the Requests as follows

> Response No. 10
> Objection. The defendant objects to this request on the grounds that it is vague, overly broad and unduly burdensome to which to respond.
> Without waiving said objections but subject to them, the defendant responds as follows:
> The defendant produces copies of BPD Rule 109 and BPD Rule 205 attached hereto within Exhibit No. 1.
>
> Response No. 11
> Objection. The defendant objects to this request on the grounds that it is vague, overly broad and unduly burdensome to which to respond.
> Without waiving said objections but subject to them, the defendant responds as follows:
> The defendant refers to the plaintiff to Response No. 10.

3. The documents produced by the City's contained no specific criminal investigation procedure guidelines and contained no regulations concerning procedures for the use of informants.

4. On November 17, 2006 Plaintiff filed Plaintiff Shawn Drumgold's Second Request for Production of Documents to the Defendant, the City of Boston, attached hereto as Exhibit 2. Paragraph 6 of this Request asked for

> All policies of the Boston Police Department in effect from 1988 through 1990 which relate to payment of funds to, or on behalf of, informants, including but not limited to the Rule 21-81 referred to by Paul McDonough at his deposition.

5. The City of Boston produced no documents in response to the Request and in fact did not file a response to the Request for Production of Documents.

6.  On September 4, 2007, weeks after the close of discovery and over a year after responding to the Document Request, the City of Boston delivered "Defendant City of Boston Supplementary Response to Plaintiff Shawn Drumgold's First Request for Production of Documents" attached hereto as Exhibit 3. The documents produced included a 246 page criminal investigations procedure manual from February of 1979 never previously produced by the City of Boston and six Boston Police Department Orders dealing with procedures for use of informants dated September 23, 1985, May 16, 1989, October 27, 1989, August 30, 1993, January 18, 1995 and June 10, 1996. The Supplementary Response offered no explanation for the City's failure to produce these documents prior to August 30, 2007.

    **II.    THE WITHHELD DOCUMENTS ARE CENTRAL TO THE ISSUES IN THE CASE**

7.  There has been substantial discovery in this case over almost a two year period including well over 30 depositions. The Plaintiff has deposed multiple members of the Boston Police Department concerning policy and procedures for investigations and for the control of informants. The Defendants allowed over ten days of depositions to go forward on issue involving informant and investigative procedures knowing they had not produced documents central to both issues.

8.  The depositions conducted to date on those subjects include the depositions of

    A.  <u>Joseph Dunford</u>, Assistant Chief of the Bureau of Investigative Services, 1985-1994, who was deposed in detail concerning his control of informants;

    B.  <u>Francis M. Roache</u>, Boston Police Department Commissioner, who was deposed

        concerning police department training and procedures;

C. Boston policeman <u>Robert Merner</u>, who was deposed concerning his involvement with an informant who allegedly provided potential evidence in connection with this case;

D. <u>Paul McDonough</u>, who worked with Defendant Callahan in the investigation of the case and had extensive dealings with informant Ricky Evans;

E. <u>Edward McNeely</u>, who was Chief of the Homicide Division at the time of trial on this case and who was questioned a length concerning training of homicide detectives and control of informants;

F. <u>John Daley</u>, who was Mr. McNeely's predecessor as head of the homicide division. He was also questioned concerning training of police department personnel;

G. Defendant, <u>Timothy Callahan</u>, who testified concerning informant procedures and investigative procedures;

H. Defendant, <u>Richard Walsh</u>, who was questioned concerning investigative procedures required by the Boston Police Department.

9. A central issue in the depositions of all police department witnesses has been what policy or procedures were in place to control investigate techniques and informant control.

10. All of the police deponents would have been cross examined concerning their knowledge of and compliance with the February 19, 1979 Criminal Investigation Procedure Policy of the Boston Police Department and the six informant procedure orders issued by the Boston Police Department. The Plaintiff was denied the opportunity to conduct focused cross examination referencing particular procedures because of the Defendant's

unexplained failure to produce these documents.

### III.   EXPERT REPORTS

11. Plaintiff retained an expert, Dr. Michael Lyman, to render an opinion as to the City of Boston's liability in connection with this case. Dr. Lyman, as set out in the report which he authored, attached hereto as Exhibit 4, was struck by the failure of the City of Boston to issue detailed regulations concerning investigative procedures and informant procedures. For example, at Page 23 of his report, under the heading "Need for Informant Management Policy" Dr. Lyman notes

> At the time of the Tiffany Moore investigation the Boston Police Department lacked a comprehensive informant policy that clearly identified prohibited such investigative practices. Failure on the part of the Boston Police Department to establish a comprehensive informant management policy demonstrates indifference on the part of the administration at the highest levels.

12. This conclusion by Dr. Lyman was based upon the City's failure to produce the informant procedures until after Dr. Lyman had produced his report.

13. Similarly, at Pages 24 and 25 of his report, Dr. Lyman discusses the City's failure to adopt a written homicide policy. Although the documents produced by the City in August of 2007 did not constitute a homicide policy, they do indicate that the Boston Police Department had policies which address some of the issued raised by Dr. Lyman, including methods for conducting photo line-ups. Again, Dr. Lyman was mislead by the City's failure to produce these documents until after Dr. Lyman had produced his expert report.

14. The Plaintiff is required at this point to retain Dr. Lyman to review the newly produced documents by the City and to review any additional discovery which the court allows in connection with those and then to have Dr. Lyman author an amended report taking account of the late discovery by the Defendants.

## IV. SANCTIONS

13. It appears that one of the purposes for late production of this material by the Defendant, the City of Boston, is to delay the trial date just set by this court. Plaintiff is eager to try this case and opposes any extension of the trial date. Any remedy by the court should allow the case to stay on schedule but also allow the Plaintiff to have the fair discovery which he should have had had if the Defendants properly complied with the discovery responsibilities.

14. Fed.R.Civ.P. 37(c)(1) provides in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

15. It should be noted that all Defendants in this case have engaged in a coordinated and united defense. Discovery has established that the City of Boston is paying the legal fees for all the Defendants.

16. The decision as to whether sanctions are warranted and the choice of which sanctions hould be imposed are matters within the sound discretion of the trial court. In re Carp, 340 F.3d 15, 23 (1st. Cir. 2003).

17. This court has wide discretion to design appropriate sanctions to remedy failure to comply with the discovery requirements in Federal Civil Rules. Gagnon v. Teledyne Princeton, Inc., 437 F.3d 188, 191 (1st Cir. 2006); Texaco Puerto Rico, Inc. v. Department of Consumer Affairs, 60 F.3d 867, 875 (1st Cir. 1995).

18. The First Circuit has held that when a party fails to disclose evidence required under the rules "the required sanction in the ordinary case is mandatory preclusion". Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998). In this case, the Plaintiff moves this court to preclude the use of the late produced evidence in connection with Motions for Summary Judgment since it is an appropriate sanction and allowing the use of the late evidence would almost certainly result in a delay of the Summary Judgment process. It is entirely appropriate and equitable that the Defendants not be allowed to rely on evidence which was intentionally not produced during an extended discovery period for purposes of Motions for Summary Judgment.

19. The Plaintiff is not moving, at this point, to preclude the late produced evidence at trial since Plaintiff may, in fact, introduce the evidence in order to establish that the City failed to comply with the existing regulations. That decision cannot be reasonably made by the Plaintiff until the supplemental discovery requested in this Motion is completed. Therefore the Plaintiff requests the court to reserve its decision on the question of whether it would preclude the use of the late discovered evidence at trial.

20. The court also has discretion to re-open discovery to allow late discovery and/or to award costs as a remedy for late production of information, e.g. Maine v. Kerramerican, Inc., 480 F.Supp.2d 343, 348 (D.ME, 2007). The Plaintiff requests this court to re-open discovery for a month in order to allow the Plaintiff to take depositions in connection

with the late discovered information and to order the Defendants to pay the Plaintiff's additional cost necessitated by late discovery including the cost to take additional depositions and the cost to have Dr. Lyman, Plaintiff's expert, prepare a supplemental report taking into account the late produced information.

### V.     APPROPRIATE RELIEF

Wherefore Plaintiff moves the court to order the following:

A.  Discovery be re-opened <u>for the Plaintiff only</u> from September 17, 2007 through October 19, 2007.

B.  The Plaintiff be allowed to re-depose any witness on all issues directly or indirectly arising from the late production of documents by the Defendants.

C.  The Defendant, the City of Boston, take all necessary efforts to arrange production of current and former police witnesses for supplemental depositions on the following schedule:

Joseph Dunford, 10 a.m., September 19, 2007;

Francis Roache, 2 p.m., September 19, 2007;

John Daley, 10:00 a.m., September 20, 2007;

Edward McNeely, 2:00 p.m., September 20, 2007;

Robert Merner, 10:00 a.m., September 21, 2007;

Paul McDonough, 2:00 p.m., September 21, 2007;

Richard Walsh, 10:00 a.m., September 28, 2007;

Timothy Callahan, 2:00 p.m., September 28, 2007.

D.  The Defendant, the City of Boston, be ordered to pay the reasonable attorney's

        fees and deposition fees for any such continued depositions or for any additional depositions made necessary by the late discovery by the Defendants.

E.     The City of Boston pay the reasonable cost incurred by the Plaintiff for an amended report by Dr. Lyman.

F.     The Plaintiff to file by November 16, 2007 Dr. Lyman's amended expert report.

G.     The Defendants' September 30, 2007 date for filing of Motions for Summary Judgment not be extended. The Defendants be prohibited from arguing, mentioning or utilizing the material produced on September 4, 2007 in their Motions for Summary Judgment.

H.     The court grant whatever other relief it deems just and equitable.

        Respectfully submitted,

        By His Attorneys,

        /s/ Michael Reilly

        Michael W. Reilly, Esq.
        Tommasino & Tommasino
        Two Center Plaza
        Boston, MA   02108
        617 723 1720
        BBO 415900

        /s/ Rosemary Curran Scapicchio

        Rosemary Curran Scapicchio, Esq.
        Four Longfellow Place
        Boston MA 02114
        617 263 7400
        BBO 558312