# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD, ) Plaintiff ) ) v ) ) TIMOTHY CALLAHAN, ET AL. ) Defendant(s) ) | C.A. NO. 04-11193NG |

### PLAINTIFF, SHAWN DRUMGOLD'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT, THE CITY OF BOSTON

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff, Shawn Drumgold, hereby requests that Defendant, the City of Boston, produce for inspection and copying the documents requested below at the offices of Tommasino & Tommasino, 2 Center Plaza, 8th Floor, Boston, MA 02108, within thirty (30) days after service hereof. These documents requests are continuing. If at any time after service of these answers hereto, and prior to the trial of this action, Defendant, the City of Boston, obtains or becomes aware of additional information pertaining to any of these requests, the disclosure of which may be required pursuant to the Federal Rules of Civil Procedures Defendant, the City of Boston, shall serve upon the undersigned supplemental sworn written answers setting forth such additional information.

1. The complete Boston Police Internal Affairs Division files of Timothy Callahan, Francis M. Roache, Paul Evans, Toni Smith, Paul Murphy, Richard Walsh, Thomas Gagnon and William Celester, including but not limited to:

      A). Any complaints made to or investigated by the Internal Affairs Division against any of the named individuals;

      B). Any Complaint Control Form (B.P.D. Form #1920) which contains the names of any of the named individuals;

      C). Any documents arising from or related to any investigation of such #1920 Forms;

      D). The investigative files concerning any such complaints, including but not limited to any reports, statements, investigative conclusions, summary of reports, or evidence gathered.

2. All employment and/or personnel files maintained by of the Boston Police Department for the following Boston Police Department employees: Timothy Callahan, Paul Murphy, Richard Walsh, Paul Evans, Thomas Gagnon, Toni Smith, William Celester, Caryn Delahunt, Diane Gill, Frederick Waggett, including but not limited to the record card required by §15 of the Boston Police Department "Discipline Procedure – Amended" Rules and Procedures Rule 109 (April 12, 1983)

3. All documents which record, reflect or refer to the payroll records and/or overtime records of all the officers listed in Request No. 2 for the period from August 19, 1988 to October 30, 1989, including but not limited to any Form 16 or other overtime authorization documents submitted by the officers in question.

4. All documents in the custody, care or control of the Boston Police Department which mention or relate to the following individuals or things:

- A white Suzuki Samuri or any other motor vehicle claimed to have been seen on August 19, 1988 in the area of the Tiffany Moore murder;
- Ricky Evans, who, at one point, resided at 19 Bradlee Street, Apt 3, Dorchester, Massachusetts 02124;
- Antonio Anthony, who, at one point, resided at 50 Pleasant Street, Apt 7B, Brookline, Massachusetts 02446;
- Theron Davis, who, at one point, resided at FCI Elkton, 8730 Scroggs Road, Elkton, Ohio 44415;
- Romeo Holliday, who, at one point, resided at 103 Columbia Road, Apt 1, Dorchester, Massachusetts 02121; and
- London Williams

including but not limited to:

A). Any police reports, records of interviews, or other investigative materials referring to the individual or thing;

B). Any documents which record, reflect or refer to any funds or anything of value given to the individual, either directly from the Boston Police Department or from any other government agency, including but not limited to the Suffolk County District Attorney's Office;

C). All documents relating to any investigation in which the individual was either the target of investigation, the victim in the investigation or witness to the investigation;

D). All documents which record, reflect or refer to any knowledge on the part of any employee of the Boston Police Department that the individual received anything of value from either the Boston Police Department or any other government agency, including but not limited to the Suffolk County District Attorney's Office;

E). All documents which record, reflect or refer to any promise, reward or benefit, provided directly or indirectly to the individual from any government agency, including but not limited to any such promise, reward or benefit in connection with any cases which were brought or could be brought against the individual.

F). Any "crime stopper" or 911 calls referring directly or indirectly to the individual or thing.

5. All documents which record, reflect or refer to the investigation of the murder of Darlene Tiffany Moore on August 19, 1988, including but not limited to all witness interviews, whether transcribed or not, all investigative reports, summary reports, notes including hand-written notes, internal memorandums, documents retained by the Internal Affairs Division of the Boston Police Department, documents maintained in the Commissioner's Office of the Boston Police Department, and documents which refer to or relate to the various motions for new trial filed by the Defendant.

6. All documents which record, reflect or refer to Shawn Drumgold, the Plaintiff, including but not limited to all witness interviews, whether transcribed or not, all investigative reports, summary reports, notes including hand-written notes, internal

memorandums, documents retained by the Internal Affairs Division of the Boston Police Department, documents maintained in the Commissioner's Office of the Boston Police Department, and documents which refer to or relate to the various Motions for New Trial filed by the Defendant.

7. All documents which record, reflect or refer to any communications between any employee of the Boston Police Department and the Suffolk County District Attorney's Office or the United States Attorney on the subject of the murder Tiffany Moore or on the subject of Shawn Drumgold.

8. Any "gang ledger" or any other writing which purports to list members of gangs in the City of Boston for the period from January 1, 1988 to December 31, 1989, including but not limited to

   A. The gang ledger described by Boston Police Department employee Joseph E. Saia at the hearing for Motion for New Trial in Commonwealth v. Drumgold, Suffolk Superior Court # 071882.

   B. Any such writing which mentions Shawn Drumgold.

9. All documents which record, reflect or refer to any promises, rewards or benefits provided directly or indirectly to Mary Alexander, Lola Alexander, Karnia Alexander, Dorico Alexander, all of whom resided, at some point, at 4 Theodore Street, Apt 3, Dorchester, Massachusetts, whether provided by the Boston Police Department or the Suffolk County District Attorney's Office or any other government

agency, including but not limited to any such information concerning any housing assistance or Section 8 assistance provided to any of those individuals.

10. Any and all documents which are in your possession concerning training, rules, regulations, procedures, and policies of the Boston Police Department from January 1, 1989 to November 6, 2003. This includes, but is not limited to:

   A). any and all training procedures, manuals, videos or handbooks;

   B). any and all rules, regulations, policies or behavior codes; and

   C). names, addresses and incorporation information of any and all third party vendors contracted with for the purposes of officer training by the Boston Police Department.

11. For the period from January 1, 1989 to November 6, 2003 all police guidelines, directives, policy statements, procedures, and training materials, in any form and of any type, concerning police policy, custom or practice regarding:

   A). training of officers generally.

   B). Specific discipline and/or training for the violation of constitutional rights.

   C). Any procedure, training or policy for Homicide investigators.

12. Copies of all Internal Affairs Bureau annual reports and case logs from January 1, 1989 to November 6, 2003.

13. Any and all documents concerning audits, reports, evaluations, consulting studies, and/or similar reviews of the performance of your Internal Affairs Bureau, whether

by evaluator or other persons within or from without your Department, from January 1, 1989 to November 6, 2003.

14. Any and all documents which record, reflect or refer to any communications from any member of the United States Attorney Office or any other federal law enforcement official to Boston Police or Suffolk County District Attorney's Office concerning the so called "Castlegate" or "Humboldt" gang.

Respectfully submitted,
Plaintiff Shawn Drumgold,
By His Attorney

*Rosemary Curran Scapicchio /s/ MR*

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Suite 3703
Boston, MA  02114
(617) 263-7400
BBO# 558312

Respectfully submitted,
Plaintiff Shawn Drumgold,
By His Attorney

*/s/ Michael W. Reilly*

Michael W. Reilly, Esq.
Tommasino & Tommasino
2 Center Plaza
Boston, MA  02108
(617) 723-1720
BBO# 415900