UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
SHAWN DRUMGOLD,                     )
        Plaintiff                   )
                                    )
v.                                  )   CIVIL ACTION NO. 04-11193-NG
                                    )
TIMOTHY CALLAHAN, et. al.,          )
        Defendants                  )
_____)

**DEFENDANT THE CITY OF BOSTON'S MOTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE TO PROPERLY COMPLY WITH DISCOVERY OBLIGATIONS**

**NOW COMES** the Defendant, the City of Boston, in the above-captioned matter and objects to Plaintiff's Motion for Sanctions for Failure to Properly Comply with Discovery Obligations. The Defendant vigorously disagrees with the characterization made by the Plaintiff through his counsel that the City of Boston, and vicariously the other defendants in the case-at-bar, knowingly withheld from production any responsive documents not protected by privilege or the work product doctrine in this case or that the Defendants actions are in any way designed to cause delay in proceeding with the current schedule leading to trial in this matter. In support thereof, the Defendant states as follows:

I.  PROCDEURAL BACKGROUND

1.  Throughout the extensive period of discovery in this case spanning approximately nineteen (19) months, the Plaintiff has propounded to the City of Boston five (5) separate requests for the production of documents.

2. In response to those discovery requests, the City of Boston has produced approximately 4,614 pages of documents.

3. Plaintiff's first request was received by counsel for the City of Boston by regular mail on February 17, 2006. This request was undated and not accompanied by a certificate of service. See Plaintiff's Exhibit 1.

4. The City of Boston initially served responses and produced documents to Plaintiff's first request for the production of documents on June 8, 2006. At this stage the Defendant produced BPDHOM0001-BPDHOM2353 and COB0001-COB2088.

5. The very next day, June 9, 2006, the City of Boston served an amended response to Plaintiff's first request for production of documents stating therein that the accompanying production was being made under the terms of a negotiated protective order between the parties. A copy of these responses is attached hereto as Exhibit A.

6. Plaintiff's second request under cover letter was received by counsel for the City of Boston on September 29, 2006 by facsimile and hand delivery. This request, though undated, was accompanied by a certificate of service dated September 29, 2006. A copy of this request is attached hereto as Exhibit B.

7. This second request made by the Plaintiff contained only one request: "all records which record the current home addresses of former Boston Police Officers: Joseph Dunford; Willis Saundes (sic); John Daley; Paul McDonough; and Lt. Neely (sic)."

8.  The City of Boston did not file written responses to Plaintiff's second request as counsel for the City of Boston cooperated with Plaintiff's counsel by verbal agreement to accept service of the deposition subpoenaes with regard to the above-named individuals. Each one of these former officers was subsequently deposed by the Plaintiff.

9.  The Plaintiff asserts in the instant motion that he served "Plaintiff, Shawn Drumgold's Second Request for Production of Documents to the Defendant, the City of Boston" on November 17, 2006. See Plaintiff's Exhibit 2. This, actually third, request for production to the City of Boston is undated and does not have an attached certificate of service. In fact, the copy in the Defendant's possession is unaccompanied by even a cover letter.

10. Subsequently, on November 30, 2006 counsel for the City of Boston communicated this request to its client. It made a second written request to the City of Boston on February 12, 2007.

11. While the City of Boston was attempting to respond to the Plaintiff's most recent request of November 17, 2006, the Plaintiff served on counsel for the City of Boston a fourth request for production of documents on February 21, 2007. Attached hereto as Exhibit C. This fourth request, though accompanied by a cover letter, is undated and does not possess a certificate of service.

12. On or about March 26, 2007, the City of Boston served written responses with regard to the Plaintiff's fourth request for production of documents of

3

      February 21, 2007. A copy of these responses is attached hereto as Exhibit D.

13. On or about April 17, 2007, the Plaintiff served by fax and regular mail on counsel for the Defendant its fifth request for production of documents on the City of Boston, entitled "Plaintiff, Shawn Drumgold's Request for Production of Documents to Defendants, Richard Walsh and the City of Boston." This request, though accompanied by a cover letter, is undated and does not possess a certificate of service. A copy of this request is attached hereto as Exhibit E.

14. On April 26, 2007, the City of Boston produced to the Plaintiff responsive documents with regard to its written responses served on Plaintiff's counsel on March 26, 2007. At this time the City of Boston produced an additional 29 pages, numbered COB2089-COB2113 and COB2770-2773.

15. The City of Boston served Plaintiff with its written responses to Plaintiff's fifth request for production of documents on May 29, 2007. A copy is attached hereto as Exhibit F. In its responses to the three requests made by the Plaintiff, the City of Boston objected to the Plaintiff's request on several grounds, including among them the objection that the fifth series of requests was beyond the scope of discovery pursuant to Local Rule 26.1(C) which limits each side to only two (2) separate sets of requests for production, unless the judicial officer orders otherwise. At this stage of discovery in the case-at-bar, the City of Boston had previously responded

      to two (2) separate sets of requests for production of documents propounded by the Plaintiff.

16. Subsequently, counsel for the City of Boston in a spirit of cooperation agreed to supplement the Defendant's responses to Plaintiff's fifth request for production of documents when counsel for the Plaintiff refused to make Mr. Drumgold available for the conclusion of his deposition.

17. Per this Court's order of June 5, 2007, the discovery phase ended on July 27, 2007. By this same order, Plaintiff was to file his expert report by July 31, 2007.

18. Per the aforementioned agreement with Plaintiff's counsel, counsel for the Defendant on August 10, 2007 served supplemental responses and production of documents on the Plaintiff with regard to the Plaintiff's fifth and final request for documents. A copy is attached hereto as Exhibit G. At this stage the City of Boston produced one page, numbered COB2774.

19. The Plaintiff produced a copy of his expert's report to opposing counsel on or about August 18, 2007.

20. In the course of preparing materials to be reviewed by the expert selected by the Defendants in this case, two sets of materials were found in the files of Defendant's counsel, namely a manual of the Boston Police Department entitled "Criminal Investigative Procedures" (hereinafter "the Manual"), subsequently numbered COB2775-2870, and Special Orders of the Boston Police Department, Numbers 85-77, 89-21, 89-22, 89-45, 93-36, 95-4, and

96-31 (hereinafter "the Special Orders"), with regard to the use of confidential informants, subsequently numbered COB2871-2916.

21. Further review was made concerning these materials with regard to whether these documents were responsive to Plaintiff's earlier requests for the production of documents. In the interests of full and fair disclosure and compliance with the rules of civil procedure, counsel for the City of Boston produced the above referenced materials to the Plaintiff on August 30, 2007 as part of the City of Boston's supplemental response to Request Nos. 10 and 11 of Plaintiff's first request for the production of documents. A copy of this supplemental response is attached hereto as Exhibit H.

22. Any supplemental responses made by the City of Boston reiterated its previous objections, if any, and explicitly were made without waiving any such objection but subject to it.

23. Counsel for the Plaintiff failed to confer with counsel for the defendants prior to filing the motion presently before this Court and provide a certificate stating same as required by Local Rule 7.1 (A) (2).

## II.  ANY FAILURE TO TIMELY DISCLOSE THE MANUAL AND SPECIAL ORDERS IS HARMLESS AS THE MATERIALS PRODUCED ARE NOT CENTRAL TO THE PLAINTIFF'S CASE OR ARE BEYOND THE SCOPE OF REQUESTED DOCUMENTS

24. Fed.R.Civ.P. 37 (c)(1) provides as follows:

> "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such

6

> failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure."

25. This Rule generally provides for exclusion of the late proffered information unless the disclosing party had "substantial justification" for disclosing them late or unless such late disclosure was harmless. Alves v. Mazda motor of America, Inc., et al., 448 F.Supp.2d 285, 293 (D.Mass. 2006).

26. The party to be sanctioned has the burden of proving substantial justification or harmlessness. Alves, 448 F.Supp.2d at 293, citing Saudi v. Valmet-Appleton, Inc., 219 F.R.D. 128, 132 (E.D.Wis.2003).

27. In deciding any motion on Rule 37(c)(1), the court is given great deference in rendering its decision absent an abuse of discretion, but it must show that it has considered both substantial justification and whether the tardiness is harmless. See Gagnon v. Teledyne Princeton, Inc., et al., 737 F.3d 188 (1st Cir.2006).

28. The Plaintiff in the instant motion does not seek automatic preclusion of the recently disclosed material. Instead he wants leave of court to conduct additional discovery as to whether the material may be beneficial or detrimental to his case, supplement his expert's report, both entirely at

7

> Defendant's expense, and then have the Court render a decision regarding exclusion of the material at some undetermined time prior to trial. See Plaintiff's Motion, ¶ 19.

A. "The Manual"

> 29. Requests No. 10 and 11 of the Plaintiff's first request for production of documents are confusing as they overlap each other in the types of materials being requested. However both requests limit the materials from January 1, 1989 to November 6, 2003.[1] See Plaintiff's Motion ¶ 1.
>
> 30. The Manual was not within the scope of documents requested by the Plaintiff. The Manual is undated and contains only a preface authored by Commissioner Joseph Jordan dated February 1978 as to when it might have been issued. A copy of the Manual's cover page and preface is attached hereto as Exhibit I. It was unclear to counsel for the City of Boston whether the Manual was in use during the period of time specifically requested by the Plaintiff, i.e. 1989 through 2003. When counsel learned that the Manual was, in fact, used from 1989 through 2003, the Manual was produced to the Plaintiff.
>
> 31. The City of Boston produced the Manual, though admittedly late in the litigation process, because it was at least facially by virtue of its subject matter within the range of responsive documents that Plaintiff had requested.

---

[1] The period of time within which the Plaintiff limits Request Nos. 10 and 11 is ten months prior to his conviction to his release from prison. It seems strange to request materials regarding the training, supervision, and procedures officers are to follow for the period of time during part of the homicide investigation and prosecution of the Plaintiff when the pertinent time frame entirely lies before his conviction.

    32.    The fact that the Manual was beyond the scope of documents requested by the Plaintiff merits substantial justification for the Defendant's non-disclosure.

B. "The Special Orders"

    33.    A number of the Special Orders produced clearly fall within the time frame enunciated by the Plaintiff in his requests. However, these documents are not central to the Plaintiff's case as he asserts in the instant motion. Rickey Evans was not a confidential informant nor was any of the other pertinent witnesses in the criminal trial. It is an established fact that Lawrence Fallon, a private investigator for the Plaintiff, approached and spoke with Mr. Evans prior to the Plaintiff's criminal trial on or about September 12, 1989, and that Mr. Evans later testified against the Plaintiff at trial. The Plaintiff's present complaint regarding these Special Orders is offered simply as a red herring to buttress his request to re-open discovery and further examine eight witnesses who have previously testified in their deposition but now at the expense of the City of Boston.

    34.    In light of the fact that the underlying criminal trial did not involve the use of confidential informants, the late production of the Special Orders to the Plaintiff is harmless as such documents are not "central" to the Plaintiff's case.

### III.  REQUEST FOR ORAL ARGUMENT

35. The Defendant believes that oral argument before this Honorable Court would assist the court in rendering its decision on this matter and respectfully requests an opportunity to present its position at a hearing.

### IV.  CONCUSION

For the reasons stated above, the Defendant City of Boston respectfully requests that this Honorable Court DENY Plaintiff's motion for sanctions.

Respectfully submitted,
**Defendant, The City of Boston,**
By its attorneys,

 /s/ John P. Roache
John P. Roache (BBO# 421680)
Patrick J. Donnelly (BBO# 651113)
Roache & Associates, P.C.
66 Long Wharf
Boston, Massachusetts 02110
Tel.: (617) 367-0330

Dated: September 20, 2007

### CERTIFICATE OF SERVICE

I, John P. Roache, hereby certify that on September 20, 2007, I served a copy of the above motion upon counsel of record by filing with the ECF/Pacer Case Management System.

/s/ John P. Roache
John P. Roache
