# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11193-NG

_____
SHAWN DRUMGOLD,            )
    Plaintiff          )
                           )
v.                         )
                           )
TIMOTHY CALLAHAN, et. al., )
    Defendants         )
_____)

### DEFENDANT CITY OF BOSTON'S AMENDED RESPONSE TO PLAINTIFF, SHAWN DRUMGOLD'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COMES THE DEFENDANT, City of Boston, and amends its initial response to "Plaintiff, Shawn Drumgold's First Request for Production of Documents to the Defendant, The City of Boston" by stating that the production of documents contained within Exhibits 1 and 2 as referenced herein shall only be made pursuant to the Plaintiff's granting of his assent to the terms of the proposed protective order sent to Plaintiff's counsel by electronic mail on Wednesday, June 7, 2006, and as follows:

### REQUEST NO. 1

The complete Boston Police Internal Affairs Division files of Timothy Callahan, Francis M. Roache, Paul Evans, Toni Smith, Paul Murphy, Richard Walsh, Thomas Gagnon and William Celester, including but not limited to:

    A)    Any complaints made to or investigated by the Internal Affairs Division against any of the named individuals;

    B)    Any Complaint Control Form (B.P.D. Form #1920) which contains the names of any of the named individuals;

    C)    Any documents arising from or related to any investigation of such #1920 Forms;

    D)    The investigative files concerning any such complaints, including but not limited to any reports, statements, investigative conclusions, summary of reports, or evidence gathered.

## RESPONSE NO. 1

<u>Objection</u>.  The defendant objects to this request on the grounds that it is vague, overly broad, unduly burdensome, unlimited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.  The defendant further objects to this request as it relates to Paul Evans and William Celester on the grounds that the request seeks documents that are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections but subject to them, the defendant responds as follows:

All documents in the defendant's possession, custody or control that are not subject to any attorney client privilege, the work product doctrine and/or contain confidential information protected from disclosure pursuant to G.L. c. 4, § 7, cl. 26(f) and <u>Bougas v. Chief of Police of Lexington</u>, 371 Mass. 59 (1976) are attached hereto as Exhibit 1 as they are kept in the usual course of business.  With respect to Paul Murphy and Richard Walsh, the defendant objects to the plaintiff's request as it is unlimited in time or scope and otherwise not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, but subject to it, the defendant produces the following numbered documents: Exhibit 1, pages cob0764 to cob0811.  The defendant does not have in its custody, possession or control any documents that are responsive to this

request regarding Timothy Callahan, Thomas Gagnon, Toni Smith and Francis Roache. The defendant acknowledges its duty to supplement its responses.

## REQUEST NO. 2

All employment and/or personnel files maintained by of the Boston Police Department for the following Boston Police Department employees: Timothy Callahan, Paul Murphy, Richard Walsh, Paul Evans, Thomas Gagnon, Toni Smith, William Celester, Caryn Delahunt, Diane Gill, Frederick Waggett, including but not limited to the record card required by § 15 of the Boston Police Department "Discipline Procedure – Amended" Rules and Procedures Rule 109 (April 12, 1983)

## RESPONSE NO. 2

<u>Objection</u>. The defendant objects to this request on the grounds that it is vague, overly broad, unduly burdensome, unlimited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections but subject to them, the defendant responds as follows:

All documents in the defendant's possession, custody or control that are not subject to any attorney client privilege, the work product doctrine and/or state statute are attached hereto as Exhibit 1. The defendant objects to the production of personnel files relative to Paul Evans, Diane Gill, William Celester and Frederick Waggett as said production is not reasonably calculated to lead to the discovery of admissible evidence. The defendant does not have in its custody, possession or control any documents that are responsive to this request regarding Thomas Gagnon and Caryn Delahunt. The defendant acknowledges its duty to supplement its responses.

**REQUEST NO. 3**

All documents which record, reflect or refer to the payroll records and/or overtime records of all the offers listed in Request No. 2 for the period from August 19, 1988 to October 30, 1989, including but not limited to any Form 16 or other overtime authorization documents submitted by the officers in question.

**RESPONSE NO. 3**

Objection.  The defendant objects to this request on the grounds that it is vague, overly broad, unduly burdensome, unlimited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections but subject to them, the defendant responds as follows:

All documents in the defendant's possession, custody or control responsive to Request No. 3 are attached hereto as Exhibit 1.  Responsive records pertaining to Evans, Celester, Waggett, Gill and Smith, Exhibit 1, pages cob1387 and cob1400 to cob1405, have been withheld pursuant to defendant's standing objections regarding these individuals.  The defendant acknowledges its duty to supplement its responses.

**REQUEST NO. 4**

All documents in the custody, care or control of the Boston Police Department which mention or relate to the following individuals or things:

- A white Suzuki Samuri or any other motor vehicle claimed to have been seen on August 19, 1988 in the area of the Tiffany Moore murder;

- Ricky Evans, who, at one point, resided at 19 Bradlee Street, Apt 3, Dorchester, Massachusetts 02124;

- Antonio Anthony, who, at one point, resided at 50 Pleasant Street, Apt 7B, Brookline, Massachusetts 02446;
- Theron Davis, who, at one point resided at FCI Elkton, 8730 Scroggs Road, Elkton, Ohio 44415;
- Romeo Holliday, who, at one point, resided at 103 Columbia Road, Apt 1, Dorchester, Massachusetts 02121; and
- London Williams

including but not limited to:

A) Any police reports, records of interviews, or other investigative materials referring to the individual or thing;

B) Any documents which record, reflect or refer to any funds or anything of value given to the individual, either directly from the Boston Police Department or from any other government agency, including but not limited to the Suffolk County District Attorney's Office;

C) All documents relating to any investigation in which the individual was either the target of investigation, the victim in the investigation or witness to the investigation;

D) All documents which record, reflect or refer to any knowledge on the part of any employee of the Boston Police Department that the individual received anything of value from either the Boston Police Department or any other government agency, including but not limited to the Suffolk County District Attorney's Office;

E) All documents which record, reflect or refer to any promise, reward or benefit, provided directly or indirectly to the individual from any government agency, including but not limited to any such promise, reward or benefit in connection with any cases which were brought or could be brought against the individual.

F) Any "crime stopper" or 911 calls referring directly or indirectly to the individual or thing.

## RESPONSE NO. 4

Objection. The defendant objects to this request on the grounds that it is vague, overly broad, unduly burdensome, unlimited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections but subject to them, the defendant responds as follows:

All documents in the defendant's possession, custody or control responsive to Request No. 4 are attached hereto as Exhibit 1, pages cob0812 to cob0818 and cob2085 to cob2088 and Exhibit 2. The defendant continues to search for all such documents and acknowledges its duty to supplement its responses.

## REQUEST NO. 5

All documents which record, reflect or refer to the investigation of the murder of Darlene Tiffany Moore on August 19, 1988, including but not limited to all witness interviews, whether transcribed or not, all investigative reports, summary reports, notes including hand-written notes, internal memorandums, documents retained by the Internal Affairs Division of the Boston Police Department, documents maintained in the Commissioner's

Office of the Boston Police Department, and documents which refer to or relate to the various motions for new trial filed by the Defendant.

## RESPONSE NO. 5

Objection. The defendant objects to this request on the grounds that it is vague, overly broad, unduly burdensome, unlimited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections but subject to them, the defendant responds as follows:

All documents in the defendant's possession, custody or control are attached hereto as Exhibit 1, pages cob0812 to cob0818 and cob2085 to cob2088 and Exhibit 2. The defendant acknowledges its duty to supplement its responses.

## REQUEST NO. 6

All documents which record, reflect or refer to Shawn Drumgold, the Plaintiff, including but not limited to all witness interviews, whether transcribed or not, all investigative reports, summary reports, notes including hand-written notes, internal memorandums, documents retained by the Internal Affairs Division of the Boston Police Department, documents maintained in the Commissioner's Office of the Boston Police Department, and documents which refer to or relate to the various Motions for New Trial filed by the Defendant.

## RESPONSE NO. 6

Objection. The defendant objects to this request on the grounds that it is vague, overly broad, unduly burdensome, unlimited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections but subject to them, the defendant responds as follows:

All documents in the defendant's possession, custody or control that are not subject to any attorney client privilege or the work product doctrine have been provided herein, and the defendant refers the plaintiff to Response No. 5. The Internal Affairs Division has no responsive documents. The defendant continues to search for any additional responsive documents and acknowledges its duty to supplement its responses.

## REQUEST NO. 7

All documents which record, reflect or refer to any communication between any employee of the Boston Police Department and the Suffolk County District Attorney's Office or the United States Attorney on the subject of the murder Tiffany Moore or on the subject of Shawn Drumgold.

## RESPONSE NO. 7

Objection. The defendant objects to this request on the grounds that it is vague, overly broad, unduly burdensome, unlimited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections but subject to them, the defendant responds as follows:

All documents in the defendant's possession, custody or control that are not subject to any attorney client privilege or the work product doctrine have been produced herein. See Response No. 5 above. The defendant continues to search for any documents in its, possession, custody or control in addition to those produced that record, reflect or refer to any communications between any employee of the Boston Police Department and the

Suffolk County District Attorney's Office or the United States Attorney on the subject of Shawn Drumgold and acknowledges its duty to supplement its responses.

## REQUEST NO. 8

Any "gang ledger" or any other writing which purports to list members of gangs in the City of Boston for the period from January 1, 1988 to December 31, 1989, including but not limited to

      A.      The gang ledger described by Boston Police Department employee Joseph E. Saia at the hearing for Motion for New Trial in <u>Commonwealth v. Drumgold</u>, Suffolk Superior Court # 071882.

      B.      Any such writing which mentions Shawn Drumgold.

## RESPONSE NO. 8

<u>Objection</u>.  The defendant objects to this request on the grounds that it is vague, overly broad, unduly burdensome, unlimited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence and would contain confidential information.

Without waiving said objections but subject to them, the defendant responds as follows:

The defendant is unable to locate a "gang ledger" as described in Request No. 8.  The defendant is searching for any such and/or other such similar writing, which purports to list members of gangs in the City of Boston for the period from January 1, 1988 to December 31, 1989.  Any information identifying individuals in relation to any gang during the subject period may be found in those documents produced pursuant to Response No. 5.  The defendant acknowledges its duty to supplement its responses.

**REQUEST NO. 9**

All documents which record, reflect or refer to any promises, rewards or benefits provided directly or indirectly to Mary Alexander, Lola Alexander, Karnia Alexander, Dorico Alexander, all of whom resided, at some point, at 4 Theodore Street, Apt 3 Dorchester, Massachusetts, whether provided by the Boston Police Department or the Suffolk County District Attorney's Office or any other government agency, including but not limited to any such information concerning any housing assistance or Section 8 assistance provided to any of those individuals.

**RESPONSE NO. 9**

Objection.  The defendant objects to this request on the grounds that it is vague, overly broad, unduly burdensome, unlimited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections but subject to them, the defendant responds as follows:

All documents in the defendant's possession, custody or control that are responsive to this request have been provided.  The defendant acknowledges its duty to supplement its responses.

**REQUEST NO. 10**

Any and all documents which are in your possession concerning training, rules, regulations, procedures, and policies of the Boston Police Department from January 1, 1989 to November 6, 2003.  This includes, but is not limited to:

    A)    any and all training procedures, manuals, videos or handbooks;

    B)    any and all rules, regulations, policies or behavior codes; and

    C)    names, addresses and incorporation information of any and all third party vendors contracted with for the purposes of offering training by the Boston Police Department.

### RESPONSE NO. 10

<u>Objection</u>. The defendant objects to this request on the grounds that it is vague, overly broad and unduly burdensome to which to respond.

Without waiving said objections but subject to them, the defendant responds as follows:

The defendant produces copies of BPD Rule 109 and BPD Rule 205 attached hereto within Exhibit No. 1.

### REQUEST NO. 11

For the period from January 1, 1989 to November 6, 2003 all police guidelines, directives, policy statements, procedures, and training materials, in any form and of any type, concerning policy policy, custom or practice regarding:

    A)    training of officers generally.

    B)    Specific discipline and/or training for the violation of constitutional rights.

    C)    Any procedure, training or policy for Homicide investigators.

### RESPONSE NO. 11

<u>Objection</u>. The defendant objects to this request on the grounds that it is vague, overly broad and unduly burdensome to which to respond.

Without waiving said objections but subject to them, the defendant responds as follows:

The defendant refers to the plaintiff to Response No. 10.

**REQUEST NO. 12**

Copies of all Internal Affairs Bureau annual reports and case logs from January 1, 1989 to November 6, 2003.

**RESPONSE NO. 12**

<u>Objection</u>.  The defendant objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections but subject to them, the defendant responds as follows:

Copies of Internal Affairs Division annual reports from 1992 through 2003 are attached hereto within Exhibit 1.  The defendant continues to search for copies of Internal Affairs Division annual reports for the years 1989, 1990 and 1991.  The defendant acknowledges its duty to supplement its responses with respect to the specific documents.

The requested Internal Affairs case logs for the years 1989 through 1993 are attached hereto within Exhibit 1.  With regard to those case logs requested for the years 1994 through 2003, the defendant objects on the grounds that said documents are irrelevant, immaterial and otherwise not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 13**

Any and all documents concerning audits, reports, evaluations, consulting studies, and/or similar reviews of the performance of your Internal Affairs Bureau, whether by evaluator

or other persons within or from without your Department, from January 1, 1989 to November 6, 2003.

## RESPONSE NO. 13

Objection.  The defendant objects to this request on the grounds that it is vague, overly broad, unduly burdensome, unlimited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections but subject to them, the defendant responds as follows:

All documents in the defendant's possession, custody or control responsive to the above request are attached hereto as Exhibit 1.  The defendant acknowledges its duty to supplement its responses.

## REQUEST NO. 14

Any and all documents which record, reflect or refer to any communications from any member of the United States Attorney Office or any other federal law enforcement official to Boston Police or Suffolk County District Attorney's Office concerning the so called "Castlegate" or "Humboldt" gang.

## RESPONSE NO. 14

Objection.  The defendant objects to this request on the grounds that it is vague, overly broad, unduly burdensome, unlimited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections but subject to them, the defendant responds as follows:

All documents in the defendant's possession, custody or control that are not subject to any attorney client privilege or the work product doctrine have been produced pursuant to Response No. 5. The defendant acknowledges its duty to supplement its responses.

                                    Respectfully submitted,
                                    By Defendant City of Boston
                                    Through its attorneys,

                                    John P. Roache (BBO# 421680)
                                    Patrick J. Donnelly (BBO# 651113)
                                    Roache & Malone, LLP
                                    66 Long Wharf
                                    Boston, Massachusetts 02110

Date:   June 9th, 2006                    Tel.: (617) 367-0330

## CERTIFICATE OF SERVICE

I, John P. Roache, hereby certify that on this 9th day of June, 2006, I have served a copy of the foregoing DEFENDANTS CITY OF BOSTON RESPONSE TO PLAINTIFF, SHAWN DRUMGOLD'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, via electronic mail to all counsel and via first class mail, postage prepaid, to Michael W. Reilly, Esquire, Tommasino & Tommasino, Two Center Plaza, Suite 800, Boston, Massachusetts 02108.

Patrick J. Donnelly (BBO# 651113)