# EXHIBIT G

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11193-NG

_____
SHAWN DRUMGOLD,            )
    Plaintiff              )
                           )
v.                         )
                           )
TIMOTHY CALLAHAN, et. al., )
    Defendants             )
_____)

### DEFENDANT, CITY OF BOSTON'S SUPPLEMENTAL RESPONSE TO PLAINTIFF, SHAWN DRUMGOLD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, RICHARD WALSH AND THE CITY OF BOSTON

NOW COMES THE DEFENDANT, City of Boston, and supplements its response to "Plaintiff, Shawn Drumgold's Request for Production of Documents to Defendants, Richard Walsh and the City of Boston" as follows:

### REQUEST NO. 1

All documents which record, reflect or refer to any of the pretext communications referenced in Interrogatory No. 1 of Shawn Drumgold's Interrogatories to Defendant, Richard Walsh and Defendant, City of Boston.

### SUPPLEMENTAL RESPONSE NO. 1

<u>Objection</u>. The defendant repeats its objection to this request on the grounds that it is vague, overly broad, unduly burdensome, unlimited in time or scope, not reasonably calculated to lead to the discovery of admissible evidence and beyond the scope of discovery pursuant to Local Rule 26.1(C).

Notwithstanding this objection, but subject to it, the City of Boston states that it does not have it its, possession, custody or control any documents which record, reflect or

refer to any "pretext communication" as described in Interrogatory No. 1 of Shawn Drumgold's Interrogatories to Defendant, Richard Walsh and Defendant, City of Boston.

## REQUEST NO. 2

All documents which record, reflect or refer to any relationship between Madelyn or Rhonda Hamilton and the Boston Police Department or any members of the Boston Police Department, including but no limited to information concerning Madelyn or Rhonda Hamilton providing information to the Boston Police Department at any time, cooperating with the Boston Police Department at any time, acting as informant(s) for any members of the Boston Police Department at any time, having any contact with any member of the Boston Police Department prior to the shooting of Tiffany Moore, or having any contact with any members of the Boston Police Department after the shooting of Tiffany Moore.

## SUPPLEMENTAL RESPONSE NO. 2

<u>Objection</u>.  The defendant repeats its objection to this request on the grounds that it is vague, overly broad, unduly burdensome, unlimited in time or scope, not reasonably calculated to lead to the discovery of admissible evidence and beyond the scope of discovery pursuant to Local Rule 26.1(C).

Notwithstanding this objection, but subject to it, the City of Boston refers the plaintiff to those documents previously produced by the City of Boston or other parties to the case-at-bar in its, possession, custody or control that are responsive to the instant request, including but not limited to the following documents: BPDHOM0457-0458; SCDA 3522-3523, SCDA3527-3528, SCDA3573; and Plaintiff's Production 412-413, 673-681.  The City of Boston also hereby produces a Boston Police Incident Report dated

August 6, 1986 with regard to the plaintiff and Rhonda Hamilton identified as document COB2774 and attached hereto as Exhibit A.

### REQUEST NO. 3

All documents which record, reflect or refer to any communications between Madelyn Hamilton or Rhonda Hamilton and any members of the Boston Police Department or any investigator, private investigator or person acting on behalf of any Defendant, including but not limited to any such communications with record, reflect or refer to Shawn Drumgold, Rosemary Scapicchio or any members of the Boston Police Department.

### SUPPLEMENTAL RESPONSE NO. 3

<u>Objection</u>. The defendant repeats its objection to this request on the grounds that it is vague, overly broad, unduly burdensome, unlimited in time or scope, not reasonably calculated to lead to the discovery of admissible evidence, beyond the scope of discovery pursuant to Local Rule 26.1(C) and that said request seeks materials that are subject to the attorney-client privilege and work product doctrine.

Notwithstanding this objection, but subject to it, the City of Boston refers the plaintiff to its Supplemental Response to Request No. 2.

Respectfully submitted,<br>
By Defendant City of Boston<br>
Through its attorneys,<br><br>
John P. Roache (BBO# 421680)<br>
Patrick J. Donnelly (BBO# 651113)<br>
Roache & Associates, P.C.<br>
66 Long Wharf<br>
Boston, Massachusetts 02110<br>
Tel.: (617) 367-0330

Date: August /9, 2007

3

## CERTIFICATE OF SERVICE

I, John P. Roache, hereby certify that on this /0th day of August, 2007, I served a copy of the foregoing DEFENDANT, CITY OF BOSTON'S SUPPLEMENTAL RESPONSE TO PLAINTIFF, SHAWN DRUMGOLD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, RICHARD WALSH AND THE CITY OF BOSTON, to all counsel via first class mail, postage prepaid.

John P. Roache (BBO# 421680)

4