# EXHIBIT B

Boston Police Department
Untitled
Rules and Procedures

Rule 109
April 12, 1983

DISCIPLINE PROCEDURE, AMENDED

Sec. 1 This rule is written and promulgated to be used in conjunction with Rule 102, which defines the conduct, general rights and responsibilities of Police Department Personnel. It is designed to provide maximum flexibility in the discipline process and to increase the responsiveness of the Department to the needs of the individual member and of the community.

Sec. 2 "Discipline" has too long had the connotation of simple punishment; this rule envisions a disciplinary process which incorporates the idea of training both for effective self-discipline and for a group discipline, or esprit de corps. To accomplish this design, the rule recognizes the wide spectrum of discipline and through such provisions as the five-day suspension program and the district personnel records places discipline at a level where it can respond better to the individual member.

Sec. 3 Scope: This rule is designed strictly to be procedural in nature, and is not meant to create new rights or duties not previously granted by law or contract.

For example, CETA employees, probationary employees, and provisional employees shall continue to be governed by the respective rules and laws pertaining to them, and this rule shall not apply to them where inappropriate or inconsistent with those rules or laws. This rule is also not meant to change the working conditions of members of the Department, but instead is a managerial guideline controlling administration. It does not necessarily promulgate a new set of procedures, but in most cases simply compiles existing departmental policy and practice. In addition, the special procedures relating to written reprimands, ss. 21-27 apply only to police officers covered by the Agreement between the City of Boston and the Boston Police Patrolmen's Association. Finally, if any substantive changes in the rights and duties of employees or the Department made by future changes in the law or the contract affect sections of this rule, such changes shall notwithstanding override the affected sections.

Sec. 4 Part I of this rule, "Spectrum of Discipline," defines the outlines of the Department's disciplinary program. It contains a general discussion of the sanctions which may be used by the Department followed by a discussion of the concept of "Progressive Discipline." Section C of Part I establishes district personnel records which are to be utilized in connection with progressive discipline; finally, the procedures used in three types of sanctions-written reprimands, five-day suspensions, and punishment duty are specifically detailed, to provide for uniformity of treatment under the discipline rule.

Sec. 5 Parts III through V of the rule state the procedures to be used by the Department in handling complaints, administrative investigations of allegations of misconduct by Department members, and hearings.

The complaints section creates a unified procedure for the handling of all complaints made the Department either from inside or outside. The section on investigations seeks to promote quick, thorough investigations without abridging the rights of Department members or injuring the reputations of members unjustly accused. It should be noted that the provisions governing investigations are strictly limited to investigations of allegations against Department personnel and are not to apply to criminal investigations or administrative studies or surveys concerning policy or practices. The hearings section deals with the three different types of administrative hearings: disciplinary hearings, appeals from punishment duty or five-day suspensions, and detective

Page 1

Untitled

hearings--and sets up uniform practices designed to arrive at just decisions efficiently.

PART I: SPECTRUM OF DISCIPLINE

A. TYPES OF SANCTIONS used by the Boston Police Department include the following:

Sec. 6 Oral Reprimands: Oral reprimands, given by supervisors for minor violations of the Rules and Procedures, such as improper uniform or reporting late for duty, are simply spoken censures or reproofs. While a notation that an oral reprimand was given is entered into the district permanent personnel record, no record of the reprimand goes into the permanent personnel file. The rule contemplates that such reprimands will be given on an informal basis without any form of prior notice.

Sec. 7 Written Reprimands: Written reprimands are issued either for minor offenses committed by employees for whom oral reprimands have proven ineffective, or for other offenses under Rule 102 which are accompanied by ameliorating circumstances. The reprimand is entered into the permanent personnel file. In situations in which an employee has the right to a hearing with respect to a written reprimand, the procedures for such a hearing are described below in part D, ss. 21-27. Section 21 of this rule establishes the guideline for determining which employees have such a right.

Sec. 8 Disciplinary Probation: At the option of the Commissioner, disciplinary probation may be imposed upon an employee for violations of the Rules and Procedures. If just cause is found in any disciplinary action taken against an employee while on probation, the probation shall be taken into account in determining the severity of the sanction imposed.

Where the employee is a police officer, covered by the Collective Bargaining Agreement, the procedures which are used for written reprimands (ss. 21-27) shall be followed prior to imposition of disciplinary probation unless the employee on probation shall fulfill such conditions as the Commissioner may order, and failure to fulfill such conditions shall render the employee liable for further disciplinary action.

Sec. 9 Punishment Duty: Massachusetts General Laws, C. 31, s. 62 authorize the imposition of punishment duty upon sworn personnel. Such duty is extra, unpaid duty assigned above and beyond an officer's normal hours by the officer's commander for violations of the Rules and Procedures. Such duty shall not be demeaning, unduly fatiguing, nor outside of the scope of the officer's job classification. The procedures used for punishment duty are described below in part F, ss. 36-39.

Sec. 10 Suspensions: Suspensions are periods of time during which an employee is relieved of duty and for which the employee is not paid. Suspensions for a period which does not exceed five days may be imposed without a prior hearing either by the Commissioner or by persons designated this authority by the Commissioner. In addition, if the employee to be suspended is tenured under the Civil Service Law, such a suspension may only be imposed for specific offenses, as outlined below in part E, ss. 28-35. Only the Commissioner may impose a suspension of more than five days, and then only after the procedures designated in part V, ss. 56-63 below, have been followed.

Employees of the Boston Police Department may also be relieved from duty with pay. Such action is not a disciplinary action, but is designed to maintain the efficiency of the force if for some reason an employee is rendered unfit for duty. In such a case, the Commissioner may relieve the employee from duty with pay.

Sec. 11 Discharge or Reduction in Rank: An employee may be discharged or reduced in rank only by the Police Commissioner, and then only after a hearing as described in ss. 56-63 or waiver of such a hearing by the employee.

B. PROGRESSIVE DISCIPLINE

Page 2

cob1421

Untitled

Sec. 12 Persons who utilize this disciplinary rule shall apply the concept of progressive discipline. Progressive discipline means that progressively stricter disciplinary action shall be taken against persons who persist in violations of the Rules and Procedures. Such a program serves a training function, in that, for a first time violation, an employee may be warned or given a relatively light sanction as an indication that the Department does not condone such action. Upon repetition, then, it is assumed that the employee knows that the violation is wrong, and will receive more harsh sanction.

Sec. 13 It is not necessary for the proper implementation of progressive discipline that all stages of discipline be exhausted, nor that progressive discipline start at any one level or proceed with any particular incrementation. Much is left open to the discretion of the person imposing the discipline, it is simply to be recalled that progressive discipline be used as a guiding precept.

## C. DISTRICT PERSONNEL RECORD

Sec. 14 General Considerations: Commanding officers are often called upon to make evaluations of employees assigned to them. Such evaluations are necessary for applying progressive discipline, and are also used in connection with promotion and reassignment. Accurate evaluation must be based on recorded personnel histories, such as those established by this rule.

Sec. 15 The Record Card: The commanding officer of each unit shall establish a personnel file consisting of a file card for each employee in the command. When an officer is assigned to a command, the commanding officer shall have a new card prepared for that officer. Each card shall have the officer's name and I.D. number at the top, and shall be kept in an alphabetical file.

Sec. 16 Maintenance of the Record: Maintaining the unit personnel file is the joint responsibility of the commanding officer and the supervising officer. Whenever an incident which merits entry in the record takes place, the supervisor of the individuals involved shall report the incident to the commanding officer or person designated by him in his absence. The commanding officer or person designated by him shall make an entry in the card, including the date, subject matter, and reporting officer's name.

Sec. 17 The record file shall be kept in the commanding officer's office or other secure place, and shall be available only to the Office of the Police Commissioner, the commanding officer, the respective bureau chief, and the Office of Internal Investigation.

Sec. 18 Subject Matter of the Record: The record shall maintain a notation of all minor offenses, all praiseworthy conduct and all oral reprimands. In addition, the cards shall also contain notations of any disciplinary actions taken or any commendations received from the Department. The notation need not go into specific detail; it shall suffice for the record simply to state that the employee was the subject of a type of incident (e.g., that the employee was reprimanded for a particular incident).

Sec. 19 Periodic Review: The Office of Internal Investigations shall make periodic random reviews of the District Personnel Records to make certain that accurate up-to-date records are maintained.

Sec. 20 Disposal of the Record: The records shall be maintained by the Unit until the reassignment to another unit of an officer, or upon an officer's retirement or termination, whichever occurs first. At that time, the record card for that officer shall be sent to the Office of Internal Investigation.

## D. WRITTEN REPRIMANDS

Sec. 21 The collective bargaining contract between the Boston Police Patrolmen's Association and the City of Boston, effective July 1, 1974, provides:

Untitled

No material which contains an allegation of misconduct against an employee shall be included in his/her personnel file until the charges have been verified by affidavit and a hearing held. If a determination is made that the allegation is without substance, then the allegation shall not be included in the employee's personnel file.

Therefore, a letter of reprimand may not be placed in the personnel file of a police officer covered by the collective bargaining contract, unless the allegations in the letter are supported by affidavit and the police officer is given a hearing or unless the police officer waives the right to verification and a hearing. The following procedures are established for letters of reprimand.

Sec. 22 The commander of the bureau or unit to which a police officer is assigned, or the Commander of the Internal Affairs Division, or the Commander of the Staff Inspection Division may recommend that the procedures for a letter of reprimand be initiated, and must submit a report to the Police Commissioner detailing the circumstances surrounding the subject of the letter. The report shall include the names of all witnesses and Superior Officers involved, and the dates and times of the incidents. The report must detail the facts of the incident and not rely on conclusory phrases.

Sec. 23 The Commissioner shall have the proposed letter of reprimand prepared, and then the original shall be sent back to the bureau or unit initiating the letter for verification. Such verification shall consist of either an affidavit of complaint or the signature of the commander so verifying.

Sec. 24 The proposed letter shall then be forwarded to the chief clerk and to the Bureau of Investigative Services. When the police officer has a right to a hearing the Bureau of Investigative Services shall schedule a hearing and the Commissioner shall designate a hearing officer. The police officer who is the subject of the proposed letter shall be notified by the Office of Internal Investigation of the time and date of the hearing.

Sec. 25 The hearing shall be conducted pursuant to part V, ss. 59-62 below. No later than five days after the conclusion of the hearing, the hearing officer shall submit a report which briefly summarizes the evidence and recommends whether the letter should be signed by the Commissioner. Also, the hearing officer may recommend changes in the proposed letter.

Sec. 26 A police officer may waive a hearing and consent in writing to having the letter placed in the personnel file.

Sec. 27 If the Commissioner signs the proposed letter, that letter shall be served on the police officer and a copy placed in the personnel file. A copy of the letter shall also be placed in the Internal Affairs Division file.

E. SUSPENSION FOR FIVE DAYS OR LESS

Sec. 28 General Procedures. The Civil Service Laws, M.G.L. c. 31, s. 41 permits the Police Commissioner to delegate the authority to immediately impose suspensions of five days or less without first providing a hearing to a tenured civil service employee. The law requires that within twenty-four hours after such a suspension the subordinate be given a copy of sections 41 to 45 of Chapter 31 of the General Laws and a written notice which states the specific reasons for the suspension. That notice must inform the subordinates that they may within forty-eight hours of the receipt of such notice request in writing a hearing by the appointing authority. Such a hearing must be given within five days of the receipt of such a request. Procedures for such a hearing are detailed below in Part V, Section 65.

Sec. 29 Delegation. The Police Commissioner may delegate any member of the department the authority to impose immediate suspensions of five days or less. That delegation shall be in writing and shall specify the name or position of the member to whom the authority has been delegated and shall specify whether the authority is limited to a particular division or bureau of the Department. The delegation shall be in full force and effect unless

Untitled

and until it is revoked by a subsequent written notice by the Police Commissioner.

PART II: PROCEDURES

Sec. 30 Specific Procedure:

When an offense of the type covered by Section 32 of this rule comes to the attention of a person who has been delegated the authority, he or she may immediately impose a suspension without pay of five working days or less. The suspension is effected by orally informing the subordinate of the period of suspension. Where feasible the oral suspension shall be effected in the presence of another superior officer. If the subordinate is a sworn member, the officer shall immediately turn in the police badge and gun.

The Civil Service Laws require that the employee who is suspended without a prior hearing shall be given within twenty-four hours of the suspension a copy of the Notice of Suspension (BPD Form #1919). However, the notice should, if possible, be handed to the offender at the time of the imposition. The written notice must be a formal statement of the reasons for the suspension, the number of working days the suspension lasts, and the date the suspension commences. Copies of M.G.L. c. 31, s.s. 41 to 45 shall also be included. The written notice will have five copies, to be routed as follows:

original to the disciplined subordinate;

one copy retained by the commanding officer;

one copy to the Office of Internal Investigation;

one copy to the appropriate departmental bureau (Bureau of Field Services, etc.);

one copy to the Personnel Division.

It is important that all copies be routed as quickly as possible so the payroll division can be notified and the employee taken from the payroll for the suspension period. Whenever problems or questions arise in completing the notice, the person suspending should feel free to contact the Office of the Legal Advisor.

Sec. 31 Acceptance of Discipline: It should at all times be kept in mind that the most effective discipline is that which is accepted by the individual. Therefore, where practicable the person delegated the authority to suspend should discuss the infraction and the contemplated discipline with the individual.

A subordinate may waive the right to request a hearing before the appointing authority. In such a case, the subordinate waives that right by signing a statement to that effect on the copies of the Notice of Suspension.

Sec. 32 Offenses Covered by the Five-Day Rule: The following offenses are subject to the Five-Day rule, and may be disciplined by imposition of immediate suspension of not more than five days. If an employee commits an offense not on this list, that offense may not form the basis of an immediate suspension.

Negligent discharge of a firearm, providing no injury or death resulted from the discharge;

Rule 102 s. 3:
Fighting or quarreling with members of the force;
Negligent use of a firearm, providing no injury or death resulted from the misuse;

Participation in unlawful games of chance or gambling.
Rule 102, s. 4:
Failure to properly patrol beat or section;

Failure to properly cover school crossings;

Failure to properly care for assigned equipment, damaging or losing same due to carelessness;

Willfully damaging police department property;

Interference with police radio broadcasting;
Improperly turning off police radio;

Failure to remove keys from patrol car when left unattended;

Failure to report as witness when duly notified or subpoenaed;

Failure to notify Operations Division of availability for assignment
Rule 102 s. 5: Failure to properly maintain a copy of the rules book.
Rule 102 s. 6:
Failure to properly supervise subordinates;

Failure to prefer disciplinary charges or take appropriate disciplinary action.
Rule 102 s. 7: Failure to report their place of residence and telephone number or change in either of them.

Rule 102 s. 8: Failure to obey and comply with all rules, orders and other directives of the Department and of superior officers, whether written or oral.

Rule 102 s. 9:
Failure to be civil and respectful, courteous and considerate toward all members of the Department and the general public;

Use of epithets or terms that tend to denigrate a particular race or ethnic group except when necessary in police reports or testimony.
Rule 102 s. 10:

Failure to report for duty;
Unauthorized absence from duty;

Failure to be mentally and physically fit to perform duty;

Failure to be in proper uniform and properly equipped;
Rule 102 s. 11: Failure to be properly groomed.

Rule 102 s. 12: Failure to remain awake and alert while on duty.

Rule 102 s. 13:
Drinking of alcoholic beverages while on duty unless it is necessary to gain evidence and is under the order of a superior officer;

Reporting for duty while under the influence of alcoholic beverages to any degree whatever or with an odor of alcohol on one's breath.
Rule 102 s. 14:
Consumption of alcoholic beverages while off duty to the extent that it results in obnoxious behavior that would tend to discredit the officer of the Department or would render the officer unfit to report for the next regular tour of duty.

Untitled

Consumption of alcoholic beverages while in uniform or while wearing any part of the uniform.
Rule 102 s. 17: Failure to respond to a radio call or to the request of a civilian.

Rule 102 s. 18: Engaging in personal business while on duty.

Rule 102 s. 20: Failure to give prescribed identification.

Rule 102 s. 21: Soliciting from the general public money, gifts, or other things of value for charitable or testimonial purposes, or otherwise using identity as a police officer for such purposes.

Rule 102 s. 22: Seeking or accepting food and/or drink from any individual, merchant or business establishment, when it can be construed to involve the position as an employee of the Boston Police Department.

Rule 102 s. 23: Submitting false information in an oral or written report or in response to a B.I.S. inquiry.
Rule 102 s. 25: Failure to report any serious felonies or less serious crime that comes to the employee's attention.

Rule 102 s. 28: Recommending any employment or procurement of a particular service or product except in the transaction of personal business or when proceeding in accordance with established Departmental procedure.

Rule 102 s. 34: Failure to come to the aid of a fellow officer in an emergency if, in the course of carrying out his official duties, that officer is in need of assistance.

Rule 102 s. 35: Receipt of excessive moving vehicle violations or excessive unpaid parking violation tickets.

Rule 102 s. 37: Intervening in a situation requiring police attention when the officer's family and/or friend(s) are involved except in the case of an emergency.
Rule 102 s. 38: Failure to report the questionable behavior of a fellow officer.

Miscellaneous offenses:

Reckless driving;

Unreported paid details;

Failure to maintain proper records, such as the district control log;

Misuse of sick time;

Overtime abuses.
Sec. 33 Subsequent Offenses: If the employee persists continually in the violation of the rules, then the person delegated the authority to suspend shall recommend the matter for a disciplinary hearing. Furthermore, certain offenses are considered major if repeated within certain periods and are to be immediately recommended for disciplinary hearing. The offenses are:

Two offenses within one year:
Negligent handling of a firearm;
Willfully damaging police equipment;

Interfering with police broadcasting;

Failure to remain awake while on duty;

Untitled

Seeking and/or accepting food or drink when it can be construed to involve position as Department employee;

Untruthfulness in written or oral reports or in response to B.I.S. investigations;

Failure report felonies.
Two offenses within two years:
Negligent discharge of a firearm;

Failure to come to the aid of a fellow officer in an emergency.
Third offense in one year:
Failure to report as a witness when duly notified or subpoenaed.
Sec. 34 Periodic Review: The Chief of the Office of Internal Investigation shall periodically review the actions taken by persons delegated authority under this Section and the list of offenses provided for in Sections 32 and 33 in order to determine whether additional offenses should be included or offenses deleted from this rule. In addition, the Chief of the Office of Internal Investigation shall submit to the Police Commissioner periodic reports detailing the action taken pursuant to this rule.

Sec. 35 A suspension under this Section does not preclude the possibility of further punishment; however, before the Department can take further action, a hearing must be held following the procedures outlined in Part V, ss. 56-63.

F. PUNISHMENT DUTY:

Sec. 36 Punishment duty may be assigned to any officer of the Department by his commanding officer or by the Police Commissioner. Such duty shall be performed under the direction of the officer's commanding officer.

Sec. 37 Punishment duty must be useful work, whether as an addition to the strength of the force, or as a relief for other employees who have worked hard and faithfully. No suggestion of favoritism shall attach to either the assignment of the duty or to the reliefs created by the duty. Punishment duty must be assigned so that the employee under punishment shall not suffer undue fatigue or be otherwise unfit for regular or extra work; and except with the employee's written consent no more than seven consecutive hours of punishment duty shall be performed at any one time, or more than fourteen hours in four consecutive days, or more than twenty-one hours in seven consecutive days. Neither shall the employee be compelled, without written consent, to perform such duty within two hours before or after a tour of regular or special duty.

Sec. 38 Whenever any portion of the punishment duty, as ordered has been performed, the officer in charge of the punishment assignment shall report to the Office of Internal Investigation the name of the employee, the number of hours and the character of the work done. When the punishment duty assignment has been completed, the officer in charge shall so certify in such form as the Office of Internal Investigation shall prescribe.

Sec. 39 Whenever punishment duty is assigned, the employee under punishment shall have the right of appeal from such duty as described below in Part V, Section 65.

PART III: COMPLAINTS

Sec. 40 Complaint Control Form: A Complaint Control Form (B.P.D. Form #1920) shall be used to record all complaints against Department personnel, whether from citizens or members of the Department. Each Complaint Control Form shall have an identifying number so that the processing of complaints can be monitored.

Sec. 41 Manner of Recording Complaints:

All complaints shall be received and recorded courteously. No citizen shall be denied an opportunity to register a

Page 8

cob1427

Untitled

complaint, nor shall any complainant be directed to another building to register a complaint.

Known Complainants: When the information received from the complainant includes the complainant's name and address, the officer taking the complaint shall inform the complainant that he or she will be contacted by a member of the Department assigned to investigate the complaint. The complainant shall be instructed to telephone the Office of Internal Investigations if not contacted by the Department within seventy-two hours of making the complaint.

Walk-in Complaints: Whenever a person indicates a desire to make a complaint concerning a Department employee, that person shall be directed to the nearest available superior officer. If necessary the complainant shall be assisted in making contact with a superior officer. The officer recording the complaint shall complete a Complaint Control Form, after obtaining as much information as possible from the complainant.

Letter Complaints: Letters alleging misconduct by a Department employee shall be forwarded to the Office of Internal Investigations. An officer assigned to the Office of Internal Investigations shall complete a Complaint Control Form. Copies shall be distributed as indicated in section 44 of this rule, save that the complainant's copy shall be mailed to the complainant if the name and address and known.

Telephone Complaints: Complainants contacting the Department by telephone shall be transferred to a superior officer if immediately available who will obtain as much information as possible from the complainant and complete a Complaint Control Form. In no case shall a telephone complaint be refused because a superior officer is unavailable, or because the complainant is not identified. All copies of the Complaint Control Form shall be forwarded to the Office of Internal Investigations, which shall distribute copies as indicated in Section 44 of this rule, save that the complainant's copy shall be mailed to the complainant if the name and address are known.

Departmental Complaints: Whenever a member of the Department desires to initiate a complaint against another member--including complaints by superior officers against subordinates and subordinates against superior officers--that member shall complete a Complaint Control Form. The Complaint Control Form shall be used whenever a supervisor or superior officer seeks to initiate formal charges against department personnel.

Governmental Agencies: When information is received from governmental agencies alleging specific acts of misconduct by a Department employee, the information shall be forwarded to the Office of Internal Investigations. An officer assigned to the Office of Internal Investigations shall complete a Complaint Control Form and distribute copies as indicated in Section 44 of this rule, save that the complainant's copy shall be retained by the Office of Internal Investigations.

Policy Complaints: Complaints concerning Departmental Policy, performance, or practice and not alleging misconduct by specific employees, known or unknown, shall be recorded on a complaint form. One copy will be retained at the unit and the other three routed to the Office of Internal Investigations for appropriate distribution.

Sec. 42 Signing of the Complaint Control Form: If the complaint is made in person, when the officer has completed the complaint form the complainant shall read it and make any necessary corrections. The officer shall request the complainant to sign the complaint. If the complainant refuses to sign, a notation to that effect shall be made on the form. In all other respects unsigned complaints shall be processed in the same manner as signed complaints.

The completed form should contain a detailed description of the alleged act(s) of misconduct, including date, time and place; names or descriptions of Department employees involved in the incident; the names and addresses of witnesses, if known; and any other relevant information.

Sec. 43 Immediate Resolution of Complaints: Complaints resolved at the time of the complaint to the complainant's satisfaction shall be recorded on a Complaint Control Form with a notation that the complaint was resolved. Where possible, the complainant should acknowledge the resolution in writing, and such

Untitled

acknowledgment should be attached on the Complaint Control Form.

Sec. 44 Routing the Complaint Form: If the employee complained of is attached to the unit which receives the complaint, copies of the Complaint Control Form shall be distributed immediately as follows:

One copy to the complainant;

One copy to the commanding officer of the unit;

One copy to the superior officer investigating the complaint;

One copy to the Office of Internal Investigations.

If the employee complained of is not assigned to the unit which receives the complaint, copies of the Complaint Control form shall be distributed immediately as follows:

One copy to the complainant;

Three copies to the Office of Internal Investigations.
The Office of Internal Investigations shall retain one copy and may distribute, upon the discretion of the Chief of the O.I.I., the remaining copies as follows:

One copy to the commanding officer of the unit to which the employee complained of is attached;

One copy to the superior officer investigating the complaint.
Sec. 45 Notification of Internal Affairs Division: The Internal Affairs Division shall be notified immediately upon receipt of a complaint alleging:

Brutality, death or serious injury caused by a Department employee;

Firearm discharge resulting in personal injury or property damage caused by a Department employee;

The commission of a felony by a Department employee;

Possible corruption or bribery of a Department employee;

When in the judgment of the superior officer receiving the complaint an immediate investigation by the Internal Affairs Division is justified;

If the employee against whom the complaint is rendered so requests.
This immediate notification will be in addition to and separate from the regular distribution outlined in Section 44.

Sec. 46 Monitoring of Complaint Control Forms:

The Office of Internal Investigations shall maintain a log of all Complaint Control forms issued to all districts and units. The log shall record the date each form was issued and the district or unit to which the form was issued. The log shall also record the date the form was used and the name and rank of the officer who completed the form.

The Office of Internal Investigations shall maintain a file of all cases investigated.

Access to the complaint file shall be authorized in writing by the Police Commissioner, the Superintendent of the

Page 10

Untitled

Office of Internal Investigations or the Commanding Officer of the Special Investigations Unit.

Sec. 47 An employee against whom a complaint has been made shall not attempt, directly or indirectly, by threat, appeal, persuasion or the payment of promise of money or other things of value, to secure the withdrawal or abandonment of the complaint. Such actions shall be dealt with very strictly by the Department.

PART IV: INVESTIGATIONS

Sec. 48 Confidentiality of Disciplinary Process: Prior to the completion of the investigation of a complaint, information concerning such an investigation shall not be released unless authorized by the Commissioner.

However, the fact that a complaint was received and a departmental investigation is under way may be disclosed unless the Chief of the Office of Internal Investigations determines that for security reasons it should remain confidential.

Sec. 49 Initiating Investigation: Where practicable in investigations initiated by complaints, the complaints shall be verified before the investigation commences; however, the absence of verification shall not impede the registration and investigation of a complaint.

If the complaint is received at the unit to which the complainee is assigned, the commanding officer of the unit shall determine whether the matter can be appropriately dealt with at the unit level. In such cases commanding officers shall appoint an investigating officer, or return the complaint to the commanding officer of Internal Investigations shall appoint an investigating officer, although the Office of Internal Investigations may intervene at any time and assume control of any investigation.

If the commanding officer determines that the complaint is not appropriate for investigation at the unit level, it shall be referred to the Office of Internal Investigations for investigation. In such cases, the chief of the Office of Internal Investigations may also initiate investigations into such matters as it sees fit, whether or not a complaint has been received.

If the complaint is received at a unit to which the complainee is not assigned then the Office of Internal Investigations shall initiate the complaint at either the unit level or through the Bureau. The Office of Internal Investigations may also initiate investigations into such matters as it sees fit, whether or not a complaint has been received.

Sec. 50 Investigative Techniques: The investigating officer may use any lawful investigative techniques, including, but not limited to, inspecting public records, questioning of witnesses, interrogation of the member complained of, questioning of fellow employees and surveillance.

Sec. 51 Interrogation of Members of the Department: The following provisions shall apply whenever, as part of an investigation of alleged violations of the Rules and Procedures, a member of the department is ordered to submit a report or to an interrogation.

An interrogation of a member of the department shall be at a reasonable hour, preferably when the member of the department is on duty, unless the exigencies of the investigation dictate otherwise. No member shall suffer loss of pay for the time spent under interrogation.

The interrogation shall take place at a location designated by the investigating officer. Usually it will be at the command to which the investigating officer is assigned or at the district station within which the incident allegedly occurred.

The member of the department shall be informed of the rank, name and command of the interrogating officer and all persons present during the interrogation. If a member of the department is directed to leave his/her post and report for interrogation to another command, the commanding officer shall be promptly notified of the

Page 11

member's whereabouts.

Whenever a member of the department is ordered to submit a report or to an interrogation pursuant to this Rule, the member may be informed of the nature of the investigation, including the name of the complainant. The address of the complainants and/or witnesses need not be disclosed; however, sufficient information to reasonably apprise the member of the allegations should be provided. If the complaint is filed in writing, a copy may be furnished to said member(s). If it is known that the member of the department being interrogated is a witness only, he should be informed at the initial contact.

Questioning during an interrogation shall not be overly long. Reasonable respites shall be allowed. Time shall also be provided for personal necessities, meals, telephone calls and rest periods as are reasonably necessary.

The member of the department shall not be subjected to any offensive language, nor be threatened with transfer, dismissal or other disciplinary punishment.

Whenever a member is ordered, pursuant to these rules, to submit a report or to interrogation, that member shall be advised that any such report or interrogation cannot be used by the Department as evidence in criminal proceedings against that member. When a member of the department is complained against and is directed by a superior officer to submit a report or to an interrogation relative to such complaint, that member is required to reply.

In any case, the refusal by a member of the force to answer pertinent questions may result in disciplinary action.

The law imposes no obligation, legal or otherwise on the department to provide an opportunity for a member of the department to consult with counsel or anyone else when questioned by a superior officer about his or her employment or matters relevant to his or her continuing fitness for police service. Nevertheless, the department shall afford an opportunity for a member of the department, if so requested, to consult with counsel before being questioned concerning a serious violation of the rules and regulations, provided the interrogation is not unduly delayed. However, in such cases the interrogation may not be postponed for purpose of counsel past 10 a.m. of the day following the notification of interrogation. Counsel, if available and a representative of a certified employee organization may be present during the interrogation of a member of the department. Requests for an opportunity to consult with counsel in connection with minor violations will be denied unless sufficient reasons are advanced.

In the event that an employee claims that there have been violations of any provisions of this Section, such employee, either alone or together with the employee organization representative, may file a signed, written complaint with the Police Commissioner against the person committing the alleged violation. The Police Commissioner shall cause such complaint to be investigated and render a decision with respect to any such complaint. The decision shall be in writing and shall state with particularity the consideration and reasons in support thereof including a statement of the facts found. A copy of the decision shall be given forthwith to both the person who is the subject of the complaint and the employee organization representative. The Police Commissioner in his discretion may endeavor to eliminate any unlawful act or practice which constitutes a violation of this Section by informal methods or conference, conciliation and persuasion.

Sec. 52 Investigation Report: As soon as practical, though not the expense of a thorough investigation, the investigating officer shall bring the investigation to a close and prepare an investigation report. The report shall summarize all evidence gathered during the investigation and shall contain the investigating officer's recommendation that the complaint be found:

sustained (investigation disclosed sufficient evidence to support allegations in the complaint);

not sustained (investigation failed to prove or disprove the allegations);

Untitled

exonerated (the action complained of did occur, but investigation revealed that action was proper, legal and reasonable); or

unfounded (investigation revealed that conduct did not occur).

In addition, if the investigating officer has discovered misconduct not based on complaint, he shall so state in his report.

The report shall then be forwarded to the commanding officer if a unit-level investigation, or to the chief of the Office of Internal Investigations. The commanding officer or the chief of the Office of Internal Investigations shall then make recommendations for disciplinary action or shall impose an immediate suspension for five days or less if the complaint has been sustained. If a unit-level investigation, a copy of the report along with the commanding officer's disciplinary action will be sent to the Bureau of Investigative Services for confirmation.

If the investigation was inaugurated by a complaint from outside the department, upon completion of the investigation a letter shall be sent to the complainant informing him or her of the results of the investigation.

PART V: HEARINGS

A. FORUMS

Sec. 53 The Police Commissioner is the appointing authority pursuant to the provision of M.G.L. c. 31, s. 41 and as such may hear cases relating to discharge, removal, transfer to another agency, suspension, lowering in rank or compensation, abolition of office or punishment duty. In addition, he may appoint either a hearing officer or a trial board to hear such cases.

Sec. 54 Trial Boards: Pursuant to the Acts of 1962, Chapter 322, the Police Commissioner may from time to time convene a Trial Board to be composed of three captains, to inquire into such matters as the Commissioner directs. No member of a Trial Board may sit on any matters involving the member's district, or with which the member has direct personal contact. In such cases the member must be disqualified, and the Commissioner shall appoint another captain to the Board.

Pursuant to the Acts of 1950, Chapter 735, a Trial Board must be convened at the request of any person who has been reassigned from duties as a detective after his probationary period. For rules governing such hearings, see Section 65, "Detective Hearings" below.

Sec. 55 Hearing Officer: The Police Commissioner may, pursuant to M.G.L. c. 31, s. 41, appoint a hearing officer to hear any cases concerning proposed discharge, removal from office, transfer to another agency, suspension, lowering in rank or compensation, abolition of office, or imposition of punishment duty. In such a case, the Commissioner shall send to the Office of Internal Investigations and the Chief Clerk a designation in writing containing the name of the hearing officer and the employee who is the subject of such action. The Hearing Officer shall follow the general rules of procedure outlined below.

B. PROCEDURE

Sec. 56 Notice: Before any action affecting employment or compensation of a tenured employee as delineated in M.G.L. c. 31 s. 41, is taken, the officer or employee involved shall be given a written statement of the specific reason or reasons for the contemplated action, together with a copy of M.G.L. c. 31, ss. 41-45. The employee then may consent in writing to the imposition of discipline and waive the right to a hearing on the specific reason or reasons given. If no such waiver or consent is executed, the Police Commissioner shall determine whether the hearing is to be before the Commissioner, Hearing Officer, or Trial Board, and shall notify the Office of Internal Investigations in writing of the hearing, the forum, the employee and the proposed action.

The Office of Internal Investigations shall then set a time and date for the hearing, and shall cause notice to be

Page 13

cob1432

Untitled

served upon the employee as to time, date and forum. The notice of the hearing must be served at least three days before the hearing except in cases involving abolition of position, in which case the notice must be served at least seven days before the hearing.

Sec. 57 Postponement: Postponement of a hearing to another date may be allowed by the Commissioner, Trial Board or Hearing Officer for an adequate reason presented either by the complainant or the defendant. However, the request for such postponement must be received before the day set for the hearing. In case of such postponement, both parties shall be notified of the new hearing date at least three days in advance of the hearing. A request for a postponement for medical reasons requires a doctor's statement from a department appointed physician.

Sec. 58 Attorneys: Both the complainant and the defendant may have attorneys present to represent them at a hearing. In addition, the defendant may be accompanied by an employee organization representative.

Sec. 59 Evidence: The hearing shall be informal and administrative. The purpose of a hearing is to determine the facts and situations surrounding a case, and members of a hearing forum, especially when counsel is not present, shall protect the rights of all parties involved whenever through the lack of ability, inexperience, or oversight, either side's case may seem to be improperly prejudiced. The rules of evidence observed by law need not be applied. Evidence which reasonable persons are accustomed to rely on in the conduct of their affairs may be considered. Unduly repetitive evidence may be excluded, and documentary evidence may be admitted in the form of copies or excerpts or by incorporation by reference. All evidence, written, oral and real, offered by the parties which is relevant to the statement of reasons shall be considered.

Sec. 60 Witnesses: Both parties may bring witnesses before the hearing. The complainant and the defendant shall be responsible for the attendance of their respective witnesses, but the Office of Internal Investigations may be requested to give reasonable assistance in securing such attendance. Witnesses, before testifying, shall be sworn or shall make an affirmation. Examination of each witness shall be made separately and apart from other witnesses, and each side shall have the opportunity to cross-examine all witnesses.

Sec. 61 The Record: The Office of Internal Investigations shall designate an employee prior to the date of the hearing to serve as clerk during the hearing. The clerk shall make a record of all testimony before the hearing body and the shall be responsible for marking and preserving all other evidence for the sole use of the hearing body and the Commissioner.

Sec. 62 Other Procedural Rules: The hearing forum may establish further reasonable rules to expedite the hearing. In addition, several hearings may, if appropriate and at the discretion of the Commissioner, be consolidated into one general hearing.

Sec. 63 Finding: Upon completion of the hearing, the hearing forum shall forthwith submit a written report to the Police Commissioner, with a copy to the Office of Internal Investigations. That report shall summarize the evidence introduced by the parties, make specific findings of fact, and make recommendations as to the disposition of the charges including recommendations as to the appropriate discipline if any.
The Police Commissioner shall immediately review the report of the hearing forum. He may return it for elaboration, further explanation or further hearings and findings of fact if necessary and practicable within the time limits required by law. Recommendations made by the hearing forum will not be binding on the Police Commissioner. Within seven days after the filing of the report of the hearing officer, the Police Commissioner shall give to the employee a written notice of his decision stating fully and specifically the reasons therefor.

Sec. 64 Detective Hearings:

Whenever a detective is reassigned to the regular police staff, that detective shall have the right to appeal the reassignment, pursuant to the Acts of 1950, Chapter 735. A detective who wishes to appeal must submit a notice

Page 14

Untitled

in writing to the Police Commissioner requesting such an appeal within thirty days of the effective date of the order or reassignment.

When such a notice is received, the Police Commissioner shall designate three captains to sit as members of the Trial Board after the expiration of the thirty day period following the effective date of the order or reassignment. One of the captains shall be designated as chairman and another as clerk, and an order designating the members of the Board and their duties served shall be transmitted to the Chief Clerk and to the Office of Internal Investigations.

Upon receipt of the designation, the Office of Internal Investigations shall schedule the hearing and notify all interested parties of the place, date and time for the commencement of the hearing. Such notice must be received by the parties at least three days prior to the date set for the hearing.

In cases where more than one member has appealed a reassignment, the appeals may be consolidated and heard by one Trial Board.

The Trial Board sitting on a detective hearing shall apply the same rules governing evidence and witnesses as provided above (Sections 59 and 60), and in addition, shall also have the power to make such rules as it deems necessary to expedite the hearing.

Where the assignment was the result of a complaint of misconduct or due to reasons which might impose a stigma, such as allegations of illegal conduct, the member shall be given, at the time the notice of hearing is served, a statement of charges which fairly summarizes those allegations. In addition, if the name of the complainant is known, the member shall be informed of that name. In such case, the reassignment shall be affirmed if the board finds that there is substantial evidence that the allegations are true and are sufficiently serious to reflect upon the ability of the member to perform the duties of a detective.

Where the reassignment was not due to such aforesaid reason, but was an attempt to increase efficiency or economy of the Department by means of a reorganization or reallocation of manpower, or because of a member's lack of investigative ability, the reassignment shall be affirmed if the board finds there is substantial evidence that the reassignment is a good faith attempt to promote the efficiency or economy of the Department.

No later than ten days after the conclusion of the hearing the board shall file its notice of decision with the Chief Clerk and the Office of Internal Investigations. If the hearing results in a change in status of the employee, the Personnel Division shall be notified by the O.I.I. The decision shall be supported by a memorandum which shall specify reasons in support of its decision. The decision of the board as to the reassignment is final, and no provisions of Chapter 31 of the Massachusetts General Laws shall be applicable to any such hearing or determination made thereunder.

The Office of Internal Investigations shall notify the parties of the result. The decision and the reasons thereof shall remain on file with the Chief Clerk and the parties may, upon reasonable notice, inspect and copy that decision.

Sec. 65 Review From Imposition of Immediate Suspension or Punishment Duty: When an employee is suspended for five days or less or is assigned punishment duty by a commanding officer, that employee receives a written notice concerning the action within twenty-four hours. The employee may then, if so wished and within forty-eight hours of the receipt of the notice, request a hearing to determine whether there is just cause for such an action. If such a request is made, then a hearing must be held within five days of the receipt of the request by the Police Commissioner. The hearing shall be conducted using the rules procedures outlined above (Sections 56 through 62).

Within two days after the conclusion of the hearing, the Police Commissioner shall give the employee concerned a written notice of the decision. Where just cause has not been found, the discipline shall be deemed not to have been imposed and the employee shall be compensated for lost time or extra hours worked. If it is decided that

Page 15

Untitled

just cause did exist and the employee refuses to accept such a finding, the employee shall have the right of appeal pursuant to the Massachusetts General Laws.

NOTES: Rule No. 109 was amended September 14, 1979, at which time the Bureau of Inspectional Services assumed control of procedures which the Office of Internal Investigations had previously administered.

In February, 1983, The Office of Internal Investigations was given those duties which they had originally administered.

In addition, Section No. 22 was rewritten so that the Commander of the Staff Inspection Division was given the authority to initiate procedures for a letter of reprimand to be issued.

In April, 1983, violations of Rule No. 102, sections 7 and 11, were added to Section 32 of this rule as offenses covered by the five-day suspension rule. This resulted in a renumbering of section 32.

cob1435