# CALLAHAN EXHIBIT G

```
00283
 1              VOLUME II
             PAGES 283-567
 2            EXHIBITS 44-51
       UNITED STATES DISTRICT COURT
 3       DISTRICT OF MASSACHUSETTS

 4          C.A. No. 04-11193NG

 5   ****************************

 6   SHAWN DRUMGOLD,

 7      Plaintiff

 8   vs.

 9   TIMOTHY CALLAHAN,

10   FRANCIS M. ROACHE,

11   PAUL MURPHY, RICHARD WALSH,

12   AND THE CITY OF BOSTON,

13      Defendants

14   ****************************

15      CONTINUED DEPOSITION OF RICKEY EVANS, a

16   witness called by counsel for the Defendant,

17   Richard Walsh, taken pursuant to the applicable

18   provisions of the Federal Rules of Civil

19   Procedure, before Joann Denning, a Shorthand

20   Reporter and Notary Public in and for the

21   Commonwealth of Massachusetts, at the offices

22   of Bonner Kiernan Trebach & Crociata, One

23   Liberty Square, Boston, Massachusetts, on

24   Monday, July 10, 2006, commencing at 9 a.m.
```

```
00284
 1              APPEARANCES

 2

 3     Rosemary Curran Scapicchio, Esq.
       Four Longfellow Place, Suite 3703
 4      Boston, Massachusetts 02114
          On behalf of the Plaintiff.
 5

 6     MaryJo Harris, Esq.
       MORGAN, BROWN & JOY
 7      200 State Street
       Boston, Massachusetts 02109
 8        On behalf of the Defendant,
          Timothy Callahan.
 9
       John P. Roache, Esq.
10      ROACHE & MALONE, LLP
       66 Long Wharf
11      Boston, Massachusetts 02110
          On behalf of the Defendants,
12         Francis M. Roache and the City of Boston.

13     William M. White, Esq.
       DAVIS, ROBINSON & WHITE, LLP
14      One Faneuil Hall Marketplace
       South Market Building
15      Boston, Massachusetts 02109
          On behalf of the Defendant, Paul Murphy.
16
       Hugh Curran, Esq.
17      Paula Clifford, Esq.
       BONNER KIERNAN TREBACH & CROCIATA
18      One Liberty Square
       Boston, Massachusetts 02109
19        On behalf of the Defendant, Richard Walsh.

20     James McCall, Esq.
       Four Longfellow Place, Suite 3703
21      Boston, Massachusetts 02114
          On behalf of the Deponent.
22

23

24
       ALSO PRESENT: Timothy Callahan.
```

00512
1  Q.  The police didn't lie, did they?
2  A.  Somewhat.
3  Q.  Did anyone from the Boston Police Department
4      force you to testify in the case of Shawn
5      Drumgold and Terrance Taylor?
6  A.  No, nobody forced me.
7  Q.  Did anyone from the Boston Police Department
8      tell you what to say?
9  A.  They didn't come directly to me and say what to
10     say, but it was thrown out at me.
11 Q.  It was thrown out?
12 A.  It wasn't a direct -- it wasn't something
13     direct thrown at me like, Rickey, say this;
14     Rickey, say that.  It was like inconsistencies
15     when, like, beating around the bush.  Like,
16     they threw out things like what shall be said,
17     you know, not what I want you to say.  It's
18     what shall be said, you know.  It didn't come
19     out like, Rickey, I want you to say this;
20     Rickey, say this; Rickey -- it didn't come out
21     like that.  They always would, like, beat
22     around the bush.  They never got to the
23     immediate thing, the immediate answer they
24     wanted me to give.

00513

1  Q.  Did Detective Callahan force you to testify?

2  A.  Nobody forced me to do anything.

3  Q.  Did Detective Murphy force you to testify?

4  A.  Nobody forced me to do anything.

5  Q.  Did Detective Walsh force you to testify?

6  A.  I don't know Detective Walsh.

7  Q.  You appeared at the case of Commonwealth v.

8      Shawn Drumgold voluntarily, did you not?

9  A.  Excuse me. Repeat that, please.

10 Q.  You went to testify voluntarily?

11 A.  In 2003?

12 Q.  In 1989.

13 A.  I was driven there.

14 Q.  You were driven there?

15 A.  Yes.

16 Q.  But nobody forced you to go?

17 A.  Nobody didn't force me to go there.

18 Q.  You didn't tell anyone from the Boston Police

19     Department that what you were going to testify

20     to in 1989 was a lie?

21 A.  No, I don't recall.

22 Q.  Did you tell anyone from the Suffolk County

23     District Attorney's office that what you were

24     about to testify to in 1989 was a lie?

```
00514
 1  A.   No, I don't recall.
 2  Q.   Were you aware in 1989, Mr. Evans, that
 3       committing perjury in a case involving a
 4       homicide you'd be punishable by life
 5       imprisonment?
 6  A.   No, I did not know.
 7  Q.   You did not know that?
 8  A.   I did not, no.
 9  Q.   Are you are aware, sir, that anyone who
10       subourns perjury -- that means attempts or
11       solicits anyone to commit perjury -- during a
12       homicide trial would be committed for life or
13       up to life imprisonment?
14  A.   I did not know that.
15  Q.   You did not know that?
16  A.   No, sir.
17  Q.   Did Detective Callahan solicit you to perjure
18       yourself?
19  A.   Solicit me?
20  Q.   Yes.
21  A.   Could you make that better understanding,
22       please?
23  Q.   Did he tell you to tell a lie, to falsely
24       testify at the trial?
```