AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF **MASSACHUSETTS**

SHAWN DRUMGOLD

V.

THE CITY OF BOSTON, ET AL

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-11193 NG

TO: KEEPER OF RECORDS
Pinta & Eggert, LLP
171 Milk Street, Suite 400
Boston, MA 02109

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Bonner Kieman Trebach & Crociata, LLP, One Liberty Square, 6th Floor, Boston, MA 02109 | 11/27/2006 10:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

** Please see attached 'Schedule A'

| PLACE | DATE AND TIME |
|---|---|
| Bonner Kieman Trebach & Crociata, LLP, One Liberty Square, 6th Floor, Boston, MA 02109 | 11/27/2006 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Hugh R. Curran | 11-15-06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Hugh R. Curran, Esq., Attorney for the Defendant, Richard Walsh / Bonner Kieman Trebach & Crociata, LLP, One Liberty Square, 6th Floor, Boston, MA 02109 / (617) 426 3900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD,<br>    Plaintiff,<br><br>v.<br><br>TIMOTHY CALLAHAN, FRANCIS M.<br>ROACHE, PAUL MURPHY, RICHARD<br>WALSH, AND THE CITY OF BOSTON,<br>    Defendants. | )<br>)<br>)<br>)<br>)   C.A. NO. 04-11193NG<br>)<br>)<br>)<br>)<br>) |

## RE-NOTICE OF TAKING CONTINUED DEPOSITION

To:

John P. Roache, Esq.  
Patrick J. Donnelly, Esq.  
Hogan, Roache & Malone  
66 Long Wharf  
Boston, MA 02110

MaryJo Harris, Esq.  
Morgan, Brown & Joy  
200 State Street, 11th Floor  
Boston, MA 02109

William White, Esq.  
Davis, Robinson & White, LLP  
One Faneuil Hall Marketplace  
South Market Building  
Boston, MA 02109

Susan Weise, Esq.  
Assistant Corporate Counsel  
City Rights Div/Law Department  
City Hall, Room 615  
Boston, MA 02201

Michael W. Reilly, Esq.  
Tommassino & Tommassino  
Two Center Plaza  
Boston, MA 02108-1904

Rosemary Curran Scapicchio, Esq.  
Four Longfellow Place, Suite 3703  
Boston, MA 02114

Please take notice that at **10:00 A.M. on Monday, November 27, 2006**, at the law offices of **Bonner Kiernan Trebach & Crociata, LLP, One Liberty Square, Boston, Massachusetts**, the defendant, Richard Walsh, through his attorney, will take the deposition upon oral examination of the **Keeper of Records for Pinta & Eggert, LLP** (*formerly known as Rappaport, Pinta & Eggert, LLP*), pursuant to the applicable provisions of the Federal

Rules of Civil Procedure, before a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths.

**The deponent is further required to bring the documents listed in the attached Schedule "A."**

The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

RICHARD WALSH,
By His Attorneys,

Dated: November 15, 2006

*Hugh R. Curran*
Hugh R. Curran, Esq (BBO #402057)
Bonner Kieman Trebach & Crociata, LLP
One Liberty Square – 6th Floor
Boston, MA 02109
(617) 426-3900

### CERTIFICATE OF SERVICE

I, Hugh R. Curran, hereby certify that a true copy of the within *Notice of Taking Deposition* was served upon all counsel of record for each other party via first-class mail, on November 15, 2006.

*Hugh R. Curran*
Hugh R. Curran

# SCHEDULE "A"

## INSTRUCTIONS

The term "document(s)" in the requests below shall include every writing of any nature, in the possession and/or control of the deponent, including every manner of letter, memorandum, note, log book, notebook, contract, agreement, lease, study, report, record, notice, minutes of meetings, program, opinion, work pad, diary, legal opinion, message, telegram, advertisement, brochure, computer print-out, computer data bank or base, computer program, invoice, billing, list, correspondence, appraisal, or other item whether written in manuscript, typewritten, printed, electronic, magnetic, or other form of recordation of any kind, and including all copies thereof bearing any writing, figures, or notation not appearing in the original.

The term "deponent" in the requests below, unless otherwise specified, shall mean: Pinta & Eggert, LLP, Rappaport, Pinta & Eggert, LLP (*as previously known prior to February 28, 2003*), their subsidiaries, agents, employees, representatives, attorneys, and/or any other person or entity acting or purporting to act on their behalf.

## DOCUMENTS REQUESTED

1. Any and all correspondence between the deponent and Shawn Drumgold and/or representatives of Shawn Drumgold.

2. Any and all correspondence between the deponent and any witness, individual and/or entity in the original and/or current case.

3. Any and all correspondence between the deponent and any media outlet regarding Shawn Drumgold.

4. Any all documents used in the preparation of the defense of Shawn Drumgold in his original murder trial and any subsequent appeals.