UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD,<br>    PLAINTIFF<br><br>VS.<br><br>TIMOTHY CALLAHAN, FRANCIS M.<br>ROACHE, **PAUL MURPHY**, RICHARD<br>WALSH, AND THE CITY OF BOSTON,<br>    DEFENDANTS | )<br>)<br>)<br>)    C.A. NO. 04-11193NG<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT PATRICIA A. MURPHY, AS EXECUTRIX
### OF THE ESTATE OF **PAUL MURPHY'S**
### OPPOSTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Defendant Patricia Murphy as Executrix of the Estate of Paul Murphy in the above captioned matter and opposes Plaintiff's Motion to Amend the Complaint on the grounds that the Plaintiff failed to comply with the provisions of Fed. R. Civ. P. 25 (hereafter: "Rule 25"), which requires the substitution of a party within 90 days of the suggestion of death being filed. An amendment to the Complaint is not the appropriate vehicle.

On or about March 1, 2001, the court entered Patricia Murphy's Suggestion of Death Upon the Record Under Rule 25(a)(1). See Document 22 filed in the above action. The suggestion of death was filed "solely in her capacity as Executrix of the Estate of Paul Murphy." The ninety-day period for substitution of Patricia Murphy as Executrix of the Estate of Paul Murph or another expired on May 30, 2005.

Defendant Patricia A. Murphy has not waived any defenses in this action. Notwithstanding adopting the "Defendant" sobriquet, Patricia Murphy has never been joined as a party to this action. Notwithstanding the failure to properly substitute her late husband's estate

2

as a party, Defendant Patricia Murphy has never waived any right that she might have in the defense of this action.

In fact, in the March 1, 2005 Answer filed on behalf of Defendant Paul Murphy (filed simultaneously with the Suggestion of Death) (Document 23), Defendant Paul Murphy's death was specifically pleaded as an affirmative defense. Thus, plaintiff was on clear notice of Defendant Paul Murphy's death and his asserted defense premised on his death.

In *Anderson v. Yungkau*, 329 U.S. 482 (1947), the Supreme Court addressed the language in the precursor to the present Rule 25 as it related to the estates of two of the parties.

> Under the Rule, as under statute, the settlement and distribution of the estate might be so far advanced as to warrant a denial of the motion for substitution within the [. . .] period. In contrast to the discretion of the court to order substitution within the [then] two year period is the provisions of Rule 25(a) that if substitution is not made within that time the action 'Shall be dismissed' as to the deceased. The word 'shall' is ordinarily 'The language of command'. *Escoe v. Zerbst*, 295 U.S. 490, 493. And when the same Rule uses both 'may' and 'shall', the normal inference is that each is used in its usual sense-the one act being permissive, the other mandatory. See *United States ex rel. Siegel v. Thoman*, 156 U.S. 353, 360.

*Id*. at 485.

The goal and point of the rule, in many ways is to promote the prompt resolution of estates. The rule simply requires "one party" to affirmatively substitute the "proper party" upon due notice of the death of the "original party". No clearer notice could have been provided than counsel's timely filing of the Suggestion of Death.

3

Notwithstanding her participation in the discovery of the facts in the case, Patricia Murphy has never waived any of her late husband's estate's rights or defenses to the within action.

Pursuant to the present Rule, as dismissal "shall" be entered in his behalf, the Defendant Paul Murphy is entitled to dismissal of the Counts pertaining to him.

In support of his Opposition, Defendant submits an Affidavit of Counsel.

PATRICIA MURPHY, AS
  EXECUTRIX OF THE ESTATE
  OF PAUL MURPHY
BY HER ATTORNEY,

/S/ William M. White, Jr.
William M. White, Jr.
BBO#: 546283
William M. White, Jr. and Associates, LLC
One Faneuil Hall Marketplace, 3rd Floor
Boston, MA  02109
(617) 720-2002