UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD, <br>     Plaintiff <br><br> v <br><br> TIMOTHY CALLAHAN, ET AL. <br>     Defendant(s) | ) ) ) ) ) ) ) ) | C.A. NO. 04-11193NG |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**<u>HIS MOTION FOR SUBSTITUTION OF PARTY</u>**

**I.    INTRODUCTION**

The chronology of the proceedings in this case in regards to the identity of Paul Murphy as a Defendant is as follows:

- June 30, 2004     Plaintiff filed his Complaint

- February 1, 2005     Waiver of Service filed by Paul Murphy

- March 1, 2005     Suggestion of Death along with Answer to Complaint filed by Attorney Donald R. Fayman

- June 13, 2005     Notice of Appearance filed by Attorney Michael W. Reilly

  Notice of Withdrawal by Attorney Stephen Hrones

- April 18, 2006     Motion to Amend Answer and Amended Answer filed by new counsel Attorney William White, Esq. on behalf of "Patricia Murphy, as executrix of the estate of Paul Murphy"

- April 18, 2006     Defendant Paul Murphy's Mandatory Disclosures filed by "Patricia Murphy, as executrix of the estate of Paul Murphy"

- Multiple Dates     Motions filed by Attorney William White on behalf of "Defendant Patricia Murphy, as executrix of the estate of Paul Murphy" (See e.g. Docket No. 82)

- May 7, 2007     Notice of Change of Attorney and Address as to "Defendant Patricia Murphy, as executrix of the estate of Paul Murphy", (Docket No. 94)

- October 1, 2007     Motion for Summary Judgment filed by Patricia A. Murphy (Docket No. 110)

II.    **ARGUMENT**

    A.     **The Court May Extend, Pursuant To Fed.R.Civ.Pro. 6(b), The Time Under Fed.R.Civ.Pro. 25 For Substitution Of A Party.**

Defendant Murphy has argued that because 90 days has expired since the filing of the Suggestion of Death on March 1, 2005 this Court should not allow the substitution of the estate of Paul Murphy as a party. As this Court suggested in its Order of December 12, 2007 relief from the 90 day time limit under Fed.R.Civ.Pro. 25(a)(1) may be provided, in the discretion of the Court, pursuant to Fed.R.Civ.Pro. (6)(b)(2) upon showing that the failure to act was a result of excusable neglect. <u>Kernisant v. City of New York</u>, 225 F.R.D. 422, 427 (E.D.N.Y. 2005) ("The Court is authorized to extend the time in which to file a motion for substitution before or after the expiration of the ninety-day period pursuant to Fed.R.Civ.Pro. 6(b).") <u>Kaubisch v. Weber</u>, 408 F.3d. 540, 542, fn. 2 (8th Cir. 2005)

The standard for analyzing whether a failure to act was a result of excusable neglect was

set out in Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1990). Although that case dealt with excusable neglect pursuant to the Bankruptcy Rules, the First Circuit has held that its analysis of excusable neglect should be applied generally under the Federal Rules when interpreting the various provisions which apply the excusable neglect standard. Pratt v. Philbrook, 109 F.3d 18, 19 (1st Cir. 1997); Graphic Communications Intern. Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001)

### B. The Failure To File A Motion To Substitute Was A Result Of Excusable Neglect.

The court in Pioneer Investment (i.d. at 395) held that the question of whether neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission". The Court gave as examples of the factors that should be considered, "the danger of prejudice … the length of delay and its potential impact on judicial proceedings, the reason for delay, including whether it was within reasonable control of movant, and whether movant acted in good faith." (i.d. at 395)

In this case, the most important factor which should be considered by this Court in making its equitable judgment is the conduct of the Defendant in asserting or failing to assert his rights pursuant to Rule 25.

The Plaintiff correctly notes that on March 1, 2005 Paul Murphy filed a Suggestion of

Death. On April 18, 2006, however, current counsel filed an Amended Answer (Paper No. 48). The amended Answer admitted the allegations in Paragraph 6 of the Complaint which indicated that Murphy was being sued in his individual as well as his official capacity. The Answer was signed on behalf of "Patricia Murphy, as executrix of the estate of Paul Murphy". At the time of the filing of this Amended Answer, in fact, Patricia Murphy had not been added as a party. Plaintiff's counsel, as set out in the Affidavit of Ms. Scapicchio, erroneously presumed as this matter went forward that "Patricia Murphy, as executrix of the estate of Paul Murphy" had been added as a party because Attorney William White, on behalf of Ms. Murphy, consistently and continuouslly filed Motions in her name and on her behalf as if she were a party to this action.

As set out in the Affidavit of Attorney Scapicchio, some portion of this confusion was a result of a change of co-counsel at about the time that the original Suggestion of Death was filed. The continuing confusion going forward, however, is certainly attributable, in great part, to the fact that the Defendant who now wants to rely on his Suggestion of Death has acted consistently since April of 2006 as if the substitution of party had been allowed and has repeatedly filed pleadings in this Court on behalf of the presumed substitute party despite the fact that the party has never been substituted in this case.

It is certainly excusable neglect for the Plaintiff to make the same mistake the Defendant has apparently operated under for the last 19 months.

It is notable that even when Ms. Murphy filed her Motion for Summary Judgment on

October 1 of this year, she did not argue that that Paul Murphy was entitled to Summary Judgment because there had not been proper substitution of party pursuant to Federal Rule 25. It appears that Patricia A. Murphy and her counsel assumed that she had been substituted on behalf of Paul Murphy and went forward in this litigation on that assumption. Patricia A. Murphy filed multiple pleadings in this Court with the implicit representation that she was the substitute party. Plaintiff's admittedly negligent reliance on these repeated representations by the Defendant should be considered excusable. As the Court in Pioneer Investment Services (i.d. at 394) explained "excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence."

There is no argument of unfair prejudice to the estate of Paul Murphy. The estate was on notice from the outset of this matter and has actively participated in the proceedings. It should be noted that Attorney William White has attended all of the thirty plus depositions in this case. In many of the depositions, for example, the depositions of Juanda Drumgold and Keisha Drumgold, Attorney White has acted as the lead defense counsel. There is no surprise or unfairness in holding the estate into a case which it has been actively involved in.

Similarly, allowing this Motion will not have any adverse impact on the judicial proceedings. Defendant Paul Murphy has participated in this case for a year and a half and he is fully involved in this case. There will be no need for any continuance or delay if the Court allows this substitution of Party.

Finally there is no bad faith on the Plaintiff's part in erroneously relying on the

representation of the Defendant that the appropriate party had been substituted.

## CONCLUSION

The neglect in filing this Motion in a timely manner was a result of the combination of changing counsel and actions on behalf of the Defendant. There is no unfair prejudice to the Defendant nor any adverse impact on the administration of justice by allowing this Motion. This Court should, pursuant to its discretion under Fed.R.Civ.Pro. 6(b), allow this Motion to substitute party.

Respectfully submitted,
By His Attorney,

 /s/ Michael Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA   02108
617 723 1720
BBO 415900