UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
SHAWN DRUMGOLD,            )
    PLAINTIFF            )
                           )
VS.                        )            C.A. NO. 04-11193NG
                           )
TIMOTHY CALLAHAN, FRANCIS M. )
ROACHE, **PAUL MURPHY**, RICHARD )
WALSH, AND THE CITY OF BOSTON, )
    DEFENDANTS            )
_____)

DEFENDANT PATRICIA A. MURPHY, AS EXECUTRIX
OF THE ESTATE OF **PAUL MURPHY'S**
OPPOSTION TO PLAINTIFF'S MOTION FOR SUBSTITUTION OF PARTY

    Defendant Patricia Murphy as Executrix of the Estate of Paul Murphy in the above captioned matter and opposes Plaintiff's Motion for Substitution of Party on the previously mentioned grounds set forth in Defendant Patricia A. Murphy, as Executrix of the Estate of Paul Murphy's Opposition to Plaintiff's Motion to Amend Complaint which is incorporated herein by reference.

    No where in Plaintiff's argument is any ground set forth that would constitute excusable neglect or even remotely resemble grounds for excusable neglect.

    Under the rubric of *Kaubisch v. Weber*, 408 F.3d 540 (8th Cir. 2005), counsel's "misapplication or misreading of the plain language of <u>Rule 25</u> does not establish excusable neglect." *Id*. at 543. The record before the court establishes either a misapplication or a misreading of the Rule that does not rise to the level of excusable neglect.

    First, the Suggestion of Death was docketed on March 1, 2005. Pursuant to the provisions of Local Rule 5.4, notice of the suggestion was filed electronically and <u>all</u> counsel

2

were notified by electronic means. Electronic notice was sent to the lawyers who filed the complaint on behalf of the Plaintiff. The notice indicated to Plaintiff that they had sued a deceased party or that one of the party's they had sued was deceased. Thus, notwithstanding the belated effort to avert responsibility for not responding to the duly filed Suggestion of Death within 90-days, counsel was duly notified of the death of Paul Murphy as required under the Rule.

Second, Plaintiff counsel's misapplication or misreading of the Rule cannot be evidenced more clearly than by the Motion to Amend the Complaint filed on behalf of the Plaintiff which, as the Court noted in its 12/12/2007 denial of the Plaintiff's Motion to Amend Complaint, "is not the proper vehicle for substituting a party." In fact, nowhere in Plaintiff's Motion to Amend was there any reference to any oversight with regards to the previously filed Suggestion of Death.

Third, in support of counsel's claim of excusable neglect, Plaintiff attempts to blame the deceased Defendant for failing to assert the rights of the deceased under Rule 25. Again, in an effort to deflect attention from Plaintiff's inexcusable deficiencies, counsel misinterprets or misapprehends the Rule and seeks to create a burden where none exists.. Defendant's obligation was to file the Suggestion of Death and place all other litigants on notice as to the death of a party.

Once notice of the death was filed and served on all counsel, the burden then shifted to Plaintiff or any other party to substitute the estate if the party intended to further prosecute the estate. The time limit for doing so was within 90-days of the filing of the notice.

3

No explanation has been offered for what occurred within the 90-days after the notice was filed. Indeed, no explanation is offered for counsel's failure to respond to the notice in the more than 13-months before the undersigned entered the case.

The claim is that a principal lawyer delegated responsibility for pleadings to another and then failed to supervise the work to be performed. Without regard to the docket, the general responsibility for handling the pleadings was thereafter delegated to another lawyer who apparently did not did not examine the docket. Again, the principal lawyer failed to supervise the lawyer to whom the work was delegated. The result is that at least three lawyers for the plaintiff examined the same docket or had the opportunity to examine the same docket. All of Plaintiff's lawyers had the opportunity to examine the docket both during and after the 90-day period and none of them recognized the obligation created by Rule 25.

Unable to address their own deficiencies, Plaintiff blames the undersigned for the "confusion." and Plaintiff's failure to timely move for substitution. Again, the obvious problem is that the undersigned did not enter the case until April of 2006, more than 13 months after the Suggestion of Death was filed.

The explanation that counsel forgot to examine the docket is not one, in the circumstances of a Rule 25 notice that qualifies as excusable neglect. As noted in *Anderson v. Yungkau*, 329 Mass. 482 (1947),

> "[t]he federal law embodied in Rule 25(a) has a direct impact on the probate of estates in state courts. It should not be construed to be more disruptive of prompt and orderly probate administration in those courts than its language makes necessary."

4

*Id*. at 486.  Again, nowhere does plaintiff address the issue of his obligation to the Defendant's estate, other than to claim a lack of prejudice.

As addressed in her Affidavit of Patricia Murphy, attached hereto and incorporated herein by reference as Exhibit 1, Executrix Patricia Murphy clearly demonstrates the prejudice she suffered.  Notwithstanding the titles in the pleadings filed by her lawyer, Patricia Murphy wanted to close her husband's estate and believed that it had been closed years earlier.  As the liabilities of the estate exceeded its assets, the economic harm of the estate continuing to pay for legal was tangible and obvious.

As noted in the Affidavit of Counsel attached hereto and incorporated herein by reference as Exhibit 2, notwithstanding the filing of the Suggestion of Death, as of approximately July 18, 2005 when the Probate Court entered its final judgment, Plaintiff had not filed a claim against the Estate of Paul Murphy.  More than two years later, no claim has been filed against the estate.  Clearly, Plaintiff failed to assert any rights he intended to pursue in state court with regard to the Estate of Paul Murphy.

Thus, no matter how many depositions her lawyer has attended, and no matter how well informed her lawyer is about the proceedings in the ongoing case, the harm resulting to Executrix Patricia Murphy, is real.  In the event of any adverse judgment, Plaintiff's will turn to the Executrix of the Estate for satisfaction, not the undersigned.  So references to the depth of the undersigned's involvement in the case are inapposite.

The assertion that the Defendant made error in the title of his pleadings by casting the Executrix in the title is nothing more than a red herring.  Defendant's decision not to raise the

5

Rule 25 issue in his summary judgment motion is nothing more than a strategic choice, which he is entitled to exercise on behalf of his client.

In support of his Opposition, Defendant submits an Affidavit of Patricia Murphy and Affidavit of Counsel.

        PATRICIA MURPHY, AS
          EXECUTRIX OF THE ESTATE
          OF PAUL MURPHY
        BY HER ATTORNEY,

/S/ William M. White, Jr.
William M. White, Jr.
BBO#: 546283
William M. White, Jr. and Associates, LLC
One Faneuil Hall Marketplace, 3rd Floor
Boston, MA  02109
(617) 720-2002