## AFFIDAVIT OF PATRICIA MURPHY

I, Patricia Murphy, do hereby depose and say the following:

1. My name is Patricia Murphy. I live in Malden, Massachusetts.

2. I was married to Paul Murphy a party named in the US District Court Action No 04-11193, entitled Shawn Drumgold v. Timothy Callahan, et al.

3. My husband died on January 4, 2001.

4. Thereafter, I applied opened my husband's estate at the Middlesex County Probate and Family Court in Cambridge, Massachusetts (hereafter: "Probate and Family Court").

5. On April 12, 2001, the Probate and Family Court appointed me executrix of my husband's estate.

6. I personally advanced the estate loans to cover its debts.

7. On December 3, 2001, after duly examining the contents of my husband's estate, I filed an inventory with the court specifying the estates assets and liabilities.

8. As of the filing of the inventory, the listed assets in the estate were disbursed.

9. After 2001, there were no other assets in the estate.

10. The estate was never formally closed.

11. In late 2004 or early 2005, I became aware of the lawsuit filed by Shawn Drumgold.

12. I contacted Attorney Donald Faymen, who represented me in the Probate and Family Court to represent me in the Drumgold v. Callahan, et al matter.

13. Attorney Faymen, on my behalf, filed a Suggestion of Death and an Answer in the case because I wanted to close up my husband's estate.

14. It was my understanding that Mr. Drumgold had a limited time to substitute my husband's estate in federal court.

15. That was important to me because I wanted to formally close the estate, which should have been formally closed years earlier because the estate had no assets.

16. Neither Attorney Faymen nor I ever heard that I had been substituted as a party in Mr. Drumgold's lawsuit.

2

17. Because no word had been received within 90 days of Attorney Faymen filing the papers, I filed a first and final accounting that contained, in substance, the same details I filed in December 2001.

18. On July 18, 2005, the Middlesex Probate and Family Court entered Judgment allowing the First and Final Accounting and closing the estate.

19. At this stage, more than six years since the estate was disbursed, it would be impossible to identify the disbursed assets of the estate, as the assets consisted of cash money.

20. It would be harmful to the estate if it was re-opened without any assets and required to expend funds that are no longer in existence or identifiable.

Signed under the pains and penalties of perjury this 20TH day of December, 2007

   /S/ Patricia Murphy  
*PATRICIA MURPHY

\*	Electronic signature authorized by Patricia Murphy. Original document with original signature of Patricia Murphy as dated above retained in custody of counsel.