UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SHAWN DRUMGOLD**<br>     **Plaintiff,**<br><br>v.<br><br>**TIMOTHY CALLAHAN, FRANCIS M.**<br>**ROACHE, PAUL MURPHY, RICHARD**<br>**WALSH, and THE CITY OF BOSTON,**<br>     **Defendants.** | )<br>)<br>)<br>)<br>)   C.A. NO.: 04-11193NG<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT
MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING
RECORDED STATEMENT, GRAND JURY TESTIMONY
AND JUDICIAL DECISIONS IN UNDERLYING CRIMINAL PROCEEDINGS**

The Defendants, Richard Walsh ("Walsh"), and Timothy Callahan ("Callahan"), Francis M. Roache, and The City of Boston (hereinafter collectively referred to as "Defendants"), hereby submit this memorandum of law in support of their motion in limine to preclude any evidence of or reference to: (1) the Plaintiff, Shawn Drumgold's ("Plaintiff"), recorded statement or any police conduct associated therewith; (2) Walsh's grand jury testimony; and (3) any judicial decisions in the underlying criminal proceedings, including but not limited to (i) Judge Volterra's May 18, 1989 decision granting Plaintiff's motion to suppress and denying Plaintiff's motion to dismiss, (ii) the July 18, 1996 decision of the Supreme Judicial Court, *Commonwealth v. Drumgold*, 423 Mass. 230, and (iii) the transcript of proceedings of November 6, 2003 wherein the Suffolk Superior Court granted Plaintiff's motion for a new trial. Additionally, Defendants request an order that Plaintiff himself or by way of counsel be precluded from referencing any of the foregoing during opening statements, examination of witnesses or closing arguments or in any other manner in the presence of the jury.

As grounds, Defendants state that all such evidence must be precluded because: (1) Plaintiff is barred by the doctrine of collateral estoppel and the applicable statute of limitations from recovery pursuant to 42 U.S.C. § 1983 for any alleged conduct with respect to his recorded statement and/or the grand jury proceedings; (2) there is no record evidence that Walsh was aware of the order not to interrogate Plaintiff; (3) not only is Walsh absolutely immune from liability for testifying before the grand jury, but the Supreme Judicial Court has found that Walsh's testimony before the grand jury was not of a constitutional magnitude; (4) pursuant to Fed. R. Evid. 404(b), evidence with respect to the recorded statements and grand jury proceedings is not admissible; (5) Callahan was not involved in the investigation until May 1989 and thus he was not involved at the time of Plaintiff's recorded statement or the grand jury proceedings; (6) the substantial risk of unfair prejudice to Walsh and Callahan outweighs any probative value that evidence with regard to the recorded statement and/or grand jury proceedings may have; and (7) pursuant to Fed. R. Evid. 403, 801 and 802 the judicial decisions rendered in the underlying criminal proceedings, particularly the findings of fact therein, are inadmissible and admission of any evidence thereof or reference thereto would result in unfair prejudice to Defendants. As further grounds, Defendants state as follows:

**I.     BACKGROUND**

On October 13, 1989, Plaintiff was convicted of first-degree murder and sentenced to life in prison for the shooting death of 13 year-old Darlene Tiffany Moore. On May 18, 1989, during the underlying criminal proceedings, Judge Volterra entered an order on various motions by Plaintiff and co-defendant Terrance Taylor. On July 18, 1996, the Supreme Judicial Court affirmed Plaintiff's conviction in *Commonwealth v. Drumgold*, 423 Mass. 230 (1996). On November 6, 2003, the Suffolk Superior granted Plaintiff's motion for a new trial. In November

2003, Plaintiff was released after the district attorney entered a *nolle prosequi*. Plaintiff then initiated the instant action seeking recovery pursuant to 42 U.S.C. § 1983 for alleged violations of his civil rights. Specifically, Plaintiff claims that police detectives who investigated the homicide of 13 year old Darlene Tiffany Moore, engaged in misconduct of a constitutional magnitude with respect to Commonwealth witnesses Tracie Peaks, Mary Alexander, Antonio Anthony, Eric Johnson, Vantrell McPherson and Ricky Evans, and purported alibi witnesses Olisa Graham and Gemini Hullum. *See* Complaint at ¶ 14. Plaintiff has also claimed that Walsh engaged in misconduct and/or conduct of a constitutional magnitude in taking his recorded statement and testifying before the grand jury. *See* Complaint at ¶ 15.

## II.   ARGUMENT

### A.   Evidence with regard to Walsh's conduct in taking Plaintiff's recorded statement and testifying before the grand jury should be precluded because Plaintiff is barred by the doctrine of collateral estoppel as well as the applicable statute of limitations from recovering pursuant to 42 U.S.C. § 1983 for such conduct.

1.   <u>Plaintiff's claims are barred by the doctrine of collateral estoppel.</u>

Plaintiff is collaterally estopped from recovering pursuant to 42 U.S.C. § 1983 for Walsh's conduct in taking his recorded statement and/or testifying before the grand jury. Under the doctrine of collateral estoppel, "when an issue of law or fact is actually litigated and determined by a final and valid judgment and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties whether on the same or different claim." *Willhauk v. Halpen*, 953 F.2d 689, 705 (1st Cir. 1992) (citing *Martin v. Ring*, 401 Mass. 59, 62 (1987)); *Miles v. Aetna Casualty & Surety Co.,* 412 Mass. 424, 427, 589 N.E.2d 314, 317 (1992) (in Massachusetts, collateral estoppel is appropriate where there is "an identity of issues, a finding adverse to the party against whom it is being asserted, and a

3

judgment by a court or tribunal of competent jurisdiction"). Mutuality of estoppel and identity of parties is not required for the defensive use of collateral estoppel. *See Kyricopoulos v. Town of Orleans*, 967 F.2d 14, 16 (1992). Further, "[i]t is well-established that the doctrine of collateral estoppel applies in civil rights actions brought pursuant to 42 U.S.C. § 1983." *Johnson v. Mahoney*, 424 F.3d 83, 93 (1st Cir. 2005) (citing *Allen v. McCurry*, 449 U.S. 90, 103 (1980)).

Here, Plaintiff's claims that he was deprived of his right to a fair trial based on his in-custody recorded statement and Walsh's conduct in testifying before the grand jury were already raised and fully litigated by Plaintiff and decided upon in the underlying criminal proceedings. *See Commonwealth v. Drumgold*, 423 Mass. 230, 235-246 (1996). Specifically, the Supreme Judicial Court ("SJC"), found that Drumgold's right to a fair trial was not impaired as a result of the recorded statement. *Id.* at 241-246. The SJC also found that there was no misconduct of a constitutional magnitude with regard to the grand jury testimony to warrant reversal of Plaintiff's conviction. *Id.* at 235-241. Consequently, Drumgold cannot recover for Walsh's conduct in taking his recorded statement and/or testifying before the grand jury because he is collaterally estopped from rearguing that such conduct violated his right to a fair trial. *Willhauk v. Halpen*, 953 F.2d 689, 705 (1st Cir. 1992); *Johnson v. Mahoney*, 424 F.3d 83, 93 (1st Cir. 2005).

2. <u>Plaintiff's claims are barred by the applicable statute of limitations.</u>

Plaintiff's claims as to Walsh's conduct in taking Plaintiff's recorded statement and testifying before the grand jury are barred by the applicable statute of limitations. This is because Plaintiff was aware of all circumstances relevant to the in-custody recorded statement and grand jury proceedings in 1988/1989. *See Commonwealth v. Drumgold*, 423 Mass. 230. Thus, at the latest, the limitations period with respect to Drumgold's in-custody recorded statement began to run on May 18, 1989, when the Superior Court allowed Drumgold's motion

4

to suppress the statement at trial. And, the limitations period with respect to Walsh's grand jury testimony began to run after an indictment was returned against Drumgold in September 1988 or no later than October 13, 1989 when the jury returned a verdict of guilty for first-degree murder. *See Wallace v. Heck*, 127 S. Ct. 1091 (2007).

Moreover, because Walsh's conduct in taking Plaintiff's recorded statement and testifying before the grand jury did not violate Plaintiff's right to a fair trial, *see supra*, any other claims with regard to such conduct (such violation of *Miranda* rights or the right to remain silent) are not tolled under *Heck v. Humphrey*, 512 U.S. 477 (1994), and are thus time barred. This is because, as held by the SJC, Walsh's conduct in taking Plaintiff's recorded statement and testifying before the grand jury did not render Plaintiff's criminal conviction invalid. *Commonwealth v. Drumgold*, 423 Mass. 230. And, for tolling under *Heck v. Humphrey*, the conduct complained of must have rendered the criminal conviction invalid. 512 U.S. 477.

**B.     Evidence with regard to Walsh's conduct in taking Plaintiff's recorded statement should be precluded because there is no evidence that Walsh was aware of the court order not to interrogate Plaintiff.**

There is absolutely no evidence that Walsh knew about Judge Martin's order not to interrogate Plaintiff.[1] *See* **Ex. 1**, Mar. 2, 1989 Testimony of Walsh at 53-101 *generally* and 87-88, 93, 99-100 *specifically*; **Ex. 2**, Feb. 21, 2007 Deposition of John Daley at 194, 196; **Ex. 3**, Oct. 1, 2007 Affidavit of Walsh at ¶¶ 7-9. Indeed, the uncontroverted testimony is that Walsh did not receive any information about the order until after Plaintiff's recorded statement had been taken. *Id.*; *see infra*.

Specifically, Deputy Superintendent William Celester ("Celester") testified that: (1) He was called to go to the First Session of the Roxbury District Court in the afternoon of August 29, 1988. **Ex. 4**, Mar. 3, 1989 Motion to Dismiss Testimony of Celester at 3, 14. (2) While

---

[1] Walsh and Murphy took Plaintiff's recorded statement. Murphy is no longer a party in the instant action.

5

Detective Paul Murphy ("Murphy") was present, Judge Martin stated that he wanted Plaintiff back in the courtroom by 3:30 p.m. at the latest. *Id.* at 4-6. (3) After Murphy assured Judge Martin that they would have Plaintiff back by 3:30 p.m., Murphy left. *Id.* at 6, 28. (4) As Celester was leaving, Judge Martin called him (Celester) back and asked if Plaintiff was going to be questioned. *Id.* 6-7. (5) Celester answered "no" on behalf of himself. Celester unequivocally testified that Murphy was <u>not</u> present during the discussion regarding whether Plaintiff was going to be questioned and Celester never attempted to communicate Judge Martin's order not to interrogate to Murphy or Walsh. *Id.* at 6-7, 28-31.

Chief of Homicide Division, Assistant District Attorney Francis O'Meara ("O'Meara"), testified that: (i) He received a call from Assistant District Attorney John A. Canavan, III ("Canavan"), in regards to Plaintiff. **Ex. 5**, Dec. 14, 2006 Deposition of O'Meara at 5-6, 11-22, 47-53. (ii) Canavan told O'Meara that Plaintiff was in the dock and that there was an effort to get him booked, photographed, fingerprinted and potentially interviewed for purposes of murder charge, but there was issue because Judge Martin wanted him back at a particular time by 2:30 p.m. *Id.* at 11-22, 47-53. (iii) Judge Martin subsequently made the order relative to interviewing Plaintiff which Canavan relayed to O'Meara. *Id.* (iv) O'Meara requested that Canavan go back down to request Judge Martin permission's to interview Plaintiff and to be allowed to go through the standard booking procedure which would include asking him if he wanted to speak to them. *Id.* (v) Canavan subsequently contacted him stated that this request was denied. *Id.* (vi) Thereafter, O'Meara immediately attempted to reach Walsh and Murphy, but they had already taken Plaintiff's statement by the time he was able to speak to them. *Id.*

6

Thus, the uncontroverted evidence is that Walsh did not learn of the court order until after the recorded statement was completed. *See supra.*[2] Simply, while Murphy was in the courtroom during a conversation between Celester and Judge Martin, Murphy was <u>not</u> present and did not hear Judge Martin say anything about whether Plaintiff could be interrogated. *See supra.* And, while Judge Martin told Celester that Plaintiff was not to be interrogated, Celester did not relay this order to Walsh (or Murphy). *See* **Ex. 4** at 6-7, 30 and **Ex. 8**, Mar. 7, 1989 Oral Argument of Steven J. Rappaport, Esq., at 133 (wherein Attorney Rappaport notes that Celester received the order but did not bother telling Walsh or Murphy about it). Based on the evidence, the only possible inference a fact finder could make is that Walsh was <u>not</u> aware of the order not to interrogate Plaintiff. Consequently, while evidence with regard to the recorded statement may be admissible as to the municipal and supervisory defendants, it should not be admissible as to Walsh. And, in light of all of the foregoing, admission of any evidence with regard to the recorded statement would result in unfair prejudice to Walsh (and Callahan).

**C.    Evidence with regard to Walsh's conduct in testifying before the grand jury should be precluded because not only is Walsh absolutely immune from liability for testifying before the grand jury, but the Supreme Judicial Court has found that Walsh's testimony before the grand jury was not of a constitutional magnitude.**

First, Walsh is absolutely immune from liability for his testimony before the grand jury (and at trial). Absolute immunity extends to conduct that is "inextricably tied" to participation in the judicial process. *Mitchell v. City of Boston*, 130 F. Supp. 2d 201 (D. Mass. 2001). Thus, "all witnesses at judicial proceedings[, including police officers,] are immune from any damages liability stemming from their testimony." *See Batiste v. Fleming*, 923 F. 2d 839 (1st Cir. 1990)

---

[2] Indeed, Judge Volterra made <u>no</u> findings with regard to Walsh and/or Walsh's knowledge about the order not to interrogate. *See* **Ex. 6**, May 18, 1989 Decision of Judge Volterra. Moreover, Judge Martin testified that he did not know for sure whether Walsh and/or Murphy were present at the time he issued the order not to interrogate. **Ex. 7**, Mar. 2, 1989 Testimony of Judge Martin at 8. Of significance, Judge Martin could not identify Murphy. *Id.* at 20.

7

(citing *Briscoe v. LaHue*, 460 U.S. 325, 329, 341 (1982).  Consequently, because Plaintiff cannot recover under 42 U.S.C. § 1983 for Walsh's testimony before the grand jury, evidence of such testify should be precluded from admission at trial. *See Jackson v. City of Cambridge*, No. 03-1616, 2003 WL 23095391 (1st Cir. Dec. 31, 2003).

Second, Plaintiff is collaterally estopped from arguing that Walsh's grand jury testimony somehow violated Plaintiff's constitutional rights. *See supra* Section II(A)(1).  This is because the issue was already litigated and thus SJC found that there was no misconduct of a constitutional magnitude with regard to the grand jury testimony to warrant reversal of Plaintiff's conviction. *Commonwealth v. Drumgold*, 423 Mass. at 235-241.   Moreover, in doing so, the SJC held that: (i) there was no evidence that Walsh knowingly made any false statement to the grand jury; (ii) there was no evidence that any purportedly false evidence influenced the grand jury's determination; (iii) nor did Walsh's presentation of an edited version of Drumgold's statement have any tendency to convert Drumgold's exculpatory recorded statement into an inculpatory statement. *Id.*

Finally, Plaintiff has failed to establish that he was deprived of his right to a fair trial as a result of Walsh's grand jury testimony. Nor can he for the same reasons set forth by the SJC in *Commonwealth v. Drumgold*, 423 Mass. at 235-241.

### D. Rule 404(b) of the Federal Rules of Evidence prohibits admission of evidence with regard to the recorded statement and/or grand jury proceedings.

Pursuant to Fed. R. Evid. 404(b), any evidence with regard to the recorded statement and/or Walsh's grand jury testimony is not admissible.  Specifically, evidence of other crimes, wrongs or acts is not admissible against a defendant to prove that he acted in a similar fashion in the case at hand because such evidence carries an unacceptable risk that a jury will find liability for conduct other than the conduct at issue in the case before it. *See* Fed. R. Evid. 404 Advisory

Committee Note; *Lataille v. Ponte*, 754 F.2d 33, 35 (1st Cir. 1985); *Udemba v. Nicoli*, 237 F.3d 8 (1st Cir. 2001). Here, this risk is exacerbated by the complete lack of evidence that Walsh had any knowledge or awareness of Judge Martin's order not to interrogate, as well as the Supreme Judicial Court's finding that Walsh's conduct in testifying before the grand jury was not of any constitutional significance.

> **E.  Evidence with regard to Walsh's conduct in taking Plaintiff's recorded statement and testifying before the grand jury should be precluded because the substantial risk of unfair prejudice to Defendants outweighs any probative value of such evidence.**

In this action, Plaintiff seeks recovery pursuant to 42 U.S.C. § 1983 for alleged violation of his right to a fair trial. As set forth in detail above, Plaintiff cannot recover for any purported damages resulted from the in-custody recorded statement or grand jury proceedings. *See supra*. Thus, Plaintiff's claims must rest on his allegations with respect to various Commonwealth witnesses and purported alibi witnesses. As is the case and in light of all of the foregoing – (i) the Supreme Judicial Court's finding that neither the recorded statement nor the grand jury testimony impeded on Plaintiff's right to a fair trial, (ii) the Supreme Judicial Court's finding that Walsh's conduct in testifying before the grand jury was not of a constitutional magnitude, and (iii) the fact that there is no evidence that Walsh was aware of the court order not to interrogate Plaintiff – the substantial risk of unfair prejudice to Defendants clearly outweighs any probative value of evidence with respect to Walsh's conduct in taking the recorded statement and testifying before the grand jury. Thus, such evidence should be precluded pursuant to Fed. R. Evid. 403.

> **F.  The judicial decisions entered in the underlying criminal proceedings in Massachusetts state court are not admissible at trial.**

The judicial decisions entered in the underlying criminal proceedings in Massachusetts state court are not admissible into evidence at trial of the instant civil action. *Nipper v. Snipes*, 7

F.3d 415 (4th Cir. 1993); *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1286-1287 (11th Cir. 2001). *See also Smith v. Holtz*, 30 F. Supp. 2d 468, 481 (M.D. Pa. 1998) (finding that legal reasoning and factual findings in state court decision in underlying criminal proceedings did not constitute "evidence" for the jury's consideration in subsequent civil action pursuant to 42 U.S.C. § 1983 for alleged concealment of exculpatory evidence). This is because such decisions are inadmissible hearsay evidence under Fed. R. Evid. 801(c) and 802. *Nipper v. Snipes*, 7 F.3d at 417 (finding that judicial decisions do not fit within Fed. R. Evid. 803(8)(C), public records exception to hearsay rule); *Herrick v. Garvey*, 298 F.3d 1184, 1192 (10th Cir. 2002).

Moreover, admission of such decisions into evidence and/or reference to such decisions in the presence of the jury would result in unfair prejudice to Defendants. *See Nipper v. Snipes*, 7 F.3d at 418. "This is because judicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice." *Id.* (citations and internal quotation marks omitted); *see also Herrick v. Garvey*, 298 F.3d at 1192; *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d at 1288. Thus, Fed. R. Evid. 403[3] also mandates that the Court preclude any evidence of, or reference to, the judicial decisions in the underlying criminal proceedings. *Nipper v. Snipes*, 7 F.3d at 418 (finding admission of judicial findings of facts was reversible error despite district court's limiting instructions with respect to admitted decision).

### III.  CONCLUSION

WHEREFORE, for the foregoing reasons, the Defendants hereby move that this Honorable Court enter an Order precluding evidence of and any reference to: (1) Plaintiff's recorded statement or any police conduct associated therewith; (2) Walsh's grand jury testimony;

---

[3] Pursuant to Fed. R. Evid. 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."

10

(3) any judicial decisions in the underlying criminal proceedings, including but not limited to (i) Judge Volterra's May 18, 1989 decision granting Plaintiff's motion to suppress and denying Plaintiff's motion to dismiss, (ii) the July 18, 1996 decision of the Supreme Judicial Court, *Commonwealth v. Drumgold*, 423 Mass. 230, and (iii) the transcript of proceedings of November 6, 2003 wherein the Suffolk Superior Court granted Plaintiff's motion for a new trial. Additionally, Defendants request an order precluding Plaintiff himself or by way of counsel from referencing any of the foregoing during opening statements, examination of witnesses or closing arguments or in any other manner in the presence of the jury. Defendants request any further relief deemed fair and just.

| | |
|---|---|
| **Defendant,** | **Defendant,** |
| **RICHARD WALSH,** | **TIMOTHY CALLAHAN,** |
| By his attorney, | By his attorney, |
| | |
| /s/ Hugh R. Curran | /s/ Mary Jo Harris |
| Hugh R. Curran (BBO# 552623) | Mary Jo Harris (BBO# 561484) |
| Bonner, Kiernan, Trebach & Crociata, LLP | Morgan, Brown & Joy, LLP |
| 200 Portland Street, 4th Floor | 200 State Street |
| Boston, MA 02114 | Boston, MA 02109 |
| (617) 426-3900 | (617) 523-6666 |

**Defendants,**
**FRANCIS M. ROACHE and**
**THE CITY OF BOSTON,**
By their attorneys,

/s/ John P. Roache
John P. Roache (BBO# 421680)
Patrick J. Donnelly (BBO# 651113)
The Law Offices of John Roache
66 Long Wharf
Boston, MA 02110
(617) 367-0330


DATED: January 28, 2008

11

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that on the 28th day of January, 2008, I electronically filed with within document with the Clerk of the United States District Court for the District of Massachusetts, using the CM/ECF System.  The following participants have received notice electronically:

**For Plaintiff Shawn Drumgold,**
Michael W. Reilly, Esq.
Tommassino & Tommasino
Two Center Plaza
Boston, MA 02108-1904

**For Plaintiff Shawn Drumgold,**
Rosemary Curran Scapicchio, Esq.
Four Longfellow Place, Suite 3703
Boston, MA 02114

**For Defendant, City of Boston**
Susan Weise, Esq.
Chief of Litigation
Assistant Corporate Counsel
City of Boston/Law Department
City Hall, Room 615
Boston, MA 02201

**For Defendants City of Boston and Francis M. Roache,**
John P. Roache, Esq.
The Law Offices of John P. Roache
66 Long Wharf
Boston, MA 02110

**For Defendant Richard Walsh,**
Hugh R. Curran, Esq.
Bonner Kiernan Trebach & Crociata, LLP
200 Portland Street, Suite 400
Boston, MA 02114

        /s/ Mary Jo Harris