# EXHIBIT 2

Page 120

CONFIDENTIAL

Volume: III

Pages: 120 - 239

Exhibits: See Index

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11193NG

---------------------------------x
SHAWN DRUMGOLD,
              PLAINTIFF

VS.

TIMOTHY CALLAHAN, ET AL,
              DEFENDANTS
---------------------------------x

      CONTINUED DEPOSITION of JOHN DALEY, a witness called on behalf of the Plaintiff, pursuant to the provisions of the Federal Rules of Civil Procedure, before Nancy M. Walsh, Certified Shorthand Reporter (#118593)/ Registered Professional Reporter and Notary Public in and for the Commonwealth of Massachusetts, at the law office of Tommasino & Tommasino, Two Center Plaza, Boston, Massachusetts  02108, on Wednesday, February 21, 2007, commencing at 1:06 p.m.

NANCY M. WALSH
COURT REPORTING SERVICES
131 CRANE STREET
DEDHAM, MASSACHUSETTS  02026
TELEPHONE (781) 326-5062
FAX (781) 326-5072

```
 1  APPEARANCES:

 2       Michael W. Reilly, Esquire
         Tommasino & Tommasino
 3       Two Center Plaza
         Boston, Massachusetts  02108
 4       and
         Rosemary Curran Scapicchio, Esquire
 5       Four Longfellow Place
         Boston, Massachusetts  02114
 6            Attorneys for the Plaintiff

 7
         Mary Jo Harris, Esquire
 8       Morgan, Brown & Joy, LLP
         200 State Street
 9       Boston, Massachusetts  02109-2605
              Attorney for the Defendant, Timothy Callahan
10

11       Hugh R. Curran, Esquire
         Bonner Kiernan Trebach & Crociata, LLP
12       One Liberty Square
         Boston, Massachusetts  02109
13            Attorney for the Defendant, Richard Walsh

14
         John P. Roache, Esquire
15       Roache & Malone, LLP
         66 Long Wharf
16       Boston, Massachusetts  02110
              Attorney for the Defendants,
17            City of Boston and Francis M. Roache

18
         William M. White, Jr., Esquire
19       Davis, Robinson & White, LLP
         One Faneuil Hall Marketplace
20       Boston, Massachusetts  02109
              Attorney for the Defendant,
21            Estate of Paul Murphy

22
         Eve Piemonte Stacey, Esquire
23       Roach & Carpenter, PC
         24 School Street
24       Boston, Massachusetts  02108
              Attorney for John Daley
```

Page 122

1                    I N D E X

2 WITNESS                    CONTINUED DIRECT

3 JOHN DALEY

4   BY MR. REILLY                    123

5

6

7

8
                    E X H I B I T S
9
  No.          Description                    Page
10
  206   Notes of John Daley                    123
11
  207   Notes of John Daley                    123
12

13

14

15

16

17

18

19

20

21

22 ** Original exhibits were retained by the court reporter and
     returned with original transcript.
23

24

1  A   Because legal rulings come all the time, and sometimes
2      you win them and sometimes you lose them. But that
3      didn't change my core beliefs. I still believe that they
4      were right. The Judge saw it as wrong. I'm not sure I
5      agreed with that.
6  Q   Did you think you were in a better position to make a
7      judgement about whether there had been egregious police
8      misconduct than the Judge was?
9              MR. ROACHE:  Objection.
10             MS. STACEY:  Objection.
11 A   My knowledge of what happened in the court was based on
12     what Murphy and Walsh told me -- not told me, but as a
13     result of our conversations. And I believed Murphy and
14     Walsh.
15 Q   And even when the Judge ruled that he did not believe
16     Murphy and Walsh, did you do anything to investigate the
17     basis for the Judge's ruling that way?
18             MR. CURRAN:  Objection.
19 A   I believed Murphy and Walsh.
20 Q   Do you have any idea what was the basis of the Judge's
21     opinion that there had been egregious police misconduct?
22             MR. ROACHE:  Objection.
23             MS. STACEY:  Objection.
24 A   No, I don't.

1  Q   Did you do anything to find out whether maybe there was some evidence that had come up at the hearing that would make you doubt Murphy and Walsh.

4  A   I didn't doubt Murphy and Walsh at all.

5  Q   Did you do anything to find out whether there had been any evidence at the hearing that might lead you to doubt them?

8  A   I'm not quite sure what you said because I couldn't hear it that good.

10 Q   I'll work again at keeping my voice up. I understand that you believed Murphy and Walsh about what happened.

12 A   Correct, I did.

13 Q   When the Judge ruled that --

14 A   Yeah.

15 Q   -- there had been egregious misconduct --

16 A   Yeah.

17 Q   -- and ruled that he did not believe Murphy and Walsh, did you do anything to find out why the Judge came to that opinion?

20         MR. CURRAN:  Objection.

21         MR. ROACHE:  Objection.

22 A   No.

23 Q   Did you ever talk to Deputy Celester about the Tiffany Moore case?

1  A   No.
2  Q   Did Murphy and Walsh tell you that the reason the
3      statements were suppressed was because Deputy Celester
4      didn't pass on the message from the Judge to them?
5              MR. WHITE:  Objection.
6              MR. ROACHE:  Objection.
7              MS. STACEY:  Objection.
8  A   That's the message I got.
9  Q   That's what Murphy and Walsh told you?
10             MR. CURRAN:  Objection.
11             MR. WHITE:  Objection.
12 A   Yes.
13 Q   Do you know whether Celester testified at the Motion to
14     Suppress hearing?
15 A   I don't know.
16 Q   Did you ever ask Celester what his version of what went
17     on was?
18 A   I never did.
19 Q   Did you ever talk to any of the DAs involved in the
20     Tiffany Moore case?
21 A   I may have talked with Fran O'Meara, but I didn't talk
22     with Phil Beauchesne.
23 Q   Do you remember anything Fran O'Meara told you about the
24     case?

# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD )<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIMOTHY CALLAHAN, FRANCIS M. )<br>ROACHE, PAUL MURPHY, RICHARD )<br>WALSH, and THE CITY OF BOSTON, )<br>Defendants. )<br>) | C.A. NO.: 04-11193NG |

### AFFIDAVIT OF RICHARD WALSH
### IN SUPPORT MOTION FOR SUMMARY JUDGMENT

I, Richard Walsh, depose and state:

1. I was assigned to the initial investigation of the Moore homicide, along with Detective Paul Murphy.

2. During our initial investigation from August 19, 1988 until the grand jury, recorded statements were obtained from various witnesses with information relevant to identifying the shooter(s).

3. Additionally, numerous other witnesses were interviewed.

4. Sgt. Detective Timothy Callahan took over the investigation of the Moore homicide in May 1989.

5. I accompanied Sgt. Detective Callahan on a few interviews through a brief transition period. However, after that time, I was no longer involved with the investigation of the Moore homicide.

6. I did not participate in any manner in the trial preparation relative to the prosecution of Shawn Drumgold.

7. On August 29, 1988, I obtained a recorded statement from Shawn Drumgold.

8. At that time, I was not aware that there was an order not to question him.

9. I did not learn of any such order until after the completion of the recorded statement.

10. Prior to Drumgold's criminal trial, I was not aware that Mary Alexander had any health issues.

11. I have not had any contact with Ricky Evans nor have I ever spoken to Evans about the Moore homicide. At no time, was I aware that Ricky Evans was put up in a hotel prior to Drumgold's criminal trial.

12. In 1988 and 1989, I was assigned to the Boston Police Homicide Division, and had red hair, with a red moustache, and wore glasses.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 1ST DAY OF OCTOBER, 2007.**

DATED:   October 1, 2007

*Richard Walsh*
Richard Walsh