UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHAWN DRUMGOLD<br>Plaintiff,<br><br>v.<br><br>TIMOTHY CALLAHAN,<br>FRANCIS M. ROACHE,<br>PAUL MURPHY,<br>RICHARD WALSH, and<br>THE CITY OF BOSTON,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO.: 04-11193NG |

**DEFENDANTS RICHARD WALSH AND TIMOTHY CALLAHAN'S RENEWED MOTION FOR BIFURCATION AND SEPARATE TRIAL**

The Defendants, Richard Walsh ("Walsh") and Timothy Callahan ("Callahan"), submit this Memorandum of Law in support of their renewed motion for bifurcation of the trial in this civil action into phases: (1) the first to be the trial of the Plaintiff, Shawn Drumgold's ("Drumgold") claims against Walsh and against Callahan; (2) the second to be the trial of Drumgold's *Monell* claim against the City of Boston ("City") and his supervisory liability claim against former police commissioner Francis M. Roache ("Roache"); and (3) the third to be the trial on the issue of damages. As grounds, Walsh and Callahan state that bifurcation will achieve the purposes of Rule 42(b), in that bifurcation would prevent prejudice, would reduce the possibility of juror confusion and would promote judicial economy. Moreover, Drumgold will not suffer prejudice as a result of bifurcation. As further grounds, Walsh and Callahan state as follows:

**I.      BACKGROUND**

Pending for trial are three counts pursuant to 42 U.S.C. § 1983: (1) Count I against

Walsh, Callahan and Roache; (2) Count II against Walsh and Callahan; and (3) Count III against the City.[1] Specifically, Drumgold claims that he suffered an unfair trial as a result of conduct by Walsh and/or Callahan with regards to Commonwealth witnesses Tracie Peaks, Mary Alexander, Ricky Evans, Vantrell McPherson and Eric Johnson, as well as purported alibi witnesses Antonio Anthony, Olisa Graham and Gemini Hullum, who did not testify at trial. Drumgold also claims that he suffered an unfair trial as a result of Walsh's conduct in obtaining his recorded statement and in testifying before the grand jury. Finally, Drumgold claims that the City had a long standing policy, custom or practice of tolerating suppression of exculpatory evidence and perjury by failing to investigate and punish officers who withheld exculpatory evidence and provided false testimony and that Roache continued this policy, custom or practice.

## II. ARGUMENT

### A. Applicable Standard

Pursuant to Fed. R. Civ. P. 42(b), "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim … or of any separate issue or of any number of claims … or issues." The determination of whether separate trials are appropriate requires consideration of potential prejudice to the parties, possible juror confusion, convenience and economy. *See Tinch v. City of Dayton*, 77 F.3d 483, 1996 WL 77445, *3 (6th Cir. 1996); *McKellar v. Clark Equip. Co.*, 101 F.R.D. 93, 94 (D. Me. 1984); *see also Ricciuti v. New York City Transit Auth'y*, 796 F. Supp. 84, 86 (S.D. N.Y. 1992) ("bifurcation requires the presence of only one of these conditions"). Consequently, the decision to order separate trials depends on the particular facts of the case. *See id.* Separate trials are appropriate where litigation of the first issue may eliminate the need to

---

[1] On or about January 4, 2008, this Court entered summary judgment on all counts as to Murphy and as to Count IV in its entirety.

2

litigate the second issue and/or where one party will be prejudiced by evidence presented against another party. *See Amato v. City of Saratoga Springs, New York*, 170 F.3d 311, (2d Cir. 1999). Moreover, "[e]nsuring a fair trial must take precedence over economy and convenience." *See Payton v. Abbot Labs*, 83 F.R.D. 382, 394 (D. Mass. 1979).

>    B.    **The interests of judicial economy and potential prejudice to Walsh necessitate bifurcation and separate trial of Drumgold's claims against Walsh and Callahan from Drumgold's claims against the City and Roache.**

First, judicial economy weighs heavily in favor of bifurcation and separate trial of Drumgold's claims against the municipal defendants as there will be no need to try these claims if a jury finds that neither Walsh nor Callahan caused Drumgold to suffer an unfair trial. *See Mitchell v. City of Boston*, 130 F. Supp. 2d 201, 208 (D. Mass. 2001) (noting that court ordered bifurcation of trial, with liability of individual defendants to comprise first phase and liability of City to comprise second). This is because, as a prerequisite to his claims against the municipal defendants, Drumgold must establish that Walsh and/or Callahan engaged in conduct which caused Drumgold to suffer an unfair trial. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *see also Tinch v. City of Dayton*, 1996 WL 77445 at *3 ("A city or state's policies, standing alone, do not give rise to a § 1983 action."); *Busch v. The City of New York*, No. 00 CV 5211, 2002 WL 31051589, *3 (E.D. N.Y. Sept. 9, 2002) (noting that liability as to supervisors who were not present at underlying shooting hinged on a finding of liability against officer who was). The First Circuit has stated:

> Without a finding of a constitutional violation on the part of a municipal employee, there cannot be a finding of section 1983 damages liability on the part of the municipality. *Heller*, 475 U.S. at 798-99, 106 S.Ct. 1571. Thus, a defendant's verdict in a bifurcated trial forecloses any further action against the municipality, resulting in less expense for the litigants, and a lighter burden on the court.

*Wilson v. Town of Mendon*, 295 F.3d 1, 7 (1st Cir. 2002).

As the Court is familiar with the factual allegations in this matter, Walsh omits an extended discussion of the same. It is sufficient to state that Drumgold alleges that Walsh and Callahan used suggestive or otherwise improper police practices and withheld and/or conspired to withhold purportedly exculpatory evidence. Drumgold alleges that these acts violated established constitutional rights, and that they led to his conviction. The evidence on these issues is essentially the direct testimony of the Commonwealth witnesses and purported alibi witnesses who did not testify at trial.

On the other hand, the evidence which Drumgold intends to introduce in support of his municipal and supervisory liability claims is significantly larger in scope, and consequently, will expand the length of trial. Drumgold's claims against the municipal defendants turn upon evidence that the individual defendants were acting in accordance with a policy, custom or practice of the municipality. Moreover, Drumgold's municipal and supervisory liability claims include an alleged failure to train. Such claims require proof far beyond the investigation of the Moore homicide. Consequently, bifurcation and separate trial of Drumgold's claims against Walsh (and Callahan) from Drumgold's municipal and supervisory liability claims against the City and Roache will promote judicial economy. *See Ismail v. Cohen*, 706 F. Supp. 243, 251-252 (S.D. N.Y. 1989) (noting that "[t]he §1983 claim against the City would present different and far more complicated standards of liability and causation for the jury, would greatly expand the length and scope of the trial and would add to the expense of the parties").

Second, bifurcation is necessary to ensure that Walsh and Callahan receive a fair trial as there is a substantial risk of juror confusion and prejudice to Walsh and Callahan in the event that Drumgold's claims against the City and Roache are not tried separately. This is because in an attempt to establish the existence of an unconstitutional policy, custom or practice and failure

to train, it is expected that Drumgold will attempt to introduce evidence involving policies and procedures of the Boston Police Department, as well as the actions of officers other that Walsh and Callahan with regards to matters which are separate and distinct from the Moore homicide.[2] Aside from expanding the scope and time of the trial, such evidence poses the real risk that a jury will make liability determinations as to Walsh and/or Callahan based upon what happened in other investigations. Such evidence is inherently prejudicial to Walsh and Callahan. Consequently, bifurcation of the municipal and supervisory liability claims is appropriate on this ground as well. *See Amato v. City of Saratoga Springs, New York*, 170 F.3d at 316.

       **C.**    **The interest of judicial economy and the risk of prejudice necessitate bifurcation and separate trial on the issues of liability and damages.**

First, the interest of judicial economy favors bifurcation and separate trial on the issue of damages. Indeed, adjudication of hotly contested liability questions could obviate the need for a trial on damages, i.e., there will be no need for the jury to hear, or for the parties to expend costs associated with presenting, lengthy evidence on damages where the issues of liability are adjudicated in favor of defendants. Moreover, due to the complex nature of this case, the damages claim and defenses may vary depending on the jury's findings. For instance, in the event of a plaintiff's verdict based solely on Drumgold's recorded statement, the defendants will argue that Drumgold is entitled to nominal damages at best as the recorded statement did not cause Drumgold to suffer an unfair trial.

Second, due to the nature and complexity of the issues of liability and damages, the substantial risk of prejudice to the defendants and of jury confusion necessitates bifurcation of Drumgold's damages claim. Specifically, presentation of evidence as to Drumgold's alleged damages during the liability phase may cause juror sympathy to unfairly play a role in the

---

[2] Indeed, in support of his *Monell* claim, Drumgold cites to several notorious events in the Boston Police Department and alleges that these events evidence the City's policy, custom or practice.

liability determination. *See CPC Intern., Inc. v. Northbrook Excess & Surplus Ins. Co.*, 144 F.3d 35, 45 (1st Cir. 1998) (noting that under Fed. R. Evid. 403, "unfair prejudice" means an "undue tendency to suggest decisions on an improper basis, commonly, though not necessarily, an emotional one"). Consequently, in this case, bifurcation of the issue of damages is imperative to ensure that the defendants receive a fair trial.

For these reasons, the issue of damages should be tried lastly and only in the event of a jury verdict in favor of plaintiff with respect to his liability claim(s). *See Estate of Gonzalez v. Hickman*, No. 05-00660, 2007 WL 3237635, (C.D. Ca. June 28, 2007) (finding that bifurcation of damages from liability would preserve judicial resources in event trier of fact finds for defendants on issue of liability and prevent undue prejudice). Drumgold will not suffer prejudice in the event of bifurcation as there is little to no overlap in the evidence which he will present on liability, on the one hand, and damages, on the other hand. Moreover, the evidence which Drumgold will offer as to his alleged damages is entirely irrelevant and inadmissible as to the liability issues in this case. *See Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000) (finding that bifurcation of damages was not prejudicial to plaintiff because it only resulted in exclusion of evidence that was not relevant to the issue presented in the first phase of the trial).

**Defendant,**
**RICHARD WALSH,**
By his attorney,

/s/ Hugh R. Curran_____
Hugh R. Curran (BBO# 552623)
Bonner, Kiernan, Trebach & Crociata, LLP
200 Portland Street, Suite 400
Boston, MA 02114
(617) 426-3900
(617) 426-0380 fax

**Defendant,**
**TIMOTHY CALLAHAN,**
By his attorney,

/s/ Mary Jo Harris_____
Mary Jo Harris (BBO# 561484)
Morgan, Brown & Joy
200 State Street, 11th Floor
Boston, MA 02109
(617) 523-666

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 27th day of January, 2008, I electronically filed with within document with the Clerk of the United States District Court for the District of Massachusetts, using the CM/ECF System. The following participants have received notice electronically:

**For Plaintiff Shawn Drumgold,**
Michael W. Reilly, Esq.
Tommassino & Tommasino
Two Center Plaza
Boston, MA 02108-1904

**For Plaintiff Shawn Drumgold,**
Rosemary Curran Scapicchio, Esq.
Four Longfellow Place, Suite 3703
Boston, MA 02114

**For Defendant, City of Boston**
Susan Weise, Esq.
Chief of Litigation
Assistant Corporate Counsel
City of Boston/Law Department
City Hall, Room 615
Boston, MA 02201

**For Defendants City of Boston and Francis M. Roache,**
John P. Roache, Esq.
Hogan, Roache, & Malone
66 Long Wharf
Boston, MA 02110

**For Defendant Timothy Callahan,**
MaryJo Harris, Esq.
Morgan, Brown & Joy
200 State Street, 11th Floor
Boston, MA 02109

**For Defendant Paul Murphy,**
William White, Esq.
One Faneuil Hall Marketplace, 3rd Floor
Boston, MA 02109

/s/ Mary Jo Harris