UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD,<br><br>        Plaintiff<br><br>  v.<br><br>TIMOTHY CALLAHAN,<br>FRANCIS M. ROACHE,<br>PAUL MURPHY, RICHARD WALSH,<br>and THE CITY OF BOSTON,<br><br>        Defendant | C.A. NO.: 04-11193NG |

**DEFENDANTS RICHARD WALSH, TIMOTHY CALLAHAN,
FRANCIS M. ROACHE, AND THE CITY OF BOSTON 'S
MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE
THE MOTION OF THE DISTRICT ATTORNEY FOR A NEW TRIAL
and THE SUPERIOR COURT'S ORDER GRANTING A NEW TRIAL**

      Defendants Richard Walsh, Timothy Callahan, Francis M. Roache and the City of Boston (collectively "the Defendants") move the Court to preclude from the evidence in the trial against them the Motion and Memorandum of Law of the District Attorney for a New Trial, and the subsequent Order of the Superior Court granting that Motion. This Motion seeks exclusion of the documents themselves, as well as the ultimate findings contained therein (specifically, the finding that Plaintiff was denied a fair trial). As grounds therefore, Defendants state as follows:

      The question of whether the Plaintiff received a fair trial is the heart of this case, and a determination on that ultimate issue will be made by the jury at trial based upon their assessment of the credibility of the Plaintiff, the Defendants, and the various witnesses who testify at this trial, along with their assessment of the evidence produced against Plaintiff at the original trial in 1989.

The District Attorney's submission outlines three areas of inquiry focused upon during the Motion for New Trial hearing: (1) recantations of certain trial witnesses, (2) allegedly newly discovered evidence, and (3) allegedly exculpatory, undisclosed evidence. (Exhibit A, Motion and Memorandum of Law). The District Attorney's submission reviews the three separate grounds, offers conclusions about the credibility of witness testimony and conflicts in testimony, and ultimately concludes that Plaintiff did not receive a fair trial. The Superior Court granted the Motion[1]. (Exhibit B, Transcript of Proceedings dated November 6, 2003, hereafter "Order").

These opinions must be excluded from the trial. The opinions are hearsay, to which no exception applies. Further, even if this deficiency was not fatal to any effort to proffer the materials, they are excludable on independent grounds. The probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the likeliness that the opinions could mislead the jury, and thus should be excluded under Fed.R.Evid. Rule 403. Further, the opinions speak to the ultimate legal issue in this case. That determination – whether Plaintiff received a fair trial – is uniquely the province of the jury.

## ARGUMENT

**1.   Expert Testimony As To Principles of Law Is Inadmissible**

The First Circuit has joined seven other circuit courts in concluding that parties may not offer expert testimony on the legal principles at issue at trial. *Nieves-Villanueva, et al., v. Soto-Rivera, et al.*, 133 F.3d 92 (1st Cir. 1997). In *Nieves-Villanueva*, a case involving claims of First Amendment and employment law violations, defendants offered testimony of an expert who

---

[1] Allowing the Defendants' Motion will not prejudice Plaintiff and in fact, exclusion of the materials works to his advantage, as well. The District Attorney's submission concluded that the recanting witnesses lacked all credibility, and the Court, while granting the Motion for New Trial, observed that it was far from an exoneration of Plaintiff:

"…   I want to emphasize that nothing in this ruling in any way should be construed as a specific finding or determination by this Court as to any grounds advanced by the defendant in his motion for a new trial, that includes his allegations of police and prosecutorial misconduct, nor should this ruling in allowing this motion in any way be taken as a finding or determination about this defendant's guilt or innocence in connection with the murder of Tiffany Moore." Ex. B.

testified as to the holdings of various cases of the Supreme Court of Puerto Rico and the First Circuit, and opined as to the lawfulness of the actions taken by the defendant employers.  The First Circuit held that  "[i]n our legal system, purely legal questions and instructions to the jury on the law to be applied to the resolution of the dispute before them is exclusively the domain of the judge. …   The danger is that the jury may think that the "expert" in the particular branch of the law knows more than the judge – surely an impermissible inference in our system of law. *Id*., 133 F.3d at 99.

While the Court conceded that in certain cases, issues may be complex and it may be difficult to separate the line between questions of law and those of fact, the case at bar presented questions that are routinely before the federal courts and did not involve sophisticated or obscure questions such that the trial court required additional assistance (such as cases involving foreign law).  In a footnote, the Court observed that "for similar reasons, the question of whether a legal rule has been clearly established, in the context of a qualified immunity defense to a § 1983 action, is a question decided by the court, and not the jury … the jury's role was only to decide what facts were known to the officer … not whether, in light of those facts, the officer's conduct was reasonable under the applicable legal standard …" *Id*, 133 F.3d 92, 100 at n. 11.

Thus, to the extent that the Plaintiff argues that the opinions of the Assistant District Attorney and the Superior Court are expert conclusions, speaking to the issue of whether Plaintiff was denied a fair trial, those opinions should be excluded because they usurp the authority of this Court to instruct the jury on the law of the case, and because there is no exceptionally complex issue presented that requires expert instruction for this jury beyond that contained in this Court's jury instructions.

## 2. The Opinions Are Excludable Under The Rules Of Evidence As They Do Not Assist The Trier Of Fact

Even if the Court concludes that the District Attorney's submission and the Superior Court's order are admissible as expert reports, the materials should be excluded under Rule 702 since the materials fail to clear the second phase of the test contemplated by the Rule. Federal Rule of Evidence Rule 702 allows the use of expert testimony when "scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." The advisory committee's notes make it clear that when the layman juror would be able to make a common sense determination of the issue without the technical aid of such an expert, the expert testimony should be excluded as superfluous. And while Rule 702 has largely abrogated the bar against expert testimony on ultimate issues, "the absolution of the ultimate issue rule does not lower the bars so as to admit all opinions." Fed.R.Evid. Rule 704, advisory committee's notes. Rules 702 and 403 still provide for the exclusion of evidence "which wastes time," such as "opinions which would merely tell the jury what result to reach." *Id*.

The Supreme Court has make it clear that, when assessing whether proffered expert testimony ought be admitted, where the probative value of the proffered testimony is minimal and in addition, is outweighed by the danger of jury confusion, it ought be excluded. *See Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 595, 113 S.Ct. 2786, 2798 (1993): "Expert evidence can be quite powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 … exercises more control over experts than over lay witnesses."

Here, the memoranda of the Assistant District Attorney and the opinion of the Superior Court present a very real danger that the proferred materials could either confuse the jury or

cause it to substitute those opinions for their own. While both the Assistant District Attorney and the Superior Court took pains to emphasize that their findings did not include conclusions on causation or liability – or indeed, on whether Plaintiff is factually innocent of murder – there is a substantial risk that the jury could perceive itself obliged to merely accept that Plaintiff was denied a fair trial, without regard to determining whether the denial was based upon the misconduct of the Defendants, the unrelated actions of others, or by circumstances beyond the control of any party. This is especially dangerous where the Plaintiff is required, in the context of his Section 1983 claims, to prove that these individual Defendants (and not any other actors or events) intentionally engaged in conduct so egregious as to be shocking to the conscience, <u>and</u> that their actions caused the trial jury to convict the Plaintiff. These factors are essential elements of Plaintiff's case, and were specifically omitted from discussion by both the District Attorney and the Superior Court.

## **CONCLUSION**

For the reasons stated herein, Defendants request that the Court rule *in limine* that the opinions of the Assistant District Attorney and the Superior Court are excluded from the evidence in this case, and may not be the subject of question or comment by Plaintiff at trial.

| **Defendant,** | **Defendant,** |
|---|---|
| **RICHARD WALSH,** | **TIMOTHY CALLAHAN,** |
| By his attorney, | By his attorney, |
| /s/ Hugh R. Curran | /s/ Mary Jo Harris |
| Hugh R. Curran (BBO# 552623) | Mary Jo Harris (BBO# 561484) |
| Bonner, Kiernan, Trebach & Crociata, LLP | Morgan, Brown & Joy LLP |
| 200 Portland Street | 200 State Street |
| Suite 400 | 11th Floor |
| Boston, MA  02114 | Boston, MA  02109 |
| Phone:  (617) 426-3900 | Phone:  (617) 523-6666 |
| Fax:  (617) 426-0380 | Fax:  (617) 367-3125 |

**Defendants,**
**CITY OF BOSTON AND**
**FRANCIS M. ROACHE,**

By their attorney,

/s/ John P. Roache
John P. Roache, Esq. (BBO #421680)
Patrick J. Donnelly, Esq. (BBO #651113)
Roache & Associates P.C.
66 Long Wharf
Boston, MA  02110
Phone:  (617) 367-0330
Fax:  (617) 367-0172

-7-

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that on the 28th day of January, 2008, I electronically filed with within document with the Clerk of the United States District Court for the District of Massachusetts, using the CM/ECF System. The following participants have received notice electronically:

**For Plaintiff Shawn Drumgold,**
Michael W. Reilly, Esq.
Tommassino & Tommasino
Two Center Plaza
Boston, MA  02108-1904

**For Plaintiff Shawn Drumgold,**
Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Suite 3703
Boston, MA  02114

**For Defendant, City of Boston,**
Susan Weise, Esq.
Chief of Litigation
Assistant Corporate Counsel
City of Boston/Law Department
City Hall
Room 615
Boston, MA  02201

**For Defendants City of Boston and Francis M. Roache,**
John P. Roache, Esq.
Patrick J. Donnelly, Esq.
Roache & Associates PC
66 Long Wharf
Boston, MA  02110

**For Defendant Richard Walsh,**
Hugh R. Curran, Esq.
Bonner, Kiernan, Trebach & Crociata, LLP
200 Portland Street
Suite 400
Boston, MA  02114

                                              /s/ Mary Jo Harris