COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                           SUPERIOR COURT DEPARTMENT
                                       OF THE TRIAL COURT
                                       SUCR NO. 071882

* * * * * * * * * * * * * * * * * * * * * * * * *

COMMONWEALTH OF MASSACHUSETTS

   -vs-                                MOTION HEARING

SHAWN DRUMGOLD

* * * * * * * * * * * * * * * * * * * * * * * * *


TRANSCRIPT OF PROCEEDINGS


BEFORE:  ROUSE, J


APPEARANCES:

   DAVID MEIER, Esquire, Assistant District
   Attorney, for the Commonwealth

   ROSEMARY SCAPICCHIO, Esquire, for the Defendant


November 6, 2003
Boston, Massachusetts


Mary M. Wrighton
Official Court Reporter

1       (Whereupon, the proceedings were
2  reconvened at 11:10 o'clock a.m.)
3       THE CLERK: Your Honor, before the
4  Court is the case of Commonwealth versus Shawn
5  Drumgold. It's indictment number 071882. Mr.
6  Drumgold is present in court today with Attorney
7  Scapicchio, Mr. Meier is present for the
8  Commonwealth.
9       The case is here today for a hearing on
10 the Commonwealth's motion to vacate the
11 conviction and grant a new trial.
12      THE COURT: Thank you. Mr. Meier, are
13 you ready to proceed?
14      MR. MEIER: Thank you. If it please
15 the Court, Justice Rouse, Mr. Parsons, Ms.
16 Scapicchio. At about nine thirty p.m. on Friday
17 evening, August 19 of 1988, Darleen Tiffany Moore
18 was shot and killed as she sat atop a mailbox at
19 the intersection of Humboldt Avenue and Homestead
20 Street in the Roxbury section of the City of
21 Boston. On August 19, 1988, Tiffany Moore was
22 twelve years old.
23      The evidence at the time suggested that
24 two or three masked gunmen had fired upon a crowd

of people on that street corner and that three of the bullets had struck and killed Tiffany Moore. About a year later in September of 1989, Your Honor, the defendant, Shawn Drumgold, was tried before a jury of his peers and he was convicted of first degree murder for his role in the murder of Tiffany Moore. As was and as is the Commonwealth's burden, during that trial the Commonwealth proved beyond a reasonable doubt that Mr. Drumgold was guilty. Twelve unanimous jurors agreed.

Rule 30 of the Massachusetts Rules of Criminal Procedure states that a judge may grant a new trial at any time if it appears that justice may not have been done. A motion for a new trial, most respectfully, Judge, is not about guilt or innocence. A motion for a new trial is not about a conviction or an exoneration. A motion for a new trial is about whether or not justice was done, about whether or not the defendant in this case, Shawn Drumgold, received a fair trial. Nothing more, nothing less.

In May of this year I stood before Your Honor in the name of the Commonwealth and asked

this Court, as did Ms. Scapicchio, to conduct an evidentiary hearing on the latest allegations filed with this court regarding the conduct of Mr. Drumgold's trial. I did so on behalf of the Commonwealth, most respectfully, because the Commonwealth thought, given the nature of the allegations, given the history of this case, the most fair, the most expeditious, and the most public manner to scrutinize those allegations and any other related issues in this case was before Your Honor, because, Judge, most respectfully, this is very, very serious business. It is serious for the Court, it is serious for the Commonwealth, it is serious for Mr. Drumgold and his family, it is serious for Tiffany Moore, her father and her four siblings, and perhaps most importantly, most respectfully, Judge, it is serious for the criminal justice system.

In July and August of this year, Your Honor heard testimony during the course of that evidentiary hearing. Some twenty-two witnesses testified and over thirty physical exhibits were introduced before the Court. The defendant's motion, as Your Honor knows, was based on three

1  separate grounds, the alleged recantation of
2  certain trial witnesses, alleged newly discovered
3  evidence, and alleged exculpatory evidence which
4  arguably had not been disclosed to the defendant
5  during the course of his trial.
6      As the Commonwealth sets forth in
7  detail in its filing with Your Honor on Monday
8  afternoon, those allegations were put to the test
9  under the scrutiny of cross examination before
10 Your Honor.  As the Commonwealth suggests in its
11 memorandum in support of its motion to vacate Mr.
12 Drumgold's conviction, there was no merit, the
13 alleged recantations by the various witnesses who
14 testified before Your Honor were not credible.
15 To the extent that any of those witnesses
16 suggested that they were the victims of any law
17 enforcement pressure or coercion, as the
18 Commonwealth states in its memorandum, there was
19 no merit and no credibility to those allegations.
20     To the extent that the Court heard
21 testimony of allegations of newly discovered
22 evidence, as the Commonwealth sets forth in its
23 memorandum, most of that evidence was provided to
24 Mr. Drumgold's attorney during the course of his

1  trial. To the extent that there was arguably
2  newly discovered evidence, that is, medical
3  records and testimony reflecting a medical
4  condition suffered by Mary Alexander, Your Honor
5  has before the Court not only the transcript of
6  that testimony but, perhaps more importantly, two
7  exhibits, medical records from the Carney
8  Hospital and medical records from the Boston
9  Medical Center, both of which are referenced in
10 detail in the Commonwealth's memorandum,
11 reflecting diagnosis and treatment and symptoms
12 suffered by Mary Alexander during the year 1989
13 in the months preceding the trial.
14         To the extent that the defendant's
15 motion for new trial also alleged a third ground,
16 non-disclosure of exculpatory evidence, the
17 evidence before Your Honor, both testimonial and
18 physical exhibits as well, as the Commonwealth
19 sets forth in its memorandum, most of that
20 evidence was, in fact, disclosed to the
21 defendant. On the other hand, as the
22 Commonwealth sets forth in its memorandum and as
23 Your Honor heard, the credible testimony both
24 from witnesses and from Boston Police officers

1   who came before you and testified frankly and
2   forthrightly, was that certain statements were
3   made to Ricky Evans and that certain arrangements
4   were made to Mr. Evans regarding his residence
5   and the payment of his meals for a period of
6   time, however brief, during the course of the
7   trial in 1989.
8        There was significant conflicting
9   testimony about what, if anything, the trial
10   prosecutor and others in the District Attorney's
11   office knew and it is not my job to assess the
12   credibility of that evidence because, as the
13   government states in its memorandum, it is not
14   the circumstances by which those promises and
15   rewards and inducements were not turned over but
16   the very fact that they were not.
17        A lot of questions were asked, most
18   respectfully, Your Honor, and a lot of answers
19   were given during the course of that six-day
20   hearing.  When all is said and done, as the
21   Commonwealth sets forth in greater detail in its
22   memorandum, when the evidence adduced during that
23   hearing is viewed in the context of this entire
24   case and the nature and quality of the evidence

1   at trial, a trial which centered on two or three
2   shooters wearing masks, dressed in nondistinctive
3   clothing without physical evidence, without
4   forensic or scientific evidence, and without any
5   admissions or other incriminating statements from
6   the defendant, when viewed in the context of each
7   of the eighteen items set forth in the
8   Commonwealth's Exhibit A to its motion, the
9   Commonwealth respectfully suggests that justice
10  was not done and that, in fact, Mr. Drumgold did
11  not receive a fair trial in 1989.
12          For that reason, most respectfully, I
13  again stand before Your Honor in the name of the
14  Commonwealth and I ask this Court to vacate the
15  defendant's conviction and to grant him a new
16  trial.  I suggest, most respectfully, that based
17  upon the facts and based on the evidence, justice
18  compels as much.
19          I have one further word for the Court,
20  if I might, Your Honor.  Earlier this week I had
21  the opportunity to spend some time with Tiffany
22  Moore's father.  He is a proud man, a man of
23  dignity.  He understands the reasons why the
24  Commonwealth has come to this conclusion and the

1  reasons why I stand before Your Honor today
2  asking the Court to take this most extraordinary
3  action.  He feels no anger towards the defendant,
4  Shawn Drumgold.  In fact, Tiffany Moore's father
5  wishes, he very much hopes that, to the extent
6  the Court grants the Commonwealth's motion, that
7  if, indeed, Mr. Drumgold walks out of this
8  courtroom today, that he can make something of
9  his life and become a productive member of
10 society, but, more importantly, Tiffany Moore's
11 father wants the Court to know and wants Shawn
12 Drumgold to know that, as Shawn Drumgold walks
13 out of the courtroom a free man and has the
14 blessings and the milestones of graduation,
15 marriage, children with his teenage daughter,
16 that Tiffany Moore's father does not have them.
17        Most respectfully, Your Honor, the
18 Commonwealth, based on the facts and the law,
19 makes no apologies to Shawn Drumgold.  Based upon
20 the facts and the law, that is not the
21 Commonwealth's role and that is not the
22 Commonwealth's purpose in being before Your Honor
23 today.  That he did not receive a fair trial is
24 true.  Nothing more, nothing less.  That Shawn

1  Drumgold was one of the persons responsible for
2  the murder of Tiffany Moore some fifteen years
3  ago, the Commonwealth may never know, but Shawn
4  Drumgold will forever know.
5       The Commonwealth, Judge, does apologize
6  to Tiffany Moore, to her father and to her four
7  siblings, to her older brother and to her older
8  sister, to her younger brother and her younger
9  sister, because, most respectfully, it is Tiffany
10 Moore and her family that the criminal justice
11 system failed.  Thank you.
12      THE COURT:  Thank you very much, Mr.
13 Meier.  Ms. Scapicchio, do you wish to say
14 anything?
15      MS. SCAPICCHIO:  Judge, while I don't
16 agree with the Commonwealth's assessment of the
17 evidence, I would agree with their conclusions
18 and ask the Court to find that justice wasn't
19 done in this case and grant my motion for a new
20 trial for Shawn Drumgold.
21      THE COURT:  Thank you very much.
22 Before the Court is the Commonwealth's motion to
23 vacate the conviction of Shawn Drumgold and to
24 grant a new trial.  Now, the standard by which

1  the Court is required to evaluate or judge this
2  type of a motion is whether, in its discretion,
3  justice may not have been done.
4        In this third motion for a new trial,
5  the defendant has put forward numerous grounds as
6  to why the Court should grant him a new trial.
7  Those reasons include, as Mr. Meier has stated,
8  the fact that there is newly discovered evidence,
9  that several government witnesses have now
10 recanted their testimony, the fact that the
11 medical condition of -- a key witness had a
12 condition which possibly affected her ability to
13 accurately identify the defendant, and that that
14 was not disclosed at trial, and the failure of
15 the prosecutors to disclose various exculpatory
16 evidence.
17       After the defendant filed this motion,
18 both the Commonwealth and the defendant requested
19 that this Court conduct an evidentiary hearing.
20 I did so.  We had extensive hearings and there
21 was a full airing of all the issues in this case.
22 At this time, after everyone has had the
23 opportunity to consider the evidence adduced at
24 those hearings, the Commonwealth has now come

```
 1  forward to join the defendant in his request.
 2          I have considered the entire course of
 3  this case beginning with the investigation which
 4  began immediately after the murder of Tiffany
 5  Moore back on August 19 of 1988, the grand jury
 6  proceedings, the transcripts of the trial, as
 7  well as the evidence presented at the hearings,
 8  evidentiary hearings on the defendant's motion
 9  for a new trial, and there is only one conclusion
10  that can be reached on the totality of this
11  record and that is that justice was not done and
12  that this defendant was denied some of his
13  constitutional rights to which he was entitled.
14  One of those very important rights was the right
15  to a fair trial.
16          So, therefore, I am allowing the
17  Commonwealth's motion to vacate the conviction
18  and to grant a new trial.  I want to emphasize
19  that nothing in this ruling in any way should be
20  construed as a specific finding or determination
21  by this Court as to any grounds advanced by the
22  defendant in his motion for a new trial, that
23  includes his allegations of police and
24  prosecutorial misconduct, nor should this ruling
```

1  in allowing this motion in any way be taken as
2  any finding or determination about this
3  defendant's guilt or innocence in connection with
4  the murder of Tiffany Moore. What this ruling
5  does reflect is that the Court agrees with both
6  the Commonwealth and the defendant that the
7  system in this case failed to afford Mr. Drumgold
8  all the rights to which he was entitled, and that
9  justice, therefore, was not done.
10         I want to commend both the District
11 Attorney and the defense counsel for the
12 constructive roles they have played in resolving
13 this matter. From the outset of the filing of
14 this motion, the Commonwealth's conduct as well
15 as the defense has been both professional and has
16 been in accord with the interests of justice.
17 There has been cooperation between the District
18 Attorney's office and the defense counsel so that
19 this Court could consider fully all of the issues
20 raised in the motion, and for that, I commend the
21 conduct of both the Commonwealth and the defense
22 counsel.
23         I want to say, for both Mr. Drumgold
24 and for Tiffany Moore's family, that both in

1  their respective ways have paid the price for the
2  failing of the system in this case, but it is
3  this very system which has worked, albeit many
4  years later, to correct this injustice. And to
5  Mr. Drumgold, I want to say you have had the
6  support and assistance of many people, your
7  family, friends, persons in the legal community
8  as well as others, and I hope, sir, that you, as
9  you go forward, can make something positive out
10 of this and that you will lead a productive and
11 successful life. Thank you very much.
12         And for Tiffany Moore's family, I want
13 to say that, again, the system apologizes for its
14 failings in this case and I hope that you
15 understand and recognize, however, that the
16 system must work to correct the injustice which
17 has been done to Mr. Drumgold. Thank you very
18 much.
19         MR. MEIER: Thank you, Your Honor.
20         THE CLERK: Your Honor, Mr. Meier, does
21 the Commonwealth have any filing for the Court?
22         MR. MEIER: Your Honor, on behalf of
23 the Commonwealth, the Court having vacated Mr.
24 Drumgold's conviction and granted Mr. Drumgold a

1  new trial in this matter, with the indictment now
2  before you, the Commonwealth respectfully files a
3  legal document entitled a nolle prosequi in
4  accordance with the rules of criminal procedure
5  which states that in the interests of justice and
6  in order to bring some sense of finality to these
7  proceedings, it will not prosecute indictment
8  number 1988-071882 any further, and I hand that
9  to your clerk.
10             THE COURT:  Thank you, Mr. Meier.
11             THE CLERK:  May the defendant be
12 discharged as to this indictment?
13             THE COURT:  He may.
14             THE CLERK:  Shawn Drumgold, the Court
15 having vacated your conviction as to indictment
16 number 071882, and the Commonwealth having filed
17 a nolle prosequi, the Court would now order that
18 you be discharged as to this indictment and that
19 you go without day unless you are held on some
20 other bail.
21             (Whereupon, the proceedings were
22 concluded at 11:26 o'clock a.m.)
23
24             C E R T I F I C A T E

```
                    C E R T I F I C A T E


     I, Mary M. Wrighton, do hereby certify

that the foregoing transcript, pages 1 through

16, is a complete, accurate and true record of my

stenographic notes as taken by me in the

aforementioned matter to the best of my skill and

ability.




                        _____
                              Mary M. Wrighton
```