UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHAWN DRUMGOLD,<br>    Plaintiff<br><br>v.<br><br>TIMOTHY CALLAHAN, FRANCIS<br>M. ROACHE, RICHARD WALSH and<br>THE CITY OF BOSTON,<br>    Defendants | 04-CV-11193-NG |

### DEFENDANTS' FRANCIS M. ROACHE AND THE CITY OF BOSTON MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE THE USE OF COURT OPINIONS TO DEMONSTRATE INSTANCES OF PAST POLICE MISCONDUCT

Defendants the City of Boston and Francis M. Roache move the Court to *in limine* preclude from the evidence in the trial against them the opinions of the Massachusetts Supreme Judicial Court in Commonwealth v. Lewin, 405 Mass. 566, 542 N.E.2d 275 (1989) and Commonwealth v. Salman, 387 Mass. 160, 439 N.E.2d 245 (1982) and those opinions of the Suffolk Superior Court in Commonwealth v. Tarahn Harris, Findings of Fact and Rulings of Law on Defendant's Motion to Dismiss by J. Borenstein, dated June 17, 1994 and Commonwealth v. Christopher Harding, Memorandum and Order on Defendant's Motion for New Trial by J. Volterra, dated December 22, 1997.  This motion seeks the exclusion of the documents themselves, as well as the ultimate findings contained therein.  As grounds therefore, the Defendants state as follows:

The Plaintiff has alleged in his complaint and in his submissions in opposition to defendants motion for summary judgment that the City of Boston had a custom, policy or practice of failing to train and supervise officers and discipline officers for misconduct.   In his

opposition to defendants' motions for summary judgment, the Plaintiff relied upon the opinions of the Superior Court and the Supreme Judicial Court in support of his claims against the City of Boston and Roache.  (See Plaintiff's Statement of Material Facts, ¶ 80 (a) and (b); Plaintiff's Exhibits 44 and 45.)

These opinions must be excluded from the trial.  The opinions are hearsay, to which no exception applies.  Further, even if this deficiency were not fatal to any effort to proffer the materials, they are excludable on independent grounds.  The probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the likelihood that the opinions could mislead the jury, and the opinions speak to the ultimate legal issues in this case.  That determination – whether the City of Boston had a custom, policy or practice of failing to train and supervise officers and discipline them for misconduct – is uniquely the province of the jury in this case.

## ARGUMENT

**1.      Expert Testimony As To Principles Is Inadmissible.**

The First Circuit has joined seven other circuit courts in concluding that parties may not offer expert testimony on the legal principles at issue at trial.  <u>Nieves-Villanueva, et al. v. Soto-Rivera, et al.</u>, 133 F.3d 92 (1st Cir. 1997).  In <u>Nieves-Villanueva</u>, a case involving claims of First Amendment and employment law violations, defendants offered testimony of an expert who testified as to the holdings of various cases of the Supreme Court of Puerto Rico and the First Circuit, and opined as to the lawfulness of the actions taken by the defendant employers.  The First Circuit held that "[i]n our legal system, purely legal questions and instructions to the jury on the law to be applied to the resolution of the dispute before them is exclusively the domain of the judge...The danger is that the jury may think that the 'expert' in the particular branch of the

law knows more than the judge – surely an impermissible inference in our system of law." <u>Id.</u>, 133 F.3d at 99.

While the Court conceded that in certain cases, issues may be complex and it may be difficult to separate the line between questions of law and those of fact, the case at bar presented question that are routinely before the federal courts and did not involve sophisticated or obscure questions such that the trial court required additional assistance (such as cases involving foreign law). In a footnote, the Court observed that "for similar reasons, the question of whether a legal rule has been clearly established, in the context of a qualified immunity defense to a § 1983 action, is a question decided by the court, and not the jury...the jury's role was only to decide what facts were known to the officer...not whether, in light of those facts, the officer's conduct was reasonable under the applicable legal standard..." <u>Id.</u>, 133 F.3d 92, 1.. at n. 11.

Thus, to the extent that the Plaintiff argues that the opinions fo the Supreme Judicial Court and the Superior Court are expert conclusions, speaking to the issue of whether police misconduct had occurred, those opinions should be excluded because they usurp the authority of this Court to instruct the jury on the law of the case, and because there is no exceptionally complex issue presented that requires expert instruction for this jury beyond that contained in this Court's jury instructions.

**2.      The Opinions Are Excludable Under The Rules Of Evidence As They Do Not Assist The Trier Of Fact.**

Even if the Court were to conclude that the Supreme Judicial Court and the Superior Courts' opinions are admissible as expert records, the materials should be excluded under Federal Rule of Evidence 702 as the materials fail to clear the second phase of the test contemplated by the Rule. Rule 702 allows the use of expert testimony when "scientific,

3

technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." FRE, Rule 702. The advisory committee's notes make it clear that when the layman juror would be able to make a common sense determination of the issue without the technical aid of such an expert, the expert testimony should be excluded as superfluous. And while Rule 702 has largely abrogated the bar against expert testimony on ultimate issues, "the absolution of the ultimate issue rule does not lower the bars so as to admit all opinions." FRE, Rule 704, advisory committee notes. Rules 702 and 403 still provide for the exclusion of evidence "which wastes time," such as "opinions which would merely tell the jury what result to reach." Id.

The Supreme Court has made it clear that, when assessing whether proffered expert testimony ought to be admitted, where the probative value of the proffered testimony is minimal and in addition, is outweighed by the danger of jury confusion, it ought to be excluded. See Daubert v. Merrill Dow Pharm., Inc., 509 U.S. 579, 595, 113 S.Ct. 2786, 2798 (1993): "Expert evidence can be quite powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge weighing possible prejudice against probative force under Rule 403...exercises more control over experts than over lay witnesses."

Here, the opinions of the Supreme Judicial Court and the Superior Court present a very real danger that the proffered materials could either confuse the jury or cause it to substitute those opinions for their own. The cases which it is believed the Plaintiff intends to submit as evidence do not pertain to either the Plaintiff or the Defendant officers in the case at bar. Furthermore, while both the Supreme Judicial Court and the Superior Court rendered findings of the existence of alleged police misconduct of Boston Police Department officers, there is a substantial risk that the jury could perceive itself obliged to reach conclusions that are congruous

4

with those offered in the court opinions. This is especially dangerous where the Plaintiff is required, in the context of his Section 1983 claims against the City of Boston and Francis M. Roache, to prove that these Defendants had a custom, policy or practice of failing to train, supervise and discipline officers. The Plaintiff should not be allowed to circumvent proving the existence of a custom, policy or practice to violate citizens constitutional rights, including those specifically of the Plaintiff, by offering court opinions from other cases instead of admissible testimony by percipient witnesses, admissible statistical data and other documentary evidence.

3. **Though the Opinions Constitute Hearsay, They Can Not Be Admitted Into Evidence Other Than For The Limited Purpose Of Demonstrating Notice To The City.**

In the alternative, if this Court was to conclude that the opinions of the Supreme Judicial Court and the Superior Court are admissible, the Court must properly limit the admissibility of those opinions for the sole purpose of notice to the City of Boston that those allegations of misconduct had been made and not for the purpose of establishing the truth of those allegations.

In the case of Carter, et al. v. District of Columbia, et al., 795 F.2d 116 (1986), the Court of Appeals for the District of Columbia Circuit dealt with a set of circumstances in a § 1983 action against the District of Columbia and various officers of the Metropolitan Police Department ("MPD") that is analogous to the case at bar. In Carter, the plaintiffs brought suit against certain officers of the MPD and the District for failure to adequately train, supervise, investigate, and discipline police officers and in doing so, establishing a municipal custom or policy tolerating or acquiescing in the grave misconduct allegedly experienced by the plaintiffs. Id., 795 F.2d at 121. It appears that the trial proceeded without bifurcation of the claims against the officers and the District. In support of their *Monell* claim, the plaintiffs in Carter sought to demonstrate: 1) pervasive similar misconduct such that it would not have persisted without the

5

city's tacit approval; 2) the unfamiliarity of top police officials with allegations of officer misconduct indicating deliberate indifference to the constitutional rights of citizens who encountered police officers in the District; and 3) the inadequate response of the District to complaints of police misconduct, which would have signaled to police officers that their misconduct would not be treated by the District as a matter of conern.  <u>Id.</u>, 795 F.2d 116, 122.

     At trial the plaintiffs offered amongst other things "bare complaints, pleadings, and press clippings, unsubstantiated by testimony, concerning the alleged incidents of the use of excessive force by police officers."  <u>Id.</u>, 795 F.2d 116, 123.  In their opinion, Judges Ginsberg and Bork, citing the district court's ruling that "these hearsay items could show no more than notice to the city that the allegations had been made...The items were admitted for that limited purposes [sic], and 'not for the purpose of establishing the truth of those [allegations.]'"  <u>Id</u>.  On appeal, the plaintiffs sought to have this material considered in support of their demonstration of pervasive similar misconduct, but the Appeals Court refused to consider this material, deeming it to be merely "alleged occurrences" as opposed to "actual occurrences."  <u>Id</u>.  With regard to "actual occurrences", the Appeals Court reviewed evidence offered by the plaintiffs of 1) testimony from an individual who had been beaten by police officers; 2) the testimony of the D.C. medical examiner regarding his determination that the death of a prisoner resulted from a "choke-hold" administered by police officers; 3) the deaths of seven persons in incidents involving the police in a two month period as acknowledged by the police chief; 4) a fine imposed against one of the defendant officers for striking two people without cause; the reprmimand of a defendant officer for looping a belt around a prisoner's neck and taunting him; and 6) the police chief's admission that a defendant officer had kicked a handcuffed suspect.  <u>Id</u>.  Despite this "catalog of disquieting events", the appeals court held that the plaintiffs in <u>Carter</u> did not sufficiently

6

"demonstrate a pervasive pattern of police officer indulgence in the use of excessive force, persisting in the District because of the MPD's tacit approval."  Id.  The plaintiffs offered no additional details regarding the prisoner deaths and the "remaining occurrences do not coalesce into a discernable policy."[1]  Id.

The Appeals Court in Carter concluded that it was reversible error for the district court to allow plaintiffs' counsel, over the strenuous and repeated objections of defense counsel, to read at length from newspaper articles and unadjudicated complaints involving officers other than the individual defendants and from the defendants own personnel files because it exposed the defendant officers on trial to the danger of unfair prejudice.  Id., 795 F.2d 116, 118.  Believing the prejudice to be avoidable, the Appeals Court held that "the trial court should have restricted counsel to brief factual summaries of the allegations, and concise inquiries of the witness [e.g. the police chief or his lieutenant] on the stand."  Id.

Whether the case at bar is bifurcated as to individual defendant officers versus municipal/ supervisory liability at trial or not, the approach offered by the Appeals Court in Carter is still applicable.  Clearly, the reading into evidence at trial of any portion of the opinions at issue here would be prejudicial towards Defendants Callahan and Walsh even though such opinions pertain to other officers.  Furthermore, without regard to the bifurcation of the trial of this case, the offering into evidence the entire opinions or reading any portions thereof would be equally prejudicial against the City of Boston and Roache.  These opinions are not actual adjudications of police misconduct, but findings of allegations of misconduct substantial enough to warrant either

---

[1] It should be noted that with regard to the evidence of "actual occurrences" of police misconduct in Carter, the Appeals Court opined, "If the evidence plaintiffs presented here were adequate to make out a § 1983 case, then practically every large metropolitan police force, it would seem, could be targeted for such liability." Carter, 795 F.2d at 123.

the exclusion of evidence or the dismissal of indictments against the subject criminal defendants. These opinions are not the result of investigations into allegations of misconduct of the officers named in those cases. If any mention is to be made of the allegations in these cases as part of the Plaintiff's case against the City of Boston and Roache, the Plaintiff must only be allowed to make reference to these allegations by way of "brief factual summaries of the allegations, which omit most of the color, to be read to the witnesses and by limiting questions to concise inquiries." Id., 795 F.2d 116, 128

The Plaintiff in the case at bar must be precluded from demonstrating at trial pervasive similar misconduct by showing only "alleged occurrences" as opposed to "actual occurrences" as described in Carter. The Plaintiff can not substitute opinions of the Supreme Judicial Court and the Superior Court where allegations of police misconduct arose over presenting admissible evidence at trial that substantially and factually supports the allegations made in his complaint.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Defendants request that the Court rule in limine that the opinions of the Supreme Judicial Court and the Superior Court cited above, any any other similar opinions, are excluded from the evidence of this case, and may not be the subject of question or comment by Plaintiff at trial.

    Respectfully submitted,
    By Defendants City of Boston and
    Francis M. Roache
    Through their attorneys,

    /s/ John P. Roache
    John P. Roache (BBO# 421680)
    Patrick J. Donnelly (BBO# 651113)
    Roache & Associates, P.C.
    66 Long Wharf
    Boston, Massachusetts 02110

Date:   January 28, 2008    Tel.: (617) 367-0330

## CERTIFICATE OF SERVICE

    I, John P. Roache, hereby certify that on January 28, 2008, I served a copy of the above upon counsel of record by filing with the ECF/Pacer Case Management System.

                                                /s/ John P. Roache_____
                                                John P. Roache