UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                        )
SHAWN DRUMGOLD,                          )
          Plaintiff                                   )
                                                        )
v.                                                       )
                                                        )          04-CV-11193-NG
TIMOTHY CALLAHAN, FRANCIS        )
M. ROACHE, RICHARD WALSH and   )
 THE CITY OF BOSTON,                      )
          Defendants                             )
_____)

### DEFENDANTS' FRANCIS M. ROACHE AND THE CITY OF BOSTON MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE THE DIARY OF JOHN DALEY

Defendants the City of Boston and Francis M. Roache move the Court to preclude *in limine* from the evidence in the trial against them the diary of John Daley.  This motion seeks the exclusion of the document itself, as well as any portion thereof being read into evidence.  As grounds therefore, the Defendants state as follows:

The Plaintiff has alleged in his complaint and in his submissions in opposition to defendants motion for summary judgment that the City of Boston had a custom, policy or practice of failing to train and supervise officers and discipline officers for misconduct.    In his opposition to defendants' motions for summary judgment, the Plaintiff relied upon out of court statements recorded by John Daley made in Daley's personal diary in support of his claims against the City of Boston and Roache.  (See Plaintiff's Statement of Material Facts, ¶¶ 82 - 84; Plaintiff's Exhibits 47 and 48.)  It is anticipated that the Plaintiff at trial will attempt to introduce Daley's diary or portions thereof into evidence for the truth of the statements made therein.

The diary must be excluded from the trial as it contains statements which are hearsay and contain multiple levels of hearsay, to which no exception applies.  Further, many of the statements are not relevant to the presentation of the Plaintiff's case and should be excluded.  Other statements are such that their probative value as evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the likelihood that the opinions could mislead the jury.

## ARGUMENT

**1.    Introduction**

Daley's diary which was disclosed to the parties under a protective order covers the period of time during which he was assigned as the commander of the Homicide Unit of the Boston Police Department.  This is his own personal diary, and as such, it was not a record kept in accordance with any requirement by the City of Boston or the Boston Police Department.  The diary in no way reflects any custom, policy or practice authorized or adopted by the Boston Police Department.  This diary spans well over one hundred pages consisting of several general categories of statements.  Among these are: 1) statements pertaining to the investigation of the murder of Tiffany Moore and the legal proceedings against the Plaintiff; 2) statements pertaining to individual defendant officers; 3) statements pertaining to Daley's supervision of the Homicide Unit and affairs of the Boston Police Department; and 4) statements pertaining to criminal investigations, deaths and/or crimes that came to Daley's attention.

Daley's diary is not a trustworthy source of information.  His own deposition testimony is supportive of this point.  For example, Daley testified that "I revised it so many times that the dates sometimes become wildly inaccurate."  (Daley Deposition, Vol. II, p. 106, lines 14-15.) Daley also testified: "I rewrote the notes again in – the whole thing in maybe 1995 and I rewrote

it from these and other notes I have." (Daley Deposition, Vol. II, p. 107, line 12-14.) Furthermore, it has previously been represented by counsel for Daley during the discovery phase of this action that the aforementioned revisions were made with the intent of someday adapting them to be published as a work of fiction. The vast majority of the statements do not indicate how Daley came into possession of the information he relates in the statements, thus further putting into question the veracity of the information he is recording.

**2.**    **The Statements In the Diary Are Not Admissible**

The general categories of statements in Daley's diary consist of the following: 1) statements pertaining to the investigation of the murder of Tiffany Moore and the legal proceedings against the Plaintiff; 2) statements pertaining to individual defendant officers; 3) his supervision of the Homicide Unit and affairs of the Boston Police Department; and 4) statements pertaining to criminal investigations, deaths and/or crimes that came to Daley's attention. All of these statements should be excluded on at least one of several grounds.

The first is hearsay. Many of these statements contain information which by all appearances were obtained through hearsay to which no exception applies and should be excluded pursuant to Federal Rules of Evidence 802 and/or 805. (See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 505 F.Supp. 1190 (E.D.Pa. 1980), affirmed in part, reversed in part on other grounds 723 F.2d 238, certiorari granted in part 105 S.Ct. 1863, 471 U.S. 1002, 85 L.Ed.2d 157, reversed on other grounds: Federal Rule of Evidence 805 excluded admission of vast portions of diary which contained multiple hearsay not subject to any exception to hearsay rule, and thus diary was inadmissible because deletion of internal hearsay would result in excision of such significant portions that the diary as a whole would become so fragmented as not to give fair representation of anything.) As is true in the vast majority of the statements

3

contained in his diary, it is not clear how or from what source(s) he obtained the material about which he is writing.

The second is relevance. Federal Rule of Evidence 402 states in part, "Evidence which is not relevant is not admissible." The vast majority of the statements contained in Daley's diary do not pertain in any way to either: a) the investigation of the murder of Tiffany Moore; b) the criminal proceedings against the Plaintiff; or c) Daley's supervision of the Homicide Unit.

The third ground for exclusion is the danger of unfair prejudice, confusion of the issues, or misleading the jury. Federal Rule of Evidence 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." As the document at issue was Daley's own personal diary, it can be reasonably inferred that he felt free to express any opinions that he might have entertained at any point in time.

One glaring example is highlighted by the Plaintiff's attempt to make a case for the existence of racial animus or bias held by the Boston Police Department based upon some statements made by Daley in his diary in conjunction with several cases cited by the Plaintiff where African-American defendants' convictions were overturned. (See Plaintiff's Memorandum in Opposition to the City of Boston and Francis M. Roache's Motion for Summary Judgment, pp. 22-25.) The Defendants deny that Daley's statements indicate any racial bias or animus. The Defendants further object to the relevance of this material as the Plaintiff's cause of action against the City of Boston pertains to whether it had a custom, policy or practice of failing to train and supervise officers and discipline officers for misconduct. The Plaintiff's efforts to inject the issue of race is nothing less that an attempt to confuse the jury as

to the real issues that will be before them and prejudice the opinion of jury with regard to the City of Boston, the defendant officers, and the Boston Police Department based solely on the off-duty private reflections of one officer.

For these reasons, the Plaintiff should be precluded from admitting any evidence or making any reference to the diary of John Daley.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the Defendants, the City of Boston and Francis M. Roache, request that this Court grant their Motion in Limine to Exclude the Diary of John Daley during Trial as indicated herein.  Defendants request any further relief deemed fair and just.

Respectfully submitted,
By Defendants City of Boston and
Francis M. Roache
Through their attorneys,

_/s/ John P. Roache_____
John P. Roache (BBO# 421680)
Patrick J. Donnelly (BBO# 651113)
Roache & Associates, P.C.
66 Long Wharf
Boston, Massachusetts 02110
Date:   January 28, 2008          Tel.:    (617) 367-0330

## CERTIFICATE OF SERVICE

I, John P. Roache, hereby certify that on January 28, 2008, I served a copy of the above upon counsel of record by filing with the ECF/Pacer Case Management System.

/s/ John P. Roache_____
John P. Roache