UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD, )<br>    Plaintiff )<br> )<br>v )<br> )<br>TIMOTHY CALLAHAN, ET AL. )<br>    Defendant(s) )<br> ) | | C.A. NO. 04-11193NG |

### MOTION IN LIMINE RE: DOCTOR KIRK R. DAFFNER

Now comes the Plaintiff and moves this Court to exclude the testimony of Dr. Kirk R. Daffner. In support thereof, the Plaintiff says the following:

1. Mary Alexander testified at the criminal trial in the underlying case on October 3, 1989 concerning her observations on August 19, 1988.

2. Dr. Daffner, at some point in 2007, eighteen years after the trial, reviewed certain medical records, Alexander's trial testimony, and deposition transcripts and affidavits. Based upon review of those records, he claims to have formed an opinion to reasonable medical certainty that Alexander did not have any ongoing cognitive problems between August 19, 1988 and October 3, 1989 and that she did not have any impairments that would be obvious to people interacting with her during those dates. (A copy of the report is attached hereto as Ex 1.)

3. The opinions of Dr. Daffner are not based upon any "scientific, technical or other specialized knowledge" as required by Rule 702, but instead are based upon his

       analysis of the credibility and weight which he gives to Ms. Alexander's trial testimony and to the deposition testimony of the witnesses. The opinion is not based upon any medical expertise but is rather based upon his evaluation of various testimony, which is a fact finding function which must be left to the jury.

4. Dr. Daffner's methodology does not meet any of the criteria established in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S.Ct. 2786, 125 L.E.2d. 469 (1993). There is no testing which can or has confirmed a retroactive neurological evaluation based upon review of trial testimony and deposition testimony. There is no peer reviewed process for such retroactive neurological analysis. There is no basis for determining the error rate of such retroactive neurological analysis and there is no standards or controls for this expert's claimed ability to analyze the mental state of a patient eighteen years prior to his opinion when he has never seen the patient and bases his opinion on his evaluation of trial and deposition testimony. Finally, there is no evidence of general acceptance of this type of retroactive neurological analysis concerning the mental state of a patient eighteen years after a trial.

5. This Court has noted that the First Circuit has made it clear "the ultimate purpose of the <u>Daubert</u> inquiry is to determine whether the testimony of the expert would be helpful to the jury in resolving a factual issue". <u>U.S. v. Frabizio</u>, 445 F.Supp.2d. 152, 169. (Citing <u>Hochen v. Bobst Group, Inc., 290 F.3d 446, 452 (1st Cir.2002)</u>) In this case, Dr. Daffner's testimony ultimately boils down to his opinion concerning the best way to evaluate and analyze the testimony of Mary Alexander and the deposition

testimony of various witnesses. Dr. Daffner does not have any particular or specialized expert knowledge which meets the standards of <u>Daubert</u> as to that issue. Dr. Daffner's testimony should be stricken.

Wherefore the Plaintiff moves this Court to

1. Strike the testimony of Dr. Daffner based upon the fact that his report, on its face, does not establish that he will testify concerning a "scientific, technical or other specialized knowledge which will assist the trier of fact to understand the evidence or to determine a fact in issue" pursuant to Fed.R.Evid. 702.

2. Hold a <u>Daubert</u> hearing concerning whether Dr. Daffner's proposed testimony meets the tests set out in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u> (supra) and applied in <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 119 S.Ct. 1167, 143 L.E.2d. 238 (1999) to expert clinical testimony.

Respectfully submitted,

By His Attorneys,

/s/ Michael Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA   02108
617 723 1720

        BBO 415900

        <u>/s/ Rosemary Curran Scapicchio</u>

        Rosemary Curran Scapicchio, Esq.
        Four Longfellow Place
        Boston MA 02114
        617 723 2900
        BBO 558312