UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD, | ) | C.A. NO. 04-11193NG |
|     Plaintiff | ) | |
| | ) | |
| v | ) | |
| | ) | |
| TIMOTHY CALLAHAN, ET AL. | ) | |
|     Defendant(s) | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE
RE: PRIOR BAD ACTS**

Throughout the depositions of the civilian witnesses in this case, the Defendants have spent considerable time cross examining witnesses concerning prior criminal convictions, alleged bad acts, and alleged bad acts of friends or family. Much of the information is not relevant evidence pursuant to Fed.R.Evid. 401. To the extent such evidence is marginally relevant, it should be excluded as unfairly prejudicial pursuant to Fed.R.Evid. 403 and as likely to lead to jury confusion. To the extent the testimony is offered as records of criminal conviction, it is not properly admitted pursuant to Fed.R.Evid. 609(a)(1) and 609(b).

Examples of the potential areas of improper impeachment include, but are not limited to, the following:

**1.    Tracie Peaks**

- Tracie Peaks was cross examined concerning whether the father of her child was involved in drug dealing (Tracie Peaks, Volume I, pages 34-39).

- Tracie Peaks was cross examined concerning her "experimental" use of marijuana which occurred when she was in high school (Tracie Peaks, Volume I, pages 63, 91-92).

2. **Vantrell McPherson**

- Ms. McPherson was cross examined about her use of marijuana when she was 15 or 16 (McPherson, Volume I, page 120) and her use of marijuana in 2006 at the time of her deposition (pages 6-7).

- McPherson was cross examined concerning what she said was an arrest for possession of marijuana in approximately 2000 and 2001 (McPherson, Volume I, page 181-182).

- McPherson was cross examined about her knowledge of whether Gemini Hullum used drugs (McPherson, page 216) and about her knowledge of whether Romero Holliday, Chris Chaney or Mervin Reese were drug dealers (McPherson, page 203).

3. **Gemini Hullum**

- Ms. Hullum was cross examined concerning whether "your father was a pimp" (Hullum, Volume I, page 191).

- Gemini Hullum was cross examined extensively concerning her use of drugs when she was a teenager after the time of the Tiffany Moore murder (Hullum, Volume I, pages 43-44).

- Gemini Hullum was cross examined concerning a charge of assault and battery which was continued without finding in Dorchester in February of 1988 (Hullum, Volume I, page 134)

- Gemini Hullum was cross examined concerning charges of counterfeiting a motor vehicle document in 2002 (Hullum, Volume 1, pages 133-135).

- Gemini Hullum was also cross examined concerning her arrest for shoplifting in Brockton 1994 and charge of disturbing the peace and threats in the Dorchester District Court in October of 2000 (Hullum, Volume I, pages 149-153).

4.    **Rickey Evans**

- Mr. Evans was cross examined concerning his arrest after the Drumgold trial in

December of 1988 for being a disorderly person (Evans, Volume I, pages 195-196), a

charge of receiving stolen property on July 31, 1990 (Evans, Volume I, page 201),

charges for violating compulsory insurance laws and receiving stolen property, operating

without a license, assault and battery, violating a restraining order, all between 1994 and

1996 (Evans, Volume I, page 202), charges of driving after suspension in April of 2002,

and attaching plates on December 31, 2005.

- Rickey Evans was cross examined concerning whether his brothers "ran with gangs" and

   about whether his brothers were incarcerated (Evans, Volume I, pages 47-51).


**Argument**

**I.    Particular Evidence of Prior Criminal Charges is Admissible in This Case.**

The general rule is that other crimes, wrongs, or acts are not admissible to prove the

character of a person or to show action in conformity therewith. (Fed.R.Evid. 404(b)) Evidence

of prior bad acts is admissible pursuant to that Rule "for other purposes, such as proof of motive,

opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident"

and subject to other limitations. In this case, there is some evidence of prior criminal charges

which the Plaintiff agrees would be admissible. For example, the evidence of criminal charges

pending against Rickey Evans prior to his testimony at trial is admissible on the question of

whether Boston Police actions in connection with those charges was disclosed to the defendant.

Evidence concerning a pending shoplifting charge against Olisa Graham at the time of the original criminal trial is relevant in connection with her claim that she was intimidated based on that pending charge.

The testimony of Michelle Payne Short that one of the reasons she did not come forward to exculpate Mr. Drumgold was criminal charges pending against her at the time of Mr. Drumgold's trial would be admissible to rebut any argument by the defense that Ms. Short did not come forward because her testimony was not truthful.

In those limited situations, the exception to the general rule under Rule 404(b) would allow evidence concerning other crimes, wrongs, or acts.

**II.     Evidence of Criminal Charges Not Directly Related to the Facts in This Case Should Not be Admitted.**

As an initial matter, the facts in this case occurred in 1989. Many of the convictions discussed in the depositions were charges resolved prior to February 25, 1998. Evidence offered to impeach as to those criminal convictions should be excluded pursuant to Rule 609(b) which provides:

Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

The Rule further provides that the proponent of any conviction more than ten years old must give sufficient advance written notice of the attempt to use such evidence. No such notice has been provided in this case. Any criminal charges or convictions prior to February 25, 1998 are not admissible by the Defendants for purposes of impeaching the credibility of a witness pursuant to Rule 609.

In general, the policy of Fed.R.Evid. 609(b) is that untimely convictions should not be admitted when "the prejudice that would have resulted by allowing evidence of … past conviction certainly outweighed any conceivable probative value of the information." (Wierstak v. Heffernan, 789 F.2d 968, 972 (1st Cir., 1986)). The rule is appropriately applied in a civil case. (id at 972)

Absent some specification from the Defendants concerning exactly which criminal convictions, if any, they intend to offer for the period from 1998 to the present, Plaintiff cannot address the question of whether those conviction should be excluded pursuant to Fed.R.Evid. 403 because of unfair prejudice, confusion of the issues, or misleading the jury or whether they should be excluded pursuant to Rule 609(a)(1) because the probative value of admitting the

evidence is outweighed by its prejudicial effect to the accused.

It appears that many of the crimes which the Defendants inquired about at depositions do not meet the one year punishment requirement of Rule 609(a)(1), e.g. disorderly person, M.G.L. c. 272 §53 (six months of house correctional jail), first offense possession of marijuana M.G.L. c. 34 §4 (6 months maximum).

It is also entirely unclear from the deposition and from the documents produced by the Commonwealth in discovery which, if any, of the criminal convictions which witnesses were cross examined about actually led to convictions as required by Rule 609(a)(1) as opposed to cases which were continued without a finding.

The Court should order the Defendants to specify exactly which witnesses they intend to impeach by evidence of prior convictions. The Court should give the Plaintiff an opportunity to object pursuant to the criteria of Fed.R.Evid. 403 and Rule 609(a)(1).

### III.    Prior Bad Acts.

As set out above, the Defendants have cross examined many of the lay witnesses concerning alleged criminal acts or their use of illegal drugs at some point during the last 20 years. As is case with criminal convictions, there may be some appropriate circumstances where such evidence would be admissible. For example, Vantrell McPherson testified that on the day of the Tiffany Moore murder, she used illegal drugs. Plaintiff understands the Defendants' argument

that the evidence may be admissible as it bears on Ms. McPherson's ability to recall those events accurately.

The majority of allegations in the various witness' depositions in this case involve questions concerning alleged criminal activity unrelated to the events surrounding the murder of Tiffany Moore or testimony at trial. For example, Tracie Peaks was cross examined concerning her "experimental" use of marijuana over twenty years ago in high school. Gemini Hullum was cross examined concerning alleged shoplifting in 1994 and disturbing the peace in 2000. It appears from the depositions and from counsel's argument before this Court that it is the Defendants' intention to paint all of the civilian witnesses as criminals and drug users in order to suggest to the jury that the witnesses should therefore not be believed. This type of argument is specifically barred by Rule 404 which forbids evidence of person's character for the purpose of proving action in conformity therewith. The evidence also should not be admitted pursuant to Rule 403. Surprenant v. Rivas, 424 F.3d 5, 23 (1st Cir., 2005).

Similarly, evidence elicited at depositions concerning whether a witness' father was a "pimp" or whether a witness' family members were in jail for drug dealing or other crimes is clearly not relevant to any of the issues in this case. Any such evidence offered at trial could only be offered for purposes of attempting to improperly impeach the witness based on the witnesses' family connections. It is clearly impermissible pursuant to Rule 403 and 404.

The Defendants should be ordered to specify which witnesses, if any, they intend to elicit testimony concerning the use of illegal drugs or the commission of crimes, either by the witnesses or the witnesses' family. The Plaintiff should be given the opportunity to object once that showing is made. Absent such showing, the Defendants should be barred from offering evidence suggesting or arguing that any witness had used illegal drugs at any time or committed any other criminal act or any family member or friend committed any such criminal act or used illegal drugs.

Respectfully submitted,

By His Attorneys,

/s/ Michael Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA   02108
617 723 1720
BBO 415900

/s/ Rosemary Curran Scapicchio

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Boston MA 02114
617 723 2900
BBO 558312