UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD,<br>    Plaintiff | ) <br> ) <br> ) | C.A. NO. 04-11193NG |
| v | ) <br> ) | |
| TIMOTHY CALLAHAN, ET AL.<br>    Defendant(s) | ) <br> ) <br> ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE
RE: TESTIMONY OF GATEWOOD WEST CONCERNING WITNESS NOTES**

**Background**

This Motion In Limine raises the same issues discussed in Plaintiff's Memorandum in Opposition to Defendants' Motion for Sanctions or Jury Instructions (Docket No. 122). The exhibits thereto are referred to herein in order to avoid unnecessary duplication of exhibits to this Court.

**I.     There is No Factual Predicate for the Arguments Defendants Wish to Make.**

Defendants have asked the Court to instruct the jury that the jury can find that Gatewood West took relevant and material notes, that those relevant and material notes were delivered to Attorney Rosemary Scapicchio and that Attorney Scapicchio then intentionally destroyed the notes and therefore the jury can infer that those notes would have contained exculpatory evidence. None of the steps in the inferential chain posed by the Defendants are supported by evidence.

There is no reasonable expectation that Mr. West will testify that she took any material notes concerning this case. Her testimony at deposition was that she remembers speaking to two individuals whose names she does not remember (pages 79, 80 and 81). She does not remember the substance of the conversation (page 81). She asked them three or four questions (page 82) about "just basic background information" (page 83) She believed that she wrote the answers down and handed the paper to Attorney Scapicchio (page 83). Her summary of her involvement with the witnesses was "it didn't seem much of a role to me" (page 85) and that she was not even aware that these witnesses had prepared written affidavits (page 121).

There is no good faith basis for assuming the initial premise of the Defendants' argument, that Gatewood West had material or relevant information written down concerning these witnesses. At best, taking Ms. West's testimony at its face, she had two short conversations of three or four questions each with two witnesses concerning basic background information.

Ms. West remembers that she provided handwritten notes of these three or four questions to Ms. Scapicchio. Ms. Scapicchio has no memory of being provided with notes. Ms. Scapicchio is clear that if she were provided with any notes, they were "inconsequential" since Ms. West did not conduct any formal substantive interviews with witnesses. Ms. Scapicchio also is clear that she has no memory of ever having under her custody, care or control any notes written by Gatewood West (Scapicchio Affidavit, ¶¶9, 10). The Defendants are seeking to present to the jury an alleged inconsistency between Ms. West's memory that she provided notes to Ms.

Scapicchio and Ms. Scapicchio's memory that she was not provided with notes. The alleged inconsistency would either require the Plaintiff to respond by having Ms. Scapicchio testify as to her best memory, which is disfavored (Bogosian v. Woloohojian Realty Corp., 323 F.3d. 55 (1st Cir., 2003)) or leave the jury with the incorrect impression that Ms. West's testimony on this tangential issue is undisputed.

The third inference the Defendants wish the jury to accept is that Ms. Scapicchio intentionally destroyed the notes at issue. The Court has before it the affidavit of Ms. Scapicchio specifically denying that allegation. The situation presented to the Court is that, at best, there may be evidence concerning a handwritten sheet of paper written by Ms. West concerning two or three background questions. There is no suggestion from either Ms. West or any of the witnesses, who were extensively deposed by the Defendants, that any information of substance was obtained by Ms. West or any information supplied to Ms. West was, in any way, inconsistent with the witnesses' testimony at the Motion for New Trial or at deposition.

A party is not entitled to an adverse inference instruction unless and until it establishes the potential relevance of the document which was allegedly destroyed. Blinzler v. Marriott Intern., Inc., 81 F.3d. 1148, 1159 (1st Cir., 1996). In this case, all of the witnesses were cross examined extensively at the Motion for New Trial and were cross examined for days at their deposition. There is no basis for any speculation that a passing comment made to a complete stranger just prior to their testifying at the Motion for New Trial would have been, in any way,

inconsistent or relevant to any issue at the trial in this case.

In any case, any entirely speculative and weak inference of that fact would be far outweighed by the prejudicial effect of distracting the jury who should be focused on the events which occurred in 1989 to alleged transactions in 2003 involving current trial counsel.

The Defendants have shown an unfortunate propensity in this case towards attempting to make the issue in this case Plaintiff's counsel Ms. Scapicchio rather than the liability of their clients. This Court should not allow this tangential evidence to distract the jury from the central issue of this case; whether or not the Defendants violated the Plaintiff's civil rights.

Respectfully submitted,

By His Attorneys,

 /s/ Michael Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA   02108
617 723 1720
BBO 415900

/s/ Rosemary Curran Scapicchio

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Boston MA 02114
617 723 2900
BBO 558312