UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD, <br>     Plaintiff | ) <br> ) <br> ) | C.A. NO. 04-11193NG |
| v | ) <br> ) | |
| TIMOTHY CALLAHAN, ET AL. <br>     Defendant(s) | ) <br> ) <br> ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE**
**RE: ALLEGATIONS OF SPOLIATION OF TRIAL NOTES BY STEVEN RAPPAPORT**

**Introduction**

This Motion In Limine raises the same arguments that were raised in the Plaintiff's Memorandum in Opposition to Defendants' Motion for Sanctions or Jury Instructions (Docket No. 122). Rather than needlessly increase the voluminous record in this case, Plaintiff will refer to the exhibits previously submitted to the Court in support of that Motion.

**A.    There is No Good Faith Basis for Alleging that Mr. Rappaport had Trial Notes in His File when He Turned It Over to New Counsel.**

The Defendants cross examined Mr. Rappaport extensively concerning whether or not he had notes, at any point, and whether or not he had notes when he turned the file over to Ms. Scapicchio. The fair summary of Mr. Rappaport's testimony is that he has no definite memory of either having had notes at any point or having notes at the time he turned the file over to Ms. Scapicchio. His testimony includes the following:

- Rappaport would "occasionally" take notes when he met with witnesses in general (Rappaport, page 34).

- Rappaport "sometimes" reduced substantive interviews with witnesses to writings (Rappaport, page 35).

- He did not have a distinct memory as to whether, while he was representing Shawn Drumgold, he reduced to writing the substantive interviews with any witnesses (Rappaport, page 35).

- He did not have a memory of whether he did or did not, but thought he did not keep notes when he talked to Mary Alexander (Rappaport, page 39).

- In general "I just don't have a memory reducing any statements to writing" (Rappaport, page 39).

- He also had no memory of taking any notes in regards to interviews of Tracey Peaks, Mary Alexander or Mr. Simms (Rappaport, page 22) or Christopher Chaney (Rappaport, page 118).

Mr. Rappaport also has no specific memory that when he turned his file over to Ms. Scapicchio there were any notes in the file. He testified that he simply did not have a memory one way the other if there were notes in the file when he turned the file over to Ms. Scapicchio (Rappaport, page 44). When he was asked specifically, his answer was "I just don't remember" (Rappaport, page 46). He testified "I don't have any memory of specifically what I turned over to Ms. Scapicchio, but I thought I had turned over what I had" (Rappaport, page 48). Mr. Rappaport

also testified that he kept homicide files in his office or in the basement of his house, that he had a flood several years ago in his basement and that, although he did not think he lost anything from the Drumgold case, he was unable to say for sure (Rappaport, Volume II, page 326; Rappaport, Volume I, page 7).

Based on all of the above, the Defendants have no good faith basis for alleging that there will be testimony from Mr. Rappaport establishing that, in fact, he had notes of interviews of witnesses and that those notes were turned over or delivered to Attorney Scapicchio. Since there is no good faith basis for the factual predicate of a spoliation argument, the Defendants should not be allowed to argue that they are entitled to an adverse inference of spoliation.

**II.    Any Argument of Spoliation in Connection with Hypothetical Rappaport Notes should be Excluded as Speculative and Remote**

The Defendants wish to argue that if Mr. Rappaport had kept notes and if the notes had contained information somehow damaging to the Plaintiff's case and if Mr. Rappaport turned those hypothetical notes over to Ms. Scapicchio and if Ms. Scapicchio reviewed the hypothetical notes and determined they contained hypothetically damaging information and if she then destroyed those notes, they are entitled to ask the jury to make an adverse inference against the Plaintiff.

The Court, pursuant to Fed.R.Ev. 401 and 403, has the right to limit and exclude unreasonably speculative evidence which does not have any tendency to make the existence of

any material fact more or less possible. The Defendants do not have the right to admit unreasonably speculate evidence. Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 15 (1st Cir., 2001) (fn. 9) (Testimony of a witness that if a product displayed a warning label she would have acted differently, excluded as speculative.) U.S. v. Patrick, 248 F.3d. 11, 22-23 (1st Cir., 2001). (Testimony concerning inferences to be drawn from police notes properly excluded because it is speculative evidence which would shift the jury's focus from the issues in the case.)

The Defendants in this case are attempting to make Ms. Scapicchio the issue at trial rather than the liability of the Defendants. In pursuit of that goal Defendants seek to make an argument of spoliation concerning hypothetical Rappaport notes based on pure speculation. This Court should not allow that tactic.

**III.    Evidence concerning Rappaport's Hypothetical Notes should be Excluded Pursuant to Fed.R.Ev. 403.**

This Court has wide discretion to evaluate evidence pursuant to Rule 403 and to determine whether its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Elgabri v. Lekas, 964 F.2d. 1255, 1261 (1st Cir., 1991). (Evidence which is marginally relevant but would "only confuse the issues which were at the heart of the litigation" was properly excluded.) In this case the Defendants seek to have the jury go down a long inferential chain which is unsupported by evidence which is likely to be admissible at trial. The Court should exercise its authority pursuant to Rule 403 particularly when the Defendants are not likely to establish the facts to support the threshold relevancy for the

chain of inferences proposed. <u>Sailor Inc. F/V v. City of Rockland</u>, 428 F.3d. 348, 355 (1st Cir. 2005).

                    Respectfully submitted,

                    By His Attorneys,

                    <u>/s/ Michael Reilly</u>

                    Michael W. Reilly, Esq.
                    Tommasino & Tommasino
                    Two Center Plaza
                    Boston, MA   02108
                    617 723 1720
                    BBO 415900

                    <u>/s/ Rosemary Curran Scapicchio</u>

                    Rosemary Curran Scapicchio, Esq.
                    Four Longfellow Place
                    Boston MA 02114
                    617 723 2900
                    BBO 558312