UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD, <br>     Plaintiff <br><br> v <br><br> TIMOTHY CALLAHAN, ET AL. <br>     Defendant(s) | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. NO. 04-11193NG |

**MOTION IN LIMINE RE: MADELYNE HAMILTON'S TESTIMONY CONCERNING PLAINTIFF'S RELATIONSHIP WITH RHONDA HAMILTON, MADELYNE HAMILTON AND SHAWN JR. AND RASHAWNA DRUMGOLD**

Now comes the Plaintiff and moves this Court to order the Plaintiff not to argue, introduce evidence or suggest that Madelyne Hamilton will testify as to allegations that Shawn Drumgold was abusive or neglectful towards her daughter Rhonda Hamilton or to testify concerning Shawn Drumgold's relationship with Shawn Jr. and Rashawna, the children he had with Rhonda Hamilton. In support thereof, the Plaintiff says the following:

1. At Ms. Hamilton's deposition the Defendants elicited testimony concerning her allegations that during the six or seven years prior to the time when Tiffany Moore was murdered, the Plaintiff was abusive towards her daughter. Ms. Hamilton claimed that the Plaintiff assaulted her daughter, that she obtained restraining orders against the Plaintiff, and that she moved her daughter to New York to move her from the influence of the Plaintiff. Ms. Hamilton also testified that it was her position that the Plaintiff did not provide for the two children he had with her daughter Rhonda and the Plaintiff was not actively involved in their lives during that period.

2. It is clear that this potential testimony from Ms. Hamilton is deliberately designed to be as inflammatory and prejudicial as possible. Unproven allegations of alleged abuse

occurring over twenty three years ago are inherently unreliable, particularly when the alleged victim of the assault, Rhonda Hamilton, who currently resides in New York and was present at the law offices where Madelyne Hamilton was deposed, is not expected to testify

3. The evidence is not relevant to any issues for trial in this case. It is undisputed that at least three or four years prior to the murder of Tiffany Moore, Rhonda Hamilton was living in New York with the two children. The Plaintiff is making no claims in this case that his wrongful incarceration harmed, damaged or affected his relationship with those two children.

4. The issues discussed above have potential to cause considerable jury confusion. If Madelyne Hamilton is allowed to testify as outlined above, the Plaintiff will deny many of the allegations made by her. In additional there is independent evidence including the court dockets which could be offered to impeach Ms. Hamilton. If the Court allows the evidence to be submitted to the jury, it will result in substantial diversion of the focus on this case from the core factual issues.

5. This Court should exclude the testimony outlined above as not being relevant pursuant to the Fed.R.Evid. 401 and should exclude it because whatever marginal value it has is substantially outweighed by its prejudicial effect pursuant to Rule 403.

Respectfully submitted,

By His Attorneys,

 /s/ Michael Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA   02108
617 723 1720
BBO 415900


/s/ Rosemary Curran Scapicchio

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Boston MA 02114
617 723 2900
BBO 558312