UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHAWN DRUMGOLD,                    )
     Plaintiff                        )
                                      )
         v.                     )        CA NO. 04-11193-NG
                                      )
                                      )
TIMOTHY CALLAHAN, ET AL.          )
     Defendant(s)                     )
                                      )

## MOTION IN LIMINE RE: PLAINTIFF'S ALLEDGED BAD ACTS

I.    **Introduction**

The plaintiff Shawn Drumgold moves this Honorable Court to preclude the defendants from presenting any evidence or arguing any inferences from the evidence of prior bad acts of Shaw Drumgold. Specifically the defendants seek to introduce evidence of Plaintiff's (A) Pre-arrest alleged bad acts; (B) prison disciplinary record; (C) post release alleged bad acts.

This evidence should be excluded from presentation to a jury as it amounts to character evidence and not admissible under Fed R. Civ. P 403, 404(b) and 608.

II.    **Argument**

a.  Evidence of Pre Arrest Alleged Bad Acts of the Plaintiff are Inadmissible as Inappropriate Propensity Evidence

Evidence of prior bad acts cannot be introduced to prove that a civil plaintiff had a propensity to act in a given manner. If such character evidence does not tend to establish character with respect to truthfulness and is not probative with respect to the type of matters permitted under Rule 404 (b), it must be excluded. *Lataille v. Ponte*, 754

F.2d 33 (1st Cir. 1985) (reversible error to admit prison brutality plaintiff's record of

assaults, hostage taking, weapons possession, fire setting and attempted escape).

Admissibility under Rule 404 (b) requires a close analysis of whether the

evidence of other misconduct actually establishes a relevant fact. See, e.g., *Surprenant v.*

*Rivas*, 424 F.3d 5, 23 (1st Cir. 2005) (affirming exclusion of evidence of plaintiff's prior

misconduct and concluding that "Using the *plaintiff's* prior bad act to show that the

*defendant* did not mistakenly or accidentally identify the plaintiff as one of his attackers

is nothing more than a ham-fisted attempt to put lipstick on the propensity pig.")

(emphasis in original). This close analysis cannot be satisfied with respect to evidence

regarding prior bad acts the defendants would seek to elicit from the plaintiff on cross-

examination.

Even where evidence of prior bad acts has some relevance with respect to a

permissible purpose under Rule 404 (b), such evidence should be excluded under Rule

403 where the risk of prejudice outweighs probative value. *Surprenant v. Rivas*, 424 F.3d

at 23; Rule 404 (b) Adv. Com. Notes.

In this case, evidence regarding alleged bad acts by the plaintiff has such marginal

probative value that it is clearly outweighed by the danger of unfair prejudice and

confusion of the issues, and introduction of such evidence will result in a waste of time

and the needless presentation of cumulative evidence.

At the same time, additional evidence that has the effect of attacking the character

and reputations of the plaintiff is clearly prejudicial.  The plaintiff who has been

wrongfully convicted and spent over fifteen years in prison should not have to run a

gauntlet of character assassination to seek justice. The goal of making the plaintiff whole

would be seriously compromised by permitting what would amount to a gratuitous attacks on his character based on alleged events twenty years in the past. The balance between probative value and unfair prejudice in this case tilts decidedly in favor of excluding any further evidence of alleged bad acts.

Similarly, evidence of specific acts of conduct cannot be used to attack the plaintiff's character as a witness unless the Court finds, in its discretion, that the evidence is probative of the witness' character for truthfulness or untruthfulness. Fed.R.Evid. 608(b). See also, Ruffin v. City of Boston, 146 Fed.Appx. 501, 507-508 (2006).

Even if evidence of prior bad acts has some marginal relevance with respect to a permissible purpose under Rule 404(b) or 608(b), such evidence should be filtered through the lens of Fed.R.Evid. 403. If the Court determines that the marginal relevance and probative value of the prior bad acts evidence is outweighed by the prejudicial effect it has on the person against whom it is offered, the Court must exclude it. Fryar v. Curtis, 485 F.3d 179, 184 (1st Cir.2007)(precluding evidence under Fed.R.Evid. 403 that is unduly prejudicial, evidence that would confuse the issues or mislead jurors, and evidence that would require the undue consumption of time).

In this case, any evidence of Drumgold's alleged prior bad acts including his conviction prior to 1988 for drug offenses, have such marginal probative value that it is clearly outweighed by the danger of unfair prejudice and confusion of the issues, and introduction of such evidence will result in a waste of time and the needless presentation of cumulative evidence to the jury. As such, the defendants should be precluded from introducing such evidence.

      B.   Evidence of the Plaintiff's Prison Disciplinary Record Should Be
           Precluded as Improper Prior Bad Act Evidence and Irrelevant

The central issue in this case is whether the Boston Police coerced, intimidated and or coached witnesses into wrongfully implicating Shawn Drumgold in the murder of Tiffany Moore, in violation of his civil rights. Shawn Drumgold spent over fifteen years in prison based on his wrongful conviction, and his conduct during that period of incarceration is wholly irrelevant to the jury's determination of the central issue. That Drumgold allegedly engaged in conduct that led to disciplinary reports and institutional sanctions does not tend to prove any fact of consequence to the determination of the case, as required by Fed.R.Evid. 401 and therefore should be precluded from trial.

Similarly, there is no indication, and the defendants will be able to provide any evidence to substantiate, that the disciplinary reports reflect at all on Drumgold's character for truthfulness or untruthfulness, and therefore the government will fail to meet the requirements of Rule 608(b).

The First Circuit has precluded defendants from introducing a plaintiff inmate's past disciplinary record to prove that he was the first aggressor in a prison brutality action, fearing that the prejudicial effect of such evidence and the risk of encouraging a propensity inference far outweighed any probative value it would have. *Lataille v. Ponte*, 754 F.2d 33 (1st Cir.1985). For these reasons, the defendants should be precluded from introducing any evidence of Drumgold's disciplinary reports accrued during his incarceration.

C.   Evidence of Plaintiff's Alleged Post Release Bad Acts Is Not Admissible

Arrests that do not result in convictions are not admissible under Fed. R. Evid. 702. In Massachusetts District Courts  a resolution of a continuance with out a finding is

not an admission of guilty and as such can not be used as a conviction under Fed. R. Evid. 702. An admission to sufficient facts is not the equivalent of guilty pleas for all purposes, particularly where the admission does not result in a finding of guilt. See e.g. *Wardell v. Director of Division of Employment Security*, 397 Mass, 433 (1986) (admission to sufficient facts does not constitute substantial evidence of guilty in a collateral civil proceeding); *Santos v. Director of the Division of Employment Security*, 398 Mass. 471 (1986 (same).

In addition, evidence of Plaintiff's alleged wrong doing some 20 years after the defendants violated his civil rights is irrelevant and any potential evidentiary value it may have is outweighed by the prejudicial effect such evidence would have on a jury. Fryar v. Curtis, 485 F.3d 179, 184 (1st Cir. 2007).

Here, Plaintiff admitted to sufficient facts in West Roxbury District Court on a drug offense after his release from prison for his wrongful conviction on the murder of Tiffany Moore. The District Court did not find Plaintiff guilty, and agreed to continue his case without a finding for a period of time. Because Plaintiff's continuance without a finding is not an admission or guilt, it should not be admitted under Fed. R. Civ. Proc. 702 as a prior conviction.

III. Conclusion

Evidence of other crimes, wrongs, or acts by Drumgold, including, but not limited to the disciplinary reports accrued during his incarceration and his arrests following his release is irrelevant, highly prejudicial, confusing to the jury, and inadmissible under Fed.R.Evid. 403, 404, 608 and 609 and therefore, the defendants should be precluded from presenting or arguing such evidence.

Respectfully submitted,

By His Attorneys,

/s/ Rosemary Curran Scapicchio

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
37th Floor
Boston, Massachusetts 02114
(617) 263-7400




 /s/   Michael W. Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA   02108
617 723 1720
BBO 415900