UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD,<br>    Plaintiff<br><br>          v<br><br>TIMOTHY CALLAHAN, ET AL.<br>    Defendant(s) | CA NO.  04-11193-NG |

### MOTION IN LIMINE RE: RICKY EVANS' EMPLOYMENT HISTORY

Now comes the Plaintiff and moves this Court to order the Defendants not to introduce any evidence in their case in chief, by way of exhibit or on cross examination that Ricky Evans was fired from his 15 year employment shortly after being served with a subpoena to appear at a deposition. This information is not relevant evidence pursuant to Fed.R.Evid. 401 and will not aid the jury in its determination of whether Evans is a credible witness as it does not go to his veracity or reflect on his ability to be truthful. To the extent such evidence is marginally relevant; it should be excluded as unfairly prejudicial pursuant to Fed.R.Evid. 403 and is likely to lead to jury confusion.

Specifically, defendants may seek to introduce evidence that Evans was fired from his long term employment for attaching a license plate from another employer's car to his car. This evidence is hearsay; is not proper 404(b) and as such is not admissible.

**Argument**

    **I.**    **Evidence of the Circumstance of Evan's Departure from his Job is not Admissible in This Case.**

The general rule is that other crimes, wrongs, or acts are not admissible to prove the character of a person or to show action in conformity therewith. (Fed.R.Evid. 404(b)) Evidence of prior bad acts is admissible pursuant to that Rule "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" and subject to other limitations.  Here, the defendants seek to introduce evidence either through cross examination of Evans or through Evan's employment record, that Evan's was questioned by his employer about a fellow employee's license plate that appeared to be attached to Evan's car.  The defendants hope that such evidence will paint Evan's in a bad light and demonstrate bad character.  In fact, this evidence does not tend to establish character for truthfulness and is not probative with respect to the type of matters permitted under 404(b).  As such, it must be excluded. *Lataille v. Ponte*, 754 F.2d 33 (1st Cir. 1985).  Admissibility under 404(b) requires a close analysis of whether the evidence of other misconduct actually establishes a relevant fact.  See e.g. *Surprenant v. Rivas*, 424 F.3d 5, 23 (1st cir. 2005).

Even where evidence of prior bad acts has some relevance with respect to the permissible purpose under Rule 404(b), such evidence should be excluded under Rule 403 where the risk of prejudice outweighs probative value. *Id* at 23.  In this case, evidence of the circumstances of Evan's departure from his job has no probative value and would unfairly prejudice the plaintiff and confuse the issues.

   II.   The Evidence of the Circumstances of Evan's Departure From His Job is Hearsay and Not Admissible to Show the Truth of the Matter Asserted.

Rule 801 defines hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, that is offered in evidence to prove the truth of the matter asserted.

In this case, entries in Evan's employment record relative to another person's impression of what Evan's did or did not do, is clearly hearsay and must be excluded. *Vazquez v. Lopez-Rosaro*, 134 F.3d 28 (1st Cir. 1998). In addition, any attempts by the defendants to cross examine Evan's about entries in his personal record made by persons the defendants do not intend to call at trial, should also be excluded as hearsay because the questions themselves would assume the truth of the matter asserted; the defendants claim that Evan's was fired from his job. Fed. R. Evid. 801 9( c). As such, the defendants should be precluded from introducing this evidence at trial.

        Respectfully submitted,
        By His Attorneys,

        /s/ Rosemary Curran Scapicchio
        Rosemary Curran Scapicchio, Esq.
        Four Longfellow Place
        37th Floor
        Boston, Massachusetts 02114
        (617) 263 7400

        /s/ Michael W. Reilly
        Michael W. Reilly, Esq.
        Tommasino & Tommasino
        Two Center Plaza
        Boston, MA   02108
        617 723 1720
        BBO 415900