# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD,  ) <br>     Plaintiff  ) <br> ) <br> v  ) <br> ) <br> TIMOTHY CALLAHAN, ET AL.  ) <br>     Defendant(s)  ) <br> ) | C.A. NO. 04-11193NG |

### PLAINTIFF'S OPPOSITION TO
### DEFENDANT'S MOTION TO BIFURCATE TRIAL

### INTRODUCTION

Defendants, Francis M. Roache and the City of Boston, have moved to bifurcate the trial in this matter into two trials: one trial, on the claims against the individual police officers; and a second trial, on the claims against the municipality. The Defendants' Motion should be denied.

### STANDARD OF LAW

Fed. R.Civ. P. R. 42(b) provides, "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim ... always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute to the states." It is well-established that ultimately the question of whether to conduct separate trials under Rule 42(b) is a matter left to the sound discretion of the trial court on the basis of the circumstances of the litigation before it. *Gonzales-Marin v. Equitable Life Assurance Society*, 845 F.2d 1140, 1145 (1st Cir. 1988). The district judge must weigh a variety of facts, such as whether one trial or separate trials best will serve the

convenience of the parties and the court, avoid prejudice, and minimize expense and delay. The major consideration must be which method is more likely to result in a fair and just final disposition of the litigation. *See Payton v. Abbot Labs*, 83 F.R.D. 382, 394 (D. Mass. 1979) quoting *Moss v. Associated Transport, Inc.*, 344 F.2d 23, 26 (6th Cir. 1965) ("[e]nsuring a fair trial must take precedence over economy and convenience"). The party seeking separate trials has the burden of proving to the district judge that separation of the cases is necessary. *Lowe v Philadelphia Newspapers, Inc.* 594 F Supp 123, 125 (E.D. Pa. 1984).

## ARGUMENT

This Court should not bifurcate the trial for the following reasons:

(A) The resolution of individual liability will not necessarily resolve municipal liability. The City of Boston may still be liable for its own actions that led to the violation of Plaintiff's constitutional rights.

(B) The Defendants will not be unfairly prejudiced by a joint trial because much of the evidence admissible against the municipality will also be admissible against the individual officers, and vice versa.

© Bifurcation does not advance judicial economy and will not expedite this litigation. Rather, this litigation would be expedited by a joint trial. Bifurcation will lengthen the entire proceeding because at this point in time there would be two trials, with production of the same evidence and the same witnesses at two separate trials.

(D) Plaintiff would be unfairly prejudiced if the trial is bifurcated. Bifurcation will essentially require that the Plaintiff try the same case twice, resulting in additional time

and cost to Plaintiff. Defendants will use the absence of the bifurcated party to deflect blame and guilt, in a case where all defendants share at least some of the blame and all of the guilt.

      **A.**     **This Is Not A Case In Which Resolution Of Individual Liability Will Necessarily Resolve Municipal Liability.**

The Defendants claim that if the individual officers are not found liable at a first trial, there will be no need for a second trial. The defendant's argument lacks merit. *Monell* does not require that a jury find individual defendant liability before it can find a local governmental body liable. The language of sec. 1983 "plainly imposes liability on a government that , under color of some official police, "causes" an employee to violate another's constitutional rights" *Monell*, 436 U.S. at 692. Although the acts or omissions of no one employee may violate an individual's constitutional rights, the combined acts or omissions of several employees acting under a governmental policy or custom may violate and individual's constitutional rights.

The existence of an independent, non-derivate *Monell* claim has been recognized by numerous Courts of Appeal in several circumstances where a constitutional claimed against the named police officers was not established. In *Garcia v. Salt Lake County*, 769 F.2d 303, 310 (10th Cir. 1985, the Tenth Circuit found there to be such an independent Monell claim against the County where none of the individual defendants have been found liable).

Relying on *Garcia*, the Eleventh Circuit, in *Anderson v. City of Atlanta*, 788 F.2d 678 (11th Cir. 1985), similarly found that the policy and practice itself could be

responsible for the constitutional violation, even where the individual defendants were not at fault.  In *Speer v. City of Wynne, Ark.*, 276 F.3d 980, 985-87 (8th Cir. 2002), the Eighth Circuit, distinguishing *Heller*, and upheld a verdict against the City where the individual defendant was found not liable, reasoning that the jury could have determined that another unsued municipal official had caused the constitutional violation.  Likewise in *Barrett v. Orange County Human Rights Com'n*, 194 F.3d 341, 350 (2nd Cir. 1999), the Second Circuit remanded a *Monell* claim against the County for trial because other non-defendant members of the Board of Commissioners, rather than the two Board member defendants found not liable, could have caused the constitutional violation.  The Second Circuit held:

> "We agree with our sister circuits that under Monell municipal liability for constitutional injuries may be found to exist even in the absence of individual liability, at least so long as the injuries complained of are not solely attributable to the actions of named individual defendants, CF. *City of Lost Angeles v. Heller*, 475 U.S. 796, 798-99 (1986) (where alleged constitutional injury is caused solely by named individual defendant who is found not liable, municipal liability cannot lie).  It is therefore possible that a jury could find the Commission and the county of Orange liable for the alleged violations of Barrett's First Amendment rights even after finding that [defendants] Lee and Colanna are not liable."

Finally, in *Fagan v. City of Vineland*, 22 F.3d 1283, 1291-92 (3rd Cir. 1994), a case where the individual defendants were found not liable in a sec. 1983 due process police pursuit case, the Third Circuit found there to be an independent, triable failure to train Monell claim against the municipality because the *Monell* claim required a different mental state and relied on a different theory of recovery than did the claims against the individual officers.

It is therefore abundantly clear that *Monell* affords a plaintiff a viable independent sec. 1983 claim against the City for its unconstitutional polices and practices even if he

prevails against the named defendants in the case, and that this independent claim survives in several different circumstances even if the plaintiff looses on his underlying claim against the named defendants.

The Defendants argue, based on the *City of Los Angeles v. Heller*, 475 U.S. 796 (1986) and *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), that the City may be held liable only if individual officers are found to have violated the Plaintiff's rights. The First Circuit in *Evans v. Avery*, 100 F.3d.1033 (1st Cir. 1996) applied *Heller* to a high-speed chase situation and, in that context, held that individual liability was a necessary predicate of municipal liability.

The *Heller* rule does not apply, however, when the policies of the City directly cause the constitutional harm suffered by the Plaintiff. The Court in *Board of the County Commissioners v. Brown*, 520 U.S. 397, 406-407 (1997), explained that there are two grounds on which a municipality may be liable; either (1) its practices and customs lead or allow an employee to violate the civil rights of a plaintiff, or (2) the municipality itself is the moving force behind a violation of the plaintiff's civil rights. When the liability of the municipality is based on an individual defendant's actions, then the City is not be liable if the individual defendant is not liable. When, however, the liability of the City is a result of actions by the municipality itself, then the municipality may be liable, even if the individual defendants are not. *Id.*

The First Circuit acknowledged this distinction in *Young v. the City of Providence*, 404 F.3d. 4 (1st Cir., 2005). The Court held that, under the facts of that case, if the individual defendants had not violated the plaintiff's civil rights, the City could not be liable under 1983 for failure to properly train the individuals. The Court went on to

explain:

> The sorts of *Monell* claims being alleged here -- based on deficient training and hiring that helped cause the constitutional violation suffered by Cornel -- should not be confused with the kind of claim that occurs where a municipal policy itself violates federal rights or directs or authorizes the violation of those rights. See *County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 406-07, 137 L. Ed. 2d 626, 117 S. Ct. 1382 (1997). The standards in the latter sort of cases are quite different. (*i.d.* at p.24, Fn 18)

See also *Gibson v. County of Washoe, Nevada*, 290 F.3d. 1175, pages 10-12 (2002); *Speer v. City of Wynne, Arkansas*, 276 F.3d. 980, 985 (8th Cir., 2002) ("Our court has previously rejected the argument that Heller establishes a rule that there must be a finding that a municipal employee is liable in his individual capacity as a predicate to municipal liability.")

In this case, the allegations of Plaintiff go beyond mere failure to adequately train. The Plaintiff alleges in Count 3 of the Complaint that the City adopted a policy of "implicitly tolerated unlawful police practices including perjury and the withholding of exculpatory evidence" (Complaint, Paragraph 26) The Complaint also sets out substantial history of the City not merely failing to properly train police offices, but, in fact, covering up and tolerating outrageous abuses of the Boston police against individual defendants. (Complaint, Paragraph 32 a through g) Allegations against the City of Boston in this case go beyond mere inadequate training to active encouragement of unconstitutional behavior.

    **B.**    **The Defendants Will Not Be Unfairly Prejudiced In A Joint Trial.**

Much of the evidence against the City would be admissible against the individual Defendants in a joint trial. Therefore, any prejudice to the city defendants would be minimal. In any case, this Court has the ability to control the presentation of evidence. The Court can make it clear to the jury which portions of the evidence applies solely to the individual defendants and which portion applies to the City. The presumption is that the jury will follow the instruction of the Court, concerning the Defendants against whom the evidence is offered. *U.S. v. Bailey*, 405 F.3d. 102 (1st Cir., 2005); *McInerney v. Berman,* 621 F.2d.20 (1st Cir., 1980). As such, the defendants' Motion for Bifurcation should be denied.

In addition, the Court here, need not bifurcate if there are less burdensome ways to deal with any potential prejudice to these defendants, including special verdict forms and limiting instructions. *Rosa v. Town of East Hartford*, No. 3:00CV1367 (AHN), WL 752206 (D.Conn. Mar. 31, 2005) (not reported). The *Rosa* Court noted that any possible "spillover prejudice" to individual officers from evidence against the municipality could be effectively cured by limiting instructions. *Id.*

Here, there is not reason to believe that jurors cannot listen to evidence against both individual defendants and the city and properly apply this Court's careful instruction. The defendants have offered no evidence to suggest the contrary. As such, the defendant's motion should be denied.

Moreover, in this case, bifurcation does not prejudice the city because all the evidence against the individual Defendants would be admissible evidence against the City. No jury can decide whether the City is responsible for the acts of the officers without hearing the evidence concerning what was done to the Plaintiff. The Plaintiff

is required to establish that there is an "affirmative link" between the City policy and constitutional violation, *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427; 85 L. Ed. 2d 791 (1985). The Plaintiff, therefore, must introduce all of the evidence concerning the individual defendant's violation of his civil rights in a case against the City. It is difficult to understand how the City could be prejudiced by joint trial with individual Defendants where it faces no evidence that it would not face in a trial only of the City. As such, the defendants' motion should be denied.

      **C.    Bifurcation Fails To Promote Judicial Economy Because Much Of The Evidence Against The City Will Also Be Admissible Against The Individuals.**

Instead of conducting one unified trial, with the Plaintiff permitted to present a compelling case where the true and complete story of systemic fault is presented, the Plaintiff, if the City's motion is granted, will be forced to present a case where the main wrongdoer is missing and his case is therefore stripped of its full evidentiary impact and moral force. Moreover, the possibility of establishing a police and practice finding which could have subsequent collateral estoppel effect against the City in a wrongful conviction case tried subsequently would also be defeated if the City's motion is granted.

There will be substantial overlap of evidence in the cases against the individual defendants and the City. Thus, bifurcation will result in a substantial waste of Court time in hearing the same evidence twice. As such, the defendants' motion should be denied.

      **D.    The Plaintiff Will Be Unfairly Prejudiced By Bifurcation.**

The Plaintiff would suffer substantial prejudice as a result of bifurcation.

Bifurcation will essentially require that the Plaintiff bear the financial and emotions burdens of trying the same case twice. The Defendants have noted that this can be expected to be a lengthy trial. There are substantial difficulties in locating and producing witnesses in this case. The experience in the State Court was that substantial work with investigators, sheriffs, and the Court was necessary in order to produce all of the relevant evidence. Defendants have proposed that Plaintiff should shoulder this burden twice in two separate trials.

Defendants also seek to put the Plaintiff to additional expense and disruption of producing all applicable expert witnesses twice, causing a substantial expense to the Defendant. Finally, the Defendant's proposal would substantially delay the resolution of this constitutional violation which occurred in 1988, now twenty (20) years ago. The Plaintiff, Court and public have a substantial interest in the prompt resolution of this case. Bifurcation would unfairly delay that resolution.

In addition, bifurcation provides an inherent defense to the officers who could contend that if they were wrong it was the City's, not their own, fault. The City's empty chair at trial will allow the defense to point at and argue to the jury that the City was the real cause, in fact, of all constitutional violations virtually assuring a disastrous result for the Plaintiff's claims. This Court should deny the defendants' motion.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court deny Defendants' Motion to Bifurcate the Trial.

                    Respectfully submitted,
                    SHAWN DRUMGOLD
                    By His Attorneys,

/s/ Rosemary Scapicchio
Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Suite 3703
Boston, MA   02114
(617) 263-7400
BBO# 558312

 /s/ Michael Reilly
Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA  02108
617 723 1720
BBO 415900

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by complying with this Court's directives on electronic filing.

Dated: January 28, 2008        Signed: /s/ Dennis Toomey

0.