UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHAWN DRUMGOLD, ) | | |
| Plaintiff ) | | |
| ) | | |
| v. ) | | |
| ) | 04-CV-11193-NG | |
| TIMOTHY CALLAHAN, FRANCIS ) | | |
| M. ROACHE, RICHARD WALSH and ) | | |
| THE CITY OF BOSTON, ) | | |
| Defendants ) | | |

**PRETRIAL MEMORANDUM OF DEFENDANTS
FRANCIS M. ROACHE AND THE CITY OF BOSTON**

Defendants Francis M. Roache and the City of Boston hereby submit the following

Pretrial Memorandum, pursuant to the Order of the Court dated January 25, 2008:

**1.     Names, Addresses and Telephone Numbers of Trial Counsel:**

**Plaintiff's Counsel**

> Rosemary Scapicchio
> Four Longfellow Place, 37th Floor
> Boston MA 02114
> 617-263-7400
>
> Michael Reilly
> 2 Center Plaza
> Boston, MA 02108
> 617-723-1720

**Defense Counsel**

> (For Timothy Callahan)
> Mary Jo Harris
> Morgan, Brown & Joy, LLP
> 200 State Street
> Boston, MA 02109
> (Office): (617) 523-6666
> (For Timothy Callahan)

      William M. White
      William M. White & Associates
      One Faneuil Hall Marketplace
      Boston, MA 02109
      (617) 720-2002

      (For Richard Walsh)
      Hugh Curran
      Bletzer & Bletzer, P.C.
      300 Market Street
      Brighton, MA 02135
      (617) 254-8900

      (For the City of Boston and Francis M. Roache)
      John P. Roache
      Patrick J. Donnelly
      Roache & Associates, P.C.
      66 Long Wharf
      Boston, Massachusetts 02110
      Tel.: (617) 367-0330

**2.**    **The Defendants, Francis M. Roache and the City of Boston, seek a jury trial entirely severed from the trial of Defendants Richard Walsh and Timothy Callahan.**

**3.**    **Summary of the Position Asserted by Defendants Roache and the City of Boston:**

<u>As to liability</u>: the Defendants' position is that the Plaintiff's due process rights were not violated by any action or inaction of Walsh, Callahan or any other employee of the City of Boston.  Roache denies that the Plaintiff's due process rights were violated by any action or inaction on his part, individually or in his official capacity as the Commissioner of the Boston Police Department.  The City of Boston denies that there was any custom, policy or practice of deliberate indifference to the constitutional rights of the Plaintiff and citizens of Boston.  The City of Boston denies that it tolerated unlawful police practices, including perjury and the withholding of exculpatory evidence.  The City of Boston denies that it failed to investigate citizen complaints of alleged police misconduct.  The City of Boston denies that it failed to train its police officers.  The City of Boston denies that it failed to supervise its police officers.  The

City of Boston denies that there is any causal link between any violation of civil rights as alleged by the Plaintiff and any alleged custom, policy or practice of the City of Boston. The City of Boston denies that it tolerated a custom, policy or practice whereby Boston Police officers believed the constitutional rights of citizens and the Plaintiff could be violated without fear of discipline.

<u>As to damages</u>: the Defendants' position is that the evidence provided in 1988 and 1989 and adduced at trial, links Plaintiff to the murder of Tiffany Moore. The Defendants' position is that Plaintiff has not been exonerated, nor has demonstrated that he is actually innocent of the crime with which he was charged.

**4.      Summary of the Position Asserted by the Plaintiff:**

See Joint Pretrial Memorandum of Plaintiff and Defendants Walsh and Callahan.

**5.      Stipulated Facts:**

1. On August 19, 1988 12 year old Darlene Tiffany Moore was shot and killed while sitting on a mail box while surrounded by a group of teenagers on the corner of Humboldt Ave. and Homestead St. in Roxbury, Massachusetts. She was struck by three bullets.

2. Defendant Richard Walsh, a Boston Police Homicide Detective, was assigned to the investigation of the Moore homicide on August 19, 1988.

3. On August 29, 1988 23 year old Shawn Drumgold was arrested by Walsh and his partner Defendant Paul Murphy and charged with the murder of Tiffany Moore.

4. On September 8, 1988 Drumgold and Terrance Taylor were indicted by the Suffolk County Grand Jury and charged with the murder of Tiffany Moore.

5. Defendant Timothy Callahan, a Boston Police Homicide detective, was assigned to the Moore murder investigation in late May/early June, 1989.

3

6. On October 2, 1989 Drumgold and Taylor went to trial on the charge of murder.

7. On October 13, 1989 the Suffolk County jury convicted Drumgold of first degree murder. Drumgold was sentenced to a mandatory term of life in prison without the possibility of parole.

8. Drumgold was released from incarceration on November 6, 2003

9. The Defendants Walsh and Callahan were acting under color of State law while they were involved in the investigation of the murder of Tiffany Moore and prosecution of Shawn Drumgold. Defendant Roache was acting under color of State law as Commissioner of the Boston Police Department during the time of the investigation of the murder of Tiffany Moore and the prosecution of Shawn Drumgold.

**6.    Contested Issues of Fact:**

As set out in detail in connection with the Motions for Summary Judgment, the Defendants have denied that any of their actions or omissions violated the Plaintiff's civil rights.

**7.    Any Jurisdictional Questions:**

The Defendants are not aware of any jurisdictional questions.

**8.    Issues of Law, including Evidentiary Questions with Supporting Authority:**

The anticipated issues of law are set out in the various Motions in Limine that have been filed by the parties.

**9.    Any Requested Amendments to the Pleadings:**

The Defendants are not making any requests for amendments to pleadings at this time.

**10.   Any Additional Matters to Aid in the Disposition of this Action:**

A. The Defendants request that the Plaintiff be prohibited from making any reference to and/or introducing into evidence any documents, testimony or other materials

pertaining to the homicide of Carol Stuart and the investigation of Willie Bennett with regard to said homicide as this subject matter will raise a substantial conflict of interest with the presiding judge.

B.  The Defendants request that the Plaintiff be prohibited from making any reference to and/or introducing into evidence any documents, testimony or other materials for the prejudicial purpose of injecting the race of the Plaintiff or any other persons into the trial of this action.  The Plaintiff's complaint does not raise the issue of racial animus and/or racial prejudice on the part of any of the Defendants in support of his claims.  Plaintiff first raised this issue in his opposition to Defendants' the City of Boston and Francis M. Roache's motion for summary judgment.  In support of this claim as the parties advance towards trial, the Plaintiff relies on two sets of information.  The first is the diary of John Daley wherein he makes certain references to the race.  The Defendants have a pending motion *in limine* with regard to the use of Daley's diary, but for the moment, it should be sufficient to state that the matter of race is both irrelevant in light of Plaintiff's claims and highly prejudicial to all of the Defendants.  The second set of information on which the Plaintiff relies is his own selection of various cases of alleged past police misconduct.  This is entirely self-serving as these cases have been selected by the Plaintiff.  In fact, of the various cases to which he cites in his complaint, no where does he reference the racial identify of the defendants allegedly subjected to past police misconduct.  This desperate attempt by the Plaintiff to improperly influence the jury, by injecting through the most incredibly circumstantial of means an inference of racial animus or prejudice on the part of any of the Defendants, must be prohibited at trial.

C. The Defendants further request that the Plaintiff be limited to those instances of alleged past police misconduct as asserted in his complaint. In his complaint the Plaintiff offers seven separate instances where alleged police misconduct occurred in support of his allegation of a custom, practice or policy of the City of Boston to violate the civil rights of citizens. The City of Boston responded to these allegations of past misconduct in its answer to the complaint.

Now on the eve of trial, the Plaintiff is offering additional instances of alleged past police misconduct not previously disclosed. The Plaintiff lists as witnesses Neal Miller, Marlon Passley, Angel Toro and Lewis Santos. The Plaintiff also lists various documents or other materials which it intends to offer into evidence at trial with regard to these newly raised allegations of past police misconduct. For example, the Plaintiff lists the following exhibits in his Pretrial Memorandum: photographs of Stephen Cowans, Marlon Passley, Angel Toro and Neal Miller; the transcript of a hearing in Commonwealth v. Passley; a Superior Court decision in Commonwealth v. Toro; the release order in Commonwealth v. Miller; and a Superior Court decision in Commonwealth v. Cowans. None of these materials and witnesses was listed in the Plaintiff's initial disclosures filed with this Court nor were those disclosures ever supplemented to include information pertaining to these other alleged instances of past police misconduct which the Plaintiff now offers to introduce at trial. The Plaintiff was under an independent obligation to either identify or timely produce materials pertaining to theses newly cited instances pursuant to Fed.R.Civ.P. 26(a)(1)(A)(ii). Allegations of past police misconduct is a central issue Plaintiff's claims asserted against the City of Boston in this case. Therefore, these witnesses and documents pertaining to these newly

raised instances of alleged past police misconduct relative to Passley, Miller, Cowans and Toro must have been timely disclosed and not on the eve of trial. Therefore, the Plaintiff must be precluded from introducing evidence and making any reference to these newly asserted incidents.

D.      Furthermore, several of the exhibits which the Plaintiff intends to offer in support of these newly offered instances of alleged past police misconduct should be excluded from trial on identical grounds to Defendants' outstanding Motion *in Limine* to Exclude the Use of Court Opinions with regard to Keith Salmon, Albert Lewin, Christopher Harding and Tarahn Harris. The Plaintiff lists the following as exhibits in his Pretrial Memorandum: the transcript of a hearing in Commonwealth v. Passley; a Superior Court decision in Commonwealth v. Toro; the release order in Commonwealth v. Miller; and a Superior Court decision in Commonwealth v. Cowans. These documents should be excluded on the very same grounds as Defendents pending motion *in limine*. The documents are hearsay, to which no exception applies. Further, even if this deficiency were not fatal to any effort to proffer the materials, they are excludable on independent grounds. The probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the likelihood that the documents could mislead the jury, and said documents speak to the ultimate legal issues in this case. That determination – whether the City of Boston had a custom, policy or practice of failing to train and supervise officers and discipline them for misconduct – is uniquely the province of the jury in this case.

**11.     The Probable Length of Trial:**

Depending on the Court's action on bifurcation and severing of the jury trials, the parties estimate trial to last between four to six weeks.

**12.     Voir Dire Procedures:**

Defendants adopt the jointly proposed voir dire submitted by the Defendants Callahan and Walsh and attached to the Joint Pretrial Memorandum of Plaintiff and Defendants Walsh and Callahan.

**13.     Names and Addresses of Witnesses who shall testify, and the purpose of such testimony:**

Commissioner Francis M. Roache (Ret.)
Boston Police Department
(Factual)

Shawn Drumgold
181 Stratton Street, Apt. 157
Dorchester, MA
(Factual)

Honorable John A. Canavan, III
Boston Municipal Court
24 New Chardon Street
Boston, Massachusetts
(Factual)

John Daley (Ret.)
Boston Police Department
(Factual)

Commissioner Paul Evans (Ret.)
Boston Police Department
(Factual)

Edward McNelley (Ret.)
Boston Police Department
(Factual)

Deputy Superintendent Joseph Dunford (Ret.)
Boston Police Department
(Factual)

Superintendent-In-Chief Robert Dunford
Boston Police Department
(Factual)

Superintendent Kenneth Fong
Boston Police Department
(Factual)

Superintendent Joseph Saia (Ret.)
Boston Police Department
(Factual)

Capt. Daniel Coleman
Boston Police Department
(Factual)

Richard Walsh (Ret.)
Boston Police Department
(Factual)

Timothy Callahan (Ret.)
Boston Police Department
(Factual)

Keeper of Records
Boston Police Department – Archives
(Factual)

Keeper of Records
Boston Police Department – Human Resources
(Factual)

Keeper of Records
Boston Police Department – Bureau of Professional Standards
(Factual)

Keeper of Records
Boston Police Department – Planning and Research
(Factual)

Keeper of Records
Suffolk County District Attorney's Office
(Factual)

District Attorney Newmann Flanagan (Ret.
(Factual)

Assistant District Attorney Francis O'Meara (Ret.)
(Factual)

William Celester (Ret.)
Boston Police Department
(Factual)

Superintendent Ann Marie Doherty (Ret.)
Boston Police Department
(Factual)

James Jordan
Boston Police Department
(Factual)

Jennifer W. Maconochie
Boston Police Department
(Factual)

Daniel Keeler
Boston Police Department
(Factual)

Peter O'Malley (Ret.)
Boston Police Department
(Factual)

William Dunn
Boston Police Department
(Factual)

Robert Francis
Boston Police Department
(Factual)

Robert Ahearn (Ret.)
Boston Police Department
(Factual)

William McCarthy
Boston Police Department
(Factual)

Lorraine Henshaw
Boston Police Department
(Factual)

Trent Holland
Boston Police Department
(Factual)

Thomas Miller (Ret.)
Boston Police Department
(Factual)

Robin DeMarco
Boston Police Department
(Factual)

Capt. Timothy Murray
Boston Police Department
(Factual)

Robert Merner
Boston Police Department
(Factual)

Sgt. Gary Eblan
Boston Police Department
(Factual)

Deputy Superintendent Marie Donohue
Boston Police Department
(Factual)

Miller Thomas
Boston Police Department
(Factual)

Michael D. Stratton
Boston Police Department
(Factual)

Justina Mitchell
Boston Police Department
(Factual)

James Claiborne
Boston Police Department
(Factual)

Paul Joyce
Boston Police Department
(Factual)

Pervis Ryan
Boston Police Department
(Factual)

William Hussey
Boston Police Department
(Factual)

Herbert Spellman (Ret.)
Boston Police Department
(Factual)

George Foley
Boston Police Department
(Factual)

Terrence O'Neil
Boston Police Department
(Factual)

Francis Callan
Boston Police Department
(Factual)

Stephen B. Hrones, Esquire
Hrones, Garrity & Hedges, LLP
Lewis Wharf, Bay 232
Boston, MA
(Factual)

Melvin Tucker
(Mr. Tucker is an expert on law enforcement techniques, procedures and protocols. He has a bachelor's degree from the University of South Florida and a master's degree from Appalachian State University. Mr. Tucker retired as the Chief of Police for the City of Tallahassee, Florida in 1994, and during his twenty-five year law enforcement career served as a Chief of Police in four cities, in three states and as an agent for the Federal Bureau of Investigation. Mr. Tucker has served as an adjunct faculty member at six colleges and universities, holds several law enforcement certifications and authored

numerous articles published in public administration and criminal justice professional journals.)

In light of the pending rulings on the Motions in Limine and the Plaintiff's recent addition of those cases alleging past police misconduct with regard to Neal Miller, Marlon Passley, Angel Toro and Lewis Santos, the Defendants reserve their rights to amend and supplement this list prior to trial.

**14.    List of Proposed Exhibits:**

A.    Boston Police Department Rule 109: Discipline Procedure, Amended (4/12/83) [cob1420-1435];

B.    Boston Police Department Rule 205: Death Investigation (10/2/98) [cob1406-1419];

C.    City of Boston Absence and Termination Notice re: Timothy Callahan [cob0015];

D.    Massachusetts Board of Higher Education – Police Career Incentive Program form re: Timothy Callahan [cob0086-0087];

E.    Massachusetts School of Law, transcript of Timothy Callahan [cob0088-0090];

F.    Boston State College, transcript of Timothy Callahan [cob0091];

G.    Northeastern University, transcript of Timothy Callahan [cob0092-0094];

H.    Massachusetts Criminal Justice Training Council, certificate of attendance of Timothy Callahan in search and seizure class, 12/31/78 [cob0232];

I.    City of Boston Absence and Termination Notice re: Richard Walsh [cob0540];

J.    Massachusetts Board of Higher Education – Police Career Incentive Program form re: Richard Walsh [cob0586-0587];

K.    Northeastern University diploma, bachelor of science to Richard Walsh, 6/17/79 [cob0588];

L.    Northeastern University diploma, associate in science to Richard Walsh, 6/18/78 [cob0589];

M.    University of Delaware, Division of Continuing Education, certificate of attendance to Richard Walsh re: class taught by Vernon Geberth, 7/16/86 [cob0661];

N.    Boston Police Department, Personnel Order No. 01-12 re: death of Paul Murphy by Commissioner Paul Evans, [cob0265];

O.     Massachusetts Board of Higher Education – Police Career Incentive Program form re: Paul Murphy [cob0318-0319];

P.     Southern New England School of Law diploma, juris doctor to Paul Murphy, 6/5/97 [cob0320];

Q.     Southern New England School of Law, transcript for Paul Murphy [cob0321];

R.     Northeastern University diploma, bachelor of science to Paul Murphy, 6/18/78 [cob0322];

S.     Northeastern University, transcript for Paul Murphy [cob0323];

T.     Letter, 10/23/95, from Commissioner Paul Evans, Boston Police Department, to Jesse E. Hoskins, Civil Service Commission for the City of Baltimore, re: Paul Murphy [cob0329];

U.     Letter, 10/16/95, from Jesse E. Hoskins, Civil Service Commission for the City of Baltimore, to Commissioner Paul Evans, Boston Police Department, re: Paul Murphy [cob0330];

V.     Federal Bureau of Investigation, Certificate of Attendance of Paul Murphy at seminar for "Collectin and Preservation of Physical Evidence Course", 10/6/86 to 10/10/86 [cob0390];

W.     National Law Enforcement Institute, Certificate of Attendance of Paul Murphy at Homicide Investigation Seminar, 8/4/86 to 8/5/86, [cob0391];

X.     University of Delaware, Division of Continuing Education, certificate of attendance to Paul Murphy re: class taught by Vernon Geberth, 12/2/85 to 12/4/85 [cob0411];

Y.     Massachusetts Criminal Justice Training Council, certificate of attendance to Paul Murphy on heroin and cocaine K-9 recertification course, 12/24/79 and 12/26/79 [cob0422];

Z.     Massachusetts Criminal Justice Training Council, certificate of attendance to Paul Murphy on K-9 drug detection, 2/2079 [cob0423];

AA.     Massachusetts Criminal Justice Training Council, certificate of attendance to Paul Murphy on K-9 in-service training, March 1979 [cob0424];

BB.     Massachusetts Criminal Justice Training Council, certificate of attendance to Paul Murphy on K-9 drug detection, November 1978 [cob0427];

CC.  Massachusetts Criminal Justice Training Council, certificate of attendance to Paul Murphy on drug detector class – heroin and cocaine at Boston K-9 School, 9/9/78 to 11/1378 [cob0428];

DD.  National Law Enforcement Officer Training School (in conjunction with the Federal Bureau of Investigation), certificate of attendance to Paul Murphy on Forensic Science School held at Boston Police Academy, 5/8/78-5/12/78 [cob0429];

EE.  Expert Report of Melvin Tucker;

FF.  *Practical Homicide Investigation: Tactics, Procedures, and Forensic Techniques*, 2nd Edition, by Vernon J. Geberth;

GG.  Selected internal Boston Police Department reports with regard to the investigation and trial of Donnell Johnson;

HH.  Selected internal Boston Police Department reports with regard to the investigation and trial of Christopher Harding; and

II.  Selected internal Boston Police Department reports with regard to the investigation and trial of Marvin Mitchell;

JJ.  Selected internal Boston Police Department reports with regard to the investigation and trial of Albert Lewin;

KK.  Selected internal Boston Police Department reports with regard to the investigation and trial of Gary Willoughby;

LL.  Selected internal Boston Police Department reports with regard to the investigation and trial of Charles Cornish;

MM.  Selected internal Boston Police Department reports with regard to the investigation and trial of Tarahn Harris;

NN.  Selected internal Boston Police Department reports with regard to the investigation and trial of Neal Miller; and

OO.  2004 Boston Police Department Crime Summary Report, Reported Part One Crime in the City of Boston, 1950-2004.

(*The Defendants herein incorporate by reference those exhibits listed by Defendants Walsh and Callahan and attached to the Joint Pretrial Memorandum of Plaintiff and Defendants Walsh and Callahan.)

In light of the pending rulings on the Motions in Limine and the Plaintiff's recent addition of those cases alleging past police misconduct with regard to Neal Miller, Marlon

15

Passley, Angel Toro and Lewis Santos, the Defendants reserve their rights to amend and supplement this list prior to trial.

**15.    Jury Instructions (preliminary):**

Defendants offer none at this time, but will seasonably supplement prior to trial.

                              Respectfully submitted,
                              By Defendants City of Boston and
                              Francis M. Roache
                              Through their attorneys,

                              /s/ John P. Roache_____
                              John P. Roache (BBO# 421680)
                              Patrick J. Donnelly (BBO# 651113)
                              Roache & Associates, P.C.
                              66 Long Wharf
                              Boston, Massachusetts 02110
Date:   February 7, 2008              Tel.: (617) 367-0330


CERTIFICATE OF SERVICE

    I, John P. Roache, hereby certify that on February 7, 2008, I served a copy of the above upon counsel of record by filing with the ECF/Pacer Case Management System.

                              /s/ John P. Roache_____
                              John P. Roache