## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                        )
**SHAWN DRUMGOLD**                      )
      **Plaintiff,**              )
                                        )
**v.**                                  )      **C.A. NO.: 04-11193NG**
                                        )
**TIMOTHY CALLAHAN,**                   )
**FRANCIS M. ROACHE,**                  )
**PAUL MURPHY,**                        )
**RICHARD WALSH, and**                  )
**THE CITY OF BOSTON,**                 )
      **Defendants.**             )
_____)

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION IN LIMINE RE: DR. KIRK R. DAFFNER

The Defendants, Richard Walsh ("Walsh"), Timothy Callahan ("Callahan"), Francis M. Roache and the City of Boston (hereinafter collectively referred to as "Defendants"), hereby oppose the Plaintiff, Shawn Drumgold's ("Plaintiff"), Motion in Limine regarding Defendants' expert, Kirk R. Daffner. As grounds, Defendants state that Plaintiff's motion is without merit as Dr. Daffner's intended testimony clearly satisfies the standard set forth in Rule 702 of the Federal Rules of Evidence as the intended testimony is: (1) relevant and will assist the trier of fact in deciding on issues of fact with regard to Commonwealth witness Mary Alexander ("Mary"); (2) based upon sufficient facts and data; and (3) is the product of reliable principles and methods; and (4) Dr. Daffner has applied the principles and methods reliably to the facts of this case. As further grounds, Defendant state as follows:

### I.    Background

Mary Alexander testified at Plaintiff's criminal trial on October 3, 1989, regarding her observations on the night of the August 19, 1988 when 12 year-old Tiffany Moore was shot and

killed.  In February 1989, after the Moore homicide, but before Plaintiff's criminal trial, Mary

was diagnosed as having a brain tumor and underwent surgery for removal of a portion of the

tumor.

In this case, Plaintiff claims that: (1) the individual defendants knew that Mary had a

brain tumor and/or that she suffered from neurological and/or cognitive impairments; (2) the

individual defendants failed to disclose this information to Plaintiff prior to trial; and (3) this

failure caused Plaintiff to suffer an unfair trial.  In support of this contention, Plaintiff relies on

Mary's medical records and the testimony of Mary's mother, Lola Alexander ("Lola").

Defendants maintain and defend, in relevant part, that: (a) the individual defendants did

not know, nor did they have reason to know, that Mary had a brain tumor and/or that she suffered

from any neurological or cognitive impairments; (b) Mary did not have any neurological or

cognitive impairments which affected her ability to recall her observations on the evening of

August 19, 1988; and (c) Mary did not exhibit any observable neurological or cognitive deficits

prior to Plaintiff's criminal trial.  In support of these defenses, Defendants have disclosed as an

expert Dr. Kirk R. Daffner, who currently serves as the Chief of the Division of Cognitive and

Behavioral Neurology at the Brigham and Women's Hospital, Harvard Medical School, and as

an Associate Professor of Neurology at Harvard Medical School. *See* September 18, 2007 Report

of Dr. Daffner attached as Exhibit 1 to Plaintiff's Motion ("Dr. Daffner Report").  Dr. Daffner's

expertise is in the field of cognitive and behavioral neurology and his background includes a

focus on impairments in attention, memory, executive functions, perception, language, mood and

the like, that result from injury or dysfunction of the nervous system. *See id.*

II.    **Applicable Standard**

Pursuant to Rule 702 of the Federal Rules of Evidence:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In determining whether expert testimony is admissible under Rule 702, the court must keep in mind Rule 702's broad parameters of reliability, relevancy and assistance to the trier of fact. *See Sementilli v. Trinidad Corp.*, 155 F.3d 1130, 1134 (9th Cir. 1998). "Unlike an ordinary witness, see Rule 701, an expert is permitted wide latitude to offer opinion opinions, including those that are not based on firsthand knowledge or observation." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993).

### III.    Argument

Plaintiff's motion should be denied because Dr. Daffner's intended testimony clearly satisfies the standard set forth in Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Specifically, Dr. Daffner intends to testify, and should be permitted to testify, in relevant part, that: (1) to a reasonable degree of medical certainty, during the period between August 19, 1988 through October 3, 1989, Mary did not appear to exhibit obvious signs of neurological impairment; (2) there is no evidence suggesting that between August 19, 1988 and October 3, 1989, Mary's brain tumor resulted in impairment of cognitive capacities that would have prevented her from processing, recalling or communicating information about the case; (3) there is no evidence to suggest that Mary's brain tumor led to neurological impairments that would have been obvious to people who interacted with her between August 19, 1988 and October 3, 1989; (4) to a reasonable degree of medical certainty, there is nothing in Mary's trial testimony to suggest aphasia, amnesia or any other

major cognitive disorders that could significantly undermine her capacity to serve as a witness and provide an account of her observations; and (5) Lola's recollection of Mary's neurological condition does not accord with Mary's available medical records. *See* Dr. Daffner Report.

First, Dr. Daffner's specialized knowledge, experience, training and education in the field of cognitive and behavioral neurology will assist the trier of fact in evaluating the issues of fact with regard to Commonwealth witness Mary Alexander. *See* Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. at 591 (noting that condition of assisting trier of fact "goes primarily to relevance"). This is because the intended testimony, (1) through (5) *supra*, is beyond that which the trier of fact may infer from the evidence as it is based on Dr. Daffner's specialized knowledge, education and training in the field of cognitive and behavioral neurology and his focus on impairments in attention, memory, executive functions, perception, language, mood and the like, that result from dysfunction of the nervous system. Defendants submit that the expert testimony set forth in (1) through (5) *supra* is vital to the defense that Mary suffered from no observable neurological or cognitive deficits prior to Plaintiff's criminal trial. And, indeed, it would appear that expert testimony is required in light of the significant import of Mary's medical history in evaluating the issue of whether Mary suffered from any observable neurological or cognitive deficits prior to Plaintiff's criminal trial.

Second, Dr. Daffner's testimony is based upon sufficient facts or data. Indeed, Dr. Daffner has reviewed all of the evidence available with regard to Mary Alexander. Specifically, Dr. Daffner has reviewed Mary's extensive medical records, Mary's criminal trial testimony and testimony of persons who interacted with Mary on a regular basis regarding their observations of Mary's social, physical and mental conditions.

Third, Dr. Daffner's testimony is the product of reliable principles and methods and he

has applied the principles and methods reliably to the facts of the case. Dr. Daffner reviewed all of the facts and evidence available with regard to Mary Alexander – Mary's extensive medical records, Mary's criminal trial testimony and testimony of persons who interacted with Mary on a regular basis regarding their observations of Mary's social, physical and mental conditions. In doing so, he identifies facts which are relevant to an assessment of Mary's neurological and cognitive condition, such as the fluency of Mary's trial testimony, instances at trial where Mary's memory seemed particularly intact, and the fact that persons who interacted with and observed Mary on a regular basis did not observe Mary to have any health or memory problems until after October 1989. This is all that is necessary and all that was possible in light of the issues with regard to Mary Alexander and the fact that Mary is deceased. *See Crowe v. Marchand*, 506 F.3d 13, (1st Cir. 2007) (noting that the drafters of Fed. R. Evid. 703 explicitly contemplated that experts in the medical field would routinely rely on reports from other medical professionals). *See infra*.

Of note, Plaintiff cites to absolutely no case law to support his creative contentions with respect to a purported "retroactive neurological analysis." Rather, it is entirely appropriate for a medical expert to provide expert testimony based upon a review of medial records and other evidence relevant to issues at hand. *See Carroll v. Morgan*, 17 F.3d 787, 790 (5th Cir. 1994) (holding that a doctor was qualified under *Daubert* to give an expert opinion based on experience and review of medical records); *Hopkins v. Dow Corning Corp.*, 33 F.3d 1116, 1125 (9th Cir. 1994) (holding that district court properly admitted expert testimony under *Daubert* that was based on doctor's clinical experience and review of medical records). *See also* Fed. R. Evid. 703 ("The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing."); *Sementilli v.*

*Trinidad Corp.*, 155 F.3d at 1134 (finding that district court abused its discretion in deciding to exclude expert testimony for lack of firsthand knowledge where doctor's opinions and inferences were based on his review of medical records and his knowledge, experience, training and education).  And, here, Dr. Daffner has reviewed Mary's extensive medical records and has reviewed testimony of Mary and various other persons who had occasion to observe Mary's basic day-to-day physical and mental condition.  This is sufficient under the Federal Rules of Evidence. *See supra.*

Fourth, contrary to Plaintiff's self-serving contention, Dr. Daffner's testimony does not merely set forth "the best way to evaluate and analyze the testimony of Mary Alexander and the deposition testimony of various witnesses." *See* Motion at 2-3.  For instance, Mary's mother, Lola Alexander ("Lola") has provided testimony suggesting that prior to trial, Mary's neurological and cognitive condition was severely impaired.  To that end, medical expert testimony is critical in establishing that Lola's recollection with regard to the timing of Mary's purported neurological and cognitive dysfunction is not consistent with Mary's medical records and medical history. *See also supra.*

Finally, Plaintiff's argument that Dr. Daffner's "methodology" does not meet any of the factors identified in *Daubert v. Merrell Dow Pharm., Inc.*, is without merit.   In *Daubert,* the Supreme Court identified various factors which may be considered by a court in determining whether scientific expert testimony is the product of reliable principles and methods – whether the theory or technique can be tested, whether it has been the subject of peer review and publication, whether in respect to the particular technique there is a high known or potential rate of error, whether there are standards controlling the technique's operation, and whether the theory or technique enjoys general acceptance within a relevant scientific community. *See* 509

6

U.S. at 590 n. 8; *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149-150 (1999). The Supreme Court later held that these factors may be considered with regard to other expert testimony "to the extent relevant." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137. Here, the *Daubert* factors are simply not relevant to the circumstances of this case and Plaintiff cites to no case law to support the position that a medical expert is required to engage in any method or procedure beyond reviewing medical records and all available evidence relevant to medical history when opining on mental or physical health within the medical expert's particular area of expertise. *See supra*.

Simply stated, where Mary's mental condition is at issue and where Plaintiff claims that the individual defendants knew or had reason to know that Mary suffered from a brain tumor and/or neurological or cognitive deficits, expert testimony is clearly helpful to the jury in resolving the factual issue of whether Mary suffered from any neurological or cognitive deficits prior to Plaintiff's criminal trial and/or whether Mary suffered from any observable neurological or cognitive deficits prior to trial. And thus, for all of the foregoing reasons, Plaintiff's motion should be denied.

### IV.    Conclusion

WHEREFORE, the Defendants, Richard Walsh, Timothy Callahan, Francis M. Roache and the City of Boston, respectfully request that this Court DENY Plaintiff's Motion as Dr. Daffner's intended testimony is admissible under Rule 702 of the Federal Rules of Evidence and will be of assistance to the trier of fact with regard issues of fact to be resolved as to Mary Alexander.

**RICHARD WALSH,**
By his attorney,


/s/ Hugh R. Curran_____
Hugh R. Curran (BBO# 552623)
Bletzer & Bletzer, P.C.
300 Market Street
Brighton, MA 02135
(617) 254-8900

**TIMOTHY CALLAHAN,**
By his attorney,


/s/ Mary Jo Harris_____
Mary Jo Harris (BBO# 561484)
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109
(617) 523-6666


**Defendants,**
**FRANCIS M. ROACHE and**
**THE CITY OF BOSTON,**
By their attorneys,


/s/ John P. Roache_____
John P. Roache (BBO# 421680)
Patrick J. Donnelly (BBO# 651113)
The Law Offices of John Roache
66 Long Wharf
Boston, MA 02110
(617) 367-0330


DATED:  February 8, 2008

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 8th day of February, 2008, I electronically filed with within document with the Clerk of the United States District Court for the District of Massachusetts, using the CM/ECF System.  The following participants have received notice electronically:

**For Plaintiff Shawn Drumgold,**
Michael W. Reilly, Esq.
Tommassino & Tommasino
Two Center Plaza
Boston, MA 02108-1904

**For Plaintiff Shawn Drumgold,**
Rosemary Curran Scapicchio, Esq.
Four Longfellow Place, Suite 3703
Boston, MA 02114

**For Defendant, City of Boston**
Susan Weise, Esq.
Chief of Litigation
Assistant Corporate Counsel
City of Boston/Law Department
City Hall, Room 615
Boston, MA 02201

**For Defendants City of Boston and Francis M. Roache,**
John P. Roache, Esq.
The Law Offices of John P. Roache
66 Long Wharf
Boston, MA 02110

**For Defendant Richard Walsh,**
Hugh R. Curran, Esq.
Bletzer & Bletzer, P.C.
300 Market Street
Brighton, MA 02135

/s/ Mary Jo Harris_____