UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHAWN DRUMGOLD<br>Plaintiff,<br><br>v.<br><br>TIMOTHY CALLAHAN,<br>FRANCIS M. ROACHE,<br>PAUL MURPHY,<br>RICHARD WALSH, and<br>THE CITY OF BOSTON,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO.: 04-11193NG |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE
CONCERNING CONVERSATIONS BETWEEN MADALYN HAMILTON AND
ATTORNEY SCAPICCHIO

Defendants oppose Plaintiff's motion to exclude testimony and argument with regard to Attorney Scapicchio's conversation with Madalyn Hamilton (Document 169). As grounds therefor, Defendants state that at issue in this litigation is the credibility and voluntariness of the various witnesses who provided testimony or information in 1988 – 1989 and thereafter. As previously argued by Defendants in their motions for protective order (Document 88) and at summary judgment, witnesses have amended or changed testimony after being spoken to by reporters, investigators, and counsel. Affidavits prepared for recanting or testifying witnesses have been in error (i.e., Rappaport affidavit disclaiming receipt of Graham interview and assertion that trial strategy would have been impacted by the statement; Graham affidavit alleging she was contacted by "law enforcement," after informing investigator that she had been contacted by prosecutors). Defendants are entitled to probe the witness's communications with others to determine whether their testimony has been influenced in any manner.

Ms. Hamilton testified at length about her conversations with the Defendants' investigator, Ms. Scapicchio, and personnel from Ms. Scapicchio's office with regard to her disinclination to be deposed and her illnesses. However, contrary to Plaintiff's assertion at paragraph 10 of his Motion, Ms. Hamilton never expressed concerns about her <u>memory</u>.

> Q: Did you have a conversation with Ms. Scapicchio?
> A: Yes.
> Q: What was that conversation?
> A: She called back. She said I'm returning your call. I said basically the same thing, I need a lawyer to represent me, I'm sick, I can't you know, go all over whatever. So she said that well, you can't expect your memory to be what it was 20 years ago. And I said, no, I can't. So she said – I said because I'm going to the doctor. I said I'm going to the doctor Monday morning. So she said to me that she has someone that she thinks would represent me but she wanted the letter first.
> Q: What letter?
> A: From the doctor.
> Q: What are you referring to; what do you mean?
> A: You know like I can't remember, like. I know my body is falling apart but my mind is cool.
> Q: Do you have any problems with your memory?
> A: No. I mean some things, I mean we all forget, I mean, you know I forgot my ex-husband. I forget a lot, I forget some things, yes I forget.
> ...
> Q: What was this letter supposed to be?
> A: The letter was supposed to say that I can't , well during my illness with my memory problems and whatever that I can't remember, I don't remember, I don't remember things well. So when [Ms. Scapicchio] said I had to bring the letter before I could get the name [of an attorney] I just, you know, I said oh forget it.

(Exhibit 1, Hamilton Deposition pgs. 84 – 85).

> Q: Okay. So you told her [Ms. Scapicchio] that you were sick and you couldn't go [to the deposition] and the only way you would be excused is if you had a doctor's note?
> A: No. She said – when we were talking about me being sick, what she said was the only way that I would – that I wouldn't go – that I wouldn't go is if I had a note, referring to my memory.
> Q: All right. And did you tell her you had any memory problem?

2

      A:    No.

(Exhibit 1, Hamilton Deposition pgs. 387 – 388).

As Plaintiff's Motion indicates, there is a "substantial factual dispute" about the substance of the conversation Ms. Hamilton had with Ms. Scapicchio. See Motion at ¶ 11. Defendants assume that Plaintiff will attempt to impeach Ms. Hamilton about her recollections of the events in 1988 – 1989, and about her memory in general, and the substance of the conversation may well be material to those issues. It is for the jury to determine whether Ms. Hamilton's testimony is credible. There should be no ruling prohibiting Defendants from questioning Ms. Hamilton about the conversation.

### IV.  Conclusion

WHEREFORE, the Defendants, Richard Walsh, Timothy Callahan, Francis M. Roache and the City of Boston, respectfully request that this Court DENY Plaintiff's Motion to exclude reference to or questioning about the conversation between Madalyn Hamilton and Attorney Scapicchio.

<table>
<tr><td>

**RICHARD WALSH,**
By his attorney,

/s/ Hugh R. Curran
Hugh R. Curran (BBO# 552623)
Bletzer & Bletzer, P.C.
300 Market Street
Brighton, MA 02135
(617) 254-8900

</td><td>

**TIMOTHY CALLAHAN,**
By his attorney,

/s/ Mary Jo Harris
Mary Jo Harris (BBO# 561484)
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109
(617) 523-6666

/s/ William M. White
William M. White (BBO#
William M. White & Associates
One Faneuil Hall Marketplace
Boston, MA 02109
(617) 720-2002

</td></tr>
</table>

**Defendants,**
**FRANCIS M. ROACHE and**
**THE CITY OF BOSTON,**
By their attorneys,

/s/ John P. Roache
John P. Roache (BBO# 421680)
Patrick J. Donnelly (BBO# 651113)
The Law Offices of John Roache
66 Long Wharf
Boston, MA 02110
(617) 367-0330


DATED:  February 8, 2008

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 8th day of February, 2008, I electronically filed with within document with the Clerk of the United States District Court for the District of Massachusetts, using the CM/ECF System. The following participants have received notice electronically:

| | |
|---|---|
| **For Plaintiff Shawn Drumgold,** | **For Plaintiff Shawn Drumgold,** |
| Michael W. Reilly, Esq. | Rosemary Curran Scapicchio, Esq. |
| Tommassino & Tommasino | Four Longfellow Place, Suite 3703 |
| Two Center Plaza | Boston, MA 02114 |
| Boston, MA 02108-1904 | |
| | |
| **For Defendant, City of Boston** | **For Defendants City of Boston and Francis M. Roache,** |
| Susan Weise, Esq. | John P. Roache, Esq. |
| Chief of Litigation | The Law Offices of John P. Roache |
| Assistant Corporate Counsel | 66 Long Wharf |
| City of Boston/Law Department | Boston, MA 02110 |
| City Hall, Room 615 | |
| Boston, MA 02201 | |
| | |
| **For Defendant Richard Walsh,** | |
| Hugh R. Curran, Esq. | |
| Bletzer & Bletzer, P.C. | |
| 300 Market Street | |
| Brighton, MA 02135 | |

/s/ Mary Jo Harris