UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHAWN DRUMGOLD<br>          Plaintiff,<br><br>v.<br><br>TIMOTHY CALLAHAN,<br>FRANCIS M. ROACHE,<br>PAUL MURPHY,<br>RICHARD WALSH, and<br>THE CITY OF BOSTON,<br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO.: 04-11193NG |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE WITH REGARD TO THE NOTES OF GATEWOOD WEST AND STEVEN RAPPAPORT**

Plaintiff seeks to relitigate the issues raised by Defendants' pretrial motions seeking spoliation instructions with regard to documents created or maintained by Gatewood West and Steven Rappaport (see Document Numbers 173 and 176). Those issues have already been heard and decided by this Court. See docket entry dated January 7, 2008. The Court has denied their motion for spoliation instructions, without prejudice to renew if additional evidence at trial supports renewal of the motion.

To the extent that the Plaintiff seeks an order precluding Defendants from inquiring of Mr. Rappaport whether he memorialized any of the investigation that he undertook during his representation of the Plaintiff, Defendants oppose on the grounds that their examination of Mr. Rappaport should not be so hampered. As argued in the Defendants' motions for summary judgment, Mr. Rappaport's knowledge of events and witnesses, and strategic choices at trial, go to the heart of the criminal trial itself. It has been demonstrated that Mr. Rappaport's memory of

those events is deeply flawed, in that he apparently forgot that he had been given alleged alibi information (the statement of Olisa Graham), and was prepared to testify that had he known of this witness's identity and the substance of her testimony, his trial strategy would have been quite different.  Obviously, such an assertion was simply untrue (even if unintentionally so).

Likewise, Mr. Rappaport's examination of Mary Alexander at trial demonstrates that he was aware of her undergoing surgery in February 1989, when she was diagnosed with a brain tumor.  Since Plaintiff claims in part that his due process rights were violated by the withholding of information concerning Alexander's health, Defendants have an obvious need to probe Mr. Rappaport's knowledge and memory concerning this witness.

The jury may well conclude that Mr. Rappaport's failure to preserve records that would memorialize what he knew, and when, was calculated to aid Plaintiff's case now, or to disguise failures of representation at the underlying criminal trial – or they may conclude that no such documentation ever existed, or was inadvertently lost.  Certainly, this credibility determination should be made by the jury, and should be made on a full evidentiary record.  Defendants thus reserve their right to inquire of Mr. Rappaport concerning his representation in 1988 and 1989, including his documentation of his work, and to renew their motion for a spoliation instruction if the evidence so allows.

## CONCLUSION

WHEREFORE, the Defendants, Richard Walsh, Timothy Callahan, Francis M. Roache and the City of Boston, respectfully request that this Court <u>DENY</u> Plaintiff's Motion to exclude examination of Steven Rappaport and Gatewood West with regard to notes or documentation of trial investigation and/or witness statements.

3

| | |
|---|---|
| **RICHARD WALSH,**<br>By his attorney,<br><br>/s/ Hugh R. Curran<br>Hugh R. Curran (BBO# 552623)<br>Bletzer & Bletzer, P.C.<br>300 Market Street<br>Brighton, MA 02135<br>(617) 254-8900 | **TIMOTHY CALLAHAN,**<br>By his attorney,<br><br>/s/ Mary Jo Harris<br>Mary Jo Harris (BBO# 561484)<br>Morgan, Brown & Joy, LLP<br>200 State Street<br>Boston, MA 02109<br>(617) 523-6666<br><br>/s/ William M. White<br>William M. White (BBO#<br>William M. White & Associates<br>One Faneuil Hall Marketplace<br>Boston, MA 02109<br>(617) 720-2002 |

**Defendants,**
**FRANCIS M. ROACHE and**
**THE CITY OF BOSTON,**
By their attorneys,

/s/ John P. Roache
John P. Roache (BBO# 421680)
Patrick J. Donnelly (BBO# 651113)
The Law Offices of John Roache
66 Long Wharf
Boston, MA 02110
(617) 367-0330


DATED:  February 8, 2008

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that on the 8th day of February, 2008, I electronically filed with within document with the Clerk of the United States District Court for the District of Massachusetts, using the CM/ECF System. The following participants have received notice electronically:

**For Plaintiff Shawn Drumgold,**
Michael W. Reilly, Esq.
Tommassino & Tommasino
Two Center Plaza
Boston, MA 02108-1904

**For Plaintiff Shawn Drumgold,**
Rosemary Curran Scapicchio, Esq.
Four Longfellow Place, Suite 3703
Boston, MA 02114

**For Defendant, City of Boston**
Susan Weise, Esq.
Chief of Litigation
Assistant Corporate Counsel
City of Boston/Law Department
City Hall, Room 615
Boston, MA 02201

**For Defendants City of Boston and Francis M. Roache,**
John P. Roache, Esq.
The Law Offices of John P. Roache
66 Long Wharf
Boston, MA 02110

**For Defendant Richard Walsh,**
Hugh R. Curran, Esq.
Bletzer & Bletzer, P.C.
300 Market Street
Brighton, MA 02135

                                            /s/ Mary Jo Harris