UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD, | ) | C.A. NO. 04-11193NG |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY CALLAHAN, ET AL. | ) | |
|     Defendant(s) | ) | |
| | ) | |

**<u>PLAINTIFF'S REQUESTS FOR JURY INSTRUCTIONS</u>**

**1.      General, Section 1983**

Section 1983 of Title 42 of the United States Code provides that any inhabitant of this Federal District may seek redress in this Court, by way of damages, against any person or persons who, under color of law, knowingly subject such inhabitant to the deprivation of any rights secured or protected by the Constitution or laws of the United States of America.

AUTHORITY

Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

2.      **Fourteenth Amendment, Section 5, Text**

Section 1983 is one of the Civil Rights Acts enacted by the Congress under the Fourteenth Amendment to the Constitution of the United States in 1871. The Fourteenth Amendment to the Constitution provides that:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor shall any state deny to any person the equal protection of the laws.

AUTHORITY

U.S. Constitution, amendment IV, §§ 1 & 5; Monroe v. Pape, 365 U.S. 167, 172, 81 S.Ct. 473, 476, 5 L.Ed.2d 492 (1961).

3.      **General – 42 U.S.C. §1983**

In order to prove plaintiff's claim of a violation of 42 U.S.C. §1983 the burden is upon plaintiff to establish by a preponderance of the evidence each of the following elements:

First: That the defendants performed acts that operated to deprive plaintiff of one or more of plaintiff's federal Constitutional rights, as defined and explained in these instructions.

Second: That defendants acted under the color of state law; and

Third: That defendants' acts were the proximate cause of damages sustained by plaintiff.

**4.      Color of Law**

In this case the parties have stipulated or agreed that the Defendants acted "under color" of state law and you should, therefore, accept that fact as proven.

**5.    Causation**

Plaintiff must prove that the defendant(s) caused the harm or injuries that he allegedly suffered. In determining the question of causation, you should decide whether the defendant's wrongful conduct was a substantial factor in the resulting injury or harm.  It need not be the only cause, nor the last or nearest cause.  It is sufficient if it concurs with some other cause acting at the same time, which in combination with it causes the injury.

**AUTHORITY**

Egervary v. Young, 366 F.3d 238 (3d Cir. 2004), cert denied, 543 U.S. 1049 (2005); Restatement (Second) of Torts, Section 431 (1965).

**6.      No Specific Intent Required**

It is not necessary to find that a defendant had any specific intent to deprive the plaintiff of his constitutional rights, or that they acted with malice or ill will in order to find for the plaintiff. The plaintiff is entitled to relief if a defendant intended the actions which resulted in a violation of his constitutional rights.

### AUTHORITY

Graham v. Connor, 490 U.S. 386, 397 (1989). Gomez v. Toledo, 446 U.S. 635 (1980); Monroe v. Pape, 365 U.S. 167 (1961) (overruled on other grounds by Monell, supra); Hudson v. New York City, 271 F.3d 62 (2nd Cir. 2001) (reversing judgment for defendants where court instructed jury that an intentional violation of constitutional rights was required.) In Donald v. Wilson, 847 F.2d 1191 (6th Cir.1988), the court held that it was error not to give the following instruction proposed by plaintiff: "Intent is not an element of plaintiff's case. Plaintiff need not show defendant intended to deprive him of his rights. The fact that the defendants had no specific intent or purpose to deprive plaintiff of his civil rights will not absolve them from liability if they did in fact deprive him of those rights".

**7.**        **Credibility of Witnesses – Police Officer**

The testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating his credibility you should use the same guidelines which you apply to the testimony of any witness.  You should not give either greater or lesser credence to the testimony of a witness just because he is a law enforcement officer.

**AUTHORITY**

Butler v. City of Camden, City Hall, 352 F.3d 811 (3rd Cir. 2003); Roberts v. Hollocher, 664 F.2d 200 (8th Cir. 1981); Darbin v. Nourse, 664 F. 2d 1109 (9th Cir. 1981); Bush v. U.S., 375 F.2d 602, 605 (D.C. Cir. 1967).

**8.    Bias of Officials as Witnesses**

Several of the witnesses are still employed by the City of Boston and hence are interested witnesses in the outcome of this case.  Their relationship with and employment by the City of Boston are matters for you to consider, together with your observation of the witnesses and the testimony you have heard, in determining whether they are biased in favor of the defendants, and what weight you will give their testimony.

### 9.    Manufacturing Evidence

Where a person has been deprived of liberty as a result of false evidence that is manufactured by law enforcement officers, there is a deprivation of liberty without due process of law. "Evidence" refers not only to physical evidence, but also to testimony by witnesses. That deprivation is a violation of the Federal constitutional civil rights of the individual whose liability is deprived.

### AUTHORITY

Mooney v. Holohan, 294 U.S. 103, 112 (1935); Napue v. People of State of Ill., 360 US 264, 269 (1959); Miller v. Pate, 386 US 1, 6 (1967); Kingsland v. City of Miami, 369 F.3d1210 (11th Cir. 2004), opinion withdrawn and suspended, 382 F.3d 1220 (11th Cir. 2004) and cert. denied, 543 U.S. 919 (2004); Limone v. Condon, 372 F.3d 39 (1st Cir. 2004); Rowe v. City of Fort Lauderdale, 279 F.3d 1271 (11th Cir. 2002); Devereaux v. Abbey, 263 F.3d 1070, 1074-1075 (9th Cir. 2001).

10.     **Rights, Liberty Right Firmly Established Not To Be Subjected To Fabricated Evidence**

It is firmly established that there is a constitutional right not to be deprived of liberty on the basis of false evidence fabricated by a government officer.

AUTHORITY

Zahrey v. Coffey, 221 F.3d 342, 355 (2d Cir.2000). See Scotto v. Almenas, 143 F.3d 105, 113 (2d Cir.1998)(parole officer); Ricciuti v. N.Y.C. Transit Authority, 124 F.3d 123, 130 (2d Cir.1997), on remand 70 F.Supp.2d 300 (S.D.N.Y.1999) (police officers).

**11.     Obtaining False Statements**

Where an Officer knowingly induces or coerces a witness to make a false statement or to commit perjury, the officer has manufactured evidence.  The mere fact that a witness testified falsely does not by itself require a finding that the officer who identified or obtained that witness manufactured evidence.  If, however, you find that an officer has rewarded or threatened a witness to encourage him to make a statement that the officer knows is false, you should conclude that the officer has manufactured evidence.  Similarly, if you find that an officer has planted information in the mind of the witness that the witness in fact had no knowledge of, you should conclude that the officer manufactured evidence. In addition, if you find that an officer used investigative techniques that were so coercive and abusive that he knew or should have known that those techniques would yield false information, you should conclude that the officer has manufactured evidence, even if he did not know that the evidence was false.


**AUTHORITY**

Pyle v. State of Kansas, 317 U.S. 213 at 214 (1942); Limone v. Condon, 372 F.3d 39 (1st Cir. 2004); Manning v. Miller, 355 F.3d 1028 (7th Cir. 2004); Zahrey v. Coffey, 221 F.3d 342 (2nd Cir. 2000); Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001).

**12.     Coercing Testimony**

Manufacturing evidence may also include coercing testimony from one person that falsely implicates another person in a crime.  The Constitution requires that testimony must be made voluntarily.  Testimony is involuntary if, considering the totality of the circumstance present at the time of any questioning, the conduct of the officer has overcome the witness' will.  If you find that a law enforcement officer has threatened a witness if he does not testify falsely and has promised leniency if he does testify falsely, you may find that the officer has coerced the testimony.  A promise of leniency will render testimony involuntary if it is sufficiently compelling so that it could be said that the witness' free will was overcome by the offer.

**AUTHORITY**

Clanton v. Cooper, 129 F.3d 1147, 1159 (10th Cir. 1979).

13.    **Obtaining Identifications through Suggestive Methods**

Identification procedures during the investigation of a criminal case must conform to the standards of fundamental fairness.  An identification violates the requirements of due process of law and violates the Plaintiff's civil rights if it was obtained in a manner so impermissibly suggestive as to give rise to substantial likelihood of mistaken identification.

Improperly suggestive procedures include coercing a witness to identify a particular suspect and displaying photos in a manner that suggests an officer desires the witness to select a particular photo.  If a defendant obtained an identification of a plaintiff in an impermissibly suggestive manner, you may hold the defendant liable for manufacturing evidence.


**AUTHORITY**

Kirby v. Illinois, 406 U.S. 682, 690-92 (1972); Simmons v. U.S., 390 U.S. 377 (1968); Newsome v. McCabe, 319 F.3d 301 (7th Cir.2003).

14.    **Brady Violations**

A prosecutor is responsible for learning of and disclosing all exculpatory evidence know to the police.

Police who deliberately withhold exculpatory evidence and thus prevent prosecutors from complying with their duty to learn or and disclose exculpatory evidence violate the due process clause of the Constitution.

AUTHORITY

Kyles v. Whitley, 514 U.S. 419, 437-38, 115 S.Ct. 1555, 1567-68, 131 L.Ed.2d 490 (1995); Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Newsome v. McCabe, 256 F.3d 747, 752 (7th Cir.2001); Jones v. Chicago, 856 F.2d 985 (7th Cir.1988); Jean v. Collins, 221 F.3d 656 (4th Cir. 2000)(en banc), cert. denied 531 U.S. 1076, 121 S.Ct. 771, 148 L.Ed.2d 671 (2001).

15.    **Suppressing Exculpatory Evidence**

Exculpatory evidence is evidence which tends to suggest the innocence of a person suspected or charged with a crime.  It includes evidence which tends to prove that the defendant did not commit the crime, evidence which suggests that the crime might have been committed by someone else, and evidence which might be used to impeach witnesses who would testify against the person accused.  A defendant has a constitutional right in a criminal case to be furnished with material exculpatory evidence in the hands of the prosecution and the police.  Exculpatory evidence is material when it would undermines a confidence in a conclusion that the defendant was guilty of the crime.

**AUTHORITY**

Brady v. Maryland, 373 U.S. 83, (1963); Kyles v. Whitley, 514 U.S.  419 (1995).

16.     **Officer's Obligation to Furnish Exculpatory Evidence to Prosecutor**

A police officer is constitutionally required to promptly furnish material exculpatory information in his possession to the prosecutor's office.  If you find that an officer knowingly and willfully ignored material exculpatory evidence and failed to promptly furnish it to the prosecutor in the criminal case against the plaintiff, then you should find that the officer violated the plaintiff's constitutional rights.

**AUTHORITY**

Newsome v. McCabe, 256 F.3d 747, 753 (7th Cir. 2001): McMillian v. Johnson, 101 F.3d 1363 (11th Cir. 1996); Brady v. Dill, 187 F.3d 104, 114 (1st Cir. 1999); Jones v. City of Chicago, 856 F.2d 985 (7th Cir. 1988).

**17.    Conspiracy**

The plaintiff has also alleged that the defendants participated in a conspiracy to violate the plaintiff's constitutional rights.

A civil rights conspiracy is an express or implied agreement between two or more persons to deprive the plaintiff of his constitutional rights.

To sustain the conspiracy charges, you must find the following by a preponderance of the evidence: (1) the existence of an express or implied agreement among the defendant officers to deprive plaintiff of his constitutional rights, and (2) an actual deprivation of those rights resulting from the agreement.

To be liable as a conspirator, a defendant must be a voluntary participant in the common venture, although he or she need not have agreed on the details of the plan or even know who the other conspirator are.  It is enough if the person understands the general objectives of the plan, accepts them, and agrees, either explicitly or implicitly, to do his or her part to further them.

To be a member of the conspiracy, the defendant need not join at the beginning or know all the other members or the means by which its purpose was to be accomplished.

Because direct evidence of a conspiracy is usually impossible to obtain, absent the testimony of a coconspirator, circumstantial evidence is the usual manner of proving a civil conspiracy.

If you find from your consideration of all the evidence by a preponderance of the evidence that there was an agreement by two or more defendants to manufacture evidence against the plaintiff in violation of his civil rights and that a defendant agreed to do his or her part, either explicitly or implicitly, than you should find the defendant liable for conspiracy.

Each conspirator is responsible for everything done by con-conspirators that follows from the execution of the common design as one of its natural and probable consequences, even though it was no intended as a part of the original design. A defendant, therefore, who is proved to be a member of a civil conspiracy, is liable for a plaintiff's injuries caused by the conspiracy, even if his own personal acts did not proximately contribute to that injury.

## AUTHORITY

James v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988); Hampton v. Hanrahan, 600 F.2d 600, 621 (7th Cir. 1979), cert granted in part; judgment rev'd in part, 446 U.S. 754 (1980); Scherer v. Balkema, 840 F.2d 437, 441-42 (7th Cir. 1988).

**18.     Conspiracy – Evidence**

In deciding whether the charged conspiracy exists, you may consider the actions and statements of every one of the alleged participants.    An agreement may be proved from all the circumstances and the words and conduct of all the alleged participants which are shown by the evidence.

In deciding whether a particular defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said.  In determining what the defendant did or said, you may consider that defendant's own words or acts.  You may also consider the words or acts of other persons to decide what that defendant did or said, and you may use them to help you understand what the defendant did or said.

**AUTHORITY**

James v. City of Chicago, 856 F.2d 985, 997 (7th Cir. 1988); Hampton v. Hanrahan, 600 F.2d 600, 621 (7th Cir. 1979) (rev. in part 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980).

**19.      Conspiracy – Liability**

A conspirator is responsible for the constitutional violation committed by his/her fellow conspirators if he/she was a member of the conspiracy when the constitutional violation was committed and if the constitutional violation was committed in furtherance of and as a foreseeable consequence of the conspiracy.

**20.     Conspiracy, Only Slight Connection To Conspiracy Needed**

Once a conspiracy is established, the defendant must only have a slight connection to link him with the conspiracy.


AUTHORITY

United States v. Skillman, 922 F.2d 1370, 1373 (9th Cir.1990) (citing United States v. Hernandez, 876 F.2d 774, 780 [9th Cir.], cert. denied, 493 U.S. 863, 110 S.Ct. 179, 107 L.Ed.2d 135 [1989]).

**21.    Conspiracy, Proof Of Slight Connection To Conspiracy**

The slight connection may be demonstrated by proof of the willful participation in the illegal objective with the intent to further some purpose of the conspiracy.

AUTHORITY

United States v. Skillman, 922 F.2d 1370, 1373 (9th Cir.1990) (citing United States v. Weaver, 594 F.2d 1272, 1274 [9th Cir.1979]).

**22.     Liability of Specific Defendants – Joint tortfeasoers**

In this case there are multiple individual defendants and you must determine whether any or all of them are liable to the plaintiff.  In this connection, you should determine whether the officers acted jointly with and/or assisted each other.  Where two or more persons act together to cause a wrong to another, they incur a joint liability for the acts of each other.  The law does not require the injured person to establish how much of the injury was done by one person and how much of the injury was done by another.  Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages.  All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him.  Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even if it is a tacit one.

**23.     Liability of Specific Defendants – Supervisory Liability**

Defendant Roache is a supervisory officer who was not present at the time of the immediate violation of the plaintiff's rights took place.  Supervisory officers may be held liable for a violation of the plaintiff's rights if their own conduct was a proximate cause of the violation.

A supervisory officer subjects a person to a violation of his constitutional rights if he (1) does an affirmative act, or (2) participates or acquiesces in another's affirmative act, or (3) omits to do something which he is required to do and that act or omission causes the violation of which the defendant complains.  Personal participation in the immediate act which violated the plaintiff's rights is not required.  It is sufficient if the supervisor sets in motion a series of acts by others, or knowingly refuses to terminate a series of acts by others, which he knows or reasonably should know would cause others to inflict the constitutional injury.

**AUTHORITY**

Whitfield v. Melendez-Rivera, 431 F.3d 1, 14 (1st Cir. 2005); Hegarty v. Somerset County, 53 F.3d 1367, 1379-1980 (1st Cir. 1995).

**24.      Liability of Specific defendants – Municipal Liability Generally**

The City of Boston is a defendant in this case and is liable for violations of the constitutional rights of the plaintiff, if they were caused by policies or customs of the City, which demonstrated a deliberate indifference to the rights of people in the plaintiff's position.   The City is not liable for each act committed by its employees, but is liable for those acts which are taken pursuant to, or caused by, its policies or customs.

It is not required that a policy be officially adopted by the City's lawmakers for the City to be held liable.  A policy can be set by those to whom the responsibility for developing the City's policy in the area in question has been delegated.   Moreover, if there is a persistent and widespread practice which has gained the force of custom, which practice was known to, or should have been known to, the appropriate policy makers of the City, and which were tolerated by the policy makers, the City will be liable for acts taken pursuant to that custom.


**AUTHORITY**

Whitfield v. Melendez-Rivera, 431 F.3d 1, 13 (1st Cir. 2005); Bordanaro v. McLeod, 871 F.2d 1151, (1st Cir. 1989).

**25.    Liability of Specific defendants – Municipal Liability – Causation**

In order to impose liability on the City, you must find that there is an affirmative link between the City's actions or inaction and any constitutional violation committed by the individual officers.  The City's actions must be the cause of and the moving force behind any deprivation of constitutional rights in order to hold the city liable.

**AUTHORITY**

City of Oklahoma v. Tuttle, 471 U.S. 808 (1985); Bordanaro v. McLeod, 871 F.2d 1151, 1157 (1st Cir. 1989).

**26.    Liability of Specific defendants – Municipal Liability – Deliberate Indifference**

In order to find the municipal defendant liable for a violation of the plaintiff's rights, you must find that the city demonstrated deliberate indifference to the rights of persons in the position of the plaintiff.  "Deliberate Indifference" means that the policymakers of the city took actions, failed to take actions, or were responsible for policies or customs, with a conscious disregard for the consequences of those actions or policies or customs.  You may find conscious disregard of the consequences when the city proceeded to take action, to fail to take action, or to adopt or to continue policies or customs, despite the fact that a meaningful risk existed that a constitutional violation would occur, and that risk was either actually known to the policy makers of the city, or was objectively obvious and they should have known of the risk.


**AUTHORITY**

Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 28-29 (1st Cir. 2005).

**27.    Damages – Compensatory damages**

The fact that the plaintiff's rights are found to have been violated entitles him to compensation for the actual damage he has suffered.  Therefore, you must fix the amount of money damages which will reasonably and fairly  compensate him for any harm which the wrongful conduct of the defendants was a substantial factor in bringing about.

Among the elements of injury and harm which you should consider are:

1.    The reasonable value of the loss of liberty suffered by the Plaintiff as a result of his wrongful incarceration.

2.    The loss of past earnings and impairment of future earnings capacity

3.    The reasonable expense of legal services required and received by the plaintiff to defend and clear himself.

4.    The physical harm to the plaintiff, including ill health, physical pain, disability, or discomfort.

5.    The emotional and mental harm to the plaintiff during and after imprisonment, including fear, humiliation and mental anguish, and any emotional harm, fear, or mental anguish that the plaintiff will, with reasonable certainty, suffer in the future.

6.    The extent and duration of the injuries, including their continuation in the future.

**AUTHORITY**

Kerman v. City of New York, 374 F.3d 93, 125-126 (1st Cir. 2004)

**28.    Damages – Punitive Damages**

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

You may decide whether the plaintiff is entitled to an award of any punitive damages.  The function of punitive damages is to punish the defendant for malicious conduct and to deter similar conduct my others.  Whether you decide to award any punitive damages would be based on whether you find that the defendants acted willfully, deliberately, maliciously, or with reckless disregard for the plaintiff's constitutional rights.  If you find that the defendants have done one of those things, than you may award punitive damages.

Punitive damages may be awarded even if the violation of the plaintiff's rights resulted in only nominal compensatory damages.  That is, even if the plaintiff can not show damages or injury as a result of the defendant's actions, if these actions were deliberate, willful or made with reckless disregard for the plaintiff's rights, punitive damages are appropriate.

**AUTHORITY**

Smith v. Wade, 461 U.S. 30 (1970); Rivera-Torres v. Ortiz Velez, 341 F.3d 86, 102 (1st Cir. 003) cert. denied, 541 U.S. 972 (2004)

**29.    Damages – Interest**

If you have determined that compensatory damages should be awarded to the plaintiff, you must also decide whether to award interest.  This lawsuit was begun four years ago, and you may award interest in a sum which you have decided is an appropriate compensatory damages award, from that time to the present.  Whether you do award interest should depend upon whether you conclude that interest is necessary to compensate the plaintiff fully for any injury suffered, bearing in mind that the plaintiff has not had the use of the damages you award during the time this litigation has been pending.

If you do award interest, the actual sum will be computed by the clerk at the rate provided by law.

**AUTHORITY**

Furtado v. Bishop, 604 F.2d 80 (1st Cir. 1979).