UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD,<br>    Plaintiff | ) <br> ) <br> ) | C.A. NO. 04-11193NG |
| v | ) <br> ) | |
| TIMOTHY CALLAHAN, ET AL.<br>    Defendant(s) | ) <br> ) <br> ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE REFERENCE TO OR ASSERTION OF ACTUAL INNOCENCE**

Plaintiff agrees with the Defendants that Superior Court Judge Rouse did not make a finding that the Plaintiff was actually innocent of the charges against him and will not so argue. Plaintiff further agrees that the Nolle Pros filed the District Attorney does not establish the actual innocence of the Plaintiff and the Plaintiff will not so argue. The Plaintiff also agrees with the Defendant that he is not required to prove his actual innocence because the constitutional protections of criminal defendants apply to all defendants, whether actually innocent or not.

Although not required, the Plaintiff is allowed to introduce evidence of his actual innocence. The Plaintiff in this case has alleged he was wrongfully convicted. A wrongful conviction caused by the Defendants is a clear violation of Plaintiff's due process rights. "If any concept is fundamental to our American system of justice, it is that those charged with upholding the law are prohibited from deliberately fabricating evidence and framing individuals for crimes they did not commit." Limone v. Condon, 372 F.3d 39 (1st Cir. 2004); Brown v. State of Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682 (1936). "Due process is a requirement that cannot be deemed to be satisfied by mere notice and hearing if a State has contrived a conviction

through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be perjured." Smith v. State of Fla., 410 F.2d 1349, 1350-1351 (5th Cir. 1969).

This is not a case where the Plaintiff alleges that the police made an illegal search and the police can defend themselves by arguing that even if the Plaintiff was actually innocent, they had probable cause to make the arrest, e.g. Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). In this case, the claim is not a Fourth Amendment violation of probable cause but rather a due process claim of fabricated and suppressed evidence. The court in Brady v. Dill, 187 F.3d 105, 114 (1st Cir. 1999) held that under the facts of that case, Plaintiff could not prevail by proving actual innocence because Plaintiff's claim was a Fourth Amendment claim involving a valid warrant. That court went on to explain, however, that

> All this is not to say that a police officer may treat evidence of innocence with impunity. He may not. … One standard police function is to provide information to the prosecutor and the courts. Thus, a police officer sometimes may be liable if he fails to apprise the prosecutor or a judicial officer of known exculpatory information…In these cases, the constitutional wrong results from the officer's failure to deliver material information to competent authorities. In that respect, the cited cases are unlike the case at bar: when a police officer acts as an information provider, he may be obliged to reveal exculpatory facts (bearing either on innocence or on probable cause) to a prosecutor or a judicial officer…

Plaintiff has the right to establish to the jury that he was wrongfully convicted and that the proximate cause of that conviction was the Defendants' violation of his constitutional rights.

Plaintiff will argue to the jury that, in fact, Shawn Drumgold did not murder Tiffany Moore. Plaintiff is entitled to argue to the jury that he was an innocent man who was convicted as a result of the actions of the Defendants, particularly in light of the Defendants' intention to attempt to prove that the Plaintiff did murder Tiffany Moore.

Respectfully submitted,

By His Attorneys,

 /s/ Michael Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA   02108
617 723 1720
BBO 415900


/s/ Rosemary Curran Scapicchio

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Boston MA 02114
617 263 7400
BBO 558312