UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD, )<br>    Plaintiff )<br>)<br>v )<br>)<br>TIMOTHY CALLAHAN, ET AL. )<br>    Defendant(s) )<br>) | | C.A. NO. 04-11193NG |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' FRANCIS M. ROACHE AND THE CITY OF BOSTON'S MOTION IN LIMINE TO EXCLUDE THE USE OF COURT OPINIONS TO DEMONSTRATE INSTANCES OF PAST POLICE MISCONDUCT**

## I.  INTRODUCTION

This Court should allow the Plaintiff's use of the four (4) Court Opinions to demonstrate instances of past police misconduct. Defendants' Motion in Limine to exclude these Opinions centers on theories never asserted by the Plaintiff, namely that the Court Opinions will be introduced as expert testimony on legal principles in issue at trial. Because Plaintiff does not seek to introduce the Opinions as expert testimony, and instead offers the Opinions to show notice to Defendants and as substantive evidence of instances of police misconduct, it is appropriate that the Court admit these four (4) egregious instances of misconduct in order to determine whether the Defendants have engaged in gross negligence amounting to deliberate indifference. Bordanaro v. McCloud, 871 F.2d 1151, 1166-67 (1st Cir. 1989); Grandstaff v. City of Borger, 767 F.2d 161, 171 (5th Cir. 1985). This type of indifference on the part of the Defendants, in light of the multiple findings of horrific violations of rights by the Boston Police Department, could clearly be found the by jury to be "tacit approval of, acquiescence, or

purposeful disregard of, rights violating conduct." Camilo-Robles v. Hoyos, 151 F.3d 1, 7 (1st Cir. 1998).

## II. DISCUSSION

### a. The Opinions are not Offered as Expert Testimony on Legal Principles at Issue at Trial, and Should be Admitted at Trial not only to Demonstrate Notice To the City, but also Substantively to Prove that the Young Black Males in the City of Boston were being Targeted by the Boston Police Department.

Contrary to the Defendants' argument, citing Nieves-Villanueva, et al. v. Soto-Rivera, et al., 133 F.3d 92 (1st Cir. 1997), the Plaintiff is not offering the Opinions of the Massachusetts Supreme Judicial Court and Superior Court as expert testimony on legal principles at issue at trial. Plaintiff seeks to admit the Opinions not only to show that the City knew or should have known that young black males in the City of Boston were the target of Police misconduct, but also substantively to establish a substantial history of high profile miscarriages of justice all involving black defendants during the period when Roache was Commissioner of Police. See for example, U.S. v. Garland, 991 F.2d 328, 334-335 (6th Cir. 1993) (Opinion of the National Public Tribunal of Ghana was admissible pursuant to Rule 803(8)(c) to prove not just the fact of the judgment but also the substance of the rulings).

The evidence shows that regardless of whether the allegations contained in the Judicial Opinions were true or false, the pattern established by them and their similarity should have signalled to the supervisors that greater investigation was needed to determine what was at the

root of the problems in the system. In Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 575 (1st Cir. 1989), for example, a Section 1983 action against officers and their superiors, the First Circuit affirmed the district court finding that superiors were liable due to their failure to adequately supervise and discipline the officers, one of which had received numerous complaints of misconduct. The Court allowed into evidence the complaint files of one of the officers, "Soto", because the files showed flaws both in the supervision of the officer by his superiors and in the disciplinary system. "The question was not whether the complaints against [the officer] were true, but rather what was the proper supervisory response to the complaints and how did the disciplinary system deal with them." (Id., at 575). Further, "the evidence showed that the disciplinary system used…failed to take account of past complaints in investigating officers' conduct" and "regardless of whether the complaints were true or false, the pattern established by their volume and similarity should have signalled to the supervisors that greater investigation was needed to determine what was at the bottom of the problem." (Id., at 575). The Judicial Opinions are competent evidence not only to show that the Defendants knew of at least four other instances of substantial officer misconduct, but also to show that despite the quantity and the similarity between the cases of misconduct, the Defendants failed to take any remedial action.

      **b.** **The Opinions are Relevant Evidence and Therefore Assist the Trier of Fact and Should not be Excluded at Trial.**

The Defendants' argument that the Opinions should be excluded under Federal Rule of Evidence 702 because the Rule allows the use of expert testimony when "scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue" necessarily fails because the Opinions are not being offered as expert

records or testimony.

Federal Rules of Evidence, Rule 402, provides in pertinent part that "all relevant evidence is admissible . . . " Federal Rules of Evidence, Rule 401 defines "relevant evidence" as ". . . evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." United States v. Norton, 26 F.3d 240 (1st Cir. 1994) (Federal Rules of Evidence 402 and 403 controlled the admissibility of the defendant's conviction. Under those rules, the prior conviction was relevant and admissible to contradict defendant's testimony about the only contested issue at trial).

The Judicial Opinions are undoubtedly relevant to the issues in this case.  Not only do they demonstrate notice to the City of Boston and the Police Department, but they also reflect a history of deficiencies in the supervision, training, and discipline of the police force.  For example, in Evans v. Dugger, 908 F.2d 801, 809 (11th Cir. 1990), an inmate's action alleging prison officials were deliberately indifferent to his serious medical needs, the plaintiff sought the admission of numerous reports and court opinions reciting the "seventeen year history of health care failures by the Florida Department of Corrections". (Id., at 809).  Noting the trial court's reliance primarily upon Federal Rules of Evidence 401-403, the Eleventh Circuit affirmed the trial court's decision to admit portions of the reports and opinions, since the admitted evidence clearly informed the jury of historical deficiencies within prison system and defendants' notice of such deficiencies. (Id., at 809).  The Supreme Judicial Court and Superior Court Opinions offered by Mr. Drumgold should be admitted for the very same purpose – to show notice and a known history of inadequacies in the system.  See also Johnson v. Colt Industries Operating Corp., (1985, DC Kan.) 609 F.Supp. 776, 19 Fed Rules Evid Serv 1258, affd (1986, CA10 Kan)

797 F2d 1530, CCH Prod Liab Rep P 11066, 21 Fed Rules Evid Serv 123. (In products liability action against gun manufacturer, no error occurred by introduction into evidence of judicial opinion from prior case against same defendant, where opinion was relevant to show knowledge on part of defendant of other similar claims, extent of defendant's notice and knowledge was contested issue in case, and two cases were substantially similar); <u>United States v. Gold Unlimited, Inc.</u>, (1999, CA6 Ky) 177 F3d 472, 51 Fed Rules Evid Serv 1446, 1999 FED App 170P (In mail fraud prosecution based on defendants' operation of Ponzi scheme, evidence of state judicial opinion, cease and desist orders from other states, complaint and settlement in fourth state, and stipulation entered into by defendants in fifth state were admissible other acts evidence to prove defendants' knowledge and intent in operating scheme); <u>Mike's Train House, Inc. v. Lionel, L.L.C.</u>, 472 F3d 398 (6th Cir. 2006) (In model train distributor's action against competitor under Mich. Comp. Laws Serv. § 445.1904 for alleged misappropriation of trade secrets related to design drawings, district court did not err in admitting criminal and civil judgments from South Korean court; judgments were admissible under Fed. R. Evid. 201 to prove that judgments were in fact rendered).

### c. **The Judicial Opinions Have High Probative Value and there is No Danger of Unfair Prejudice, Confusion of the Issues, or Possibility of Misleading the Jury.**

The Federal Rules of evidence generally allow for the admissibility of all relevant evidence. See, *supra*, <u>United States v. Norton</u>, 26 F.3d 240 (1st Cir. 1994); <u>Evans v. Dugger</u>, 908 F.2d 801, 809 (11th Cir. 1990). However, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of

cumulative evidence." Fed R. Evid. 403.  In reaching a decision whether to exclude relevant evidence on grounds of unfair prejudice, past decisions of the First Circuit have authorized the exclusion of evidence only "in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence."  United States v. Zeuli, 725 F.2d 813, 817 (1st Cir. 1984) (quoting United States v. Masters, 622 F.2d 83, 87 (4th Cir. 1980)); see United States v. Fields, 871 F.2d 188 (1st Cir. 1989) (noting same); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 575 (1st Cir. 1989).

This risk does not exist here.  Where a plaintiff attempts to establish the existence of a municipal policy of deliberate indifference through a concatenation of similar, but isolated, events, egregiousness is a hallmark of probative value: the more outrageous the occurrences, the more probable that a policy of tolerance was in place.  Foley v. Lowell, 948 F.2d 10 , 14-15 (1st Cir.1991) (Evidence of an instance of police brutality which occurred subsequent to the event on which plaintiff predicated his civil rights claim was admissible because the lack of restraint on both occasions suggested a preexisting municipal policy of indifference.); See Carter v. District of Columbia, 254 U.S. App. D.C. 71, 795 F.2d 116, 124 (D.C. Cir. 1986) ("Egregious instances of misconduct, relatively few in number but following a common design, may support an inference that the instances would not occur but for municipal tolerance of the practice in question."); Skibo v. City of New York, 109 F.R.D. 58, 65 (E.D.N.Y. 1985) ("Tolerance of unconstitutional conduct is tantamount to encouragement of such conduct and is therefore a basis for municipal liability.").  The Judicial Opinions offered by Mr. Drumgold are reliable evidence of four similar, egregious, isolated events.  Because the evidence makes it more probable that the City had a policy of tolerance, it has extremely high probative value and should be admitted.

### d. The Opinions are Admissible under Federal Rule of Evidence 807, Residual Exception.

The residual hearsay exception, Federal Rules of Evidence Rule 807, provides for the admissibility of hearsay that is not covered under Rules 803 and 804, but which has "equivalent circumstantial guarantees of trustworthiness". Limone v. United States, 497 F. Supp. 2d 143 , 162 (D. Mass., 2007); A.I. Trade Fin. V. Centro Internationale Handelsbank AG, 926 F.Supp. 378, 44 Fed. Rules Evid. Serv. 1049 (1996, SD NY) (Seeing no reason to doubt trustworthiness of Vienna judgment, Court takes judicial notice of it for purpose of recognizing its existence as official statement, usable as evidence of facts and opinions stated therein, but does not judicially notice truth of facts and opinions stated in foreign judgment). The Judicial Opinion evidence meets the Rule 807 test: they have been offered for their truth, they are more probative on the point for which they are offered than any other evidence which the proponent can procure through reasonable efforts, and that admission is in keeping with the purposes of the rules of evidence. Limone v. United States, 497 F. Supp. 2d 143 , 162 (D. Mass., 2007).

### III.    CONCLUSION

The Defendants in their Motion in Limine do not contest that the Judicial Opinions are admissible to show notice to the Defendants of at least four other instances of unconstitutional police misconduct. Both the City and Roache should have been aware of at least four egregious cases of misconduct by the Boston Police leading to wrongful convictions of black defendants, and the Opinion evidence is admissible at the very least, for this reason. The Opinions of the Supreme Judicial Court and Superior Court are also highly probative evidence tending to show a

course of conduct deliberately pursued by the Defendants, including flawed supervision of officers a flawed disciplinary system used by the Department.  For the reasons stated herein, the Plaintiff respectfully requests that this Court deny the Defendants' Motion in Limine to Exclude the Use of the Four Court Opinions.

    Respectfully submitted,

    By His Attorneys,

    /s/ Michael Reilly

    Michael W. Reilly, Esq.
    Tommasino & Tommasino
    Two Center Plaza
    Boston, MA   02108
    617 723 1720
    BBO 415900

    /s/ Rosemary Curran Scapicchio

    Rosemary Curran Scapicchio, Esq.
    Four Longfellow Place
    Boston MA 02114
    617 263 7400
    BBO 558312