UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHAWN DRUMGOLD, | ) | C.A. NO. 04-11193NG |
|     Plaintiff | ) | |
| | ) | |
| v | ) | |
| | ) | |
| TIMOTHY CALLAHAN, ET AL. | ) | |
|     Defendant(s) | ) | |
| | ) | |

## MOTION IN LIMINE RE: EVIDENCE IN FIRST SECTION OF TRIAL

### Introduction

This Court allowed the Defendants' Motion to Bifurcate on Wednesday, January 30, 2008 and ordered that the case against the individual police officers, Defendants Walsh and Callahan, go forward first and ordered that the jury be instructed to reach a verdict as to the officers' individual liability. As a result of the Court's Order on bifurcation, there is certain evidence which the Defendants might argue would be admissible in the second or third portion of the trial which should not be admitted in the first portion of the trial.

I.    **Evidence Of Alleged Bad Acts By Plaintiff Drumgold Should Not Be Admitted At The First Trial.**

Plaintiff previously filed a Motion In Limine Re: Plaintiff's Alleged Bad Acts (Document No. 181). It is expected that the Defendants will argue that the evidence of bad acts may be admissible on the Plaintiff's damages. That Plaintiff does not agree but, in any case, that evidence is clearly not relevant to the question to be determined in the first portion of the trial, i.e. whether or not Walsh and Callahan violated the Plaintiff's civil rights. The evidence of alleged bad acts by Mr. Drumgold both prior to his arrest, during his incarceration and after his

arrest is not relevant to that first trial and should be excluded from the first trial.

## II.    Madelyne Hamilton's Testimony Should be Excluded From The First Portion Of The Case.

Plaintiff has previously filed a Motion In Limine Concerning Ms. Hamilton's Testimony

Concerning Plaintiff's Relationships With Rhonda Hamilton, Madelyne Hamilton, Shawn Jr. and

Rashawna Drumgold (Document No. 178) and Ms. Hamilton's Alleged Conversations with

Attorney Scapicchio (Document No. 169). It is expected that the Defendants may argue that Ms.

Hamilton's testimony is relevant on the question of the Plaintiff's damages. That alleged ground

for relevancy, which is not agreed to, is not a basis for Ms. Hamilton's testimony in the first

portion of the trial.


Ms. Hamilton's testimony concerning her claim that she saw Mr. Drumgold with a gun

six days after the alleged murder of Tiffany Moore is not relevant to any issue in the first portion

of the trial.


Although Federal Rule of Evidence 404 (b) does not bar evidence of other acts when offered

in civil cases for a proper purpose, such as to prove such specific points as intent, knowledge,

scheme, plan, and so forth, it does limit the use of other acts to proving specific points, and blocks

efforts to use other acts in support of a general propensity inference.  Drumgold anticipates that the

defendants will seek to introduce testimony from Marilyn Hamilton that six days after the murder of

Tiffany Moore, Shawn Drumgold and Antonio Anthony arrived at her house in New York with guns

and that Antonio Anthony had been shot.  The defendants, however, do not offer the evidence as

proof of a specific material issue, but rather to support the inference that "Drumgold is the kind of

person who carries guns as shown by the prior act," and therefore Drumgold "probably had a gun on the night Tiffany Moore was murdered." This is a bald propensity inference and it is improper under the federal rules of evidence.

## UNFAIR PREJUDICE

Even if the defendants did offer the prior bad act evidence for a proper purpose, it should nevertheless be excluded, because the risk of unfair prejudice, confusion of issues, and misleading the jury, substantially outweighs probative worth. The First Circuit has applied the multi-factor approach set out by the United States Supreme Court in Huddleston to determine whether bad acts evidence offered for a proper purpose is admissible. In DiRico v. City of Quincy, 404 F.3d 464, 467 (1st Cir. 2005), a suit alleging unnecessary force in arrest, the Court excluded proof of other acts by the officer, which would have been prejudicial in inviting a verdict on the improper basis that the defendant was prone to violence.

Other acts should be more readily admissible if relevance is clear, even if there is some risk of prejudice, and they should be more often excluded if relevance is low, because of the risk of prejudice. Finally, the question of need also counts. The risk of prejudice is more acceptable if there is little other proof and the point in question is contested, and less acceptable if there is other proof or if the point in question is conceded or not seriously contested.

The evidence of Drumgold's alleged presence in Hamilton's apartment and his alleged possession of a firearm did not contribute to his wrongful conviction because it was not admitted at the criminal trial. The Commonwealth never offered any evidence that Drumgold was alleged to

have had a gun in New York because the Commonwealth could not prove any nexus between Drumgold's alleged possession of a gun of unknown caliber and the Tiffany Moore murder. Dissimilarities between the charged offense and other crimes preclude admission of the latter. Commonwealth v. Jackson, 417 Mass. 830, 836 (1994); Commonwealth v. Key, 21 Mass. App. Ct. 293, 297 (1985). Under Massachusetts law, evidence of a prior or subsequent crime "even if relevant to an issue other than character, may be so prejudicial, so as to require its exclusion." Commonwealth v. Kines, 367 N.E. 2d 861, 863 (1977).

In Commonwealth v. Toro, 395 Mass. 354 (1985), a Massachusetts case with similar facts, the Supreme Judicial Curt held inadmissible evidence that a defendant in a murder case was arrested one month after the murder in possession of two thirty two caliber revolvers where the victim was killed with a bullet from a thirty caliber revolver. See also *Walker v. United States*, 490 F2d 683, 684-85 (8th Cir. 1974).

The prejudicial effect of evidence that Drumgold allegedly possessed a gun six days after the Tiffany Moore murder outweighs any probative value the evidence may have, such that it should be excluded.

### III.    The Criminal Trial Transcripts Are Not Admissible.

The Defendants in their Exhibit Lists indicate their intention to introduce the transcript of the criminal trial as an exhibit in this case. The testimony of witnesses at prior hearings is hearsay. Other than testimony of Mr. Drumgold, the testimony is not an admission of a party or an admission of the Plaintiff. Unlike the transcript of the hearing on the Motion to Dismiss

concerning Defendant Walsh's unconstitutional taking of a statement from Defendant Drumgold, the trial testimony is not relevant to the state of mind or knowledge of any party in this case. The trial occurred after the investigation which is the focus of the allegations against the Defendants and is therefore not admissible to prove any exculpatory knowledge or state of mind on the part of the Defendants during the investigation. The transcript of the criminal trial is simply not admissible for any reasons in this trial, other than as it may be used in impeachment of particular witnesses for prior inconsistent statements.

Respectfully submitted,
By His Attorneys,

 /s/ Michael Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA   02108
617 723 1720
BBO 415900

/s/ Rosemary Curran Scapicchio

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Boston MA 02114
617 263 7400
BBO 558312