UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| SHAWN DRUMGOLD,<br>　　　Plaintiff<br><br>v.<br><br>TIMOTHY CALLAHAN, FRANCIS<br>M. ROACHE, RICHARD WALSH and<br>THE CITY OF BOSTON,<br>　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 04-CV-11193-NG |

**JOINT OPPOSITION OF DEFENDANTS TO PLAINTIFF'S MOTION *IN LIMINE*
RE: USE OF LATE PRODUCED DOCUMENTS WITH EXPERTS**

Now come the Defendants in opposition to Plaintiff's Motion *in Limine* Re: Use of Late Produced Documents With Experts which seeks to preclude any reference to or introduction on direct examination of the Defendants' expert or the cross examination of the Plaintiff's expert with regard to the Criminal Investigation Procedure Manual dated February 1978 and the six Special Orders of the Boston Police Department dealing with procedures for the use of confidential informants.

As grounds therefore, the Defendants state as follows:

1. In response to the Plaintiff's Motion for Sanctions for the belated disclosure of a Criminal Investigation Procedure Manual (hereinafter "the Manual") and six Special Orders of the Boston Police Department dealing with procedures for the use of confidential informants, this court ruled on January 7, 2008 that said materials "are excluded from trial."

2. Plaintiff's instant motion *in limine* requests that the Defendants be precluded from arguing, introducing evidence or suggesting to the jury on either the cross examination of

      the Plaintiff's expert, Michael Lyman or in the Defendants' examination of their expert, Melvin Tucker that said expert's opinions are based upon the belated disclosure of the Manual and the Special Orders.

3. This Court in its ruling to exclude the Manual and the Special Orders from trial places no limitation on the exclusion. Therefore, it is reasonable to infer that said exclusion applies to the Plaintiff as well as the Defendants.

4. It is indisputable that Plaintiff's counsel is aware of and in possession of copies of the Manual and the Special Orders.

5. If the Plaintiff's expert, Michael Lyman, were to testify on direct examination by Plaintiff's counsel that the Manual and the Special Orders, and thus the contents of those documents, did not exist, then Plaintiff's counsel would be eliciting testimony from a witness that it knows is not truthful and misleading to the jury.

6. Therefore, if the Plaintiff's expert, Michael Lyman, on direct examination by the Plaintiff makes reference to the existence or non-existence of either the Manual and/or the Special Orders and their contents, the Defendants as a matter of fairness must have the opportunity to impeach Mr. Lyman's testimony by reference to the Manual and the Special Orders.

      Wherefore the Defendants respectfully request that the Plaintiff's Motion in Limine be denied for the foregoing reasons.

Respectfully submitted by:

| | |
|---|---|
| **Defendants City of Boston and Francis M. Roache,** By their attorneys, | **Defandant, Richard Walsh,** By his attorney |
| /s/ John P. Roache | /s/ Hugh R. Curran |
| John P. Roache (BBO# 421680) Patrick J. Donnelly (BBO# 651113) Roache & Associates, P.C. 66 Long Wharf Boston, Massachusetts 02110 Tel.: (617) 367-0330 | Hugh R. Curran (BBO# 552623) Bletzer & Bletzer, P.C. 300 Market Street Brighton, Massachusetts 02135 Tel.: (617) 254-8900 |
| **Defendant, Timothy Callahan** By his attorneys, | |
| /s/ Mary Jo Harris | /s/ William M. White, Jr. |
| Mary Jo Harris (BBO# 561484) Morgan, Brown & Joy, LLP 200 State Street, 11th Floor Boston, Massachusetts Tel.: (617) 523-6666 | William M. White, Jr. (BBO# 546283) William M. White, Jr. and Associates, LLC One Faneuil Hall Marketplace, Thrd Floor Boston, Massachusetts 02109 Tel.: (617) 723-7339 |

Date:   February 8, 2008

CERTIFICATE OF SERVICE

    I, John P. Roache, hereby certify that on February 8, 2008, I served a copy of the above upon counsel of record by filing with the ECF/Pacer Case Management System.

/s/ John P. Roache
John P. Roache