UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD, ) | | C.A. NO. 04-11193NG |
|     Plaintiff ) | | |
| ) | | |
| v ) | | |
| ) | | |
| TIMOTHY CALLAHAN, ET AL. ) | | |
|     Defendant(s) ) | | |
| ) | | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF
REGARDING EXHIBITS AND SCOPE OF TRIAL**

    This Court at the Pretrial Conference on February 11, 2008 ruled that the Plaintiff will not be allowed to introduce evidence of actual innocence and that the Defendants will not be allowed to introduce evidence of actual guilt. This Court held that the issues to be tried in this case are whether the Defendants violated the Plaintiff's civil rights and whether that violation of civil rights proximately caused damage to the Plaintiff at the trial that was actually presented to the original criminal jury. The Court specifically held that neither the Plaintiff nor the Defendants will be allowed to argue that there was additional evidence that could have or should have been presented to the jury in regards to guilt or innocence or that there is evidence which has been discovered since the trial, unrelated to any alleged civil rights violation, which could have or should have been presented to the criminal jury.

    In light of the Court's rulings, Plaintiff assumes that he will not be allowed to present evidence which was not presented to the original criminal jury concerning the recovered masks, the motor vehicle stopped by Officers Tony Smith and Mark Deluca and the theory that "Apple" Davis and London Williams were the actual perpetrators of this murder. As the Plaintiff

understands the Court's ruling, to the extent that those issues were actually presented to the criminal jury, they will be presented to this jury in the form of the trial transcript. To the extent that they were not presented to the criminal jury and either the Plaintiff or Defendants believe that they could have been more fully or differently presented to the criminal jury, this Court is excluding that evidence as not relevant to the question whether there was a civil rights violation or whether that violation proximately caused damage.

In light of the Court's rulings, the Defendants' argument that they can generally produce police reports and interviews of witnesses which were not evidence at the criminal trial fails on the grounds of relevancy. Fed.R.Evid. 401 "Relevant evidence means evidence having any tendency to make the existence of any fact <u>that is of consequence to the determination of the action</u> more probable or less probable …" (emphasis supplied).

Even absent the Court's rulings on the scope of the trial, the evidence of police reports and taped interviews is not admissible in this trial. The Defendants are attempting to offer this evidence for the truth of the reports or interviews. That is, the Defendants are arguing that the statements set out in the reports or recorded in the tapes are true and prove that the Plaintiff committed the crime he was charged with. The reports and tape interviews are clearly hearsay and excluded pursuant to Fed.R.Evid. 802. There is no exception to the hearsay rule which allows their admission.

The Plaintiff in his Response to the various Motions In Limine indicated his willingness to try this case on the question of actual innocence and to offer live witnesses to testify to this

jury concerning the evidence establishing that he is, in fact, innocent. This Court has ruled that evidence of actual innocence is excluded and the trial is to be focused on a more narrow issue. The Defendants cannot be allowed to attempt to prove the Defendants' actual guilt. Particularly, when the Defendants propose to do it not by the use of live witnesses, as Plaintiff proposed, but instead by hearsay police reports and recorded statements from unavailable witnesses.

## CONCLUSION

This Court should rule that police reports of investigation and recorded statements of witnesses in this case are not generally admissible. Plaintiff will offer certain reports as admissions authored by the Defendants or as proof of knowledge or intent in regards to the particular civil rights violations alleged against the Defendants. However, the police reports and witness interviews are not generally admissible, absent specific showing they are either admissions by a party or they are offered for legitimate non hearsay purposes in connection with allegation of civil rights violations.

Respectfully submitted,

By His Attorneys,

 /s/ Michael Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA   02108
617 723 1720
BBO 415900

<u>/s/ Rosemary Curran Scapicchio</u>

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Boston MA 02114
617 263 7400
BBO 558312