UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-11193-NG

| | |
|---|---|
| SHAWN DRUMGOLD, | ) |
| Plaintiff | ) |
| vs. | ) |
| CITY OF BOSTON, ET AL., | ) |
| Defendants | ) |

DFENDANTS' REQUEST FOR RECONSIDERATION OF THE COURT'S RULING
REGARDING MOTION FOR NEW TRIAL AND *NOLLE PROSEQUI*

The Defendants respectfully request that the Court reconsider its decision on their motion *in limine*, Document Number 163 (seeking to exclude from the evidence in this case the Superior Court's decision to allow the motion for new trial, and the District Attorney's decision to issue a *nolle prosequi*). The Court allowed the motion to the extent that it agreed to exclude from the evidence in this case the substance of the opinions of the Superior Court and the District Attorney's Office, but ruled that the jury in this case could be informed that the Plaintiff was granted a new trial and that the District Attorney issued a *nolle prosequi* on the criminal charge of murder pending against him. (See transcript of hearing, Feb. 12, 2008, at page 36).

As grounds for their request for reconsideration, Defendants suggest that the jury need not be informed of the Superior Court and District Attorney decisions, since these facts are immaterial and irrelevant on the Phase I of this bifurcated trial. As the Court noted during the Pre-Trial Conference on February 12, 2008, the issue of actual guilt or innocence is not relevant to the question in Phase I, that is, whether Plaintiff received a fair trial in 1989. Defendants moved to exclude the Superior Court events on the grounds

that the decisions of the District Attorney and the Superior Court spoke to the ultimate issue in this case, that remains for this jury, to decide. Informing this jury that the Superior Court has granted a new trial, and the District Attorney has declined to re-prosecute the case, would inevitably compel this jury to conclude that Plaintiff was, in fact, denied a fair trial[1].

This prejudice – and certainly prejudice it is – is compounded by the fact that neither the Superior Court nor the District Attorney based their decisions to any misconduct by the Defendants in this action. Instead, both explicitly and emphatically stated that their decisions ought <u>not</u> be read as a determination or finding of misconduct. Likewise, these findings do not speak to causation, which remains the second prong of the case to be proved by Plaintiffs. There is a clear, unavoidable risk of confusion of these issues to this jury on both prongs if they are informed of the Superior Court ruling and the District Attorney's decision.

This is not a malicious prosecution case, where the Plaintiff must prove, as part of his *prima facie* case, that the criminal charges were ultimately resolved in his favor. The grant of a new trial has no bearing on his claims of misconduct. (While arguably, the length of Plaintiff's incarceration would have a bearing on the damages that flowed from his conviction, that issue is reserved to a later phase of this trial. The jury should only be instructed that the Plaintiff's incarceration ended in 2003 as part of the <u>damages</u> portion of this case).

---

[1] Defendants anticipate that the Plaintiff may argue that the jury must be instructed that his conviction was set aside, and no new trial pursued, to explain to the jury his current status – that is, that he has been released from incarceration. Defendants submit that such explanation is unwarranted at this stage of the proceedings, consistent with the Court's ruling that actual guilt or innocence is not at issue in Phase I and that damages are also reserved for a later proceeding, when and if liability is found against the Defendants. The jury need not know the particulars of the sentence imposed in 1989, and thus need not be informed of the circumstances of his release, until the issue of damages is properly before the jury.

None of the Defendants had a role in the proceedings held in the Superior Court. They were unable to voice objections or cross examine witnesses. It is clear that they could not be bound by the rulings of the Superior Court, under the doctrines of collateral estoppel or res judicata, doctrines that recognize that basic fairness requires a litigant to have a real opportunity to present argument or evidence before being bound by a decision that substantially impacts that litigant's rights. See WRIGHT, MILLER & COOPER, Federal Procedure, Ch. 13, § 4448. Allowing the fact of the new trial and the *nolle prosequi* to come into evidence during the liability phase under these circumstances is, in effect, binding these Defendants without their having an opportunity to litigate those matters that were before the Superior Court.

For the foregoing reasons, the Defendants respectfully request that the Court reconsider its ruling, and exclude all reference to the Superior Court's decision on the motion for new trial, and the District Attorney's decision to issue a *nolle prosequi.*

In the event the Court rules against the Defendants' Motion, and subject to the objections noted above, the Defendants object to the language proposed by the Plaintiff and instead, submit language which they propose be delivered to the jury on this issue:

1. The Superior Court decided on November 6, 2003 to allow Shawn Drumgold's Motion for a New Trial.

2. That decision was not based on any finding or conclusion that any police officer or prosecutor committed misconduct in the criminal trial held in 1989.

3. The District Attorney's Office decided not to seek a new trial of Shawn Drumgold.

4. Again, that decision was not based on any finding or conclusion that any police officer or prosecutor committed misconduct in the criminal trial held in 1989.

5. The decision of the Superior Court also was not based on any conclusion of Shawn Drumgold's guilt or innocence.

6. The questions that are submitted to you in this case – namely, Shawn Drumgold's claim that his right to a fair trial was violated by the actions of the Defendants, Timothy Callahan and Richard Walsh – are for you to decide, and they have not been decided by any other judge, jury, or investigatory body.

7. I instruct you that you are informed of the outcome of Shawn Drumgold's motion for a new trial for a limited purpose only: to inform you that he is no longer in custody for the murder of Tiffany Moore.

8. You are not to speculate on the reasons for the granting of a new trial, or the decision not to re-prosecute this case in 2003.

**Respectfully Submitted,**

**Defendant,**
**TIMOTHY CALLAHAN,**
By his attorney,

/s/ Mary Jo Harris
Mary Jo Harris (BBO# 561484)
Morgan, Brown & Joy LLP
200 State Street
11th Floor
Boston, MA  02109
Phone:  (617) 523-6666
Fax:  (617) 367-3125

4

| | |
|---|---|
| **Defendants,**<br>**CITY OF BOSTON AND**<br>**FRANCIS M. ROACHE,**<br>By their attorney, | **Defendant,**<br>**RICHARD WALSH,**<br>By his attorney, |
| /s/ John P. Roache<br>John P. Roache, Esq. (BBO #421680)<br>Patrick J. Donnelly, Esq. (BBO #651113)<br>Roache & Associates P.C.<br>66 Long Wharf<br>4th Floor<br>Boston, MA  02110<br>Phone:  (617) 367-0330<br>Fax:  (617) 367-0172 | /s/ Hugh R. Curran<br>Hugh R. Curran (BBO# 552623)<br>Bletzer & Bletzer PC<br>300 Market Street<br>Brighton, MA  02135<br>Phone:  (617) 254-8900<br>Fax:  (617) 254-5522 |

Dated:  February 23, 2008

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 23rd day of February, 2008, I electronically filed with within document with the Clerk of the United States District Court for the District of Massachusetts, using the CM/ECF System.  The following participants have received notice electronically:

| | |
|---|---|
| **For Plaintiff Shawn Drumgold,**<br>Michael W. Reilly, Esq.<br>Tommassino & Tommasino<br>Two Center Plaza<br>Boston, MA 02108-1904 | **For Plaintiff Shawn Drumgold,**<br>Rosemary Curran Scapicchio, Esq.<br>Four Longfellow Place, Suite 3703<br>Boston, MA 02114 |
| **For Defendant, City of Boston**<br>Susan Weise, Esq.<br>Chief of Litigation<br>Assistant Corporate Counsel<br>City of Boston/Law Department<br>City Hall, Room 615<br>Boston, MA 02201 | **For Defendants City of Boston and Francis M. Roache,**<br>John P. Roache, Esq.<br>Hogan, Roache, & Malone<br>66 Long Wharf<br>Boston, MA 02110 |
| **For Defendant Timothy Callahan,**<br>Mary Jo Harris, Esq.<br>Morgan, Brown & Joy<br>200 State Street, 11th Floor<br>Boston, MA 02109 | **For Defendant Paul Murphy,**<br>William White, Esq.<br>One Faneuil Hall Marketplace<br>Boston, MA 02109 |

/s/ Mary Jo Harris

5

Case 1:04-cv-11193-NG    Document 217    Filed 02/23/2008    Page 6 of 6