UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD,<br>    Plaintiff | )<br>)<br>) | C.A. NO. 04-11193NG |
| v. | )<br>) | |
| TIMOTHY CALLAHAN, ET AL.<br>    Defendant(s) | )<br>)<br>) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER COURT'S RULING REGARDING MOTION FOR NEW TRIAL AND NOL PROS**

The Defendants have filed a Motion for Reconsideration of this court's ruling on their Motion In Limine without alleging any new facts, any new law or any new circumstances which would justify reconsideration. Nor have the Defendants alleged that the court failed to consider any facts which they brought to the courts attention in the original motion. Defendant's motion is, in fact, a simple request for a second bite at the apple.

What is striking about the Defendants' current position is that it is the opposite of their original position. The original motion asked this court to exclude the opinion of Judge Rouse when she allowed the Motion for New Trial and the pleading of the District Attorney when he Nol Prossed the charges. The Defendants originally argued that the reasons for Judge Rouse granting a new trial and the reasons for the Commonwealth Nol Prossing were impermissible hearsay and expert testimony and should be excluded.

This Court, in it's ruling, agreed with the Defendants that the reasons for the actions by Judge Rouse and the District Attorney's office were not relevant to the issues in dispute here, and instructed the parties to attempt to agree to a stipulation. This Court requested that the stipulation simply set out the procedural facts which led to the Plaintiff release from jail and the Commonwealth's Nol Pross of Plaintiff's case as it related to his claim of wrongful conviction. The Plaintiffs proposed such neutral stipulations to the Defendants. Attached hereto is a letter of February 21, 2008 setting out the Plaintiff's proposed stipulations.

The Defendants, by way of this Motion for Reconsideration, now seek the exact opposite of what they sought in the original motion. The Defendants now argue that the opinions and pleadings they once claimed were hearsay and improper opinion evidence, should be admitted at trial. Specifically, Defendants now seek to introduce portions of Judge Rouse's order and of the Commonwealth's pleadings to suggest that this jury draw an inference that there was no police misconduct. For example, the Defendants seek to introduce the portion of Judge Rouse's order that suggests she made no explicit finding of police misconduct. Similarly, in dealing with the Commonwealth's Motion to Nol Pros, the Defendants asked this court to admit portions of the Assistant District Attorney's pleading involving factual conclusions and reasoning involving police misconduct

Judge Rouse's order, as well as the Commonwealth's Nol Pross, are no different than Judge Volterra's order on the Defendant's Motion to Dismiss. Judge Volterra made a finding of egregious police misconduct. This Court has ruled, over Plaintiff's objections, that none of the factual findings or reasoning supporting Judge Volterra's

opinion are admissible. This court has adopted the same approach as to Judge Rouse's order and the District Attorney's memorandum.

Plaintiff is satisfied with the court's original ruling, which is that the jury simply be told that a Motion for New Trial was granted, the charges were nol prossed and the Defendant was released and not be instructed as to the reasons for the granting of that motion.

It is striking that the Defendants argue against the admissibility of the core findings by Judge Rouse and the District Attorney while urging the admissibility of subsidiary findings. For example, the fairest summary of Judge Rouse's reasons for granting a new trial is contained at page 13 of the transcript attached as an exhibit B to the Defendant's original motion. Judge Rouse held:

> "What this ruling does reflect is that the court agrees with both the Commonwealth and the Defendant. The system in this case failed to afford Mr. Drumgold all the rights to which he was entitled, and that justice, therefore, was not done." (exhibit B, Defendant's Motion In Limine to Exclude the Motion of District Attorney for New Trial and Superior Court's Order Granting a New Trial p. 13)

Thus, if the court were inclined to instruct the jury as to the nature of Justice Rouse's findings, that sentence would be the fairest summary of her findings. Plaintiff is satisfied with the court's original ruling, which is that the jury simply be told that a Motion for New Trial was granted and not be instructed as to the reasons for the granting of that motion.

Similarly, in dealing with the Commonwealth's Motion to Nol Pros, the Defendants asked this court to instruct the jury on those portions of the motion which they find helpful and to not instruct the jury as to the true substance of the motion. The fairest summary of the reasons for the Commonwealth Nol Prossing the case is contained

at p. 22 of the Commonwealth's Post Hearing Motion to Vacate Conviction and Grant New Trial (exhibit A to the Defendant's Motion). Assistant District Attorney David Meier writes the following:

> "Indeed, with all due respect to the twelve fair and impartial jurors who dutifully listened to the evidence and applied the law at the defendant's trial in 1989, when evaluated in the context of the entire case—from start to finish, beginning to end, August 19, 1988 to November 3, 2003—the testimony and exhibits introduced at the Motion Hearing in 2003 lead to one inescapable conclusion: that justice may not have been done."

Again, the Plaintiffs would be happy to have the jury instructed as to that finding by the District Attorney's office, but in light of the court's ruling, the Plaintiffs understand the position that the jury should simply be instructed that the District Attorney's office Nol Prossed the case.

It would be fundamentally unfair to the Plaintiff to explain to the jury those parts of Judge Rouse's and Judge Meier's reasoning which the Defendants feel help their case, that their was no explicit finding of misconduct by the Boston Police, and not to explain to the jury those parts of the reasoning which explain the basis for granting a new trial and for filing a motion to Nol Pros. It would be fundamentally unfair to exclude Judge Volterra's finding that the police engaged in egregious police misconduct and to admit the ambiguous finding of Judge Rouse. The Defendant's basic position is that this court should exclude evidence they do not like and should admit evidence they do like.

The court's original decision on the motion fairly balances the competing interests of the parties. The court should deny the Motion to Reconsider.

Respectfully submitted,

By His Attorneys,

/s/ Michael Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA   02108
617 723 1720
BBO 415900

/s/ Rosemary Curran Scapicchio

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Boston MA 02114
617 263 7400
BBO 558312