UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD, </br>     Plaintiff </br></br> v </br></br> TIMOTHY CALLAHAN, ET AL. </br>     Defendant(s) | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | C.A. NO. 04-11193NG |

**MOTION IN LIMINE RE:
DEFENDANTS' LATE PRODUCTION OF "DEFENSE ONLY"
<u>AUDIO VISUAL EXHIBITS</u>**

Now comes the Plaintiff and moves this Court to prohibit the Defendants from using an audio visual recreation of the scene of the events in this case which they first disclosed on February 28, 2008. Defendants have refused to provide a copy to the Plaintiff. The reconstruction is based on documents which Defendants refuse to disclose to the Plaintiff. In the alternative, Plaintiff moves the Court to order the Defendants to

1.  produce all materials used as the basis for the audio visual reconstruction;

2.  provide a copy of the audio visual reconstruction to the Plaintiff;

3.  provide the Plaintiff an opportunity to be heard in connection with the audio visual presentation after he has a chance to review the audio visual reconstruction.

**FACTUAL BACKGROUND**

1.  Fed.R.Civ.Proc. 26(a)(1)(B) provides that, without awaiting a discovery request, a party shall provide "a copy of, or a description by category and location of, all

        documents, … and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;"

2. This Court ordered the parties to exchange all trial exhibits in preparation for the Final Pretrial Conference on February 12, 2008.

3. At the Final Pretrial Conference, Plaintiff's counsel specifically raised to the Court that the Plaintiff was aware that the Defendants had engaged the services of an audio visual consultant and the Defendants had not provided copies of what they intended to use from that consultant. This Court made the following order to the Defendants:

> The Court: Okay. Let's do this. If you can by the middle of next week, which is, let's say the 20th or the 21st, exchange any demonstrative exhibits that you use, and Mr. Carney can at least show to the defendant, to the plaintiff here what the kind of interactive material he's going to use, then at least you know what you're arguing.
> Ms. Scapicchio: Yes, your honor.
> The Court: Let's actually say by the February 22nd, which would be a little over a week before trial.
> (Transcript 2/12/2008 Hearing, Page 66)

4. Defendants made no such exchange of demonstrative exchange. At the hearing before the Court on February 26, 2008, Defendants indicated to Plaintiff's counsel that they did have materials they would present to counsel on February 28, 2008. For the first time, on February 26, 2008, Defendants informed Plaintiff that they intended to use "reconstructions" of the scene. Prior to February 26, 2008 Defendants had indicated, on several occasions, that they only intended to use scene photographs, plot plans and maps.

5. On February 28, 2008 Plaintiff met with defense counsel at Attorney Harris' office. At that time, Defendants played an audio visual presentation which included maps, photographic stills taken from news videos and a 3-D reconstruction of various areas around the scene based on photographs, maps and survey information which apparently had not previously been produced.

6. The Defendants refused to provide a copy of the materials which they said that they intended to introduce at trial. They refused to provide copies of the documents which were used to create the reconstruction. They refused to provide copies of the video stills which were pulled by the Defendants from hours of TV video and indicated that they would not provide access to their video presentation to the Plaintiff during the trial of this case. Shortly after the meeting Defense counsel indicated by email that they would provide copies of the previously unproduced photographs and stills.

## DISCUSSION

The late production of this material violates multiple orders of this Court. The Defendant are required pursuant to Rule 26(a)(1)(A), to produce this material as soon as it is available as part of the initial discovery in the case. This Court in its pretrial ruling ordered that all the exhibits be provided to the Plaintiff on or before February 12, 2008. The Plaintiff specifically raised with the Defendants, prior to February 12, 2008, his position that any audio visual materials to be shown to the jury would constitute exhibits which should be provided as part of the pretrial report. Finally, this Court specifically ordered that the audio visual materials prepared

by the Defendants' consultant be exchanged on or before February 22, 2008. That court order was ignored by the Defendants.

The first time this material was presented to the Plaintiff was at 2:00 p.m. on February 28, 2008, three days before the start of the trial. The late disclosure of this material in a case of this complexity despite multiple orders by the Court is inexcusable.

It is even more outrageous that the Defendants propose that they be allowed to use exhibits in front of the jury without providing copies or access to the Plaintiff. As an initial matter as discussed above, Rule 26(a)(1)(A) specifically requires that the Defendants produce a copy of a tangible thing that they may use to support their defenses. This material is not work product or attorney-client information since it is the Defendants' intention to use it in front of the jury as part of their case. It is fundamental that evidence to be presented to the jury must be equally available to both parties. There is no provision under the Federal Rules for a party to use proprietary exhibits which only it can present to the jury.

What is striking about the Defendants' position is that the Plaintiff is absolutely denied the opportunity to determine whether the reconstruction is accurate. The reconstruction contains cartoonish drawings showing 3-D locations of various buildings, heights of buildings, relationships between fences, mailboxes and streets. On the Defendants' theory, the Plaintiff will not get to measure, study or analyze these cartoon drawings prior to their being presented to the jury, nor will the Plaintiff have any opportunity to determine if the drawings are to scale, nor will the Plaintiff have any opportunity to determine if the drawings correlate to the source material

they claim to be based on.

There are serious questions of admissibility concerning much of this proprietary exhibit. The Defendants have provided no written explanation for the basis of this exhibit. Defendants have indicated orally that the exhibit is based on unspecified survey documents and photographs which were used in an unexplained reconstruction technique. Defendants acknowledge that they do not intend to introduce any of the documents which form the basis for this reconstruction into evidence.

It is in the Court's discretion to allow a summary document as a "pedagogical" device to clarify and simplify complex testimony of other information. U.S. v. Milkiewicz, 470 F.3d 390 (1st Cir. 2006). The summary is not admissible, however, unless it is based upon admissible evidence. "A summary chart used as a pedagogical device must be linked to evidence previously admitted and usually is not itself admitted into evidence." (Id. at 397) Air Safety, Inc. v. Roman Catholic Archbishop of Boston, 94 F.3d 1, 7 nt. 14 (1st Cir. 1996); Hoffman v. Applicators Sales and Service, 439 F.3d 9 (1st Cir. 2006). In this case, the Defendants offer a recreation which is not base upon evidence which will be admitted at trial and which is not even based on evidence which has been produced to the Plaintiff as of the eve of the trial.

The proposed document is also not admissible pursuant to Fed.R.Evid.1006 as a summary since a summary document can be admitted only when the originals of the documents which have been summarized are made available for examination or copying, or both, at a reasonable time and place. The Defendants in this case have refused to provide access to the information

which they claim to be summarizing in their recreation. They also refuse to explain exactly what documents support which part of the reconstruction. The court in <u>Air Safety, Inc. v. Roman Catholic Archbishop of Boston</u>, 94 F.3d 1 (1st Cir. 1996) dealt with a similar situation. The court upheld the District Court's exclusion of a chart offered pursuant to Rule 1006 because

> I don't think that it is enough to say that the documents have been available or could have been available or were available when they were not identified as the source for these summaries. What is important in the discovery context is one thing, but once the discovery comes down to trial and somebody prepares a summary, it seems to me that the person providing the summary must say now these documents, this summary is a summary of the following documents and here they are. (Id. at page 8)

The Defendants are playing games with this Court. They have known for at least a year that they intended to use the services of an audio visual consultant in this case. They ignored the requirement of Rule 26(a)(1)(A) to provide copies of documents which they intend to use in the presentation of their case. They ignored this Court's order to produce this exact material on or before February 22, 2008.

Having finally produced their audio visual reconstruction, they refused to produce the documents which form the basis of the reconstruction as required by Fed.R.Evid. 1006. They claim the right to introduce it as a "chalk" despite the fact that the support or basis for the "chalk" will not be admitted into evidence and, in fact, will not even be provided to Plaintiff's counsel.

Finally, the Defendants hope to use a "Defendants only" exhibit or chart which will only be available to the Defendants, will not be provided to the Plaintiff, and cannot be manipulated, illustrated, marked up or touched by the Plaintiff.

It should be noted that Plaintiff's counsel began pointing out the preposterous nature of

this gamesmanship over a month ago, in preparation for the final pretrial. Plaintiff has repeatedly requested that the Defendants play honest with this type of evidence. The Defendants have deliberately decided to engage in gamesmanship by holding off the production of this evidence until the eve of trial in the hope that the Court will allow them to get away with it.

This Court should bar the use of audio visual reconstruction material by the Defendants and allow the Defendants to use the maps, diagrams and charts which have been previously produced as well as the crime scene photographs which have been previously produced for the presentation of their case.

In the alternative, this Court should order the Defendants to produce a full operable copy of their audio video presentation immediately to the Plaintiff as well as all materials it is based on and allow the Plaintiff a reasonable time to review the documents and present any objections to this Court.

Respectfully submitted,

By His Attorneys,

 /s/ Michael Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA   02108
617 723 1720
BBO 415900

/s/ Rosemary Curran Scapicchio

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Boston MA 02114
617 263 7400
BBO 558312