UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD,<br>    Plaintiff<br><br>v.<br><br>TIMOTHY CALLAHAN, FRANCIS<br>M. ROACHE, RICHARD WALSH and<br>THE CITY OF BOSTON,<br>    Defendants | 04-CV-11193-NG |

### DEFENDANTS' FRANCIS M. ROACHE AND THE CITY OF BOSTON MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE EVIDENCE OF RACIAL ANIMUS

Defendants the City of Boston and Francis M. Roache move the Court to *in limine* preclude the Plaintiff from introducing evidence at trial with regard to racial animus on the part of the defendant officers, personnel, including supervisory officers, of the Boston Police Department and a custom, policy or practice of the City of Boston to violate the constitutional rights of African-American citizens based on race.  The Defendants request that the Plaintiff be prohibited from making any reference to and/or introducing into evidence any documents, testimony or other materials for the purpose of injecting the race of the Plaintiff or any other persons into the trial of this action.

### ARGUMENT

**1.**  **Evidence of Racial Animus Is Inadmissible Under Federal Rule of Evidence 402 .**

Any attempt by the Plaintiff to offer evidence at trial of racial animus must be prohibited under FRE 402 because it is irrelevant.  The Plaintiff's complaint neither states a claim of discrimination based on the race of the Plaintiff nor racial animus as a motive of the defendants

for the constitutional violations he alleges. Plaintiff first raised this issue in his opposition to Defendants the City of Boston and Francis M. Roache's motion for summary judgment. In support of this novel claim, the Plaintiff relies on two sets of information. The first is the diary of John Daley wherein he makes certain references to race.

The second set of information on which the Plaintiff relies is his own selection of various cases of alleged past police misconduct. Some of these cited cases of alleged police misconduct are made in his complaint, but the Plaintiff does not indicate that the individuals cited therein were members of any protected class. The Plaintiff has further cited in his pretrial memorandum various additional cases of alleged police misconduct where it is believed the individuals were African-American. Nevertheless, this offering is entirely self-serving as these cases have been selected by the Plaintiff.

Assuming simply for the sake of argument that Daley's musings in his diary are indicia of a racial animus toward minorities, there is no evidence that such attitudes extended any further than Daley's private thoughts. There is no evidence that either the defendant officers, including the late officer Paul Murphy, acted in any way toward the Plaintiff that evidences racial animus or evidence that they themselves harbored any racial animus toward minorities. Furthermore, there is no evidence to indicate that any of the defendant officers were aware of any racial animus toward minorities that Plaintiff alleges was harbored by Daley. There is no evidence to indicate that Daley acted in any way against the Plaintiff based on racial animus. Furthermore, there is no evidence that either the City of Boston or former Commissioner Roache were aware of any racial animus harbored by Daley, or that they condoned such attitudes.

This desperate attempt by the Plaintiff to improperly influence the jury, by injecting through the most incredibly circumstantial of means, an inference of racial animus or prejudice on the part of any of the Defendants, must be prohibited at trial.

**2.    References In Daley's Diary to Race Must Be Excluded Pursuant to Federal Rules of Evidence 404.**

Daley's diary must be excluded as evidence of racial animus, to prove motive, opportunity, intent, preparation, plan, knowledge, and identity within Federal Rule of Evidence 404(b).  It is anticipated that the Plaintiff will offer selections from Daley's diary, either for impeachment purposes or on direct examination, to demonstrate that Daley harbored a racial animus toward minorities while serving as supervisor of the Homicide Unit during the investigation of the murder of Tiffany Moore.  Any reference to this material must be excluded under Federal Rule of Evidence 404(b) as "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  See FRE 404(b).

Though such character evidence could be admissible for other purposes, such as proof of motive, the selections from Daley's diary are extremely weak evidence.  Federal Rule of Evidence 403 provides, in part, that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."  As mentioned above, there is no evidence that the defendant officers, the City of Boston or Commissioner Roache were aware of any racial animus harbored by Daley.  Nor is there any evidence that Daley's private thoughts as related in his diary were ever translated into action against the Plaintiff or any other minority citizen.  The neighborhood where Tiffany Moore, an African-American, was murdered is predominantly African-American.  Witnesses who testified for both the prosecution and defense were African-American.  There is no direct, circumstantial, or

inferential evidence that the investigation and prosecution of Drumgold for the murder of Tiffany Moore was a result of Daley's alleged racial animus toward minorities. Therefore, even if selections of Daley's diary were relevant, the dearth of any other source of admissible evidence to demonstrate racial animus would make the admission of these sole selections from Daley's diary unfairly prejudicial.

## **CONCLUSION**

WHEREFORE, for the reasons stated herein, Defendants request that the Court rule in limine that the Plaintiff be precluded from introducing at trial evidence of racial animus.

Respectfully submitted,
By Defendants City of Boston and
Francis M. Roache
Through their attorneys,

_/s/ John P. Roache_____
John P. Roache (BBO# 421680)
Patrick J. Donnelly (BBO# 651113)
Roache & Associates, P.C.
66 Long Wharf
Boston, Massachusetts 02110

Date:   March 16, 2008                                      Tel.: (617) 367-0330

### CERTIFICATE OF SERVICE

I, John P. Roache, hereby certify that on March 16, 2008, I served a copy of the above upon counsel of record by filing with the ECF/Pacer Case Management System.

/s/ John P. Roache_____
John P. Roache