UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD,<br>    Plaintiff<br><br>v.<br><br>TIMOTHY CALLAHAN, FRANCIS<br>M. ROACHE, RICHARD WALSH and<br>THE CITY OF BOSTON,<br>    Defendants | 04-CV-11193-NG |

**DEFENDANTS' FRANCIS M. ROACHE AND THE CITY OF BOSTON MOTION IN LIMINE TO EXCLUDE THE USE OF LATE DISCLOSED CASES OF ALLEGED PAST POLICE MISCONDUCT**

Defendants the City of Boston and Francis M. Roache move the Court to *in limine* preclude from the evidence in the trial against them certain cases of alleged past police misconduct not timely disclosed by the Plaintiff in advance of trial. This motion is also submitted pursuant to F.R.C.P. 37(c)(1).[1] The Defendants further request that the Plaintiff be limited to those instances of alleged past police misconduct as asserted only in his complaint.

As grounds therefore, the Defendants state that the Plaintiff offers in his complaint seven separate instances where alleged police misconduct occurred in support of his allegation of a custom, practice or policy of the City of Boston to violate the civil rights of citizens. The City of Boston responded to these allegations of past misconduct in its answer to the complaint and made intial disclosures under F.R.C.P. 26 based on the notice given in Plaintiff's complaint.

---

[1] Rule 37(c)(1) provides in pertinent part, "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." F.R.C.P. 37(c)(1)

The Plaintiff's own initial disclosures do not indicate that he was in possession of any documents pertaining to the alleged misconduct cases he cites in his complaint. The Plaintiff never supplemented such disclosures.

In opposing the Defendants motion for summary judgment, the Plaintiff offered five (5) cases in support of his claim against the City of Boston as evidence of a custom, policy or practice permiting violations of citizens constitutionally protected civil rights. These cases concerned Keith D. Salmon, Albert Lewin, Willie Bennett, Tarahn Harris and Christopher Harding. See Plaintiff's Concise Statement of Disputed Material Issues of Fact, ¶ 80 (a-e). Of these five, the case of alleged police misconduct with regard to Albert Lewin was not previously disclosed to the Defendants by the Plaintiff in either his complaint or initial disclosures. The Plaintiff's first reference to this matter occurred in his opposition to Defendants' motion for summary judgment. See Plaintiff's Concise Statement of Disputed Material Issues of Fact, ¶ 80 (b).

On the eve of trial in the Joint Pretrial Memorandum filed with the Court, the Plaintiff offers additional instances of alleged past police misconduct not previously disclosed. The Plaintiff lists as witnesses Neal Miller, Marlon Passley, Angel Toro and Louis Santos. The Plaintiff also lists various documents or other materials which he intends to offer into evidence at trial with regard to these newly raised allegations of past police misconduct. For example, the Plaintiff lists the following exhibits in his Pretrial Memorandum: photographs of Stephen Cowans, Marlon Passley, Angel Toro and Neal Miller; the transcript of a hearing in Commonwealth v. Passley; a Superior Court decision in Commonwealth v. Toro; the release order in Commonwealth v. Miller; and a Superior Court decision in Commonwealth v. Cowans. None of these materials and witnesses was listed in the Plaintiff's initial disclosures filed with

2

this Court nor were those disclosures ever supplemented to include information pertaining to these other alleged instances of past police misconduct which the Plaintiff now offers to introduce at trial.

The Plaintiff was under an independent obligation to either identify or timely produce materials pertaining to theses newly cited instances pursuant to Fed.R.Civ.P. 26(a)(1)(A)(ii). "[T]he duty of a party to seasonably supplement its disclosures under Rule 26(e) 'carries with it the implicit authority of the district court to exclude such materials when not *timely* produced even if there was no rigid deadline for production.'" Wilson, et al. v. Bradlees of New England, Inc., et al., 250 F.3d 10, 20 (C.A.1 (N.H.) 2001) *citing* Fusco v. General Motors Corp., 11 F.3d 259, 265 (1st Cir.1993) ( a pre-1993 amendment case); *See also*, Williams v. Monarch Machine Tool Company, Inc., 26 F.3d 228, 230 (1st Cir.1994).  Allegations of past police misconduct is a central issue of Plaintiff's claims asserted against the City of Boston in this case.  Therefore, these witnesses and documents pertaining to these newly raised instances of alleged past police misconduct relative to Lewin, Passley, Miller, Cowans and Toro must have been timely disclosed and not on the eve of trial.  Therefore, the Plaintiff must be precluded from introducing evidence and making any reference to these newly asserted incidents.

WHEREFORE, for the reasons stated herein, Defendants request that the Court rule in limine that the late disclosed cases of alleged past police misconduct concerning Albert Lewin, Stephen Cowans, Marlon Passley, Angel Toro and Neal Miller be excluded from the evidence of this case, and may not be the subject of question or comment by Plaintiff at trial.

        Respectfully submitted,
By Defendants City of Boston and
Francis M. Roache
Through their attorneys,

_/s/ John P. Roache_____
John P. Roache (BBO# 421680)
Patrick J. Donnelly (BBO# 651113)
Roache & Associates, P.C.
66 Long Wharf
Boston, Massachusetts 02110
Date:   March 16, 2008        Tel.: (617) 367-0330

### CERTIFICATE OF SERVICE

    I, John P. Roache, hereby certify that on March 16, 2008, I served a copy of the above upon counsel of record by filing with the ECF/Pacer Case Management System.

/s/ John P. Roache_____
John P. Roache