UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHAWN DRUMGOLD,<br>    Plaintiff<br><br>v.<br><br>TIMOTHY CALLAHAN, FRANCIS<br>M. ROACHE, RICHARD WALSH and<br>THE CITY OF BOSTON,<br>    Defendants | 04-CV-11193-NG |

### DEFENDANTS', FRANCIS M. ROACHE AND THE CITY OF BOSTON, MOTION IN LIMINE TO EXCLUDE THE INTRODUCTION OF EVIDENCE PERTAINING TO INDEMNIFICATION OF LEGAL FEES AND COSTS OF INDIVIDUAL DEFENDANTS

Defendants the City of Boston and Francis M. Roache move the Court to *in limine* preclude from the evidence in the trial against them the introduction of evidence pertaining to the the indemnification of legal fees and costs of the individual defendants, Francis M. Roache, Timothy Callahan, Richard Walsh, the late Paul Murphy, prior to his dismissal from this action, by the City of Boston.

As grounds therefore, the Defendants state as follows:

1. The City of Boston has paid for the legal fees and costs incurred by the individual defendants, Francis M. Roache, Timothy Callahan, Richard Walsh, and the late Paul Murphy, up to his dismissal from this action, in their defense of the claims brought by the Plaintiff, Shawn Drumgold.

2. The City of Boston does not have an agreement to indemnify these individual defendants should they be found liable for the claims alleged by the plaintiff at the trial of this action.

3. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Fed.R.Evid. 401.

4. The fact that the City of Boston has paid for the defense costs incurred by the individual defendants in their defense of this action does not bear on any consequential fact necessary to the determination of this action more or less probable and therefore must be excluded from trial as it is not relevant. See Fed.R.Evid. 402.

5. If, in the alternative, this Honorable Court rules that evidence concerning the City of Boston's indemnification of the individual defendants to be relevant, it must be excluded pursuant to Rule 403 of the Federal Rules of Evidence on the grounds that its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. See Fed.R.Evid. 403.

WHEREFORE, for the reasons stated herein, Defendants request that the Court rule in limine that information pertaining to the City of Boston's indemnification of the legals fees and costs of the individual defendants be excluded from the evidence of this case, and may not be the subject of question or comment by Plaintiff at trial.

      Respectfully submitted,
      By Defendants City of Boston and
      Francis M. Roache
      Through their attorneys,

      /s/ John P. Roache
      John P. Roache (BBO# 421680)
      Patrick J. Donnelly (BBO# 651113)
      Roache & Associates, P.C.
      66 Long Wharf
      Boston, Massachusetts 02110

Date: March 16, 2008      Tel.: (617) 367-0330

CERTIFICATE OF SERVICE

    I, John P. Roache, hereby certify that on March 16, 2008, I served a copy of the above upon counsel of record by filing with the ECF/Pacer Case Management System.

                                            /s/ John P. Roache_____
                                            John P. Roache