UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHAWN DRUMGOLD,

            Plaintiff

      v.

TIMOTHY CALLAHAN,
FRANCIS M. ROACHE,
PAUL MURPHY, RICHARD WALSH,
and THE CITY OF BOSTON,

            Defendant

C.A. NO.: 04-11193NG

MOTION FOR LIMITATION OF EXAMINATION OF
PROPOSED TRIAL WITNESS LOLA ALEXANDER

      Defendants respectfully request that the Court explicitly limit Plaintiff's counsel from examining trial witness Lola Alexander by the use of leading questions, and further requests that Plaintiff's counsel be prohibited from using Mrs. Alexander's "affidavit," her testimony at the 2003 motion for new trial, or deposition testimony examination by Plaintiff's counsel, to refresh her recollection.

      As grounds therefor, Defendants respectfully submit that Mrs. Alexander's prior testimony demonstrates that she is not competent to testify as a percipient witness at this trial, and indeed, the bulk of her "testimony" consists of her adopting statements made to her by Plaintiff's counsel.   The trial court admonished counsel, as follows:

      THE COURT:   Notwithstanding Mr. Meier's great latitude in not objecting, I object to your leading questions to these witnesses which are on significant issues in the case.  They can testify in their own words without you suggesting the answer to them because this is very important, and you also have a habit of summarizing testimony they haven't given.  So I want to make very clear, since I

am the fact finder, that the testimony is, indeed, the witness's and not being

suggested to them by you.  Okay?

     ...

I just want to make sure the testimony they give is their own.  Obviously, we all

have a vested interest in that and I think your questions are leading and suggestive

of the answers and I really want to hear from the witness.

Exhibit A (direct examination, Motion for New Trial), pg. 13 – 14.

Defendants submit counsel's deposition examination as Exhibit B, wherein Mrs.

Alexander testified that reviewing the previous testimony and affidavit did not refresh her

recollection, then was read that testimony by counsel and adopted it.  Deposition

testimony in which Mrs. Alexander disclaims knowledge of the contents of the affidavit,

including disavowal that she read the document before signing it, is attached as Exhibit

C.   The affidavit is attached as Exhibit D.

Defendants submit that the proffered examinations demonstrate Mrs. Alexander's

inability to testify from her own memory, even when provided with the new trial

transcript and alleged affidavit, and strongly suggest that counsel will attempt to offer the

transcript and affidavit as substantive evidence.  While Defendants acknowledge that

prior sworn testimony may be admitted under Fed.R.Evid. 804(b)(1) if "the party against

whom the testimony is now offered ... had an opportunity and similar motive to develop

the testimony...," Defendants submit that the Alexander testimony is infirm both because

the Defendants had no opportunity to object at that proceeding, and the comments of the

trial court clearly establish that the manner by which the testimony was elicited was

highly objectionable[1].

---

[1] Defendants submit that the testimony also offends good faith, since Mrs. Alexander testified that at the
time the unidentified officers showed photographs to her daughter, she was suffering from brain cancer and

Thus, Defendants respectfully request that the Court disallow examination with reference or reliance upon these sworn statements, as they do not meet the foundational requirement of being statements that were the witness's own.

"Rule 612 requires a witness whose memory has been refreshed to testify from his present recollection, rather than to merely restate the contents of the writing ... if a party can offer a previously given statement to substitute for a witness' testimony under the guise of 'refreshing recollect,' the whole adversary system of trial must be revised.  ... Caution must be exercised to ensure that the document is not used to put words into the mouth of the witness."  *Rush v. Illinois Central Railroad Co.*, 399 F.3d 710, 717 (6th Cir. 2005).  Defendants respectfully submit that if Mrs. Alexander is to testify after being "refreshed" by statements or testimony that is itself a script (and, at least according to the questioning at the motion hearing and the affidavit, not statements of her own), the testimony would offend Fed.R.Evid. 103(c), in that inadmissible testimony would be brought before the jury through the guise of previously sworn testimony or questioning.


Respectfully submitted,                          Respectfully submitted,
By the Defendant Timothy Callahan                By Defendant Richard Walsh
Through his attorney,                             Through his attorney,


  /s/ Mary Jo Harris                               /s/ Hugh R. Curran
Mary Jo Harris                                   Hugh R. Curran
Morgan, Brown & Joy, LLP                         Bletzer & Bletzer
200 State Street                                 300 Market Street
Boston, Massachusetts 02109                      Brighton, Massachusetts 02135
Tel.: (617) 523-6666                             Tel.:  (617) 254-8900
BBO# 561484                                      BBO# 402057

---

Mrs. Alexander informed them of this fact.  It cannot be disputed that the diagnosis of brain cancer was not made until February 1989, some six months after the shooting of Tiffany Moore (and after Mary Alexander, along with Tracie Peaks, were shown photographs).  Therefore, it is absolutely impossible that Mrs. Alexander could have so informed the police, her daughter not as yet having been diagnosed or, according to the medical record, having displayed any symptoms of her affliction.

## <u>CERTIFICATE OF SERVICE</u>

I, Mary Jo Harris, hereby certify that on March 16, 2008 I filed a copy of the within document by filing same with the ECF Pacer system this same date.

/s/ Mary Jo Harris