UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHAWN DRUMGOLD,       )         C.A. NO. 04-11193NG
      Plaintiff       )
                  )
v                )
                  )
TIMOTHY CALLAHAN, ET AL.    )
      Defendant(s)   )
                  )

**MOTION IN LIMINE RE: CROSS EXAMINATION OF
ATTORNEY STEVEN A. RAPPAPORT**

Now comes the Plaintiff in the above entitled matter and moves this Court to order the Defendants not to examine, inquire or argue that general claims of ineffective assistance of counsel by Mr. Rappaport are the intervening and superseding proximate cause of the conviction of Shawn Drumgold. The Plaintiff moves this Court to limit the cross examination of Mr. Rappaport, for example, in the following areas:

    a) Claims that it was an error in judgment to have called Terrance Taylor as a witness at trial.

    b) Claims that it was ineffective assistance not to have further interviewed witnesses other than Tracie Peaks, Mary Alexander or Ricky Evans.

    c) Claims that it was an error in judgment to have called certain witnesses as part of the defense in the case.

    d) Claims that it was ineffective assistance not to have utilized more aggressively the services of private investigators.

1

The Plaintiff recognizes that this Court will allow inquiries of Mr. Rappaport concerning his dealings with witnesses Peaks, Alexander and Evans. He further understands that the Defendants will be allowed to argue, based upon the trial transcript, that any alleged wrongdoings by the Defendants were not the proximate cause of Mr. Drumgold's conviction.

As a matter of law, the alleged ineffective assistance by Mr. Rappaport is not the proximate intervening and superseding cause of Mr. Drumgold's conviction. The Defendants argue that even if the jury finds that they violated Mr. Drumgold's civil rights and that the original trial jury would have had a reasonable doubt as to whether Mr. Drumgold was guilty, they can still escape liability based upon the argument that the conviction of Mr. Drumgold may also have been avoided had Mr. Rappaport tried the case in a different or better manner. That argument is based upon a misunderstanding of the role of proximate cause in this case.

I.    **THE MASSACHUSETTS COURTS HAVE REJECTED THE ARGUMENT THAT MR. RAPPAPORT WAS INEFFECTIVE.**

As an initial matter, the Defendants should be estopped from arguing that Mr. Rappaport rendered ineffective assistance of counsel since that issue has been ruled upon by the Massachusetts courts. Mr. Drumgold filed a Motion for New Trial based upon claim of ineffective assistance of counsel. The Motion was denied and the Supreme Judicial Court upheld the denial. <u>Commonwealth v. Drumgold</u>, 423 Mass. 230, 261-265 (1996). The court held "we

have reviewed all the defendant's ineffective assistance of counsel claims and conclude they are without merit. (Id. at 264)  Plaintiff cannot be put in a position where he is denied a new trial in the Massachusetts courts because Mr. Rappaport was not ineffective and he is subjected in the Federal Court to a claim that he is denied recovery because Mr. Rappaport was ineffective. This issue has already been resolved in the State Court.

## II.     MR. RAPPAPORT'S ACTIONS, AS A MATTER OF LAW, ARE NOT A SUPERSEDING CAUSE.

As a matter of law, the actions of Mr. Rappaport cannot be an intervening and superseding cause of the conviction of Mr. Drumgold. The First Circuit in <u>Springer v Seaman</u>, 821 F.2d 871 (1st Cir. 1987) explained that "the question of proximate causation is sometimes for the court and sometimes for the jury." (Id. at 876) The court explained that the question of whether a jury may reasonably differ as to whether defendant's conduct was a substantial factor in causing harm to the plaintiff is a legal question to be resolved by the court. (Id. at 877) The question for this court is whether a reasonable juror could find that the actions alleged against Mr. Rappaport are a superseding cause of the Plaintiff's injuries. The standard is high. The First Circuit explained in <u>Napier v. F/V DEESIE, Inc.</u>, 454 F.3d 61, 68 (2006) "An intervening cause is a new and independent cause of the harm which is neither anticipated nor reasonably foreseeable by the defendant: it must operate independently of and occur after the conclusion of the defendant's negligent conduct." The First Circuit has indicated that the rule focuses on whether the subsequent harm is a foreseeable intervening force which was within the scope of the original risk. <u>Marshall v. Perez Arzuaga</u>, 828 F.2d 845,848 (1st Cir. 1987).

In this case, the Plaintiff's allegations are that the Defendants conspired to produce false evidence to convict the Plaintiff of murder. The possibility that the goal of the Defendants' conspiracy might be easier to accomplish because Mr. Drumgold did not receive the best possible criminal defense is clearly foreseeable by the Defendants. Any alleged ineffectiveness by Mr. Rappaport was not an unexpected and intervening event but was rather a fortuity which allowed the Defendants to accomplish their goal more easily.

The court in <u>Springer v Seaman</u> (Id. at 877) explained that the factors to be reviewed when determining whether an intervening cause rises to the level of a superseding cause are set forth in §442 of the Restatement of Torts 2nd and include (1) the type of harm brought about, (2) the extraordinariness of the intervening force under the circumstances, (3) the causal relationship between the defendant's actions and the intervening force, (4) the role of a third person, (5) the third persons' liability to the plaintiff, and (6) the wrongfulness of the third person's conduct.

In this case each of those factors suggest that the alleged ineffective assistance by Mr. Rappaport is not a superseding cause.

- "The type of harm" refers to whether the intervening cause brings about a harm different in kind from that which otherwise would result from the defendant's negligence. In this case the harm from Mr. Rappaport's alleged ineffective assistance is exactly the same as

4

the harm from the Defendant's actions; the conviction of Mr. Drumgold. In <u>Wagenmann</u> <u>v. Adams</u>, 829 F.2d 196, 211-212 (1st Cir. 1987), the court rejected the argument that a bail commissioner setting bail, based on false information from a police officer, was a superseding cause that excused that police officer's civil rights violation. The court rejected the argument and explained "And most significantly, the type of harm which eventuated … was, the jury could have found, precisely the outcome sought by (the defendant)."  If this case Mr. Drumgold's conviction was precisely the outcome sought by the Defendants.

- The fact that defense counsel may have been fallible and exercised poor judgment in representing the defendant is not an "extraordinary" consequence which would not be foreseeable to the Defendant.

- The fallible representation of the Plaintiff at the criminal trial is clearly not a force operating independently of the situation created by the Defendants. Mr. Rappaport's representation of Mr. Drumgold was a direct result of the Defendant's actions.

- The intervening force alleged against Mr. Rappaport is his failure to act rather than any intentional or willful action by him. "As a rule intervening negligent acts by third parties are more foreseeable than intentionally harmful acts." <u>Marshall v. Perez Arzuaga</u>, 828 F.2d 845, 848 (1st Cir. 1987).

- Mr. Rappaport's acts are not wrongful towards Mr. Drumgold and do not subject Mr. Rappaport to liability since, as discussed above, the Supreme Judicial Court rejected Mr. Drumgold's claim against Mr. Rappaport.

5

- The culpability of the Defendants intentional denial of the Plaintiff's civil rights clearly outweighs anything alleged against Mr. Rappaport.

The alleged ineffectiveness by Mr. Rappaport does not, as a matter of law, rise to the level where a reasonable jury could find it to be the only proximate cause of the Defendant's conviction.

As a practical matter, the Defendants' argument, on its face, is not persuasive. The Defendant argue, in effect, that even if we violated Mr. Drumgold's rights and even if the trial jury would have had a reasonable doubt if we have not violated Mr. Drumgold's rights, we are not liable because Mr. Drumgold might have been found not guilty had Mr. Steven Rappaport done a better job. That argument is not a superseding or intervening cause which cuts off the chain of proximate cause.

### III.    MR. RAPPAPORT'S ACTIONS CANNOT BE A SUPERSEDING CAUSE BECAUSE THEY DID NOT OCCUR AFTER THE DEFENDANTS' ACTIONS.

One of the essential requirements of the defense of superseding cause is that the alleged superseding cause occurs after the Defendant's negligence. For example, the court in <u>Malave-Felix v. Volvo Car Corp.</u>, 946 F.2d 967, 972 (1st Cir. 1991) explained that the superseding cause "comes into active operation in producing the result after the actor's negligent act or omission has occurred". <u>Marshall v. Perez Arzuaga</u>, 828 F.2d 845, 848 (1st Cir. 1987); <u>Napier v. F/V DEESIE,</u>

6

Inc., 454 F.3d 61, 68 (1st Cir. 2006). ("it must operate independently of, and occur after the conclusion of, the defendant's negligent conduct.") For example, in Staelens v. Dobert, 318 F.3d 77, 79 (1st Cir. 2003), the court found an intervening and superseding cause for a plaintiff injured by actions of a third party three to five hours after an automobile accident.

The Restatement of Torts explains that "An intervening force is one which actively operates in producing harm to another after the actor's negligent act or mission has been committed." The Restatement of Law, Second, Torts, §441. Comment 1 to that Section indicate that third party actions are an intervening force only "if it first operates after the actor has lost control of a situation and the actor neither knew nor should have known of its existence at the time of his negligent conduct."

In this case, the actions alleged against Mr. Rappaport occurred at exactly the same time as the actions alleged against the Defendants. The Plaintiff has alleged that throughout his trial the Defendants failed to disclose exculpatory evidence and failed to disclose their wrongful conduct that could be used as part of Mr. Drumgold's defense. Mr. Callahan was present throughout the trial and was, therefore, completely aware of Mr. Rappaport's actions. Mr. Rappaport's conduct occurred during the time of the wrongful acts of the conspiracy and therefore, as a matter of law, Mr. Rappaport's acts cannot be an intervening and superseding cause of Mr. Drumgold's injury.

### CONCLUSION

As a matter of law any alleged ineffectiveness by Mr. Rappaport is not an intervening and superseding cause of Mr. Drumgold's conviction.

Respectfully submitted,

By His Attorneys,

 /s/ Michael Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA   02108
617 723 1720
BBO 415900

/s/ Rosemary Curran Scapicchio

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Boston MA 02114
617 263 7400
BBO 558312