UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD<br>   Plaintiff,<br><br>v.<br><br>TIMOTHY CALLAHAN,<br>FRANCIS M. ROACHE,<br>PAUL MURPHY,<br>RICHARD WALSH, and<br>THE CITY OF BOSTON,<br>   Defendants. | C.A. NO.: 04-11193NG |

### OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE RE: CROSS-EXAMINATION OF ATTORNEY STEVEN A. RAPPAPORT

The Defendants, Richard Walsh and Timothy Callahan ("Defendants"), by and through counsel, hereby oppose the Plaintiff, Shawn Drumgold's ("Drumgold"), motion in limine with regard to their cross-examination of Attorney Steven A. Rappaport ("Rappaport").

Drumgold seeks an order that Defendants be precluded from examining, inquiring or arguing that Rappaport's ineffective assistance as counsel was the intervening and superseding cause of Drumgold's conviction. Drumgold's motion must be <u>denied</u> because: (1) a determination as to whether Defendants have a superseding, intervening cause defense (i) cannot be made without consideration of all of the evidence, and (ii) cannot be made without making the improper assumption that Drumgold's allegations are true;[1] and (2) the areas of examination and inquiry which Drumgold seeks to preclude, or otherwise limit, go to the heart of the jury's *proximate*

---

[1] For instance, granting the relief requested by Drumgold would require that Court to decide that Defendants' violated Drumgold's constitutional rights as alleged, that Tracie Peaks, Mary Alexander and Ricky Evans lied or otherwise testified untruthfully at trial, and that Tracie Peaks and Ricky Evans are telling the truth and credible now.

*cause* determination, and as such are essential to Defendants' defense against the proximate cause element of Drumgold's § 1983 claims.

Similarly, Drumgold asks that the Court limit Defendants' ability to examine Rappaport with regard to "claims" of "error in judgment" and/or "ineffective assistance." As sole grounds, Drumgold relies on the contention that Defendants should be precluded from presenting a superseding, intervening cause defense. Consequently, Drumgold's attempt to limit Defendants' cross-examination of Rappaport must be <u>denied</u> for the same reasons set forth above. Moreover, in requesting that the Court limit Defendants' ability to examine Rappaport, Drumgold undervalues and misrepresents the significance of Rappaport's testimony regarding his overall trial strategy and specific strategic defenses to Defendants' defense against Drumgold's § 1983 claims. Indeed, Drumgold's limiting request must be <u>denied</u> as the areas in which Defendants intend to examine Rappaport are at the core of their defense against proximate cause (should the jury even reach this element of Drumgold's various claims).

For these reasons, and as more fully set forth below, Defendants request that the Court <u>deny</u> Drumgold's motion in its entirely:

    **A.**    **Drumgold's motion must be denied because it necessitates a premature determination as to whether Defendants have a superseding intervening cause defense.**

Drumgold's motion must be denied because it necessitates a premature determination as to whether Defendants have a superseding, intervening cause defense as such a determination cannot be made without consideration of all of the evidence. Nor can it be made without making the improper assumption that all of Drumgold's allegations are true. Importantly, Drumgold cites to absolutely no case law in support of his argument that Defendants should be precluded, at this

early juncture, from arguing, and/or introducing or adducing evidence in support of, a superseding, intervening cause argument with regard to Rappaport's overall trial strategy and/or specific strategic decisions throughout the course of trial. To the contrary, the cases cited by Drumgold make clear that it would be error for the Court to grant Drumgold's motion.

First, none of the cases cited by Drumgold support his argument that the Court, at this procedural juncture, may make the determination that "Rappaport's actions, as a matter of law, are not a superseding cause." *See* Motion at 3-6.

Indeed, Drumgold completely distorts the First Circuit's decision in *Springer v. Seaman* – the procedural posture of which makes it entirely inapplicable to the issue before this Court. *See* 821 F.2d 871, 875-879 (1st Cir. 1987). Therein, the district court had granted the defendants' motion for summary judgment, finding that, though the record demonstrated certain issues of fact concerning alleged racial animus and other improper motivations for the defendants' actions, the plaintiff failed to show *on summary judgment* that those actions were the proximate cause of his injury. *Id.* at 875-876. The First Circuit disagreed on the basis that the district court improperly decided the issue of proximate causation, which was for the jury. *Id.* at 876. The First Circuit <u>did not determine</u> that, as a matter of law, the defendants' conduct was not a superceding, intervening cause. Rather, the Court found that there were issues of fact with regard to the considerations relevant to the issue of whether there was a superseding, intervening cause to preclude liability – issues of fact which were for the jury, thus precluding summary judgment. *Id.* at 877 ("Thus, at least the first three of the six listed Restatement considerations turn on disputed issues of fact; causation is precisely the heart of the dispute. The last three turn on other questions of fact drawn into dispute by Springer who alleges impropriety in the investigation itself.").

Of significance, in so finding, the First Circuit noted that:

> [i]n any case where there might be reasonable difference of opinion as to evaluative determinations, such as a 'substantial factor' determination, the question is one for the jury. According to Prosser and Keeton: By far the greater number of cases which have arisen have been of this description; and to this extent it may properly be said that 'proximate cause is ordinarily a question of fact for the jury, to be solved by the exercise of good common sense in the consideration of the evidence of each particular case.

*Id.* (citing W. Prosser & W. Keeton, *Prosser and Keeton on Torts* 320 (5th ed. 1984) (internal citations omitted). Noteworthy, the First Circuit also cited to *Prince v. Leesona Corp.*, 720 F.2d 1166, 1169 (10th Cir. 1983), wherein the Tenth Circuit held that "[t]he issue of superseding cause and shifting responsibility was properly decided by the jury. *See id.*

In *Napier v. F/V DEESIE, Inc.*, 454 F.3d 61, 68-69 (1st Cir. 2006), also cited by Drumgold, the First Circuit again dealt with a lower court's determination that summary judgment was appropriate on grounds that the plaintiff had presented no evidence to establish a causal relationship between his injury and defendant's conduct. And, again, the First Circuit held only that there was sufficient evidence of a causal connection to avoid summary judgment. *Id.* And, similarly, the First Circuit held that "[t]he issues of foreseeability and superseding cause are properly for the jury to decide when there may be reasonable differences in opinion." *Id.* at 69.

In this case, contrary to Drumgold's suggestion and analogous to *Springer v. Seaman* and *Napier v. F/V DEESIE, Inc.*, there are numerous factual issues which preclude this Court from making a determination at this early juncture as to whether Defendants may argue that Rappaport's actions were a superseding, intervening cause. Moreover, where the evidence develops such that there are issues of fact necessary to the superseding, intervening cause

4

determination, such issues may not be resolved by the Court unless the evidence is such that a reasonable jury could only reach one conclusion. *See supra.* Beyond such limited circumstance, the determination of whether there is a superseding, intervening cause is for the jury. *See id.*

Drumgold also cites to *Wagenmann v. Adams* and *Marshall v. Arzuaga*, in support of his contention that the Court should decide, as a matter of law, that Rappaport's conduct was not a superceding, intervening cause. *See* Motion at 3, 5-6. However, both of these cases involve consideration of the superceding, intervening cause issue based on <u>all</u> of the evidence which was considered by a jury.[2] Consequently, despite the courts' seeming rejection of the superseding, intervening cause defenses in those cases, nothing therein warrants preclusion at this early juncture. Indeed, the cases support Defendants' contention that such a determination cannot be made until all of the evidence has been presented.

Second, Drumgold cites to *Malave-Felix v. Volvo Car Corp.*,[3] and *Staelens v. Dobert*,[4] as well as *Marshall v. Perez Arzuaga* and *Napier v. F/V DEESIE*, discussed *supra*, for the presumptuous contention that Rappaport's actions did not occur after Defendants' alleged actions.

---

[2] *See Wagenmann v. Adams*, 829 F.2d 196, 211-213 (1st Cir. 1987); *Marshall v. Arzuaga*, 828 F.2d 845 (1st Cir. 1987) (applying substantive law of Puerto Rico and discussing role of foreseeability in regard to proximate and intervening causes).

[3] In *Malave-Felix v. Volvo Car Corp.*, applying the law of Puerto Rico, the First Circuit upheld the lower court's directed verdict in favor of defendant Volvo, finding that the plaintiff "did not present more than a scintilla of evidence to support her contention that Volvo was the proximate cause of the accident" which caused her injury and thus the district court did not invade the province of the jury. 946 F.2d 967, 972-973 (1st Cir. 1991).

[4] In *Staelens v. Dobert*, the First Circuit upheld the lower court's decision granting summary judgment in favor of the defendants on grounds that the negligence of a non-party, an inspector of the Department of Transportation, was an intervening and superseding cause that relieved the defendants of liability. 318 F.3d 77, 79-80 (1st Cir. 2003). The Court reasoned that "no jury could conclude that it was reasonably foreseeable that, three to five hours after the collision, [the plaintiff] would trip over a piece of equipment brought to the scene [of the collision] sometime after the accident by a state employee inspecting the tanker. [Plaintiff] suffered no injury from the collision itself nor from any risk of harm resulting therefrom .... Instead, [the plaintiff's] injury resulted from an independent agency, the DOT inspector's conduct, after the risks of harm resulting from the defendant's negligent conduct had come to rest."

Indeed, this contention improperly assumes, and requires the Court to improperly assume, that all of Drumgold's factual allegations are true. Of significance, none of the cases cited by Drumgold involve a determination by the First Circuit that the conduct of a third party <u>did not</u> occur after the conduct of one or more defendants – a determination which Drumgold is asking this Court to make without consideration of all of the evidence and a determination which should be left to the exclusive province of the jury.[5]

Simply, Drumgold has provided no legal support for his argument that Defendants should be precluded, prior to the close of evidence, from arguing, or introducing or adducing evidence in support of, a superseding, intervening cause defense. Similarly, there is no support for the contention that a court or trier of fact may properly evaluate the factors relevant to the superseding, intervening cause analysis without consideration of all of the evidence. To the contrary, the case law supports that it is premature for the Court to determine that Defendants cannot support an intervening, superseding cause defense and that Defendants are entitled to introduce and adduce evidence in support of a superseding, intervening cause defense. *See supra*; *see also Bartels v. City of Williston*, 629 F.2d 509, 512 (8th Cir. 1980) (noting that "[w]hile the issue of intervening-superseding cause is for the jury, the defendant must adduce sufficient evidence that the intervening cause is an extraordinary one rather than being one that might be normally expected by a reasonably prudent person in view of the situation existing at the time of its intervention before the defendant will be entitled to an intervening-superseding cause instruction").

---

[5] For instance, if the jury were to determine that there was a suggestive identification procedure, but believed that <u>prior to the identification procedure</u> Tracie Peaks identified Drumgold as the man that she saw after the shooting, the jury may find that the identification was not material and Defendants may be able to argue that Rappaport's defense was a superseding, intervening cause.

It may be the case that Defendants will not even ask for a jury instruction on superceding, intervening causes. However, at this time, Defendants are entitled to reserve the right to do so and should be permitted to examine Rappaport with the goal that his testimony will support a superseding, intervening cause defense.

    **B.    Drumgold's request that the Court limit Defendants' examination of Rappaport must be denied because the testimony sought is relevant and admissible on the issue of proximate causation and because limitation would offend the interests of justice and result in unfair prejudice to Defendants by effectively precluding Defendants from presenting their full defense against the proximate causation element of Drumgold's § 1983 claims, in violation of Defendants' right to a fair trial.**

Regardless of whether Defendants argue or adduce evidence that Rappaport's action(s) worked as a superseding, intervening cause of Drumgold's conviction, Defendants are entitled to examine Rappaport in all areas pertinent to Defendants' defense against the proximate cause element of Drumgold's § 1983 claims, and to cross-exam Rappaport on all points that he was permitted to offer opinion testimony on during his direct examination.

Of significance, in order to recover for one or more of his § 1983 claims, Drumgold must demonstrate, by a preponderance of the evidence, that (1) Defendants' conduct was under color of state law; (2) this conduct deprived Drumgold of a right protected by the Constitution of the United States; <u>and</u> (3) Defendants' conduct was a proximate cause of his conviction for the murder of Darlene Tiffany Moore. *See Johnson v. Mahoney*, 424 F.3d 83, 89 (1st Cir. 2005); *Baker v. McCollan*, 443 U.S. 137, 143 (1979) (citations omitted). In order to establish that Defendants' conduct was a proximate cause of Drumgold's conviction, Drumgold must establish by a preponderance of the evidence that Defendant's conduct played a substantial role in bringing about the conviction, and (2) the conviction was either a direct result or a reasonably

probable consequence of Defendants' conduct. *See Adedeji v. U.S.*, 782 F.Supp. 688, 701 (D. Mass. 1992) citing *Jorgensen v. Massachusetts Port Authority*, 905 F.2d 515 (1st Cir. 1990) and Restatement (Second) of Torts §§ 431, 433 (1977)); *see also Kibbe v. City of Springfield*, 777 F.2d 801 (1st Cir. 1985). In other words, Drumgold must establish by a preponderance of the evidence there is a reasonable probability that in the absence of the purportedly unconstitutional conduct, Drumgold would not have been convicted for the Moore homicide. *See Strickland v. Washington*, 466 U.S. 668, 684-685, 694-695 (1984).[6]

Indeed, the areas in which Defendants seek to examine Rappaport go to the heart of proximate causation. Contrary to Drumgold's contention, Defendants are not arguing that Rappaport's ineffective lawyering caused Drumgold's conviction. Rather, Defendants maintain that the cause of Drumgold's conviction was the <u>evidence</u> which was considered by the criminal trial jury – not any purported misconduct by Defendants. And, even if there were conduct of a constitutional magnitude, which Defendants adamantly deny, and Drumgold was aware of that conduct at the time of the criminal trial, the criminal jury still would have convicted Drumgold for the Moore homicide based on: (1) the evidence presented to the criminal jury, (2) the evidence which was available at the time of trial but was not presented to the criminal jury, (3) Rappaport's overall trial strategy and specific strategic decisions, (4) witness credibility at the

---

[6] Importantly, in the event that the jury is presented with two possible causes of Drumgold's conviction, one for which one or both of the defendants was responsible and the other for which neither of the defendants was responsible, and if the jury is unable to determine which of the two causes occasioned the conviction, then Drumgold has failed to meet his burden of proof and the jury must find liability in favor of the defendants. *See Kosakow v. New Rochelle Radiology Associates, P.C.*, 274 F.3d 706 (2d Cir. 2001) (noting that party with the burden of proof of preponderance of evidence would lose in the event that the evidence is evenly balanced); *Sherman v. Lawless*, 298 F.2d 899, 902 (8th Cir. 1962) ("If the proven facts go no further than to give equal support to two inconsistent inferences, the judgment must go against the party upon whom rests burden of proof."); *Fulop v. Maley Hungarian Airlines*, No. 00 Civ.1965(VM), 2003 WL 202958, *4 n. 4 (S.D. N.Y. Jan. 27, 2003) ("Under the preponderance of the evidence standard, when the court is faced with two theories equally supportable by the record, the plaintiff's theory is not accepted because the burden of proof has not been satisfied."); *see also* Modern Federal Jury Instruction No. 87-79.

criminal trial, and (5) witness credibility at this trial, including Rappaport's credibility. Defendants are entitled to examine Rappaport to the extent that his testimony is relevant to these defenses, and to grant Drumgold's motion would impede on Defendants' right to do so.

Drumgold claims that evidence was withheld, and that Rappaport would have defended the case differently had the withheld evidence been provided. As already argued, Defendants contest the allegations of evidence withheld, but acknowledge that the jury could believe that some information was withheld, and disbelieve Drumgold's claims as to other evidence. Defendants are entitled to question Rappaport as to his professional assessment of the significance of each piece of the alleged withheld evidence, and may challenge his credibility with regard to his testimony as to how he would have proceeded with the evidence. This is especially so in light of Rappaport's testimony about the weight and impact of the evidence at trial (i.e., the significance of the Peaks/Alexander identification testimony and Evans as the "bridge" to the crime). Defendants must be permitted to rebut Rappaport's claims about how he would have tried the case by reference to how he actually did.

Examination of Rappaport's strategies also goes to the *Brady* issue of materiality. For example, Drumgold claims that Ricky Evans was put up in a hotel and given money in exchange for his false testimony at Drumgold's criminal trial. Defendants, on the other hand, maintain that Evans was housed in part to secure his presence at trial, and in part out of concerns for his safety as a material witness in both the Drumgold and Treas Carter matters. Because this issue is for the jury, Defendants are entitled to question Rappaport as to whether he would have examined Evans with regard to the hotel and money for expenses if it was his understanding that the issue of safety would thereby be introduced to the jury.

Additionally, Rappaport's decision not to put on an alibi defense is relevant and critical to Defendants' causation defense. The important issue is not whether this decision was "ineffective" or an "error in judgment." Rather, the issue is that Drumgold purportedly had alibi witnesses, but he did not seek them out, nor did he put them on the stand during the trial. Where Drumgold claims that Defendants' conduct was the proximate cause of his conviction, Defendants are entitled to have the jury weigh all of the possible causes of his conviction in making a proximate causation determination.

The nature of this case is such that the evidence presented to the jury and the evidence which purportedly could have been presented to jury are intertwined such that injustice would result if Defendants' were limited in their ability to question Rappaport on his overall trial strategy and specific strategic decisions. The fact that Drumgold's claims are limited to a few of the witnesses who testified at trial should not work to prevent Defendants from arguing against causation based on the evidence. Consequently, Drumgold's motion should be denied and Defendants should be permitted to examine Rappaport in all areas pertinent to Defendants' defense against the proximate cause element of Drumgold's § 1983 claims, as well as on all points that he was permitted to offer opinion testimony on during his direct examination.

    C.    **Drumgold's reliance on the SJC decision's in *Commonwealth v. Drumgold*, 423 Mass. 230, 261-265 (1996) is of no avail.**

The SJC's determination with regard to Rappaport's effectiveness as defense counsel is an entirely different determination than is before the jury in this case. Though Defendants reserve the right to do so, Defendants are not asking the jury to determine that Rappaport did a poor job and that it is because Rappaport did a poor job that Drumgold was convicted. Rather, Defendants argue that in the event that the jury finds constitutional violation(s), then such violations were not

a proximate cause of the conviction – that even if there were violation, Drumgold would have been convicted. The elements relevant to determining effectiveness of counsel are entirely irrelevant here. Under the ineffective assistance of counsel analysis, reasonable strategic choices are deemed defenses. Here, Rappaport's strategic choices must be weighed by the trier of fact in a different atmosphere – whether Defendants were a substantial cause or whether it was the evidence (or lack thereof) that was presented to the criminal jury that was the substantial cause of Drumgold's conviction. As discussed above, Drumgold has raised the issue that Rappaport would have acted differently if assuming Drumgold's factual allegations are true, he was aware of such facts at the time of trial. This jury is entitled to weigh the credibility of Rappaport's claim against the backdrop of his demonstrated performance and strategic choices.

WHEREFORE, for all of the foregoing reasons, the Defendants, Richard Walsh and Timothy Callahan, respectfully request that the Court deny the Plaintiff, Shawn Drumgold's motion and Order that Defendants may cross-examine Attorney Steven A. Rappaport without limitation.

**Defendant,**
**RICHARD WALSH,**
By his attorney,

/s/ Hugh R. Curran
Hugh R. Curran (BBO# 552623)
Bletzer & Bletzer, P.C.
300 Market Street
Brighton, MA 02135
(617) 254-8900

**Defendant,**
**TIMOTHY CALLAHAN,**
By his attorney,

/s/ Mary Jo Harris
Mary Jo Harris (BBO# 561484)
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109
(617) 523-6666

DATED: March 24, 2008

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 24th day of March, 2008, I electronically filed with within document with the Clerk of the United States District Court for the District of Massachusetts, using the CM/ECF System. The following participants have received notice electronically:

**For Plaintiff Shawn Drumgold,**
Michael W. Reilly, Esq.
Tommassino & Tommasino
Two Center Plaza
Boston, MA 02108-1904

**For Plaintiff Shawn Drumgold,**
Rosemary Curran Scapicchio, Esq.
Four Longfellow Place, Suite 3703
Boston, MA 02114

**For Defendant, City of Boston**
Susan Weise, Esq.
Chief of Litigation
Assistant Corporate Counsel
City of Boston/Law Department
City Hall, Room 615
Boston, MA 02201

**For Defendants City of Boston and Francis M. Roache,**
John P. Roache, Esq.
The Law Offices of John P. Roache
66 Long Wharf
Boston, MA 02110

**For Defendant Richard Walsh,**
Hugh R. Curran, Esq.
Bletzer & Bletzer, P.C.
300 Market Street
Brighton, MA 02135

/s/ Mary Jo Harris