UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD, <br>     Plaintiff <br><br> v. <br><br> TIMOTHY CALLAHAN, ET AL. <br>     Defendant(s) | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. NO. 04-11193NG |

**PLAINTIFF'S REQUEST FOR AWARD BY THE COURT OF NOMINAL DAMAGES**

If the jury find that the Defendants violated the Plaintiff's civil rights, the Court should award nominal damages in the amount of $1 to the Plaintiff. The Court has addressed the possibility of all causation issues being resolved in the third stage of this trial. The Plaintiff will address that suggestion prior to the jury instruction conference. If the Court allows the jury to decide proximate cause in the first stage, the Plaintiff submits this Motion.

A plaintiff who establishes a violation of an absolute civil right is entitled to nominal damages even absent a finding of compensatory damages. The Supreme Court has explained that "By making the deprivation of … rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed." Carey v. Piphus, 435 U.S. 247, 266 (1978); Campos-Orrego v. Rivera, 175 F.3d 89, 98-99 (1st Cir. 1999). A denial of a defendant's right to a fair trial is the type of absolute right which entitles a plaintiff to nominal damages. Carroccia v. Anderson, 249 F.Supp.2d 1016, 1023-1024 (N.D.Ill., 2003). Similarly, a Brady violation is the type of absolute rights which entitles the Plaintiff to nominal damages. Gomez v. Riccio, 2005 WL 2978955, Pages 6-7.

The Court's bifurcation of this trial presents the necessity to address the normal procedure of having all damages considered at the end of the case. The Defendants have argued that Plaintiff is not entitled to compensatory damages if the jury finds that he would have been convicted, even if there had been no violation of his civil rights. If the jury adopts that argument, the case would be in the posture of Plaintiff's civil rights having been violated and the Plaintiff not being entitled to compensatory damages. The Plaintiff in that situation is entitled to nominal damages. The court in <u>Campos-Orrego v. Rivera</u> (Id. at 99) indicated that the request for nominal damages is preserved either by a request for jury instruction or by the trial court awarding nominal damages immediately after return of the verdict. Plaintiff is hereby requesting the Court award nominal damages if the circumstances outlined above occur.

       Respectfully submitted,

       By His Attorneys,

       /s/ Michael Reilly

       Michael W. Reilly, Esq.
       Tommasino & Tommasino
       Two Center Plaza
       Boston, MA   02108
       617 723 1720
       BBO 415900

       /s/ Rosemary Curran Scapicchio

       Rosemary Curran Scapicchio, Esq.
       Four Longfellow Place

Boston MA 02114
617 263 7400
BBO 558312