UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD, <br>     Plaintiff | ) <br> ) <br> ) | C.A. NO. 04-11193NG |
| v | ) <br> ) | |
| TIMOTHY CALLAHAN, ET AL. <br>     Defendant(s) | ) <br> ) <br> ) | |

**MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR
JURY INSTRUCTION RE: PROXIMATE CAUSE**

The Court has highlighted to the parties that this case presents an unusual proximate cause issue. The jury is asked, in some manner, to decide what effect the Defendants alleged violation of Plaintiff's civil rights had on a criminal jury in 1988. This proximate cause issue differs from the typical police brutality civil rights claim where the question for the jury is whether alleged police misconduct caused discreet personal injuries to the Plaintiff. This Court suggested in its docket entry to the parties the possibility that the appropriate frame of analysis for this question is the analysis adopted by the United States Supreme Court in Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

The court in Mt. Healthy dealt with a teacher who alleged that he was fired because of exercise of his First Amendment Rights. The court recognized that the case necessarily entailed striking a balance between the interests of the teacher in commenting upon matters of public concern and the interest of the State in promoting the efficiency of public service. (Id. at 284) Similarly, in this case, the Court must strike the balance between Mr. Drumgold's constitutional rights to be free from having his civil rights violated and the Defendants' rights to be held

responsible only for damages they proximately caused. The Supreme Court in Mt. Healthy went on to discuss the difficulty in dealing with constitutional violations and determining whether they caused discreet harm. The court explained

> In other areas of constitutional law, this Court has found it necessary to formulate a test of causation which distinguishes between a result caused by a constitutional violation and one not so caused. We think those are instructive in formulating the test to be applied here. (Id. at 286)

It should be noted that the question addressed by the Supreme Court is exactly the question this Court is struggling with. It is instructive to review the cases which the court looked to for guidance for this question of constitutional causation. The Court relied upon a series of criminal cases. Nardone v. U.S., 308 U.S. 338, 341, 60 S.Ct. 266, 84 L.Ed. 307 (1939); Wong Sun v. U.S., 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); and Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970). Each dealt with a situation where a question of causation for constitutional violation in the criminal context is resolved by putting the burden on the criminal defendant to establish the likelihood that the violation was related to a harm and then putting a burden on government to convince the trial court that the harm had an proof has independent origin (Nardone Id. at 341).

The court in Mt. Healthy then went on to explain "those cases do suggest that the proper test to apply in the present context is one which likewise protects against the invasion of constitutional rights without commanding undesirable consequences not necessary to the assurance of those rights." (Id. at 287)

It was after that analysis that the court adopted its procedure for first putting the burden on the plaintiff to show that the unconstitutional act was a motivating factor then allowing the defendant to show, by the preponderance of evidence, that the same decision would have been reached even in the absence of the unconstitutional acts.

It should be noted that the opinion in Mt. Healthy did not rely on the argument cited by the Defendants here, that a Defendant has the best access to the information supporting the Defendants' decision. The Supreme Court held, instead, that this was the most appropriate way of balancing the two important rights.

In this case, the Mt. Healthy test is particularly helpful since it recognizes that a constitutional violation occurs when a violation of civil right is a motivating factor to a jury conviction but at the same time allows the Defendants an opportunity to argue that the conviction would have occurred even absent those violations.

In Hartman v. Moore, 547 U.S. 250, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006), the court dealt with the question of whether a plaintiff in a Bivens case must allege a lack of probable cause in a retaliatory arrest claim. In the context of discussing that claim the Court specifically acknowledged that those types of claim, like the claim here, involve the situation where the alleged unconstitutional act is taken by one actor, the police officer, and the decision which causes harm to the defendant is taken by another actor, in that case, the prosecutor. The court imposed a pleading requirement of alleging there was a lack of probable cause but made it clear that in the situation where, as is the case here, a third party is making a decision as to whether the

defendants' violations of civil rights would cause damage, the <u>Mt. Healthy</u> analysis should still apply. (Id. at 260-261)

## CONCLUSION

The burden shifting instruction requested by the Plaintiff appropriately balances the competing rights in this case.

Respectfully submitted,

By His Attorneys,

<u>/s/ Michael Reilly</u>

Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA   02108
617 723 1720
BBO 415900

<u>/s/ Rosemary Curran Scapicchio</u>

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Boston MA 02114
617 263 7400
BBO 558312