**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| SHAWN DRUMGOLD, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil Action No. 04cv11193-NG |
| | ) | |
| TIMOTHY CALLAHAN, | ) | |
| FRANCIS M. ROACHE, | ) | |
| PAUL MURPHY, | ) | |
| RICHARD WALSH, and | ) | |
| THE CITY OF BOSTON, | ) | |
|     Defendants. | ) | |

GERTNER, D.J.

**JURY INSTRUCTION RE:
NON-DISCLOSURE OF EXCULPATORY EVIDENCE**
April 2, 2008

## I.   Suppressing Exculpatory Information

A defendant has a constitutional right in a criminal case to
be furnished with exculpatory evidence in the hands of the
prosecution and the police.  Exculpatory evidence is evidence
which is materially favorable to the accused.  It includes
evidence which tends to suggest the innocence of a person
suspected of or charged with a crime, such as evidence which
tends to prove that the defendant did not commit the crime and
evidence which suggests that the crime might have been committed
by someone else.  It also includes evidence which might be used
to impeach witnesses who testify against the person accused, such
as evidence that tends to show a defect in the witness's
perception, memory, narration, or truthfulness; evidence that

suggests a motive to testify falsely; or evidence which demonstrates that the witness had an interest in a particular outcome.

Exculpatory evidence is "material" when it is of a type that could undermine confidence in the outcome of a trial.  In determining what is material, the question is not whether a defendant would more likely than not receive a different verdict with the evidence, but whether in its absence he would receive a fair trial, understood as a trial resulting in a verdict worthy of confidence.  And in evaluating whether evidence is material to a criminal trial, you must consider the a jury in a criminal trial must reach a unanimous verdict and that the defendant's guilt must be proved beyond a reasonable doubt.

## II.  Officer's Obligation to Furnish Exculpatory Evidence to Prosecutor

A law enforcement officer is constitutionally required to promptly furnish material exculpatory information in his possession to the prosecutor's office.  If you find that an officer knowingly and willfully ignored material exculpatory evidence and failed to promptly furnish it to the prosecutor in the criminal case against the plaintiff, then you should find that the officer violated the plaintiff's constitutional rights.