UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD, | ) | C.A. NO. 04-11193NG |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY CALLAHAN, ET AL. | ) | |
|     Defendant(s) | ) | |
| | ) | |

**PLAINTIFF'S THIRD SUPPLEMENTAL REQUEST FOR JURY INSTRUCTIONS**

    Now comes the Plaintiff and Supplements the Jury Instructions previously filed, Document Number 201, with the following requests:

## REQUEST NO. 1
**Failure to call witnesses**.

Lawyers in this case may have made certain statements in their opening arguments concerning witnesses you may hear from, exhibits you might see and arguments you might be asked to consider in connection with this first stage of the trial. As happens in many trials, the legal framework of this case has changed as it has gone forward over the last month. As a result, some of the witnesses, evidence, and arguments that were mentioned in the opening arguments of counsel may not have been presented to you during this first stage of the trial. You should be advised that the parties may present that information to you in the second or third portion of the trial and you should not draw any adverse inference from a party's failure to call witnesses or produce evidence that were discussed in the opening unless you find that the witness or evidence is relevant to the particular issues which I now instruct you are at issue in the first stage of the trial.

**REQUEST NO. 2**
**Brady Violation.**

(The Plaintiff has no objection to the Court's proposed Brady instruction. Plaintiff requests additional instructions on the issue as follows): Understandings, agreements, promises or any similar arrangements between the police and a Commonwealth witness are exculpatory evidence that must be disclosed.

Commonwealth v. Hill 432 Mass. 704, 715-716 (Mass. 2000)

Commonwealth v. Gilday 382 Mass.166, 175 (1980)

Commonwealth v. Watson 393 Mass.297, 300 (1984)

## REQUEST NO. 3
**Knowledge of the defendant.**

The Brady requirement does not require the Commonwealth to turn over information to Mr. Drumgold, which the Commonwealth actually knows Mr. Drumgold or his attorney has in his possession. The fact that it would have been possible for Mr. Drumgold or his attorney to obtain the exculpatory information, if they had known of its existence, does not operate as a waiver of the constitutional claim that the police failed to turn over the exculpatory information. Omissions, or failings of defense counsel, do not relieve the police of their obligation to disclose exculpatory evidence.

Commonwealth v. Healey 438 Mass. 672, 678 (Mass. 2003)

Commonwealth v. Tucceri 412 Mass. 401, 410 (1992)


# REQUEST NO. 4
**Intent to violate rights not required.**

There is no state of mind requirement to prove a Section 1983 claim. The Plaintiff is not required to prove that the Defendants intended to violate his civil rights.

Gibson v. Superintendent of New Jersey Department of Law 411 F.3rd 427, 445 (3rd Cir. 2005) *cert. Den.* 126 S.Ct. 1571 (2006)

Daniels v. Williams 474 U.S. 327, 330, 106 S.Ct. 662, 664, 88 L.Ed.2nd 662 (1986)