UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD, <br>     Plaintiff | ) <br> ) <br> ) | C.A. NO. 04-11193NG |
| v | ) <br> ) | |
| TIMOTHY CALLAHAN, ET AL. <br>     Defendant(s) | ) <br> ) <br> ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS', ROACHE AND CITY OF BOSTON,
MOTION TO LIMINE TO EXCLUDE CASES OF
<u>ALLEGED PAST POLICE MISCONDUCT</u>**

Paragraph 26 of the Complaint in this matter alleges that "it was the policy, custom, or practice of the defendant City of Boston to allow the defendant officers and other members of the police department to ignore laws, rules, and regulations governing proper police conduct. Pursuant to this policy, custom, or practice, defendant City of Boston implicitly tolerated unlawful police practices including perjury and the withholding of exculpatory evidence, failed to investigate adequately citizen complaints against its police officers, and failed to train and supervise properly its officers".

Paragraph 32 of the Complaint, Plaintiff alleged that the Defendants' policies and practices are "illustrated by but not limited to the following conduct" and then discusses specific cases involving Christopher Harding, Garry Willoughby, Marvin Mitchell, Trent Holland, William Bennett, Tahann Harris, Jerome Goffigan, Donnell Johnson.

During the discovery of this case, Plaintiff became aware of the Angel Toro case as a

result of a civil action filed in this Court after the beginning of litigation in this case and of the Louis Santos case, which was a Supreme Judicial Court case involving the Defendant, Mr. Walsh and which was the subject of testimony at trial. In addition, the Defendant has offered as exhibits for the second trial the Commonwealth's Motion to Vacate Conviction in connection with Marlon Passley and Stefen Cowans.

As to the individuals specifically named in the original Complaint, the City has no argument as to surprise or prejudice. The City has proposed a variety of exhibits concerning those individuals. The incidents complained of happened at or around the time of the events in this case.

- Christopher Harding arises from a shooting on August 18, 1989
- Garry Willoughby arises from an arrest on September of 1989
- Marvin Mitchell arises from a vacation of a conviction of 1989
- Trent Holland arises from a 1989 conviction
- William Bennett arises from an August 23, 1989 shooting
- Tahann Harris arises from an indictment of 1991
- Donnell Johnson arises from a shooting in 1994

Similarly, the two additional matters discussed in the first section of the trial occurred at a time relevant to the issues in this case. The Louis Santos decision was in July of 1988 and the Angel Toro shooting occurred in 1981. The two additional matters listed as exhibits for Stage Two are Marlon Passley, which arises from a shooting in 1995, and Stefen Cowans which arises

from a shooting in 1997.

The Defendant City of Boston has not indicated any particular prejudice arise from these matters being addressed before the jury. These are all matters which have been fully investigated by City and which the City has had every opportunity to defend. There is no prejudice to the City at this point to allow these matters to be addressed. Seven of the matters are addressed in the Complaint. Two of the matter, Santos and Toro, where specifically discussed at Mr. Walsh's deposition and where discussed at Stage One of the Trial. The City cannot credibly claim surprise at this point.

Respectfully submitted,

By His Attorneys,

 /s/ Michael Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA   02108
617 723 1720
BBO 415900

/s/ Rosemary Curran Scapicchio

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Boston MA 02114
617 263 7400
BBO 558312