UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD,<br>    Plaintiff<br><br>v.<br><br>TIMOTHY CALLAHAN, FRANCIS<br>M. ROACHE, RICHARD WALSH and<br>THE CITY OF BOSTON,<br>    Defendants | 04-CV-11193-NG |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S CITED CASES OF ALLEGED PAST POLICE MISCONDUCT**

Defendants the City of Boston and Francis M. Roache move the Court *in limine* to preclude from the evidence in the trial against them all of the cases of alleged past police misconduct cited by the Plaintiff as documents in the Plaintiff's possession regarding thoses cases were not timely disclosed by the Plaintiff in advance of trial. This motion is also submitted pursuant to F.R.C.P. 37(c)(1).

Defendants the City of Boston and Francis M. Roache further move on separate grounds for the Court *in limine* to preclude from the evidence in the trial against them certain cases of alleged past police misconduct pursuant to Rule 402 of the Federal Rules of Evidence as these cases are not relevant to proving the elements of the Plaintiff's claims against the City of Boston and Commissiner Francis M. Roache. The cases in question pertain to the following: Christopher Harding, Willie Bennett, Tarahn Harris, Donnell Johnson, Neil Miller, Marlon Passley, Angel Toro, Louis Santos and Stephen Cowans.

As grounds therefore with regard to Plaintiff's failure to make timely disclosure under the Federal Rules of Civil Procedure, the Defendants state that the Plaintiff offers in support of

his allegation of a custom, practice or policy of the City of Boston to violate the civil rights of citizens A) seven separate instances in his complaint, B) one from his opposition to summary judgment, and C) adds four more in his portion of the Joint Pretrial Memorandum. The City of Boston responded to these allegations of past misconduct in its answer to the complaint and made intial disclosures under Fed.R.Civ.P. 26(a)(1)(A)(ii) based on the notice given in Plaintiff's complaint. However, the Plaintiff's initial disclosures do not indicate that he was in possession of any documents pertaining to the alleged misconduct cases he cites in his complaint and never supplemented such disclosures. The cases must be excluded pursuant to Fed.R.Civ.P. 37(c)(1).

As grounds therefore with regard to the relevance of certain cases of alleged past police misconduct cited by the Plaintiff, the Defendants state that those cases which Plaintiff has identified to date that he intends to offer at Phase II of the trial of this action are not supportive of his claims of municipal and supervisory liability against the City of Boston and former commissioner Francis M. Roache. The cases cited by the Plaintiff concern situations where neither Callahan nor Walsh would have been on notice that officers, such as themselves, could act with impunity in violating this Plaintiff, Shawn Drumgold's, civil rights because the cited instances concern situations that for the most part either began after the Plaintiff was convicted for the murder of Tiffany Moore or overlapped very briefly. Furthermore, as these cases cited by the Plaintiff involved allegations of misconduct that arose after Commissioner Roache's tenure as commissioner, there is no support from these cited cases for the Plaintiff's assertion that Commissioner Roache had active or constructive notice that there was a problem with officer conduct that needed to be addressed. The cases which the Plaintiff intends to introduce are not relevant and must be excluded.

WHEREFORE, for the reasons stated herein, Defendants request that the Court rule in limine that late disclosed cases of alleged past police misconduct, and the cases pertaining to Christopher Harding, Willie Bennett, Tarahn Harris, Donnell Johnson, Neil Miller, Marlon Passley, Angel Toro, Louis Santos and Stephen Cowans as they are not relevant, be excluded from the evidence of this case, and may not be the subject of question or comment by Plaintiff at trial.

Further support for this Motion is provided in the accompanying Memorandum of Law.

Respectfully submitted,
By Defendants City of Boston and
Francis M. Roache
Through their attorneys,

 /s/ John P. Roache_____
John P. Roache (BBO# 421680)
Patrick J. Donnelly (BBO# 651113)
Roache & Associates, P.C.
66 Long Wharf
Boston, Massachusetts 02110

Date:   April 3, 2008                           Tel.:    (617) 367-0330

CERTIFICATE OF SERVICE

I, John P. Roache, hereby certify that on April 3, 2008, I served a copy of the above upon counsel of record by filing with the ECF/Pacer Case Management System.

/s/ John P. Roache_____
John P. Roache