```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| SHAWN DRUMGOLD,           )<br>     Plaintiff,           )<br>                              )<br>     v.                       )<br>                              )<br> TIMOTHY CALLAHAN,         )<br> RICHARD WALSH, et al.,    )<br>     Defendants.           ) | Civil Action No. 04cv11193-NG |

GERTNER, D.J.

**JURY INSTRUCTIONS:**
April 4, 2008

## I.   INTRODUCTION

The federal civil rights law, Section 1983 of Title 42 of the United States Code provides that any individual may come to this court seeking damages against any person or persons, who, under color of state law, deprive that individual of any of his constitutional rights.

Before section 1983 was enacted in 1871, people so injured were not allowed to sue state officials or persons acting under color of state law for money damages in federal court.  In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Constitution and federal laws.

## II.  **ELEMENTS OF § 1983 CLAIM**

In order to prevail on a claim under section 1983, the plaintiff must prove two things at this stage:

1.  that the defendants acted under color of law; and
2.  that the defendants deprived the plaintiff of one or more of his constitutional rights.

Here, the plaintiff alleges that the conduct of the defendants violated his constitutionally protected right to a fair trial which I will define in a moment.

> **A.** Let me say three things in response to the closing arguments. This case is about allegations of unconstitutional conduct that may have led to an unfair trial. It is not about whether plaintiff is in fact guilty or innocent and you are not to speculate about that. It is not a replay of the criminal trial. Second, this case is about three witnesses and the officers' conduct with respect to them. It is not about whether other parts of the Tiffany Moore investigation were adequate or inadequate. Finally, to the extent that counsel made reference to whether these rights violations -- if they occurred --led to an unfair trial in Commonwealth v. Drumgold, the relationship between these violations and Mr. Drumgold's ultimate conviction,

whether they were the proximate cause of that conviction, will be before you at a later time. We are only dealing with certain issues in this first stage.

**B.** "Acting under color of law" simply means acting in one's capacity as a police officer.  There is no dispute that the defendants in this case were acting under color of law, and you must find this element to have been established.

**C.** In order to find for the plaintiff, it is not necessary to find that the defendants had any specific intent to deprive the plaintiff of his constitutional rights, or that they acted in with malice or ill will.  The plaintiff is entitled to relief if a defendant intended the actions which resulted in a violation of his constitutional rights.  There is a difference between intending to deprive someone of constitutional rights and intentionally doing certain acts which resulted in a violation of rights.

**III. CATEGORIES OF CONDUCT**

Here are the categories of conduct alleged in this case:

    **A.   The First Category: Obtaining False Statements**

**1.**   Under the Due Process Clause of the Fourteenth Amendment to the Constitution, the government may not deprive a person of life, liberty, or property without due process of law.  Where a person has been convicted of a crime after a trial in which false evidence that has been manufactured by law enforcement officers has been introduced, there is a deprivation of liberty without due process of law.  "Evidence" refers not only to physical evidence, but also to testimony by witnesses.

**2.**   Where an officer knowingly induces or coerces a witness to make a false statement or to commit perjury, the officer has manufactured false evidence.  The mere fact that a witness testifies falsely does not by itself require a finding that the officer who identified or worked with that witness manufactured evidence.  If, however, you find that an officer has rewarded or threatened a witness to encourage him to make a statement that the officer knows is false, you should conclude that the officer has manufactured evidence.  Similarly, if you find that an officer has planted information in the mind of the witness that the

witness in fact had no knowledge of, you should conclude that the officer has manufactured evidence.

3.  In addition, if you find that an officer used investigative techniques that were so coercive and abusive that he knew or should have known that those techniques would yield false information, you should conclude that the officer has manufactured evidence, even if he did not know that the evidence was false.

4.  It is also a deprivation of constitutional rights when a law enforcement officer has knowledge that false evidence has been presented to a criminal jury and allows it to go uncorrected when it appears.

B. **The Second Category: Obtaining Identifications Through Suggestive Methods**

1.  Identification procedures conducted during the investigation of a criminal case must conform to standards of fundamental fairness.  An identification violates the requirements of due process of law if it was obtained in a manner so impermissibly suggestive as to give rise to substantial likelihood of mistaken identification.

    **2.** Improperly suggestive procedures include coercing a witness to identify a particular suspect and displaying photos in a manner that suggests an officer desires the witness to select a particular photo. If a defendant obtained an identification of a plaintiff in an impermissible suggestive manner, you may hold the defendant liable for manufacturing evidence.

**C. The Third Category: Suppressing Exculpatory Information**

    **1.** A defendant has a constitutional right in a criminal trial to be furnished with material exculpatory evidence in the hands of the prosecution and the police. In order to prevail on a claim that defendants suppressed exculpatory evidence, the plaintiff must prove that one or both of the defendants knew of certain material exculpatory evidence and intentionally and deliberately withheld the information from the prosecutor.

    **2.** What is exculpatory evidence?

        **(a)** Exculpatory evidence includes evidence which tends to suggest the innocence of a person suspected of or charged with a crime, such as evidence which tends to prove that the defendant

did not commit the crime and evidence which suggests that the crime might have been committed by someone else.

**(b)**  It also includes evidence which might be used to impeach witnesses who testify against the person accused, such as evidence that tends to show a defect in the witness's perception, memory, narration, or truthfulness; evidence which suggests a motive to testify falsely; or evidence which demonstrates that the witness had an interest in a particular outcome.

**(c)**  Any deals, promises, understandings, arrangements, or material benefits provided to a witness by a governmental actor in exchange for testimony are also exculpatory, as they may lead a witness to give biased or false testimony.

**(d)**  Likewise an agreement made with a government witness for testimony in exchange for monetary compensation or favorable treatment in the criminal justice system should be disclosed as impeachment evidence.

    **3.**    What does "material" mean?

    **(a)**    Exculpatory evidence is "material" when it is of a type that could undermine confidence in the outcome of a trial or has the potential to alter a jury's assessment of the credibility of a significant prosecution witness.

    **(b)**    In determining what is material, the question is not whether a defendant would more likely than not receive a different verdict if the evidence had been disclosed.  Rather, the question is whether without the evidence he would receive a fair trial, understood as a trial resulting in a verdict worthy of confidence.

    **(c)**    And in considering whether a verdict worthy of confidence would result, you must consider the setting: Before a person can be found guilty in a criminal trial the jury must be unanimous and convinced of the defendant's guilt beyond a reasonable doubt.

    **(d)**    In assessing materiality, the focus must be on the cumulative effect of the suppressed

evidence rather that the impact of each piece of evidence in isolation.

**(e)** There is no constitutional deprivation, however, if the plaintiff or his counsel in fact knew of the exculpatory evidence at the time of the underlying criminal trial.

**(f)** Nor is there a constitutional deprivation if the officers in fact turned the exculpatory evidence over to the prosecutor before or during the criminal trial.

**4.** A law enforcement officer is constitutionally required to furnish material exculpatory information in his possession to the prosecutor's office.  If you find that an officer knowingly and deliberately withheld material exculpatory evidence from the prosecutor in the criminal case against the plaintiff, then you should find that the officer violated the plaintiff's constitutional rights.

**IV.  OTHER ISSUES**

    **A.  Plaintiff's Interrogation**

        **1.**  You have heard evidence concerning a statement given by the plaintiff following his arrest in August 1988.  It is not contested that the statement was suppressed and not introduced at the plaintiff's criminal trial.  You may not consider evidence of the statement and the circumstances under which it was taken for purposes of determining the individual liability of the defendants.

        **2.**  You may only consider the evidence for the purpose of determining whether or not there was a conspiracy to violate the plaintiff's rights, i.e. whether the act of taking his statement in disobedience to a court order not to interrogate him – if you find that it did in fact occur – was part of a conspiracy to violate the plaintiff's rights to a fair trial. It is entirely up to you to determine how much weight, if any, to give this evidence.

        **3.**  I will instruct you on the law of conspiracy in just a moment.

B.  **Individual Defendants:**

In your deliberations, you must bear in mind that the defendants may only be found liable on the basis of their own conduct as shown by their testimony, or as related by other witnesses, or in the exhibits. Specifically, you have heard evidence concerning the actions of the Suffolk County District Attorney's Office.  I instruct you, as a matter of law, that you may not hold these defendants liable for the conduct of the District Attorney's Office.  That office is a separate legal entity, and its employees stand apart from these defendants.

C.  **Review of Trial Transcript**

As you have learned, you will have before you the trial transcript from the 1989 criminal trial that is at issue in this case.  At this stage, you are to consider that transcript only for purposes of assessing the credibility of the witnesses who testified at this trial.  At a later stage in this trial you will have an opportunity to examine it for other issues, namely the relationship between the violation of the plaintiff's constitutional rights, if you find that any occurred, and his conviction.  You will be asked to determine

that issue, what we call proximate cause, at a later time.

**D.  Joint Tortfeasors**

In this case there are two individual defendants, and you must determine whether any or all of them are liable to the plaintiff.  With this in mind, you should determine whether the officers acted jointly with and/or assisted each other.  Where two or more persons act together and cause a wrong to another, they incur a joint liability for the acts of each other.  The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another.  Rather, it permits the injured party to treat all concerned in the injury jointly.  All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him.  Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even if it is a tacit one.

**V.   CONSPIRACY**

   **A.   Elements of Conspiracy**

      **1.**   The plaintiff has also alleged that the defendants participated in a conspiracy to deprive him of his constitutional right to a fair trial.  A civil rights conspiracy is an express or implied agreement between two or more persons to deprive the plaintiff of his constitutional rights.

      To sustain the conspiracy claim, you must find the following by a preponderance of the evidence:

         **(a)**   that there was an express or implied agreement among the defendant officers to deprive the plaintiff of his constitutional rights;

         **(b)**   that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the  conspiracy; and

         **(c)**   that an actual deprivation of constitutional rights resulted from the agreement.

      **2.**   A conspiracy exists when two or more persons reach an understanding to accomplish some unlawful purpose,

or to accomplish some lawful purpose by unlawful means. The understanding between the members need not be an express or formal agreement. Thus, a conspiracy is seldom able to be proved by direct evidence. Rather, the existence of a conspiracy may be inferred from a series of events and may be proved by circumstantial evidence. If it is proved that the defendants pursued the same object, one performing one part and another performing another part, you will be justified in concluding that they are engaged in a conspiracy to effect that object.

3. Although a common design is the essence of conspiracy, the law does not demand proof that each conspirator knew the exact limits of the illegal plan, or the identity of all the participants in it. It does require that there be a single plan, the essential nature and general scope of which is known to each person who is to be held responsible for its consequences.

4. To be liable as a conspirator, a defendant must be a voluntary participant in the common venture, although he or she need not have agreed on the details of the

plan or even know who the other conspirators are. In addition, the defendant need not join at the beginning or know all the other members or the means by which its purpose was to be accomplished.

5.   If you find from your consideration of all the evidence by a preponderance of the evidence that there was an agreement between the defendants to deprive the plaintiff of a fair trial and that each defendant agreed to do his part, either explicitly or implicitly, then you should find the defendants liable for conspiracy.

6.   In deciding whether the alleged conspiracy exists, you may consider the actions and statements of every one of the alleged participants.  An agreement may be proved from all the circumstances, as well as the words and conduct of all the alleged participants which are shown by the evidence. In deciding whether a particular defendant joined the charged conspiracy and when, you must base your decision only on what that defendant did or said.

**7.**  A conspirator is responsible for the constitutional violation committed by his/her fellow conspirators if he/she was a member of the conspiracy when the constitutional violation was committed and if the constitutional violation was committed in furtherance of and as a foreseeable consequence of the conspiracy. Put otherwise, each conspirator is responsible for everything done by co-conspirators which follows from the execution of the common design as one of its probable and natural consequences, even though it was not intended as part of the original design.