UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD,<br>    Plaintiff<br><br>v.<br><br>TIMOTHY CALLAHAN, FRANCIS<br>M. ROACHE, RICHARD WALSH and<br>THE CITY OF BOSTON,<br>    Defendants | 04-CV-11193-NG |

## DEFENDANTS' PROPOSED SUMMARY OF CASES OFFERED BY PLAINTIFF FOR PHASE II OF THE TRIAL

The Defendants, the City of Boston and Francis M. Roache, submit the following summaries of the cases with regard to alleged past police misconduct that Plaintiff intends to offer in Phase II of the trial of this action[1]:

**A.**    ***Commonwealth v. Salman*, 387 Mass. 160, 439 N.E.2d 245 (1982)**

On June 17, 1980, defendants Keith Salman and Edward Barton, Jr. were arrested and charged with a number of armed robberies. Commonwealth v. Salman, 387 Mass. 160, 161 (1982). In November of 1980, a Suffolk County grand jury returned sixty-one indictments against these defendants, the majority of which were based on the sole testimony of one witness, Detective Arthur Linsky of the Boston Police Department. *Id*. On at least two occasions the same assistant district attorney that presented the Commonwealth's case against Salman and Barton in November 1980 presented evidence to the grand jury where some of the same victims testified to being robbed and their positive identification of another individual, Sherman A. Carter. Salman, 387 Mass. at 161-162.

Salman and Barton moved the Superior Court to dismiss all the indictments. Salman, 387 Mass. at 162-163. The court dismissed those indictments for which Carter had been identified as the perpertrator and scheduled an evidentiary hearing on the sufficiency of the remaining indictments prior to which the assistant district attorney was to provide defendants with a list of the victims involved in the indictments based solely on Detective Linsky's testimony, the current addresses of those victims and a letter signed by the Commonwealth designed to encourage each defense witness to speak to any defense investigator. Salman, 387 Mass. at 163. After two further opportunities to comply with the court's request, the Suffolk County District Attorney's office was able to produce information with regard to only thirteen of the indictments. Salman, 387 Mass. at 163-165. The court allowed the defendants' motion to dismiss the remaining thirty-seven indictments. Salman, 387 Mass. at 164-165.

The Commonwealth appealed the dismissal of the indictments. Salman, 387 Mass. at 160. In ruling, the Supreme Judicial Court found that without the Commonwealth's production of this additional information concerning the witnesses, the Superior Court "could not appropriately make findings as to the truth of Detective Linsky's testimony or as to whether it was given with knowledge of its falsity." Salman, 387 Mass. at 167. The Supreme Judicial Court emphasized that they also reached the same conclusion with regard to Detective Linsky's grand jury testimony adding that "[h]is testimony consisted of a recitation of hearsay and it may be, for example, that he, or the Commonwealth, will ultimately contend that false testimony resulted from a confusion of documentary evidence." Salman, 387 Mass. at 168, FN5.

**B.**     ***Commonwealth v. Lewin*, 405 Mass. 566, 542 N.E.2d 275 (1989)**

---

[1] The letter designations correspond with those used by the Plaintiff in his proposed summary of cases offered for Phase II of the trial of this action.

The Defendants oppose the use of this case of alleged past police misconduct as it was not raised during discovery and first mentioned within Plaintiff's Concise Statement of Disputed Material Issues of Fact filed in support of his opposition to motions for summary judgment.

**C.    *Commonwealth v. Harris*, SUCR91-25141, Findings of Fact and Rulings of Law on Defendant's Motion to Dismiss, J. Borenstein (June 17, 1994)**

Tarahn Harris was arrested on April 21, 1991 for the murders of Korey Grant and Charles Copney the previous evening. Commonwealth v. Harris, SUCR91-25141, Findings of Fact and Rulings of Law on Defendant's Motion to Dismiss, p. 2. Harris was indicted for those murders by a Suffolk County grand jury on November 21, 1991. Harris, Findings of Fact, p. 4. Harris moved the Court to dismiss the indictments arguing 1) impairment of the grand jury proceedings based on the evidence presented and 2) that the evidence presented to the grand jury was insufficient to establish probable cause. Harris, Findings of Fact, p. 1. Suffolk Superior Court Judge Isaac Borenstein allowed Harris' motion and dismissed the indictments without prejudice on June 17, 1994. Harris, Findings of Fact, p. 20.

**D.    *Commonwealth v. Harding*, SUCR 081158-62, SUCR 081406-07, Memorandum and Order on Defendant's Motion for New Trial, J. Volterra (December 22, 1997)**

On August 18, 1989 Christopher Harding was arrested and later found guilty on May 25, 1990 for various charges including two counts for armed assault with intent to murder. Commonwealth v. Harding, Memorandum and Order on Defendant's Motion for New Trial, pp. 1, 5. The Massachusetts Appeals Court affirmed Harding's conviction and denied his motion for a new trial on July 28, 1994. Harding, Memorandum and Order, p. 1  Based on grounds not previously raised in his prior motion, Suffolk Superior Court Judge Vieri Volterra granted Harding a new trial on December 22, 1997. Harding, Memorandum and Order, p. 1, 22.

**G.    *Commonwealth v. Bennett***

3

In his Proposed Summary of Other Cases Offered In the Stage Two Trial filed with the Court on April 3, 2008, the Plaintiff identifies this matter but does not submit a summary. Instead, the Plaintiff relies on the "Press Release" of the United States Attorney Wayne Budd for the District of Massachusetts with regard to his office's investigation of the Boston Police Department's investigation of the murder of Carol Stuart. The Plaintiff further asserts that said "Press Release" is admissible evidence pursuant to Fed.R.Evid. 803 (8). The Defendants oppose the admissibility of this report under a separate document, Defendants' Opposition to Plaintiff's Memorandum in Support of the Admissibility of July 10, 1991 Report of the United States Department of Justice filed today with this Honorable Court.

|  |  |
|---|---|
|  | Respectfully submitted,<br>By Defendants City of Boston and<br>Francis M. Roache<br>Through their attorneys, |
|  | /s/ John P. Roache<br>John P. Roache (BBO# 421680)<br>Patrick J. Donnelly (BBO# 651113)<br>Roache & Associates, P.C.<br>66 Long Wharf<br>Boston, Massachusetts 02110 |
| Date:  April 8, 2008 | Tel.: (617) 367-0330 |

CERTIFICATE OF SERVICE

I, John P. Roache, hereby certify that on April 8, 2008, I served a copy of the above upon counsel of record by filing with the ECF/Pacer Case Management System.

/s/ John P. Roache
John P. Roache