UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD<br>      Plaintiff,<br><br>v.<br><br>TIMOTHY CALLAHAN,<br>FRANCIS M. ROACHE,<br>PAUL MURPHY,<br>RICHARD WALSH, and<br>THE CITY OF BOSTON,<br>      Defendants. | C.A. NO.: 04-11193NG |

### DEFENDANT TIMOTHY CALLAHAN'S RENEWED MOTION
### FOR JUDGMENT AS A MATTER OF LAW

Now comes the Defendant, Timothy Callahan, pursuant to Fed.R.Civ.P. Rule 50, and respectfully requests that the Court enter judgment in his favor as a matter of law because, based on the jury's answers to special verdict questions, there is no claim remaining upon which a favorable finding for plaintiff could enter.

The jury voted overwhelmingly to reject the Plaintiff's claims that the Defendant detectives manufactured false testimony at the criminal trial. They rejected Tracie Peaks' recantation of her trial testimony, Lola Alexander's claim that she told the detectives about her daughter's brain cancer, <u>and</u> they rejected Ricky Evans' recantation of his trial testimony, by answering "NO" to question 3(a):

> Has the Plaintiff, Shawn Drumgold, proven by a preponderance of the evidence that the Defendant Timothy Callahan violated his right to a fair trial by withholding exculpatory evidence from prosecutors, creating evidence, and/or obtaining false statements regarding Ricky Evans' alleged observations of Shawn Drumgold and Terrance Taylor on August 19, 1988?

By answering this question in the negative (and by rejecting the challenges to the Peaks and Alexander testimony), the jury verdict implicitly determined that there is no constitutional violation arising out of Ricky Evans' testimony at trial in 1989. There is no need to further inquire of the jury as to the amount of money they believe was provided to Ricky Evans, since they have already held that Lt. Callahan did not influence or obtain false testimony from him.

There is no need to reach the third stage of this trial, proximate cause, since by their verdict the jury has concluded Ricky Evans' testimony was not procured in violation of the Constitution. As Lt. Callahan has argued, the constitutional right at issue here – the right to a fair trial – is not implicated by the nondisclosure of information that, if disclosed, would not have had the reasonable probability to "put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995).

The only evidence that Plaintiff elicited from Ricky Evans at this trial about his allegedly receiving money from Lt. Callahan is as follows:

> Q: Okay. And other than putting you up at the Howard Johnson's and paying for your meals, did Detective Callahan give you anything else?
>
> A: If I needed, like, say if I needed money or something, I would just give him a call, I'd call him, and you know, he'd, like, drop me off $30, $40, $50.
>
> Q: Okay. And what did you tell him the 30 or $40 or $50 was for?
>
> A: Like clothes, whatever. You know, like, if I didn't have any money and I needed money for traveling, buses, or get around town, you know, I'd call him and I'd ask him, and he'd bring it to me.

Trial testimony of Ricky Evans, March 5, 2008, at page 64 (attached as Exhibit A).

There is no point in asking the jury to quantify the amount of money given to Ricky Evans, when the only evidence offered at this trial was so slight.

There is no constitutional requirement that everything that may be useful to the criminal defendant be disclosed, and the Supreme Court "has never held that the Constitution requires an open file policy," *Id*. at 436-37 (citing *U.S. v. Bagley*, 473 U.S. 667 (1985)).  Instead, the requirement of disclosure of material evidence requires more than a finding that the evidence is simply helpful to the Plaintiff's case.   The evidence must be such that, taken in light of the net effect of the evidence at trial, its disclosure would have been reasonably probable to have affected the outcome.

Thus, here, the disclosure cannot be said, as a matter of law, to be of such materiality that the verdict reached by the 1989 jury would have been reasonably probable to have been affected.  Ricky Evans was impeached by his criminal history, his pending cases, and his testimony on cross examination.  His unsavory qualities were put on full display.  Based on the record evidence, and taking into consideration this jury's absolute rejection of his claim of contrived testimony,  it is beyond reasonable dispute that disclosure of money given to him would have changed the net effect of the evidence at trial[1].  Any further inquiry into the amount of money provided is therefore superfluous and irrelevant.

---

[1] Lt. Callahan notes that during the charge conference, the Court repeatedly noted that "if all the jury found was that the officer gave Evans $20 ... if that's all it was, then I agree with you, I think that is de minimis and that that failure do disclose, you know, is just not clear that that would have been material under either standard if that's all they find."   Charge Conf., p. 10, and that as regards Ricky Evans, one end of the continuum – provision of small amounts of money – did not implicate the constitutional issues as did the claims of long-term housing in a hotel, favorable resolution of pending criminal charges, and subornation of false testimony.

                                  **Defendant,**
                                  **TIMOTHY CALLAHAN,**
                                  By his attorney,

                                  /s/ Mary Jo Harris_____
                                  Mary Jo Harris (BBO# 561484)
                                  Morgan, Brown & Joy, LLP
                                  200 State Street
                                  Boston, MA 02109
                                  (617) 523-6666


DATED:  April 10, 2008


## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that on the 10th day of April, 2008, I electronically filed with within document with the Clerk of the United States District Court for the District of Massachusetts, using the CM/ECF System.  The following participants have received notice electronically:

| **For Plaintiff Shawn Drumgold,** | **For Plaintiff Shawn Drumgold,** |
|---|---|
| Michael W. Reilly, Esq. | Rosemary Curran Scapicchio, Esq. |
| Tommassino & Tommasino | Four Longfellow Place, Suite 3703 |
| Two Center Plaza | Boston, MA 02114 |
| Boston, MA 02108-1904 | |
| | |
| **For Defendant, City of Boston** | **For Defendants City of Boston and Francis M. Roache,** |
| Susan Weise, Esq. | John P. Roache, Esq. |
| Chief of Litigation | The Law Offices of John P. Roache |
| Assistant Corporate Counsel | 66 Long Wharf |
| City of Boston/Law Department | Boston, MA 02110 |
| City Hall, Room 615 | |
| Boston, MA 02201 | |
| | |
| **For Defendant Richard Walsh,** | |
| Hugh R. Curran, Esq. | |
| Bletzer & Bletzer, P.C. | |
| 300 Market Street | |
| Brighton, MA 02135 | |

                                  /s/ Mary Jo Harris_____