UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD,<br>    Plaintiff | )<br>)<br>) | C.A. NO. 04-11193NG |
| v | )<br>) | |
| TIMOTHY CALLAHAN, ET AL.<br>    Defendant(s) | )<br>)<br>) | |

**<u>PLAINTIFF'S SUPPLEMENTAL REQUEST FOR JURY INSTRUCTIONS</u>**

Plaintiff requests this Court to give the proximate cause jury instructions previously requested in Docket No. 245 filed on April 1, 2008 for the reasons outlined in the Memorandum of Law filed as Docket No. 246 filed on the same day. In addition, Plaintiff requests the following jury instructions in connection with Stage II of the trial.

I.  **Proximate Cause – Use Of Transcript**

In determining whether the Defendant's violation of Plaintiff's civil rights was a motivating factor in the criminal jury's decision to convict Mr. Drumgold, you should consider only those portions of the transcript which contain evidence, arguments or legal instructions heard by the jury. Certain portions of the events which occurred at the criminal trial outside of the hearing of the jury were included in the transcript provided to you because they might have been relevant to your deliberations on Stage I of this trial. For purposes of Stage II, your focus should be on the transcript as it relates to what the original criminal jury heard. The portions of the transcript which are indicated as being "pretrial hearings" "voir dire" "sidebar conferences" or "outside of the presence of the jury" are not relevant in your evaluation of the proximate cause question concerning whether the Defendant's violation of Plaintiff's civil rights was the proximate cause of the conviction.

**II.    Relationship Between Preponderance Of The Evidence And Beyond A Reasonable Doubt**

As I previously indicated, the Plaintiff is required to prove, by a fair preponderance of the evidence, that the Defendant's violation of civil rights was the motivating factor in the criminal conviction of Mr. Drumgold. The only burden of proof on the Plaintiff is to prove this case by the fair preponderance of the evidence. It is important to be clear, however, that in a criminal trial, the burden of proof on the Commonwealth of Massachusetts is much higher. The burden of proof in a criminal case is that the Commonwealth must prove beyond a reasonable doubt that the Plaintiff committed the crime he is charged with. The Commonwealth was required to convince a unanimous jury beyond a reasonable doubt. The question for you in this case is whether the Plaintiff has proved, by a fair preponderance of the evidence, that a motivating factor for the original criminal jury finding Mr. Drumgold guilty beyond a reasonable doubt was the Defendant's violation of Plaintiff's civil rights. To put it in another way, if you find, by a fair preponderance of the evidence, that the Commonwealth would not have proven beyond a reasonable doubt, to each of the twelve jurors in the original criminal trial that Mr. Drumgold was guilty, but for the Defendant's violation of Mr. Drumgold's civil rights, you should find for the Plaintiff.

**III.    Jury Instructions In The Original Trial**

You have in the transcript at Exhibit 1-JK starting at Page 51, the Judge's charges to the jury in the original criminal case. Those instructions outline what the Commonwealth of Massachusetts had to prove beyond a reasonable doubt in order to convict Mr. Drumgold. There are two significant differences between the burden of proof in a civil trial, which you are considering here, and the burden of proof which was on the Commonwealth in the criminal trial. In the criminal case, the Defendant is presumed innocent and in the criminal case, as indicated earlier, the Commonwealth must prove the criminal defendant guilty beyond a reasonable doubt.

## IV.    Presumption Of Innocence

Judge Alberti instructed the jury in the original criminal case as follows,

> The law presumes defendant to be innocent of the charge against him. This presumption of innocence is a rule of law that compels you to find the defendant not guilty unless the Commonwealth provides evidence from whatever source that proves that the defendant is guilty beyond a reasonable doubt to your unanimous group. The burden of proof never shifts. The defendant is not required to call any witnesses or produce any evidence since he is presumed to be innocent.
>
> The presumption of innocence stays with the defendant unless and until the evidence convinces you unanimously as a jury that the defendant is guilty beyond a reasonable doubt. It requires you to find the defendant not guilty unless his guilt has been proven beyond a reasonable doubt. Your verdict, whether it is not guilty or guilty must be unanimous." (Ex 1-JK, page 54)

V.  **Beyond A Reasonable Doubt**

Previously in this case, I instructed you on what it means to prove a matter by a preponderance of the evidence. The question for the original criminal trial jury was not whether the Commonwealth's case had been proven by a preponderance of the evidence but rather whether the Commonwealth had proven its case beyond a reasonable doubt. The Judge in the original criminal trial defined proof beyond a reasonable doubt as follows:

> The burden of proof is on the Commonwealth to prove beyond a reasonable doubt that the defendant is guilty of the charge made against him. Then what is reasonable doubt? It is a term often used, probably pretty well understood, but not easily defined. It is not mere possible doubt because everything relating to human affairs and depending upon fallible evidence is open to some possible or imaginary doubt. It is that state of the case which after the entire comparison and consideration of all the evidence leaves the mind of jurors in that condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge.
>
> The burden of proof is upon the prosecutor – and we're talking about the government, the Commonwealth of Massachusetts. All the presumptions of law independent of evidence are in favor of innocence and every person is presumed to be innocent until he is proved guilty. If upon such proof there is a reasonable doubt remaining, the accused is entitled to the benefit of it by an acquittal.
>
> For it is not sufficient to establish a probability, though a strong one, arising from the doctrine of chances that the fact charged is more likely to be true than the contrary. But the evidence must establish the truth of the fact to a reasonable and moral certainty, a certainty that convinces and directs the understanding and satisfies the reason and judgment of those who are bound to act conscientiously upon it. This we take to be proof beyond a reasonable doubt.

Respectfully submitted,

By His Attorneys,

 /s/ Michael Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA  02108
617 723 1720
BBO 415900

/s/ Rosemary Curran Scapicchio

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Boston MA 02114
617 263 7400
BBO 558312
