**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SHAWN DRUMGOLD )<br>　　　Plaintiff, )<br>　　　　　　　　　　　)<br>v.　　　　　　　　　　 )<br>　　　　　　　　　　　)<br>TIMOTHY CALLAHAN, )<br>FRANCIS M. ROACHE, )<br>PAUL MURPHY, )<br>RICHARD WALSH, and )<br>THE CITY OF BOSTON, )<br>　　　Defendants. )<br>　　　　　　　　　　　) | C.A. NO.: 04-11193NG |

**PROPOSED JURY INSTRUCTION OF DEFENDANTS
WALSH AND CALLAHAN FOR TRIAL PHASE ONE (LIABILITY)**

**The Defendant, Timothy Callahan, files electronically for docketing only the instant Proposed Jury Instructions which were previously submitted to the Court in – hand, at the the Charge Conference of April 3, 2008.**

The Defendants, Richard Walsh and Timothy Callahan, by and through counsel, hereby submit the following proposed Jury Instructions to be provided at the close of phase one of trial on liability as to Defendants Richard Walsh and Timothy Callahan.

# REQUEST NO. 1
## *Brady* Violation

Plaintiff alleges that the conduct of the Defendants violated his constitutionally protected right to a fair trial.  In order to prevail on this claim, the Plaintiff must prove the following:

1. the Defendants knew of information that was material to the guilt or innocence of the Plaintiff,
2. the Defendants deliberately withheld that information from the Plaintiff, or deliberately manufactured evidence that was material to his guilt or innocence, and
3. there is a reasonable likelihood that the withheld or manufactured evidence could have affected the judgment of the jury.

These standards are collectively known as "*Brady*" requirements.  However, *Brady* does not require that <u>every</u>  piece of information known must be disclosed;  the requirement of disclosure requires more than simply being helpful to the Plaintiff's case.  The Brady rule only requires disclosure of information that is "material,"  that is, the evidence must be such that, had it been disclosed, it would have been reasonably likely to have produced a different result at trial.

*Kyles v. Whitley*, 514 U.S. 419, 438 (1995).
*Strickler v. Greene*, 527 U.S. 263 (1999)
*Brady v.Maryland*, 373 U.S. 83 (1963)
*Gregory v. City of Louisville, KY*, 444 F.3d 75 (6th Cir. 2006)

## REQUEST NO. 2

*Reasonable Diligence*

The *Brady* rule does not require the Government to turn over information that the Plaintiff, with reasonable diligence, could have found out for himself. So, in considering each of the Plaintiff's claims, you may consider whether the information he claims was not provided to him could have been discovered by him or his attorney or investigators, in the exercise of reasonable diligence.

*U.S. v. Pandozzi*, 878 F.2d 1526 (1st Cir. 1989)

# REQUEST NO. 3

*Review of Prior Jury's Deliberations*

As you have learned, you will have before you the trial transcript from the 1989 criminal trial that is at issue in this case. You are to presume that the jury enpaneled in 1989, and the Court conducting that trial, acted according to the law, and reasonably, conscientiously and impartially applied the legal standards that governed their decision.

You must take the unaffected and unchallenged findings as a given, and you must consider the totality of the evidence presented to that jury, in making your assessment of whether the evidence challenged by Plaintiff (if indeed you find that the evidence he identifies was withheld or manufactured) would have reasonably likely changed the decision of the 1989 jury to convict had the information been before them.

*Strickland v. Washington*, 466 U.S. 668 (1984)

## REQUEST NO. 4
### *Intentional Conduct*

Defendants can only be liable to the Plaintiff in this action if he proves, by a fair preponderance of the evidence, that they <u>deliberately intended</u> to deprive him of a fair trial by engaging in conduct that resulted in a *Brady* violation.

You may not find a due process violation if you conclude that either Defendant exhibited only mere negligence, or lack of due care. The standard of liability for a constitutional injury requires that Plaintiff establish more than mistake or error, <u>even if</u> that negligent or careless conduct results in an injury to the Plaintiff. The Constitution protects individuals against affirmative abuse of governmental power. It does not guarantee perfection, nor does it allow for liability to be imposed against government actors unless there is a showing that they deliberately deprived an individual of his constitutional right.

*Baker v. McCollan,* 443 U.S. 137 (1979)
*Daniels v. Williams*, 474 U.S. 327, 330 (1986)
*Jean v. Collins,* 221 F.3d 656, (4th Cir. 2000)
*Newscome v. McCabe*, 256 F.3d 747, 752 (7th Cir. 2001)
*McMillian v. Johnson*, 88 F.3d 1554, 1569 (11th Cir. 1996), *cert. den.* 521 U.S. 1121 (1997)
*Villasana v. Wilhoit, et al.*, 368 F.3d 976, 980 (8th Cir. 2004)

# REQUEST NO. 5
## *Substantive Due Process*

Plaintiff's claims arise out of the Fourteenth Amendment to the United States Constitution, which provides that no individual may be deprived of his liberty without first being provided with due process of law. As you are aware, Plaintiff received "due process," that is, he was afforded a trial before being convicted and incarcerated. His claim is that the trial was constitutionally defective because evidence that would have exonerated him of the charge of murder was intentionally withheld.

While negligent acts committed during a police investigation do not violate due process, intentional acts may do so. When the level of culpability falls in a middle range, following something more intentional than negligent or mistake, but less than intentional conduct, it is less clear that a due process violation has occurred. In these circumstances, a government actor may be found liable for a due process violation when the conduct engaged in is "shocking" to the conscience.

The Fourteenth Amendment guarantees protection against arbitrary governmental action that interferes with the rights implicit in the concept of ordered liberty. To that end, the Fourteenth Amendment prohibits conduct that is "so outrageous that it shocks the conscience or otherwise offends judicial notions of fairness, or is offensive to human dignity."

*Washington v. Buraker*, 322 F.Supp.2d 702, 708 (W.D.Va., 2004)
*Moran v. Clarke, et al.*, 296 F,3d 638 (8th Cir. 2002)

## REQUEST NO. 6
*Witness Interviews, Photo Arrays*

The Constitution does not require that police photo arrays or witness interviews meet a particular standard of quality.  However, a criminal defendant's Fourteenth Amendment right to due process by a fair trial may be implicated if unduly suggestive techniques taint the trial.  The focus is on whether the resulting identification or testimony is reliable.

Reliability is evaluated by a totality of the circumstances.  That is, flawed procedures are not, in and of themselves, constitutional violations;  Plaintiff must prove <u>how</u> those flawed procedures compromised his right to a fair trial.  What did the Plaintiff know about the circumstances of the interviews or the photo arrays?  witnesses say at trial?  Were they cross-examined?  What other evidence tended to link the Plaintiff to the crime?   These factors are illustrative, not exhaustive, but all should be considered in determining whether a flawed array or interview (if you so find) in fact compromised Plaintiff's right to a fair trial.

*Manson v. Brathwaite*, 432 U.S. 98 (1977)
*Hensley v. Carey*, 818 F.2d 646 (7th Cir. 1987)
*Alexander v. City of South Bend*, 433 F.3d 550 (7th Cir. 2006)
*Hutsell v. Sayre*, 5 F.3d 996 (6th Cir. 1993)

## REQUEST NO. 7
*Basis of Duty – Reports*

You have heard questioning regarding the practice of report writing. I instruct you that there is no constitutional mandate that dictates how police investigations are to be undertaken, and *Brady* does not require the police to keep written records of all their investigatory activities. What *Brady* requires is that police provide information that they uncover during those investigatory activities to the prosecution. The means by which that information is provided to the prosecution is not governed by constitutional law.

*Jones v. City of Chicago*, 856 F.2d 985, 995 (7th Cir. 1988)

## REQUEST NO. 8
*Limiting Instruction – Motion to Suppress*

You have heard evidence concerning a statement given by the Plaintiff when he was arrested for murder in August 1988. It is not contested that the statement was suppressed at the trial of Shawn Drumgold. You may consider evidence of the statement and the circumstances under which it was taken <u>not</u> for the purposes of determining the individual liability of the Defendants, but for two purposes only:

1. First, for considering whether or not there was a conspiracy to violate Plaintiff's rights – whether the act of taking his statement in disobedience to a court order not to interrogate him, if you find that that, in fact, occurred, was part of a conspiracy to violate Plaintiff's rights to a fair trial;
2. Second, for considering whether there was an intent on the part of either Defendant to, in fact, violate Plaintiff's right to a fair trial.

You are not to consider this evidence as an independent ground of liability, an independent act of wrongdoing, but only insofar as it bears on acts that are part of a conspiracy, or acts that bear upon the intent of the actors.

It is entirely up to you to determine how much weight – if any – you give this evidence. As you are aware, Defendant Walsh disputes that he knowingly violated the order of the court, and you may take into consideration whether the evidence demonstrates that he was, in fact, aware and thus deliberately disobeyed a court order, or that he was not aware of that order.

# REQUEST NO. 9
### *Limiting Instruction – Individual Defendants*

In your deliberations, you must bear in mind that the Defendants may only be found liable on the basis of their own conduct.  In other words, you have heard evidence concerning the actions of the Suffolk County District Attorney's Office.  I instruct you, as a matter of law, that you <u>may not</u> hold these Defendants liable for the conduct of the District Attorney's Office.  That Office is a separate legal entity, and its employees stand apart from these Defendants.  In considering the evidence against these two Defendants, you are <u>only</u> to assign liability to them, if any, based on their own conduct.  You cannot hold these Defendants liable for actions of other persons.

# REQUEST NO. 10
### *Civil Conspiracy*

Plaintiff has also claimed that the Defendants engaged in a conspiracy to violate his constitutional right to a fair trial. This theory of liability requires the Plaintiff to prove that there existed an agreement between the Defendants to accomplish an unlawful goal: here, to violate the Plaintiff's right to a fair trial, <u>and</u> that the Defendants took some affirmative step to accomplish that goal, <u>and</u> that this goal was, in fact, accomplished. .

In order to find for the Plaintiff on his conspiracy claim, you must find the following:

1. An express "agreement" between the Defendants, or between the Defendants and another, to engage in the deliberate violation of the Plaintiff's rights to a fair trial, *or*

2. Conduct which convinces you, by a fair preponderance of the evidence, that such an agreement existed between these defendants, or between one or both of them and any other law enforcement officer, *and*

3. An overt act taken by them in order to further or advance that conspiracy to violate Plaintiff's rights to a fair trial, *and*

4. An actual deprivation of a right secured by the Constitution: here, the deprivation of Plaintiff's right to a fair trial.

Only if you find these conditions have been proven by Plaintiff by a fair preponderance of the evidence may you conclude that the Defendants are liable for civil conspiracy.

*Earle v. Benoit*, 850 F.2d 836 (1st Cir.1988).
*Landrigan v. Warwick*, 628 F.2d 736 (1st Cir. 1980).

The Defendants reserve the right to supplement these proposed jury instructions after the close of the evidence in this case and also to address the appropriateness of same with this Honorable Court prior to the jury being charged.

| | |
|---|---|
| **Defendant,** | **Defendant,** |
| **RICHARD WALSH,** | **TIMOTHY CALLAHAN,** |
| By his attorney, | By his attorney, |
| | |
| /s/ Hugh R. Curran_____ | /s/          Mary          Jo          Harris_____ |
| Hugh R. Curran (BBO# 552623) | Mary Jo Harris (BBO# 561484) |
| Bletzer & Bletzer, P.C. | Morgan, Brown & Joy, LLP |
| 300 Market Street | 200 State Street |
| Brighton, MA 02135 | Boston, MA 02109 |
| (617) 254-8900 | (617) 523-6666 |

DATED:  April ___, 2008

**CERTIFICATE OF SERVICE**

  I, the undersigned, hereby certify that on the ____ day of April, 2008, I electronically filed with within document with the Clerk of the United States District Court for the District of Massachusetts, using the CM/ECF System. The following participants have received notice electronically:

**For Plaintiff Shawn Drumgold,**
Michael W. Reilly, Esq.
Tommassino & Tommasino
Two Center Plaza
Boston, MA 02108-1904

**For Plaintiff Shawn Drumgold,**
Rosemary Curran Scapicchio, Esq.
Four Longfellow Place, Suite 3703
Boston, MA 02114

**For Defendant, City of Boston**
Susan Weise, Esq.
Chief of Litigation
Assistant Corporate Counsel
City of Boston/Law Department
City Hall, Room 615
Boston, MA 02201

**For Defendants City of Boston and Francis M. Roache,**
John P. Roache, Esq.
The Law Offices of John P. Roache
66 Long Wharf
Boston, MA 02110

**For Defendant Richard Walsh,**
Hugh R. Curran, Esq.
Bletzer & Bletzer, P.C.
300 Market Street
Brighton, MA 02135

                /s/ Mary Jo Harris_____