UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>TIMOTHY CALLAHAN, )<br>FRANCIS M. ROACHE, )<br>PAUL MURPHY, )<br>RICHARD WALSH, and )<br>THE CITY OF BOSTON, )<br>    Defendants. )<br>) | C.A. NO.: 04-11193NG |

**SUPPLEMENTAL PROPOSED JURY INSTRUCTION OF DEFENDANTS
WALSH AND CALLAHAN FOR TRIAL PHASE ONE (LIABILITY)**

The Defendant, Timothy Callahan, files electronically for docketing only the instant Proposed Jury Instructions which were previously submitted to the Court in – hand, at the Charge Conference of April 3, 2008.

The Defendants, Richard Walsh and Timothy Callahan, by and through counsel, hereby submit the following Supplemental proposed Jury Instructions to be provided at the close of phase one of trial on liability as to Defendants Richard Walsh and Timothy Callahan.

1

**REQUEST NO. 11**
*Promises, Rewards & Inducements*

Police officers are required to disclose to the prosecutor any promises, rewards or inducements that have been provided to a witness. An "inducement" has been defined as "any statement which 'reasonably implies that the government ... is likely to confer or withhold future advantages ... depending on [the] witness'[s] cooperation.'" *Commonwealth v. Schand*, 420 Mass. 783, 792 (1995), quoting *United States v. Buendo*, 701 F.Supp. 937, 942 (D.Mass.1988).

A commitment to be fair to a testifying witness in future prosecutions is not a promise of favorable treatment. *Id.*

Evidence tending to show that witnesses are *biased* is exculpatory within the meaning of *Brady v. Maryland*. Thus, in examining the evidence presented with regard to information known to the officers, you must consider whether there is evidence tending to show that a benefit is bestowed in order to obtain favorable testimony from the witness. In the absence of a "deal," or attempts to influence the testimony of a witness, no exculpatory evidence is existent, and thus, no obligation to disclose exists. *Comm. v. Fuller*, 394 Mass. 251, 263 (1985) (finding that relocation of witnesses who fear retribution for testifying and payment of $50 for a bus ticket did not constitute a promise, reward or inducement).

      The Defendants reserve the right to supplement these proposed jury instructions after the close of the evidence in this case and also to address the appropriateness of same with this Honorable Court prior to the jury being charged.

| | |
|---|---|
| **Defendant,** | **Defendant,** |
| **RICHARD WALSH,** | **TIMOTHY CALLAHAN,** |
| By his attorney, | By his attorney, |
| | |
| /s/ Hugh R. Curran_____ Harris_____ | /s/          Mary          Jo |
| Hugh R. Curran (BBO# 552623) | Mary Jo Harris (BBO# 561484) |
| Bletzer & Bletzer, P.C. | Morgan, Brown & Joy, LLP |
| 300 Market Street | 200 State Street |
| Brighton, MA 02135 | Boston, MA 02109 |
| (617) 254-8900 | (617) 523-6666 |

DATED:  April \_\_\_, 2008

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on the ____ day of April, 2008, I electronically filed with within document with the Clerk of the United States District Court for the District of Massachusetts, using the CM/ECF System. The following participants have received notice electronically:

**For Plaintiff Shawn Drumgold,**
Michael W. Reilly, Esq.
Tommassino & Tommasino
Two Center Plaza
Boston, MA 02108-1904

**For Plaintiff Shawn Drumgold,**
Rosemary Curran Scapicchio, Esq.
Four Longfellow Place, Suite 3703
Boston, MA 02114

**For Defendant, City of Boston**
Susan Weise, Esq.
Chief of Litigation
Assistant Corporate Counsel
City of Boston/Law Department
City Hall, Room 615
Boston, MA 02201

**For Defendants City of Boston and Francis M. Roache,**
John P. Roache, Esq.
The Law Offices of John P. Roache
66 Long Wharf
Boston, MA 02110

**For Defendant Richard Walsh,**
Hugh R. Curran, Esq.
Bletzer & Bletzer, P.C.
300 Market Street
Brighton, MA 02135

/s/ Mary Jo Harris_____

4