UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHAWN DRUMGOLD<br>Plaintiff,<br><br>v.<br><br>TIMOTHY CALLAHAN,<br>FRANCIS M. ROACHE,<br>PAUL MURPHY,<br>RICHARD WALSH, and<br>THE CITY OF BOSTON,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO.: 04-11193NG |

**DEFENDANT TIMOTHY CALLAHAN'S OBJECTION TO THE COURT'S
PROPOSED JURY INSTRUCTIONS – PROXIMATE CAUSE & DAMAGES**

Defendant Callahan repeats his objection to the Court's jury instructions on proximate cause, to the extent the instruction notes that "It [the wrongful action, here, Callahan's payment of money to Ricky Evans] need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury" (the "Avery" proposed instruction, citing a Third Circuit case, *Egervary v. Young*, 366 F.3d 238).

The Defendant requests a more explicit instruction on proximate cause, and presses his point that the First Circuit has consistently affirmed that – even in the context of wrongful conviction claims – courts apply traditional tort law analysis to the proximate cause question. The Defendant requests the following language be added to the instructions:

> "The defendant's conduct is not a cause of the event, if the event would have occurred without it." *Olsen v. Correiro* 189 F.3d 52, 66 (1st Cir. 1999).

1

First Circuit law is clear that traditional tort analysis applies to Section 1983 cases, even those involving wrongful convictions:

> "The concept of proximate causation restricts tort liability to those whose conduct, beyond falling within the infinite causal web leading to an injury, was a legally significant cause. … [because] it should be obvious that, once events are set in motion, there is, in terms of causation alone, no place to stop.  The event without millions of causes is simply inconceivable;  and the mere fact of causation, as distinguished from the nature and degree of the causal connection, can provide no clue of any kind to singling out those which are to be held legally responsible." *Id.*, fn. 18 (citations omitted).

Defendant also objects to the damages instruction on two grounds:  the instruction that the jury "should" award damages – instead, Defendant Callahan submits the instruction should be that the jury "may" award damages;  and for the instruction that Plaintiff should be awarded damages for "humiliation, embarrassment, loss of self-respect or esteem" or for any suffering that may occur in the future.  No testimony of such damage was adduced at trial, and any such damages would be purely speculative (especially in light of the evidence that Plaintiff's prior history involve firearm and drug charges).

**Defendant,**
**TIMOTHY CALLAHAN,**
By his attorney,

/s/ Mary Jo Harris_____
Mary Jo Harris (BBO# 561484)
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109
(617) 523-6666

2

DATED: April 14, 2008

Case 1:04-cv-11193-NG   Document 274   Filed 04/14/2008   Page 3 of 4

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on the 14th day of April, 2008, I electronically filed with within document with the Clerk of the United States District Court for the District of Massachusetts, using the CM/ECF System.  The following participants have received notice electronically:

**For Plaintiff Shawn Drumgold,**
Michael W. Reilly, Esq.
Tommassino & Tommasino
Two Center Plaza
Boston, MA 02108-1904

**For Plaintiff Shawn Drumgold,**
Rosemary Curran Scapicchio, Esq.
Four Longfellow Place, Suite 3703
Boston, MA 02114

**For Defendant, City of Boston**
Susan Weise, Esq.
Chief of Litigation
Assistant Corporate Counsel
City of Boston/Law Department
City Hall, Room 615
Boston, MA 02201

**For Defendants City of Boston and Francis M. Roache,**
John P. Roache, Esq.
The Law Offices of John P. Roache
66 Long Wharf
Boston, MA 02110

**For Defendant Richard Walsh,**
Hugh R. Curran, Esq.
Bletzer & Bletzer, P.C.
300 Market Street
Brighton, MA 02135

/s/ Mary Jo Harris_____

4