UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD<br>    Plaintiff,<br><br>v.<br><br>TIMOTHY CALLAHAN,<br>FRANCIS M. ROACHE,<br>PAUL MURPHY,<br>RICHARD WALSH, and<br>THE CITY OF BOSTON,<br>    Defendants. | C.A. NO.: 04-11193NG |

## DEFENDANT RICHARD WALSH'S MOTION
## FOR ENTRY OF SEPARATE AND FINAL JUDGMENT

NOW COMES, the Defendant, Richard Walsh ("Walsh"), and herein moves for Entry of Separate and Final Judgment in his favor as to Counts I, II and IV of the Plaintiff, Shawn Drumgold's ("Plaintiff") Complaint,[1] pursuant to Rules 54(b) and 58 of the Federal Rules of Civil Procedure. As grounds, Defendant Walsh states as follows:

1. This action arises from claims by Plaintiff, pursuant to 42 U.S.C. § 1983 (Counts I and II) and the Massachusetts Civil Rights Act (Count IV), that Defendant Walsh (and others) engaged in conduct which deprived Plaintiff of various constitutional rights.

2. On or about October 1, 2007, Defendant Walsh filed a Motion for Summary Judgment as to all of Plaintiff's claims against him – specifically, as to Counts I, II and IV of Plaintiff's claims against him.

---

[1] Count III pertains to another defendant and does not involve any claims against Defendant Walsh.

3. Oral arguments were heard on Defendant Walsh's motion for summary judgment and Plaintiff's opposition thereto.

4. On January 7, 2008, the Court entered summary judgment in favor of Defendant Walsh as to Count IV of Plaintiff's Complaint. As such, Defendant Walsh is entitled to Entry of Separate and Final Judgment in his favor as to Count IV of Plaintiff's Complaint.

5. The Court denied summary judgment as to Counts I and II of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983. Consequently, these claims proceeded to trial.

6. In order to recover against Defendant Walsh pursuant to 42 U.S.C. § 1983, Plaintiff had to satisfy his burden of establishing the following three elements: (1) Defendant Walsh's conduct was under color of state law; (2) Defendant Walsh's conduct deprived Plaintiff of a right protected by the Constitution of the United States; and (3) Defendant Walsh's conduct was a proximate cause of the injuries and damages sustained by Plaintiff. *See Johnson v. Mahoney*, 424 F.3d 83, 89 (1st Cir. 2005); *Baker v. McCollan*, 443 U.S. 137, 143 (1979) (citations omitted).

7. The first element – whether Defendant Walsh acted under color of state law – was undisputed.

8. The Court bifurcated the trial of the second and third elements. As such, the second element – whether Defendant Walsh engaged in conduct which deprived Plaintiff of a right protected by the Constitution of the United States – was tried before a jury of 12 from March 3, 2008 to April 9, 2008.

9. On April 9, 2008, the jury returned a unanimous verdict in favor of Defendant Walsh, specifically finding that Defendant Walsh did <u>not</u> act in violation of Plaintiff's constitutional right(s).

10. Consequently, because Plaintiff failed to satisfy his burden of proof as to the second element of his claim, Defendant Walsh is entitled to entry of Separate and Final Judgment in his favor as to all of Plaintiff's claims against him.

11. As such, Defendant Walsh requests that this Court Enter Separate and Final Judgment in his favor as to Counts I, II and IV of Plaintiff's Complaint.

WHEREFORE, for the foregoing reasons, the Defendant, Richard Walsh, moves for Entry of Separate and Final Judgment in his favor as to Counts I, II and IV of Plaintiff's Complaint, thereby extinguishing all claims against Defendant Richard Walsh by the Plaintiff, Shawn Drumgold, plus any other relief that is equitable and just under the circumstances.

**Defendant,
RICHARD WALSH,**
By his attorney,

DATED: June 2, 2008

/s/ Hugh R. Curran
Hugh R. Curran (BBO# 552623)
Bletzer & Bletzer, P.C.
300 Market Street
Brighton, MA 02135
(617) 254-8900

3