UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD,<br>    Plaintiff | )<br>)<br>) | C.A. NO. 04-11193NG |
| v | )<br>) | |
| TIMOTHY CALLAHAN, ET AL.<br>    Defendant(s) | )<br>)<br>) | |

**MOTION TO REOPEN DISCOVERY RE:**
**DEFENDANTS CITY OF BOSTON AND MR. ROACHE**

Now comes Plaintiff in the above entitled matter and moves the Court to reopen discovery related to Plaintiff's claim against the City of Boston and Mr. Roache for a period of ninety days. In support thereof, Plaintiff says the following:

1. Because of scheduling conflicts of the Court and all counsel, this matter is not likely to be retried until, at the earliest, the fall of 2008.

2. The City of Boston has filed a Second Supplemental Response to Plaintiff's First Request for Production of Documents including:

    - February 17, 1982 Rule No. 205 dealing with Sudden Deaths, Dead Bodies, Homicides and Suicides

    - January 27, 1984 Special Order No. 84-5 dealing with Arrival on Homicide Scenes of Uniformed Personnel

    - October 17, 1985 Special Order No. 85-89 dealing with Medical Examiners Reporting Requirements

    - May 30, 1986 Special Order No. 86-41 dealing with Notification to be Made Involving Sudden Deaths

- May 11, 1988 Special Order No. 88-20 dealing with Sudden Death and Homicide Reporting
- March 22, 1989 Special Order No. 89-90 dealing with Removal of Deceased Victims from Fire Scenes
- April 19, 1991 Special Order No. 91-26 dealing with Death Investigations
- Boston Police Department Rule 309 dealing with Procedures for Handling Physical Evidence and Other Property Coming into Police Custody

3. This material was previously subject to the Court's Order In Limine because of late production.

4. If the Court allows the late production of the documents at this time, Plaintiff must conduct discovery on the Boston Police Department and Mr. Roache concerning compliance with these rules, the application of these rules to this case and the practice and procedures of the City of Boston in following these rules.

5. If the Court allows the late production of these documents, Plaintiff must also conduct discovery in order to allow its expert, Dr. Michael Lyman, to revise his previous expert opinion which was based upon the representation by the City of Boston that no such rules and regulations existed.

6. If the Court limits the retrial to a narrower scope than the trial on the original case, Plaintiff is likely to pursue a different and more focused theory of liability against the City of

Boston and requests an opportunity to conduct discovery in connection with exploring the development of a more narrow liability theory in the second case.

7. As an additional ground for reopening discovery, Plaintiff has also filed a Supplemental Initial Disclosure Pursuant to Rule 26(a)(1)(A) in regards to other cases of police misconduct. The City of Boston has indicated that it has a substantial amount of Rule 26 documents which it will produce in response to the designation by the Plaintiff. Plaintiff requests the opportunity to take depositions concerning these issues prior to any retrial of the case.

Wherefore Plaintiff moves this Court to allow a ninety day period of discovery on issues concerning the Plaintiff's claim against the City of Boston and against Commissioner Roache and to order a time for filing of supplemental expert reports by both parties after the completion of that discovery period.

Respectfully submitted,

By His Attorneys,

 /s/ Michael Reilly
Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA   02108
617 723 1720
BBO 415900

/s/ Rosemary Curran Scapicchio
Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Boston MA 02114
617 263 7400
BBO 558312