DISTRICT OF MASSACHUSETTS

SHAWN DRUMGOLD )
    Plaintiff, )
)
v. )    C.A. No.: 04-11193NG
)
TIMOTHY CALLAHAN, FRANCIS M. )
ROACHE, PAUL MURPHY, RICHARD )
WALSH, and THE CITY OF BOSTON, )
    Defendants. )

### DEFENDANT RICHARD WALSH'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT

### INTRODUCTION

This action arises from claims by Plaintiff, pursuant to 42 U.S.C. § 1983 (Counts I and II) and the Massachusetts Civil Rights Act (Count IV), that Defendant, Richard Walsh [Walsh], (and others) engaged in conduct which deprived Plaintiff of various constitutional rights. On or about October 1, 2007, Defendant, Richard Walsh, filed a Motion for Summary Judgment as to all of Plaintiff's claims against him – specifically, as to Counts I, II and IV of Plaintiff's claims against him. On January 7, 2008, the Court entered summary judgment in favor of Defendant, Richard Walsh, as to Count IV of Plaintiff's Complaint. The Court denied summary judgment as to Counts I and II of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983.

Counts I and II of Plaintiff's Complaint proceeded to trial. In order to recover against the Defendant, Richard Walsh, pursuant to 42 U.S.C. § 1983, Plaintiff had to satisfy his burden of establishing the following three elements: (1) Defendant, Richard

Walsh's, conduct was under color of state law; (2) Defendant, Richard Walsh's, conduct deprived Plaintiff of a right protected by the Constitution of the United States; and (3) Defendant, Richard Walsh's, conduct was a proximate cause of the injuries and damages sustained by Plaintiff. *See Johnson v. Mahoney*, 424 F.3d 83, 89 (1st Cir. 2005); *Baker v. McCollan*, 443 U.S. 137, 143 (1979) (citations omitted). The first element – whether Defendant Walsh acted under color of state law – was undisputed.

The Court bifurcated the trial of the second and third elements. As such, the second element – whether Defendant, Richard Walsh, engaged in conduct which deprived Plaintiff of a right protected by the Constitution of the United States – was tried before a jury of 12 from March 3, 2008 to April 9, 2008. On April 9, 2008, the jury returned a unanimous verdict in favor of Defendant, Richard Walsh, specifically finding that he did not act in violation of Plaintiff's constitutional right(s). See Verdict Slip, attached as Exhibit "A".

As the Plaintiff failed completely to satisfy his burden of proof as to the second element of his claim against Defendant, Richard Walsh, the Plaintiff is not entitled to a retrial of any of the claims against him and separate and final judgment should enter as to Walsh.

## ARGUMENT

The jury, upon careful and considerate evaluation of the evidence, has rendered a unanimous verdict concerning the allegations regarding the Defendant, Richard Walsh. The Verdict Slip, signed by the foreperson of the jury on April 9, 2008, asked five (5) special verdict questions that pertained to Walsh. The jury answered all five in the negative, finding that Walsh did not violate the Plaintiff's right to a fair trial, in any way,

2

and that the Plaintiff did not suffer any deprivation of his constitutional rights as a result of any of Walsh's alleged conduct or acts. See Exhibit "A".

Significantly, the jury did not find Walsh or the Defendant, Timothy Callahan, culpable as regards to their interactions with Tracie Peaks or Mary Alexander. See Exhibit "A". The questions regarding interactions with Rickey Evans did not involve Walsh. See Exhibit "A". In fact, there was no evidence that Walsh had any contact with Ricky Evans and, therefore, there was no Special Verdict question for the jury regarding any liability for Walsh regarding the allegations concerning Ricky Evans. Further, the jury found that Walsh was not culpable in any of the questions regarding civil conspiracy. See Exhibit "A".

This verdict of the jury, as pertains to Walsh, is final and cannot be disturbed, as dictated by the doctrine of *res judicata*. See Porn v. National Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1996) ("Under the federal law of *res judicata*, a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action."). For a claim to be precluded by *res judicata*, the following elements must be established: "(1) a final judgment on the merits in an earlier action, (2) sufficient identity between the causes of action asserted in the earlier and later suits, and (3) sufficient identity between the parties in the two suits. See id., see also Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994).

Here, all claims that were found in favor of the Defendant, Richard Walsh, should be barred by *res judicata* as (1) they were adjudicated on the merits in the first trial, (2) involved the same cause of action arising from the same set of facts, and (3) the parties

3

involved are identical. See Porn v. National Grange Mut. Ins. Co. at 34, Gonzalez v. Banco Cent. Corp. at 755.

In defining the cause of action for *res judicata* purposes, the First Circuit has adopted the "transactional" approach of the Restatement (Second) of Judgments. See id. "Under this approach, a valid and final judgment in the first action will extinguish subsequent claims 'with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" Id. (quoting Restatement (Second) of Judgments § 24 (1982)). The court defines "transaction" pragmatically, giving weight to "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." See id. Under this, and any, definition, the retrial of any of the claims against Walsh would be a complete duplication of the first trial and is not appropriate. See id.

The Seventh Amendment Reexamination Clause also bars any such revisiting of the jury's verdict, as pertains to Walsh. It reads, in pertinent part:

> "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

U.S. Const. Amendment, VII.

All facts that involved Walsh were "tried by a jury" and the jury found that the Plaintiff did not prove, by a preponderance of the evidence, that Walsh was culpable, in any way. See id. The Plaintiff, here, has had a fair trial on the issue of liability as it pertains to the allegations involving Walsh, and it would be

4

grossly unfair and a grave injustice, as well as contrary to the spirit of F.R.C.P. 59, to require a retrial of the question of Walsh's alleged culpability which has already been decided by the jury in Walsh's favor.

The Plaintiff claims that the allegations against Walsh and Callahan were so intertwined that any retrial of Callahan, on any issue, requires the retrial of Walsh on the same issues. However, the Plaintiff fails to cite any case law where any Court has granted a retrial of claims against a co-defendant who has been cleared by a jury of any wrongdoing when a jury has deadlocked against another party on one of numerous claims. Their reliance on Gasoline Products Co. v. Champlin Refining Co., 283 U.S. 494 (1931) to support this proposition is ill founded.

In Gasoline Products Co. v. Champlin Refining Co., the Supreme Court formulated a test to determine the appropriateness of a partial retrial. See 283 U.S. 494. The Court held that the Seventh Amendment Reexamination Clause is not violated if a partial retrial is ordered as long as the issues are "distinct and severable." Id. at 499. The Court went on to opine that a new trial limited solely to one issue is improper where "the [issue to be retried] . . . is so interwoven with that of liability [or another issue] that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty, which would amount to a denial of a fair trial." This is not the case with the claims against the Defendant, Richard Walsh. The claims that Walsh deprived the Plaintiff of his constitutional rights through his investigation of the murder of Tiffany Moore were utterly and completely dismissed by the jury. It did not find that Walsh's

dealings with Tracie Peaks amounted to a constitutional violation. It did not find that Walsh's dealings with Mary Alexander amounted to a constitutional violation. It did not find that Walsh engaged in any manner of civil conspiracy to violate the plaintiff's constitutional rights and, finally, found that Walsh's actions did not, in fact, lead to the deprivation of the plaintiff's constitutional rights. There is no possible ambiguity in the jury's decision as regards Richard Walsh.

The plaintiff's argument for the proposition that Walsh need be retried under the teachings of <u>Gasoline Products Co. v. Champlin Refining Co.</u> fails, quite simply, because it is contrary to the evidence and the jury's decision in this case. The claims against Walsh were independent and separate from the claims against Callahan. To state otherwise is a perversion of the evidence. Accordingly, none of the claims against Walsh can be retried and separate and final judgment should enter as to all of the Plaintiff's claims against him.

## **CONCLUSION**

The Defendant, Richard Walsh, incorporates, by reference, any filings of the co-defendants in this matter. For the foregoing reasons, the Defendant, Richard Walsh respectfully moves that this Honorable Court enter separate and final judgment for Walsh, thereby extinguishing all claims against the Defendant, Richard Walsh, by the Plaintiff, Shawn Drumgold.

|  | **Defendant,** <br> **RICHARD WALSH,** <br> By his attorney, |
|---|---|
| DATED: June 11, 2008 | /s/ Hugh R. Curran <br> Hugh R. Curran (BBO# 552623) <br> Bletzer & Bletzer, P.C. <br> 300 Market Street <br> Brighton, MA 02135 <br> (617) 254-8900 |