UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN DRUMGOLD,  )<br>    Plaintiff  )<br>    )<br>v  )<br>    )<br>TIMOTHY CALLAHAN, ET AL.  )<br>    Defendant(s)  )<br>    ) | C.A. NO. 04-11193NG |

**PLAINTIFF'S OPPOSITION TO DEFENDANT WALSH'S MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT**

Plaintiff opposes the entry of a separate and final judgment for Defendant Richard Walsh.

As an initial matter, as argued in Plaintiff's Memorandum of Law Re: Scope of Retrial, it is appropriate to retry all of the liability issues including the liability of Richard Walsh in the retrial. Plaintiff relies on his arguments made in that Memorandum as to that issue.

Evan if no retrial of the Walsh issues is ordered by this Court, it would be inappropriate to enter separate and final judgment on behalf of Richard Walsh. Fed.R.Civ.Pro. 54(b) provides that entry of a separate judgment when multiple parties are involved is appropriate only "if the court expressly determines that there is no just reason for delay". In this case, it is inappropriate to allow entry of a separate and final judgment for Mr. Walsh.

A District Court's order is not a final appealable judgment unless the District Court separately certifies judgment for the party pursuant to Rule 54(b). Barrett ex rel. Estate of Barrett v. U.S., 462 F.3d 28, 32 (1st Cir., 2006).

There is a strong policy against allowing separate appeals from one underlying case. The First Circuit has explained

> It is trite, but true, that piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have

> warned, time and again, that Rule 54(b) should be used sparingly...We have also admonished that a District Court intent upon setting the stage for the fragmentation of appellate review must explain the need for entering an earlier-than-usual judgment-at least in cases where the explanation is not obvious from the record. (<u>Nichols v. Cadle Co.</u>, 101 F.3d 1448 (1st Cir., 1996)

The District Court in evaluating a motion for entry of separate judgment pursuant to Rule 54(b) should follow a two-part evaluation. First, the court must determine whether the District Court's action disposes of all rights and liabilities of at least one party as to at least one claim. Secondly, the court must determine whether there is any interrelationship or overlap among the various legal and factual issues involved and any equities and efficiencies implicated by the requested piecemeal review. <u>Lee-Barnes v. Puerto Ven Quarry Corp.</u>, 513 F.3d 20-25 (1st Cir., 2008).

In this case, the first part of the test is addressed in the Plaintiff's previously filed Memorandum Re: Retrial. It is the position of the Plaintiff that the claims against Mr. Walsh have not been finally resolved.

In any case, it is inarguable that there is an absolute interrelationship and an overlap on the various legal and factual issues between any appeal which would be taken of a judgment in Defendant Walsh's favor and any appeal which would be taken in connection with the remaining claims against Defendant Callahan. It would be extremely inefficient to allow those two appeals, which are necessarily interrelated and raised almost the exact same issues, to proceed separately.

If the court, over the objection of the Plaintiff, enters an order dismissing the claims against Mr. Walsh, that order will become final and appealable upon the resolution of the claims against Mr. Callahan and the entire case can then proceed to the Appeals Court.

Defendant Walsh has offered no principled argument as to why a separate and final judgment is required pursuant to Rule 54(b).

Respectfully submitted,

By His Attorneys,

/s/ Michael Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
Two Center Plaza
Boston, MA   02108
617 723 1720
BBO 415900

/s/ Rosemary Curran Scapicchio

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Boston MA 02114
617 263 7400
BBO 558312