UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHAWN DRUMGOLD, | ) | C.A. NO. 04-11193NG |
|     Plaintiff | ) | |
| | ) | |
| v | ) | |
| | ) | |
| TIMOTHY CALLAHAN, ET AL. | ) | |
|     Defendant(s) | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ALLEGED PAST POLICE MISCONDUCT**

     As an initial matter, it appears that the City's Motion is premature since a discussion of the scope of the Stage III supervisory and municipal liability trial is necessarily dependent upon this Court's decision on the scope of the Stage I and Stage II retrial. Plaintiff argued in his Memorandum in regards to the scope of the retrial that a full retrial of all liability claims is appropriate or in the alternative, without waiving objection, a full retrial of all claims against Mr. Callahan involving the Ricky Evans' allegations is appropriate. This Court cannot determine the appropriate scope of evidence in the supervisory and municipal trial until that issue is resolved. Plaintiff moves this Court for an opportunity to supplement this Memorandum once the court has determined the scope of the first two stages.

     The Defendant's Motion is premised on a misunderstanding of the liability claim against Commissioner Roache and the City of Boston. The theory of liability which Plaintiff has alleged against Commissioner Roache is his complete failure to supervise homicide detectives despite his actual knowledge that the homicide department of the City of Boston was out of control in 1988-1989 when this prosecution happened. The First Circuit has explained that a supervisor's knowledge of his subordinate's activity is central to the determination of whether supervisors are to be liable for the subordinate's activities. Camilo-Robles v. Zapata, 175 F.3d 41, 43-44 (1st Cir., 1999). Plaintiff is allowed to produce evidence against Commissioner Roache to show "supervisory encouragement, condonation, or acquiescence or gross negligence amounting to deliberate indifference". Muniz Souffront v. Alvarado, 115 F.Supp.2d 237, 245 (1st Cir., 2000).

Commissioner Roache's liability for the actions of the individual officers will be proven first by his condoning that activity as evidence by his giving an award to Detective Walsh and Murphy for their work in this case despite that work having been found to be a result of egregious misconduct. Roache's liability will secondly be proven by the fact that he knew or should have known during the period of this prosecution that his homicide department on multiple occasions were violating the rights of homicide Defendants. The evidence of other misconduct cases will establish that Roache knew or should have known that his homicide division was out of control. The testimony of Commissioner Roache will establish that despite his actual knowledge he made absolutely no attempt to control the homicide unit.

It will be reasonable for the jury to infer that the constitutional violation suffered by the Plaintiff was proximately caused by Roache's failure to supervise the homicide department despite his actual knowledge that there were substantial problems in the department. The evidence of the other bad acts by the homicide department, which should have been known to Roache and which he failed to do anything to prevent from reoccurring, is evidence of "conduct that amounts to condonation or tacit authorization." Whitfield v. Melendez-Rivera, 431 F.3d 1, 14 (1st Cir., 2005).

The Defendant Roache misanalyzes the issue when he argues that the Plaintiff must show a specific policy carried out by Commissioner Roache and the City of Boston allowing or encouraging money to be given to witnesses. §1983 imposes liability on any person "who subjects or causes to be subjected" a person to violation of constitutional rights under the color of the law. The question for the jury is whether Roache's actions caused Drumgold to be subjected to violation of constitutional rights by his failure to control an out of control homicide department. The evidence of the homicide unit being out of control is clearly admissible in order to established Roache's liability.

Similarly, the evidence of prior misconduct is admissible against the City of Boston. The city in its Memorandum makes the argument that "a single incident of misconduct, without other evidence, cannot provide the basis for municipal liability under [Section] 1983". (Defendant's

Memorandum in Support of Motion in Limine, pages 2-3.) This is precisely why the Plaintiff is entitled to show this was not a single incident of misconduct. It is well-established that a persistent widespread practice which has the force of custom, which practice was known or should have been known to the appropriate policy makers in the municipality and which was tolerated by those policy makers, will be sufficient to impose liability and municipality. <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 98 S.Ct. 2018 (1978). <u>Bordanaro v. McLeod</u>, 871 F.2d 1151 (1st Cir., 1989).

The Plaintiff has identified the City of Boston's policy of systematically allowing the homicide unit to operate without supervision and without control by rules. The policy resulted in multiple instances of homicide defendants' rights being egregiously insulted. The Plaintiff may offer evidence of municipal liability by providing examples of the City's policy of ignoring abuse of actions by its police. <u>Foley v. City of Lowell, Mass.</u>, 948 F.2d 10 (1st Cir., 1991). In this case, the evidence of prior misconduct offered by the Defendants is evidence which is relevant and admissible to prove the City's liability.

Again, the question for the jury is not whether the City had a policy which specifically authorized the exact misconduct alleged against either Callahan or Walsh. The question is whether the City's policies caused Mr. Drumgold to be subjected to the abuse of his constitutional rights. It is a jury question to determine whether the City's policy of allowing out of control homicide department to proceed unchecked was the proximate cause of the particular types of constitutional violations suffered by Drumgold in this case. Evidence of other misconduct is admissible on that issue.

    Respectfully submitted,

    By His Attorneys,

    <u>/s/ Michael Reilly</u>

    Michael W. Reilly, Esq.
    Tommasino & Tommasino
    Two Center Plaza

Boston, MA   02108
617 723 1720
BBO 415900



/s/ Rosemary Curran Scapicchio

Rosemary Curran Scapicchio, Esq.
Four Longfellow Place
Boston MA 02114
617 263 7400
BBO 558312